# NUSSBAUM LAW GROUP, P.C.

1211 Avenue of the Americas, 40th Floor, New York, NY 10036
Telephone: (917) 438-9102
www.nussbaumlawgroup.com

January 3, 2020

*Via CM/ECF*

Honorable Gene E. K. Pratter
U.S. District Court Judge
U.S. District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 10613, Courtroom 10-B
Philadelphia, PA 19106

Honorable Joel H. Slomsky
U.S. District Court Judge
U.S. District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 13614
Philadelphia, PA 19106

Honorable Nitza I. Quiñones Alejandro
U.S. District Court Judge
U.S. District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 8613, Courtroom 8-B
Philadelphia, PA 19106

Honorable C. Darnell Jones II
U.S. District Court Judge
U.S. District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 15613, Courtroom 15-B
Philadelphia, PA 19106

Honorable Wendy Beetlestone
U.S. District Court Judge
U.S. District Court for the
 Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Room 10614, Courtroom 10-A
Philadelphia, PA 19106

**Re: Wawa, Inc. Data Breach Litigation**

Dear Judges Pratter, Slomsky, Quiñones Alejandro, Jones, and Beetlestone:

I represent Alexis Mullen, Laura Angelo and Jeffrey Baumann, plaintiffs in *Mullen v. Wawa*, Inc., No. 2:19-cv-06076-JHS (E.D. Pa.). That action and several others are the subject of certain other plaintiffs' Motion to Consolidate Pursuant to Fed. R. Civ. P. 42(a) and for Appointment of Interim Co-Lead Class Counsel, which was docketed late yesterday.

Honorable Gene E. K. Pratter  
Honorable Joel H. Slomsky  
Honorable Nitza I. Quiñones Alejandro  
Honorable C. Darnell Jones II  
Honorable Wendy Beetlestone  
Page 2

Counsel for plaintiffs in most of those cases conferred by telephone earlier this week.[1] During that call, I impressed upon other plaintiffs' counsel that Local Rule 40.1(c)(2) provides for a procedure by which the Court assigns related cases to a single judge. I also reported having spoken to the Clerk's office, which was aware that these related cases were assigned to different judges. I recommended that all plaintiffs' counsel allow the Court to proceed pursuant to Rule 40.1(c)(2) and schedule further proceedings, rather than acting prematurely and contrary to the preferences of whoever is assigned the case. No other counsel indicated any intention to the contrary, and none did so prior to yesterday. I continue to believe that the course I detailed on that call is the most prudent one.

That is why I was surprised to receive the above-referenced Motion. The firms that filed it collectively represent only five of the many plaintiffs in the related cases.[2] None of the remaining plaintiffs were previously informed of the Motion, much less consented to it. I therefore respectfully request that the Court deny the pending Motion, without prejudice to its being re-filed on a schedule consistent with the order of the judge to whom these cases are assigned. I anticipate moving to be named interim lead counsel at that time.

Respectfully submitted,

Linda P. Nussbaum

---

[1] No one from Berger & Montague, P.C., which seeks an interim lead counsel position, was on that call.

[2] My firm anticipates filing today a new complaint on behalf of three additional plaintiffs.