IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION | Lead Case No. 2:19-cv-06019-GEKP<br><br>The Honorable Gene E.K. Pratter |

**DEFENDANT WAWA, INC.'S RESPONSE TO PLAINTIFFS'
MOTIONS TO APPOINT INTERIM LEAD COUNSEL**

**I.      Introduction**

Defendant Wawa, Inc. ("Wawa") hereby responds to the motions for appointment of interim lead counsel (Dkt. Nos. 78-79, 82-83 & 88.)  All Consumer Plaintiffs have requested the appointment of four interim lead counsel, with two proposed to be primary leads to communicate with the Court and defense counsel.  (Dkt. No. 78 at 1-3.)  Financial Institution Plaintiffs have made competing proposals that could lead to the appointment of as many as four lead counsel. (Dkt. Nos. 79, 83, 88.)  The lone Employee Plaintiff has requested the appointment of one lead counsel.  (Dkt. No. 82.)  For the reasons set forth more fully below, in light of the commitments made by Consumer Plaintiffs and their counsel, Wawa has no objections to their proposal.  Wawa does object, however, to the proposals made by the Financial Institution Plaintiffs and the Employee Plaintiff.  Wawa's position is guided by four main principles.

*First*, the Court would best promote the interests of judicial efficiency and economy by appointing as few lead counsel as the Court deems necessary to manage the actions.  A streamlined leadership structure for all cases is critical to avoiding disputes and maximizing efficient resolution of the litigation consistent with the interests of the putative class members and Wawa.  Too many

1

lead counsel can lead to the wasteful expenditure of efforts and costs that can thwart efficient resolution by settlement or judgment.

*Second*, Wawa has reviewed the Consumer Plaintiffs' Motion and approach to the appointment of interim lead counsel and conferred with the proposed leaders. Considering their promise to be efficient, Wawa does not object to the Consumer Plaintiffs' Motion. Subject to the Court's approval, Wawa looks forward to the opportunity to collaborate with the proposed slate of four interim lead counsel.

*Third*, with respect to the Financial Institution Plaintiffs, Wawa believes lead counsel is not necessary given that there are so few cases and named Plaintiffs. However, if the Court determines otherwise, Wawa would prefer appointment of no more than two interim lead counsel.

*Fourth*, with respect to the Employee Plaintiff, Wawa believes lead counsel is not necessary given that there is only one case pending, and just one named plaintiff represented by one firm. Moreover, Wawa does not believe that lead counsel is necessary for the employee case because—consistent with Wawa's public statements regarding the incident—Wawa is confident that there is no issue with employee data.

## II. Background

These actions arise out of a data security incident Wawa announced on December 19, 2019. The next day, Plaintiffs began filing class action complaints against Wawa. *See Rapak v. Wawa, Inc.*, No. 2:19-cv-06019 (filed Dec. 20, 2019); *Kaufman v. Wawa, Inc.*, No. 2:19-cv-06032 (filed Dec. 20, 2019); *Cohen v. Wawa, Inc.*, No. 2:19-cv-06064 (filed Dec. 20, 2019). Twenty-nine class actions have been filed against Wawa in this Court to date, with the most recent case filed on February 19, 2020.

On January 2, 2020, certain Consumer Plaintiffs filed a motion seeking to consolidate the cases, appoint interim co-lead counsel, and appoint a Plaintiffs' Steering Committee of five additional attorneys. Plaintiffs' Memo. of Law at 1-3 (Dkt. No. 3-1.) On January 8, 2020, Chief Judge Sanchez issued an order relating the cases filed against Wawa, and assigned all of them to this Court. (Dkt. No. 9.)

This Court's February 4, 2020 Case Management Order (Dkt. No. 62) instructed counsel in each track to "confer and seek consensus on candidates for the position of lead counsel." The Consumer Plaintiffs reached agreement on a proposed leadership structure of four interim co-lead counsel with no steering committee. (Dkt. No. 78 at 1-3.) The Financial Institution Plaintiffs have submitted competing applications. (Dkt. Nos. 79, 83, 88). And, the Employee Plaintiff has requested the appointment of one lead counsel. (Dkt. No. 82.).

### III.     Legal Standard

The Court's February 4, 2020 Case Management Order stated that the "main criteria considered for appointment will be [1] willingness and availability to commit to a time-consuming project, [2] ability to work cooperatively with others, [3] professional experience in this type of litigation, and [4] access to sufficient resources to prosecute the litigation in a timely manner," (Dkt. No. 62), which is consistent with the criteria set forth in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The decision to approve interim lead counsel is a matter within the discretion of the district court, and the exercise of such discretion necessitates an inquiry into the appropriateness of the appointment of more than one law firm and an independent evaluation of, among other considerations, the effectiveness of the proposed counsel structure to ensure the protection of the class. *In re Jones Soda Co. Sec. Litig.*, No. C07-1366-RSL, 2008 WL 418002, at *3 (W.D. Wash. Feb. 12, 2008).

## IV. <u>Argument</u>

First, the Court should appoint as few lead counsel as possible in order to promote judicial efficiency. The key purpose of appointing interim lead counsel is to maximize efficiency and eliminate duplication of efforts. *See* 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.121 (3d ed. 2010). Numerous federal courts have found that shared leadership tends to frustrate judicial economy, and opted for smaller rather than larger leadership structures. *Nicolow v. Hewlett Packard Co.*, No. 12-05980-CRB, 2013 WL 792642, at *9 (N.D. Cal. Mar. 4, 2013) (declining proposed leadership structure, appointing one firm to serve as lead counsel, and noting the "tendency of shared leadership structures to complicate, muddle, and otherwise bloat litigation"); Order Granting Mot. to Appoint Special Master at 3, *In re Anthem Inc. Data Breach Litig.*, No. 15-md-02617-LHK (N.D. Cal. Feb. 2, 2018) [ECF No. 972] (rejecting proposed eight-firm structure and appointing two firms as interim lead counsel supported by a two-firm steering committee); *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. 07-5944 SC, 2008 WL 2024957, at *1 (N.D. Cal. May 9, 2008) ("The Court is convinced, however, that a single firm will usually provide more effective and efficient representation than a group of two or more firms. A single firm is already organized with internal levels of communication and management structure. A group of firms, on the other hand, must create these structures. This will tend to increase the risk that items may fall through the cracks."); *In re Jones*, 2008 WL 418002 at *4 (denying proposed two-firm leadership structure and appointing one firm as lead counsel). Therefore, in the interest of judicial efficiency, the Court should appoint as few firms to serve as interim lead counsel as is necessary to effectively manage the litigation.

Second, Wawa has considered the Consumer Plaintiffs' Motion and appreciates their promises to be efficient. While four might be more than Wawa prefers, given the dozens of

attorneys and firms who filed consumer cases and more than 20 named Plaintiffs, this appears to be a reasonable approach. Wawa does not object to the proposal.

Third, on the Financial Institution side, Wawa questions whether lead counsel are even needed, given how few cases are pending. There are only five actions involving financial institutions pending in this Court. *See First Choice Federal Credit Union v. Wawa, Inc. and Wild Goose Holding Co., Inc.*, No. 2:20-cv-00623-GEKP; *Inspire Federal Credit Union v. Wawa, Inc. and Wild Goose Holding Co., Inc.*, No. 2:20-cv-00503-GEKP; *Greater Cincinnati Credit Union v. Wawa, Inc. and Wild Goose Holding Co., Inc.*, No. 2:19-cv-00722-GEKP; *Insight Credit Union v. Wawa, Inc.*, No. 2:20-cv-00930-GEKP; *Greater Chatauqua Federal Credit Union v. Wawa, Inc. and Wild Goose Holding Co., Inc.*, No. 2:20-cv-00895-GEKP. Three of these complaints were filed by the same Plaintiffs' attorneys. Given that there are only five financial institution cases, the Court and parties can effectively manage them without creating an interim lead counsel structure. Other data security incident cases where courts have appointed multiple lead counsel have involved many more actions (as with the Consumer Plaintiffs) whereas here there are only five actions involving the Financial Institution Plaintiffs. *See In re Equifax Customer Data Security Breach Litigation*, No. 17-md-02800 (N.D. Ga.) (five-firm lead counsel structure to manage 76 actions); *In re Target Corporation Customer Data Security Breach Litigation*, No. 14-md-02522 (D. Minn.) (two-firm leadership structure to manage 33 actions filed in 18 districts with 58 named plaintiffs). However, if the Court determines that lead counsel is necessary, Wawa argues that two lead counsel is appropriate. As described above, appointing only two lead counsel is more consistent with the goals recognized by many federal courts of fostering efficiency and judicial economy.

Fourth, Wawa believes lead counsel is unnecessary for the employee case given that there is only one action involving a Wawa employee pending in this Court, and one named Plaintiff, who is represented by one firm. Moreover, Wawa is confident the case represents, at most, the particular concerns of the Employee Plaintiff only. As clear from Wawa's public statements regarding the security incident—only customer payment card information was involved, not employee data. For these reasons, Wawa objects to the petition for appointment of lead counsel filed on behalf of the Employee Plaintiff.

## V. Conclusion

For the reasons stated above, Wawa does not oppose the proposal of the Consumer Plaintiffs and respectfully suggests that appointment of lead counsel in the financial institution and employee cases is not necessary. If the Court does decide to appoint lead counsel in the financial institution cases, Wawa contends that two firms would better further the goals of judicial economy and efficiency.

Respectfully submitted,

*/s/ Gregory T. Parks*
Gregory T. Parks
Ezra D. Church
Kristin M. Hadgis
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2903
Telephone: 215-963-5000
greg.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com

*Counsel for Defendant Wawa, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of February, 2020, a true and correct copy of the foregoing Response to Consumer Plaintiffs' Motion for Appointment of Interim Co-Lead Counsel, Financial Institution Plaintiffs' Motions for Appointment of Interim Co-Lead Counsel, and Employee Plaintiff's Motion for Appointment of Interim Class Counsel was filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Gregory T. Parks*
Gregory T. Parks