## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE :WAWA, INC. DATA SECURITY LITIGATION | Lead Case No. 2:19-cv-06019-GEKP CLASS ACTION |
| | This filing relates to: Employee Track |

## EMPLOYEE TRACK PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO STAY AND IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION

Donald E. Haviland, Jr., Esquire
William Platt, Esquire
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiffs, Shawn and Karen McGlade,
and Interim Class Counsel for the Class of Employee Plaintiffs*

**Table of Contents**

I.      PRELIMINARY STATEMENT.........................................……………….3

II.     *DITTMAN* COMPELS DENIAL OF WAWA'S MOTION TO DISMISS THE
        EMPLOYEE TRACK PLAINTIFFS' CLAIMS FOR DATA BREACH……..…4

III.    EMPLOYEE TRACK PLAINTIFF'S COMPLAINT, AS LATER AMENDED TO
        ADDRESS WAWA'S RULE 11 THREATS, PLED CLAIMS FOR VIOLATIONS
        OF WAGE AND HOUR LAWS DUE TO THE LACK OF OVERTIME PAY....7

IV.     EMPLOYEE TRACK PLAINTIFFS HAVE SATISIFED THEIR "MODEST
        FACTUAL SHOWING" FOR CONDITIONAL CLASS CERTIFICATION…..9

V.      CONCLUSION……… ..........................................................…………....10

Plaintiffs Shawn and Karen McGlade ("McGlades"), on their own behalf and on behalf of a Class of current and former employees of Defendant Wawa, Inc. ("Wawa"), respectfully submit this Supplemental Memorandum of Law in Opposition to the Motion to Dismiss Plaintiffs' First Amended Complaint or, in the alternative, to Stay ("Wawa Motion" at Dkt. No. 143-1) and in Support of their Motion for Conditional Class Certification ("Class Certification Motion" at Dkt. No. 133).

## I.   PRELIMINARY STATEMENT

At the November 10, 2020 hearing on various motions filed in this case, the Court invited the parties to file limited, supplemental memoranda, addressing any particular issues that arose during the hearing as to "any of the three pending matters".[1]   In accordance with the Court's instructions, the Employee Track Plaintiffs hereby submit this brief supplemental memoranda in order to address three issues:

1.   The Pennsylvania Supreme Court's decision in *Dittman v. UPMC* compels denial of Wawa's Motion to Dismiss (Dkt. No. 143-1) the Employee Track Plaintiffs' claims that the data breach compromised their employee PII, in breach of Wawa's duty to its employees.

2.   The Employee Track Plaintiffs' original Complaint, as amended to address Wawa's baseless threats of Rule 11 violations, plausibly set forth claims for

---

[1] Nov. 12, 2020 Hrg. Tr. at 177:2.  The "rules for supplementing" requires that the parties "separately identify what [they are] supplementing".  *Id*. at 117:3-5.

violations of federal and state wage and hour laws due to Wawa's continuing practice of denying AGMs overtime pay.

      3.     In further support Employee Track Plaintiffs' Motion for Conditional Class Certification (Dkt. No. 133), and in opposition to Wawa's arguments that the "modest factual showing" has not been made, the McGlades submit the Declaration of Shawn McGlade (attached hereto as Exhibit "A"), attesting to the same factual averments set forth in the Amended Complaint, and providing additional detail as to the veracity and plausibility of such factual averments pertaining to Wawa's continuing practice of denying AGMs overtime pay.

**II.**    ***DITTMAN* COMPELS DENIAL OF WAWA'S MOTION TO DISMISS THE EMPLOYEE TRACK PLAINTIFFS' WELL-PLEADED COMPLAINT ALLEGING BREACH OF THE EMPLOYER'S DUTY TO ITS EMPLOYEES TO PROTECT THEIR PII FROM COMPROMISE.**

Despite the lack of mention of the decision in Wawa's initial Motion to Dismiss, the parties agreed at the November 10 hearing that the Pennsylvania Supreme Court's decision in *Dittman v. UPMC*, 196 A.3d 1036 (2018) governs the Court's ruling on the Wawa Motion to Dismiss the Employee Track Plaintiff's Amended Complaint.  The following colloquy between Wawa counsel and the Court resolved this open issue:

> THE COURT: You don't think Dittman is exclusively an Employee/Employer case?
> Mr. PARKS: Your Honor, I think it can be read that way and certainly there are cases that are read that way....

4

Nov. 10, 2018 Hrg. Tr. at 18:14-17.  Importantly, in the context of his argument for

dismissal of the Financial Institution Plaintiffs' Complaint, Wawa counsel conceded,

"the duty [under *Dittman*] arises because Wawa is collecting information from

people", and under such circumstance, "you have to use reasonable security to protect

that information…".  *Id*. at 22: 8-9, 13-15.[2]

> If Wawa decided tomorrow we're going to have people come in and give us
> their date of birth and their social security number, and in exchange for that,
> we'll give you a free hoagie and it did that without reference to any contract and
> then Wawa had a breach of that information, then, yes, the FTC Act could give
> rise to liability on Wawa….

*Id*. at 23:2-7.

Here, the McGlades have alleged – both in their initial and amended complaints

– that, "[a]s a condition of his employment at Wawa, Mr. McGlade had to provide the

Wawa Defendants with his confidential PII, including his name, the names of his wife

and young children, their home address, and his social security number, among other

important items of PII."  Complaint, Dkt. No. 1, at ¶¶ 5, 22; Amended Complaint,

Dkt. No. 131, at ¶¶ 36, 214-215.  In other words, "Wawa decided" to have Mr.

McGlade "come in" and give Wawa his "social security number, and in exchange for

that," Wawa gave Mr. McGlade a job at Wawa.  "Then", McGlade alleges, "Wawa

had a breach of **that** information" entrusted to its care by McGlade.  Nov. 10, 2018

---

[2] Wawa counsel also conceded, "I think what [*Dittman*] does is it gives the Employee
Plaintiffs a slightly additional thing to argue to say that there is a duty to them…".  Nov.
10, 2018 Hrg. Tr. at 55:1-3.

Hrg. Tr. at 23:2-6 (Emphasis supplied); *see* Amended Complaint at 4, 11-13, 52-55, 214-215, 217, 219-221.

Wawa tried to argue in its moving papers, and contrary to the well-pleaded factual averments of the Amended Complaint, that McGlade abandoned his allegation that Wawa employees' HR information was compromised in the Wawa data security incident." Wawa Motion, Dkt. No. 143-1 at 6. Not so. In addition to the above references to the Amended Complaint, at the hearing and at the Court's invitation, undersigned counsel for the Employee Track Plaintiffs began to list the more than two dozen averments of the complaint addressing the compromise of employee PII. *See* Nov. 10, 2018 Hrg. Tr. at 63:10-64:16, 65:24-66:8; 70:24-71:16.

The McGlades' allegations about the nature and scope of the data breach must be taken as true at this juncture, despite Wawa's attempt to threaten Plaintiff's counsel under Rule 11 and attempt to argue as "fact" contentions in a Rule 11 letter. This is especially true in this case, where Plaintiff counsel attempted to rebut Wawa's effort to contradict the well-pleaded complaint allegations by pointing to the actual Wawa investigation report on the data breach, but Wawa counsel objected. Nov. 10, 2018 Hrg. Tr. at 66:13-17 ("I did get the instant report which confirmed that computer systems at Wawa, not just POS systems, were compromised and, in fact, it talks about an HR system being compromised. Mr. Parks: Objection."). In the absence of discovery, the Amended Complaint must be judged based on its four corners. Under

*Dittman*, Wawa can be held liable for its alleged breach of its duty to Wawa employees.

## III.   EMPLOYEE TRACK PLAINTIFF'S COMPLAINT, AS LATER AMENDED TO ADDRESS WAWA'S RULE 11 THREATS, PLED CLAIMS FOR VIOLATIONS OF WAGE AND HOUR LAWS DUE TO THE LACK OF OVERTIME PAY.

Wawa argued in its papers and at the hearing that Mr. McGlade was attempting to change his theory of wage and hour violations through Wawa's continued practice of not paying its AGMs for overtime worked.  Through labels – "misclassification" versus "off-the-clock" – Wawa seeks to circumvent the actual pleading filed by Mr. McGlade in January 2020, for which additional support was added in July 2020 in direct response to Wawa's Rule 11 threats.  *E.g.*, Nov. 10, 2018 Hrg. Tr. at 55:24-25 ("He has two kinds of claims.  He has misclassification claims and off the clock claims").  Against this straw argument, Wawa urges that McGlade's purported "off the clock claim" is time-barred because it allegedly first "shows up" in the July 2020 Amended Complaint.  *Id.* at 59:23-60:3.

The original complaint filed in this case did not present "two kinds of claims". Nowhere does the Complaint differentiate an alleged "misclassification" claim from an "off the clock" claim, as Wawa argues.  It presented one claim for lack of overtime pay for the period McGlade was an AGM (January – March 2017) on behalf of a putative class of similarly-situated AGMs up to the date of the Complaint filing.  *E.g.*, Complaint, Dkt. No. 1, at ¶¶ 22, 140-157.

Specifically, McGlade alleged that there was merit to his "claims for unpaid wages while serving as a Wawa AGM" by Wawa's settlement of the *Gervasio* case in 2018. *Id*. at ¶ 144. The operative factual averments state as follows:

> At all relevant time and continuing to the present, Defendants have had a **policy and practice of refusing to pay overtime compensation to its AGMs** and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

> As a result of the Wawa Corporate Defendants' willful failure to compensate its employees,[3] including Mr. McGlade, at a rate not less than one and one-half times the regular rate of pay for work in excess of 40 hours in a workweek, the Wawa Corporate Defendants (violated the FLSA).

> As a result of the Wawa Corporate Defendants' **willful failure to record, report, credit, and compensate its employees**, including Mr. McGlade, the Wawa Corporate Defendants **failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment** (in violation of the FLSA).

> **…[T]he Wawa Corporate Defendants … institute[d] a policy and practice that did not allow Mr. McGlade and other AGMs to record all hours worked,** and their failure to post or keep a notice explain[ing] minimum wage and overtime wage requirements….

> **…[T]he Wawa Corporate Defendants [created an] oppressive work environment at Wawa that discourages employees from seeking the overtime wages to which they are entitled**….

*Id*. at ¶¶ 148-150, 152-153 (Emphasis supplied). Such allegations were more than sufficient to put Wawa on notice of McGlade's claim for unpaid overtime wages.

---

[3] Wawa concedes, as it must, that the allegation of willful conduct implicates the three (3) year statute of limitations.

Nov. 10, 2018 Hrg. Tr. at 58:23-25 ("THE COURT: You're not arguing no notice.

You're arguing it's just a rules based argument.  MR. PARKS: Correct.")

## IV.   EMPLOYEE TRACK PLAINTIFFS HAVE SATISIFED THEIR MINIMAL BURDEN FOR CONDITIONAL CLASS CERTIFICATION

During the hearing, Wawa counsel argued that Mr. McGlade did not present

"enough to meet the bar for conditional class certification."  Nov. 10, 2018 Hrg. Tr. at

112:14-15.  While conceding the bar is "modest",[4] Wawa complained that McGlade's

"evidence … is all coming from *Gervasio*."  *Id.* at 106:25, 107:2.  When the Court

queried, "what's the problem with that?", *id.* at 107:2, Wawa complained further, "Mr.

McGlade hasn't set forth a declaration for himself.  All he has is allegations from his

complaint."  *Id.* at 111:6-7.

While Wawa misreports what transpired as to its request to depose Mr. McGlade[5],

to avoid any doubt that the allegations of the McGlades' Complaint are his factual

averment, Plaintiffs proffer the Certification of Shawn McGlade in response to Wawa's

argument that such formal declaration was required (which Plaintiffs do not concede) and

as a supplement to his existing proffer in support of the Motion for Conditional

Certification.  *See* Certification of Shawn McGlade in Support of Plaintiffs' Opposition

---

[4] Nov. 10, 2018 Hrg. Tr. at 112:18; 106:11-12 ("Mr. Haviland is correct that the burden to establish conditional certification is modest").

[5] Mr. McGlade was willing to sit for a deposition if Wawa agreed in exchange to turn over the entirety of the *Gervasio* discovery file, including and especially the full transcripts of the depositions for which only excerpts are available in the public court file. Wawa rejected the McGlades' proposal.

to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and in Further

Support of Motion for Conditional Class Certification ("McGlade Cert.") at Exhibit "A"

hereto.  Importantly, in addition to verifying all the relevant facts of his Amended

Complaint in relation to his experience with Wawa's practice of not paying AGMs their

earned overtime pay during the class period, McGlade identifies one additional AGM in

the putative class, Britt Williams, who was a Wawa AGM "allowed by Oscar Ramirez

(GM) to work off-the clock."  McGlade Cert. at ¶ 27.  This additional evidence,

combined with the *Gervasio* evidence previously proffered, should be deemed sufficient

to meet McGlades' "modest burden" for conditional certification.

## V.   CONCLUSION

For all these reasons, Wawa's Motion to Dismiss, or for Stay, should be denied.

In light of the proffer of the McGlade Certification in further support of Employee

Track Plaintiffs' Motion for Conditional Class Certification, the Court should find that

the minimal standards for issuance of notice have been satisfied, and conditional class

certification should be granted.

Respectfully submitted,
*/s/Donald E. Haviland, Jr.*
Donald E. Haviland, Jr., Esq. (PA 66610)
William H Platt, II, Esq. (PA 83585)
Mark Cerroni, Esq. (Ltd. Pract. Order No. 837)
**Haviland Hughes**
201 South Maple Avenue, Suite 110
Ambler, PA 19002
*Interim Class Counsel for*
*Employee Track Plaintiffs*

# EXHIBIT A

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| INRE :WAWA, INC. DATA SECURITY LITIGATION | Lead Case No. 2:19-cv-06019-GEKP<br>CLASS ACTION<br><br>This filing relates to: Employee Track |

### CERTIFICATION OF SHAWN McGLADE
### IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
### DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
### COMPLAINT AND IN FURTHER SUPPORT OF
### PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION

I, Shawn McGlade, being of full age, do hereby certify as follows:

1.    I have personal knowledge of the facts stated herein.

2.    This Certification is submitted in support of Plaintiffs' Opposition to Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint and in further support of Plaintiffs' Motion for Conditional Class Certification.

3.    I am a citizen and resident of Pennsylvania, and have been my entire life.

4.    I was employed by Wawa from September 16, 2014 through January 3, 2020, when I was abruptly fired without prior warning.

5.    As a condition of my employment by Wawa, I was required to provide my personal information to Wawa, including, but not limited to, my social security number, my home address, the names of my wife and minor children.

6.    It was my expectation that in providing such information to my employer, Wawa would take reasonable steps to protect my personal information from compromise by anyone outside Wawa not authorized to access my personal information.

1

7.      As further condition of my employment, I was required to use my personal funds or credit card to pay for any food, beverages and other items in the Wawa stores in which I worked, if I wanted to purchase such items while I was working. Wawa did not offer any in-house credit capability for any such purchases by its employees.

8.      Further, I was not given additional time during the workday to leave the store premises to go purchase such items at a different location, such as a supermarket, 7-11 or Royal Farms convenience store.

9.      As part of the "Wawa Associate Handbook" which I was provided access to, Wawa employees were given certain discounts on food and beverages sold by Wawa stores. Despite the availability of such discounts, Wawa employees were required to pay for all products purchased, including all applicable sales taxes.

10.     As a result of providing such discount program to its employees, I am aware that senior management within Wawa knew that its employees routinely used their credit and debit cards to make in-store product purchases of food and beverages.

11.     In addition, if I wanted to purchase Wawa gasoline available onsite for my vehicle in order to get to and from work, I was required to use my own cash or credit funds to pay for such gas. I am aware that senior management within Wawa knew that its employees routinely used their credit and debit cards to make gasoline purchases.

12.     In September 2014, I was promoted to the level of "Assistant General Manager" (AGM) and served in that role until March 2017, when I was promoted to the level of "General Manager" (GM).

2

13.     As an AGM, I was required by Wawa to work a minimum of 46.5 hours each week. Prior to December 2015, I was paid a salary for work as an AGM. It didn't matter whether I worked the minimum of 46.5 hours per week, or more. My salary was the same.

14.     Between 2014-2015, while working in Wawa Store No. 21 (Flourtown, PA) like other Wawa AGMs, I routinely worked 50-55 hours per week, or more, as a Wawa AGM.

15.     I was not paid overtime for any hours worked in excess of 40 hours per week.

16.     After December 2015, my work as an AGM did not change.

17.     While I was required to clock in and out each day, I continued to work more than 50 hours per week, at Wawa Store No. 292 (East Noriton, PA), Store No. 42 (King of Prussia, PA), and Store No. 152 (King of Prussia, PA)

18.     To avoid having my time records reflect all the hours I worked, I was told by the GM's at these store locations (Mun Kim and Oscar Ramirez) to come in earlier than the start time of my shift and to work off the clock until the official start time of my shift.

19.     This practice went on the entire time I worked as an AGM from January 2016 through March 2017. I experienced other AGMs in the stores in which I worked, and at other stores, working the same overtime hours as me without pay, under the same conditions as me.

20.     I estimate that I worked hundreds of hours of overtime as a Wawa AGM. I was never paid any overtime wages for such work.

21.     Like other Wawa AGMs, my hourly wages was approximately $22.50 per hour. For overtime hours worked, I should have been paid time and one-half, or $33.75 per hour.

22.     My primary job duties as an AGM included non-managerial functions, such as working the cash registers, making deli sandwiches, stocking shelves, cleaning the store, assisting customers, and other manual tasks.

23.     My limited job duties as an AGM included, interviewing training, and directing the work of other Wawa employees.  Managerial decisions such as the hiring, disciplining, and firing of employees were primarily made by the Wawa GM.

24.     My primary job duties as an AGM were not materially different from the duties of other Wawa hourly employees.  Only the GM had management oversight of the Wawa stores.

25.     In the summer of 2019, I learned that Wawa had been sued by Wawa AGMs for failure to pay overtime wages.  I received a notice in the mail, as well as my Wawa email account, asking me to "opt-in" to the *Gervasio* class action in order to receive a share of the settlement Wawa was paying.

26.     I declined to opt-in to the class action after having a discussion with my senior manager at Wawa, Cody Lilly.

27.     When I was promoted to Wawa GM, the practice of having Wawa AGMs work overtime off the clock did not end.  During that time, I possessed personal knowledge that my colleague, Britt Williams (AGM), was allowed by Oscar Ramirez (GM) to work off-the-clock, for the sole purpose of advancing his career within the company.

28.     Wawa established sales and revenue goals for each of its stores on a monthly basis.  These estimates were based on the company's expectations about future revenues and its hope for future profits.  However, these budget estimates were unrealistic, as they did not take account of actual circumstances and conditions at particular stores.

29.     For the stores I managed as a Wawa GM, the budget expectations presumed a lack of reasonable overtime hours by AGM's and other employees.

30.     Wawa held its GMs, like me, accountable to "make the numbers." Whenever an AGM employed in my store reported overtime hours, I would receive an email from my Area Supervisor (Cody Lilly), reprimanding the allowance of overtime entries.

31.     Senior management at Wawa did not want non-salaried AGMs to be paid substantial overtime, because overtime caused the wages paid to exceed budgeted expectations for Wawa stores. In response, it became my practice to set the weekly schedule for AGM's in my store at 38 hours per week.

32.     Even after I was promoted to GM, I found that Wawa AGMs were willing to go along with Wawa's continued practice of avoiding paying AGMs overtime because Wawa dangled the "carrot" of "The GM in Training" program (GMIT) which promotes AGMs into management of their own stores as GMs.

33.     My understanding is that this "GMIT" program has existed at Wawa for a long time. It preceded my time at Wawa. I came to learn that it was part of the culture of Wawa up until the time I left in January 2020.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, that I am subject to punishment.

Dated:  December 3, 2020                        By: _____
                                                   Shawn McGlade

5

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2020, the foregoing was served upon the

following counsel for Defendants Wawa, Inc. and Interim Counsel for plaintiffs in the

Consumer and Financial Institutions Tracks via e-mail:

### <u>Wawa</u>

Gregory T. Parks
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
gregory.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com
terese.schireson@morganlewis.com

### <u>Consumer Track</u>

Sherrie R. Savette
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
ssavett@bm.net

Benjamin F. Johns
Chimicles Schwartz Kriner & Donaldson-Smith LLP
361 W. Lancaster Avenue
Haverford, PA 19041
bfj@chimicles.com

Roberta D. Liebenberg
Fine, Kaplan and Black, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
rliebenberg@finekaplan.com

Linda Nussbaum
Nussbaum Law Group, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
lnussbaum@nussbaumpc.com

### Financial Institutions Track

Gary F. Lynch
Carlson Lynch, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
glynch@carlsonlynch.com

Christian Levis
Lowey Dannenberg P.C.
44 South Broadway, Suite 1100
White Plains, NY 10601
clevis@lowey.com

Jeannine M. Kenney
Hausfeld LLP
325 Chestnut Street, # 900
Philadelphia, PA 19106
jkenney@hausfeld.com

Mindee J. Reuben
Lite DePalma Greenberg, LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103
mreuben@litedepalma.com

                                   /s/ Donald E. Haviland, Jr.
                                   Donald E. Haviland, Jr.