# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT D. BRADY, JR. on behalf of himself and all others similarly situated, RACHEL MEGQUIER on behalf of herself and all others similarly situated,         Plaintiffs,         v. DUE NORTH HOLDINGS, LLC, A POTS & PANS PRODUCTION, LLC, SCOTTY'S HOLDINGS, LLC,         Defendants. | No. 1:17-cv-01313-MJD-TWP |

**FINAL APPROVAL ORDER AND JUDGMENT**

**WHEREAS**, on May 14, 2018, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class. [Dkt. 52.]

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to opt-out, and of the right of members of the Settlement Class to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS**, a Final Approval Hearing was held on October 16, 2018.

**NOW, THEREFORE**, the Court having heard the presentation of Class Counsel and counsel for Defendants, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the request for Attorneys' Fees, Costs, and Expenses and Cost made by Class Counsel and the application for Service Awards to the Settlement Class Representatives, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1. The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2. The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. In reaching this conclusion, the Court considered the following factors: (1) the relative strength of the plaintiffs' case on the merits weighed against the value of the settlement achieved; (2) the complexity, length, and expense of continued litigation; (3) the presence of collusion in achieving the settlement; (4) the stage of the proceedings and amount of discovery completed; (5) the opinion of competent counsel; and (6) the amount of opposition expressed by those affected by the settlement. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1997); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889

(7th Cir. 1985). The consideration of the relevant factors strongly favors approval of the Settlement.

4. The Parties shall effectuate the Settlement Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5. The Court has considered that no objections were made to the Settlement.

6. The Court has considered that no exclusions from the Settlement were requested.

7. Accordingly, the Settlement Class, which will be bound by the Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

8. For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> All current and former members of Defendants' workforce whose personal information was disclosed in the Data Disclosure.

9. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

10. For purposes of Settlement only, Plaintiffs are certified as representatives of the Settlement Class, and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class with respect to the Settlement.

11. Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representatives for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representatives shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

12. The Court finds that the plan for Notice effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and of their right to object and to appear at the Final Approval hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

13. All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement and agreement of the parties.

15. Upon the Effective Date, members of the Settlement Class who did not validly and timely opt-out shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendants from all claims that were or could have been asserted in the Action, as specified in the Settlement Agreement.

16. The Court has considered the request for Service Awards in the amount of $5,000 each to the Settlement Class Representatives. In light of their efforts and time spent advancing this litigation on behalf of the Settlement Class, and the recovery achieved for the Settlement Class, the Court finds that the request for Service Awards in the amount of $5,000 for each Settlement Class Representative is reasonable and should be awarded.

17. The Court has considered Class Counsel's request for an award of attorneys' fees, costs, and expenses in the amount of $275,000. The Court finds that the requested relief is demonstrably reasonable and appropriate and amply supported by the record. The fee request is reasonable considering the work performed, and remaining to be performed, and the results achieved. The settlement is the product of strenuous and efficient efforts by Class Counsel in a case involving complex issues of fact and law. Therefore, Class Counsel shall be awarded attorneys' fees, costs, and expenses in the amount of $275,000.

18. The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the Data Disclosure at issue in the Action.

19. The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendants of any fault, wrongdoing, or liability on the part of Defendants or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action.

20. This Order, the Settlement or any such communications shall not be offered or received in evidence in any action of proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; *provided*, *however*, that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by Defendants or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

22. The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Final Approval Order, the parties shall bear their own costs and attorney's fees. Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and Settlement.

SO ORDERED.

Dated: 16 OCT 2018

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT D. BRADY, JR. and RACHEL MEGQUIER on behalf of themselves and all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) SCOTTY'S HOLDINGS LLC, DUE NORTH ) HOLDINGS, LLC, and A POTS & PANS ) PRODUCTION, LLC, ) ) Defendants. ) | Case No. 1:17-cv-01313-TWP-MJD<br><br>Judge Tanya Walton Pratt<br><br>Magistrate Judge Mark J. Dinsmore |

**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE**

This Class Action Settlement Agreement and Release is entered into between and among (1) Plaintiffs Robert D. Brady Junior and Rachel Megquier on behalf of themselves and as representatives of the Settlement Class and (2) Defendants Scotty's Holdings, LLC, Due North Holdings, LLC, and A Pots & Pans Production, LLC in order to effect a full and final settlement and dismissal with prejudice of all claims against Defendants alleged in the litigation captioned Brady v. Scotty's Holdings et. al., Case No. 1:17-cv-1313 (S.D. Ind.) on the terms set forth below and to the full extent reflected herein. Capitalized terms shall have the meaning ascribed to them in Section II of this Agreement.

**I.    RECITALS**

   **A.**    On or about January 30, 2017, a Scotty's Holdings, LLC employee responded to a phishing email purporting to be from the Company's Chief Executive Officer and sent personal information to unknown third parties.

   **B.**    Upon discovering the disclosure, Defendants promptly reported the incident to the Internal Revenue Service ("IRS"), enabling the IRS to implement checks for fraudulent tax

jasper@jonesward.com
312 S. Fourth Street
Louisville, Kentucky 40202
Telephone: (502) 882-6000
Facsimile: (502) 587-2007

      **C.**    Solely for the purpose of implementing this Agreement and effectuating the Settlement, the Parties stipulate that R/G2 Claims Administration will be appointed as Settlement Administrator.

      **D.**    Solely for the purpose of implementing this Agreement and effectuating the Settlement, Defendants stipulate that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

**IV.**    **BENEFITS TO SETTLEMENT CLASS MEMBERS**

      **A.**    Subject to the terms of this Agreement, the following benefits will be available to Settlement Class Members:

           **1.**    <u>Extension of Identity Theft Protection</u>.  The TransUnion service initially offered by Defendants in response to the Data Disclosure will be extended through February 1, 2019 for all members of the Settlement Class who previously enrolled.

           **2.**    <u>Open Enrollment for Identity Theft Protection</u>.  All members of the Settlement Class will be offered an opportunity to enroll in the TransUnion service initially offered by Defendants in response to the Data Disclosure for a period through February 1, 2019.

           **3.**    <u>Reimbursement of Self-Paid Identity Theft Protection</u>.  Any Settlement Class Member who purchased identity theft protection on their own from

January 31, 2017 through March 1, 2017 may seek reimbursement for the actual cost incurred for up to 12 months of their chosen service, not to exceed $150. The Settlement Class Member must submit documentation to prove monthly costs incurred by them and for which they may be obligated.

    **4.** <u>Reimbursement of Expenses</u>. Settlement Class Members may choose all applicable categories:

    **a.** <u>Claim A</u>: Settlement Class Members who had a false or fraudulent tax return filed after January 30, 2017 will be eligible for a payment of $350. Claimants must provide proof of the false tax return being filed and attest that they have no knowledge of a false or fraudulent tax return being filed in their name in the three years prior to 2017.

    **b.** <u>Claim B</u>: Settlement Class Members who had an IRS tax transcript requested without their authorization using their personal information after January 30, 2017 and submitted an identity theft affidavit to the IRS shall be entitled to a payment of $150. Claimants must provide proof of the false tax transcript request and submission of the identity theft affidavit, and attest that they have no knowledge of an IRS tax transcript being fraudulently requested using their personal information in the three years prior to 2017.

    **c.** <u>Claim C</u>: Settlement Class Members who experienced incidents of identity theft, other than the filing of a false or fraudulent tax return or unauthorized request for an IRS tax transcript using their personal information, after January 30, 2017 shall be entitled to a payment of $250. Excluded from eligibility are incidents of fraudulent charges on existing credit cards. Claimants must provide documentation of

the fraudulent activity or a personal attestation of the details of such activity. Additionally, Settlement Class Members making a claim under Claim C must attest that they have no knowledge of incidents of identity theft, other than fraudulent credit card activity, in the three years prior to 2017.

        **d.**      <u>Claim D</u>: Settlement Class Members who claim they suffered out-of-pocket expenses (other than the purchase of identity theft service) after January 30, 2017 as a result of the Data Disclosure shall be entitled to reimbursement of such out-of-pocket expenses in an amount not to exceed $500. Claimants must submit reasonable documentation supporting the claim for expenses. Settlement Class Members may also submit a self-verifying statement for time spent dealing with the effects of the Data Disclosure and be reimbursed for up to three hours at $15/hour under Claim D.

There shall be no cap for the sums to be paid to Settlement Class Members under Claim A and Claim B.

The sum of the total reimbursement paid under Claim C to all Settlement Class Members shall not exceed $50,000. Should the sum of the total reimbursement claimed under Claim C exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.

The sum of the total reimbursement paid under Claim D to all Settlement Class Members shall not exceed $50,000. Should the sum of the total reimbursement claimed under Claim D exceed $50,000, the payments made to Settlement Class Members shall be reduced on a *pro rata* basis.