# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| IN RE ZAPPOS SECURITY BREACH LITIGATION | MDL No.: 2357<br><br>Case No. 3:12-CV-00325-RJC-VPC<br><br>**FINAL APPROVAL ORDER** |

This matter came before the Court for hearing on December 20, 2019, pursuant to Federal Rule of Civil Procedure 23 and the Order Granting Preliminary Approval of Class Action Settlement (ECF No. 335) ("Preliminary Approval Order"). Plaintiffs seek final approval of the Settlement Agreement and Release (the "Agreement") (see ECF No. 331-1), an award of attorneys' fees and cost reimbursements to Class Counsel and Other Plaintiffs' Counsel, and service awards to each of the Plaintiffs. The Notice Program having been administered as called for under the Settlement and required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Order incorporates and approves the Agreement and the Settlement set forth therein. Any term not defined herein shall have the meaning ascribed to it as set forth in the Agreement.

2. Applying the *Churchill* factors, the Court finds that the Settlement is fair, reasonable and adequate in all material respects.

  A. The Plaintiffs do not have a strong case. For members of the class that experienced fraud, they will have to prove that the fraud was a result of the Zappos data breach. For members that have not experienced fraud, they will

have to prove that the data breach placed them in imminent risk of harm nearly a decade after the incident occurred. These are substantial burdens.

B. The Plaintiffs' case is risky, complex, expensive, and likely to proceed for many months if not years absent a settlement. Since, the merits are not strong in this case, there is a strong chance for failure. The case raises numerous complex issues including standing, the value of personal information, and liability for the negligent handling of such information. The case has not proceeded far into the discovery phase as it was dismissed under Rule 12, so the case will likely proceed for years at great expense.

C. As this Court has previously noted, the class will experience difficulty in maintaining its class status, since some class members experienced fraud and others did not.

D. The most troubling aspect of the Settlement is the Settlement amount, which is only a 10% coupon. However, a value of $5,031,166 has been redeemed as of December 12, 2019 showing that the coupons have a value to the class. Defendant's wide variety of items reinforces this finding.

E. There has been over 160,000 pages of discovery produced. Therefore, both parties have sufficient information to make informed decisions concerning settlement.

F. The case has not proceeded far into the discovery phase. Nonetheless, the relatively early stage of the proceedings does not weigh heavily against approval of the settlement, becasue the case has been ongoing for seven years.

G. Counsel in this case has significant complex litigation experience and recommends approval of the settlement.

H. As of December 12, 2019, 292,000 members have redeemed their coupon codes for over five million dollars in discounts; only fifty-three members have filed objections and 177 have opted out.

3. Applying the *In re Bluetooth* factors, the Court finds that the Settlement is the product of good faith, non-collusive, arm's length negotiations.

  A. The Settlement award is proportionate to the attorney's fees.

  B. The Defendant will not challenge the fee award.

  C. Fees not rewarded to class members would not revert back to Defendant.

4. This Court holds that it has jurisdiction over the subject matter of the Actions, all Parties to the Actions and all Settlement Class Members with respect to the Settlement and this Order and Judgment.

5. The Court appoints plaintiffs Theresa D. Stevens, Denise Relethford, Emily E. Braxton, Stephanie Preira (also known as Stephanie Huppert), Robert Ree, Patti Hasner, Dahlia Habashy (also known as Dahlia Bonzagni), Katharine Vorhoff and Shari Simon as the representatives of the Settlement Class.

6. The Court appoints Ben Barnow (Barnow and Associates, P.C.), Jeremiah Frei-Pearson (Finkelstein, Blankinship, Frei-Pearson & Garber, LLP), Mark Godino (Glancy Prongay & Murray, LLP) and Richard Coffman (The Coffman Law Firm) as Class Counsel.

7. For purposes of the Settlement only, the Court finds that the requirements of Federal Rule of Civil Procedure 23 are satisfied with respect to the Settlement Class: (a) the members of the Settlement Class are so numerous that joinder of all of them is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; and (d) Plaintiffs and Class Counsel have and will fairly and adequately represent the Settlement Class.

8. For purposes of the Settlement only, the Settlement Class is certified as follows:

> All natural persons or legal entities who had a Zappos.com account at any time on or prior to January 15, 2012 and for whom Zappos had an email address for the account in its records at that time. Excluded from the Settlement Class are: (a) individuals who are or were during the Class Period officers or directors of Zappos or any of its subsidiaries or affiliates; (b) any justice, judge, magistrate judge or law clerk of the Court, the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; and (c) all governmental entities.

9. The Court finds that the Notice Program fully and accurately informed the Settlement Class of all material elements of the Settlement, and constituted valid, due and sufficient notice to all individuals in the Settlement Class, and the best notice practicable under the circumstances, and that the Notice Program satisfied Federal Rule of Civil Procedure 23 and due process.

10. The Court holds that the individuals identified in Exhibit 1 hereto are excluded from the Settlement Class because they submitted timely and valid Requests for Exclusion pursuant to the Notice Program.

11. The Court overrules each of the objections to the Settlement on the merits. Pursuant to 28 U.S.C. § 1712(e), the Court finds that the actual value delivered to Settlement Class Members, in the form of actually redeemed Discount Codes, substantially exceeds $5,000,000, and accordingly the Settlement is fair, reasonable, and adequate for class members.

12. The Court approves service awards in the amount of $2,500 to each of the Plaintiffs, for a sum total of $22,500, for their service as Class Representatives. Class Counsel and Other Plaintiffs' Counsel are awarded reimbursement of costs and expenses of 109,533, and are awarded $1,487,967 for attorneys' fees. The fee award is substantially less than 30% of the value actually conferred upon the Settlement Class, and is also substantially less than counsel's lodestar. The Court finds that such awards are fair and reasonable, and orders that they be paid by Zappos directly to Class Counsel in accordance with the Agreement and at the time set forth therein. Class Counsel is thereafter ordered to distribute amounts due to Plaintiffs and to Other Plaintiffs' Counsel; Zappos is not responsible for such further distribution and Zappos discharges its financial responsibilities by making payment to Class Counsel.

13. The Court orders the Parties to the Agreement and the Settlement Administrator to continute to perform their obligations thereunder pursuant to the terms of the Agreement.

14. The Court orders that judgment be entered forthwith on the terms of the Settlement as set forth in this Order, and dismisses the MDL and the Actions, including all claims and causes of action asserted in the Actions, the MDL, the TAC or any other pleading or other document

filed in the Actions, on the merits and with prejudice, as to the Class Representatives and all Settlement Class Members. This dismissal is without costs or fees to any Party except as specifically provided in the Agreement and this Order.

15. The Court adjudges that the Class Representatives and all Settlement Class Members (except for these identified on Exhibit 1 hereto) are conclusively deemed to have forever, fully and finally released and discharged the Released Parties from any and all Released Claims, as those terms are defined in the Agreement.

16. Without affecting the finality of this Order or the judgment to be entered thereon, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto shall have been performed pursuant to the Agreement, including all payments set forth thereunder; (b) any other action necessary to conclude this Settlement and implement the Agreement; and (c) the modification, enforcement, effecutation, construction and interpretation of the Agreement including, without limitation, any dispute concerning Settlement Class Members' release of Released Claims, and the Settlement.

17. Except for the individuals identified on Exhibit 1 hereto, Plaintiffs and each and every Settlement Class Member, and any person acting on behalf of Plaintiffs or any Settlement Class Member, are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement, this Order and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to the All Writs Act, 28 U.S.C. § 1651, or any other applicable law. In the event that any provision of the Agreement or this Order or the judgment to be entered thereon is asserted by Zappos as a defense in whole or

- 5 -

in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person acting on behalf of any Settlement Class Member, that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. By incorporating the Agreement, including the Exhibits attached thereto, and its terms therein, the Court determines that this Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

18. The Agreement, including the Exhibits attached thereto, and any and all negotiations, documents and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, or of any liability or wrongdoing by any Released Party, or the truth of any of the claims. Evidence relating to the Settlement will not be discoverable or used, directly or indirectly, in any way, whether in the Actions or in any other action or proceeding, except for purposes of demonstrating, describing, implementing or enforcing the terms and conditions of the Settlement, the Preliminary Approval Order and/or this Order or the judgment to be entered thereon.

19. The Clerk shall enter judgment forthwith as set forth herein and close the case.

IT IS SO ORDERED.

Dated: December 23, 2019.

_____
Hon. Robert C. Jones
United States District Court Judge

- 6 -

# Exhibit 1

*In re Zappos Security Breach Litigation*

Exclusion Requests

Eric Abarabar
Marcella Abarabar
Rachel Rice Ackman
Nicholas Ade
Betty Aguilar
Yulia Arlandiz
Sergio Arlandiz
Maria Jose Ayerbe
Ed Ayres
Patricio Barbosa
Robert Barton
Linda Beckwith
Lisa Bernier
Star Bertone
David Bing
Kristi Bochniak
Jeff Bradley
Amory Brandt
Yovonda Brooks
Michael Buchino
Amy Burns
Liz Caporaso
Vincent Cardenas
Mandie Carlson
Graham Cavanagh
Jerilyn Champness
Cate Chang
Joy Chen
Jeanie Clemons
Linda M Clfford
Julia Conroy
Barbara Conway
Alan Crawley
Lauren Daniels
Maggie Dean
Cindy DeSilva
Alexandra Dew

| | |
|---|---|
| 1 | W Dombrowski |
| | Eric Elbogen |
| 2 | Aurora Endres-Bercher |
| | Obianuju Enendu |
| 3 | Rachel Erickson |
| 4 | Alexander Clarence Esche |
| | Wanda F. Ezozo |
| 5 | Thomas Farrington |
| | Sandra Ferrari |
| 6 | Michael Fish |
| 7 | Molly Fitzgerald |
| | Diane Friling |
| 8 | Carol Gaim |
| 9 | Frank Garcia |
| | Brian Gebhardt |
| 10 | Janet George |
| | PM Golden |
| 11 | Kirk Guest |
| 12 | Scott Gundrum |
| | Jeff Halevy |
| 13 | ConsthanDivine(CD) Harris |
| 14 | Ann Harrison |
| | Bruce Hart |
| 15 | Luke Hazelwood |
| 16 | Miranda Hirner |
| | Stephen Huebner |
| 17 | Kimberly Irving |
| | Steven Irwin |
| 18 | Darvin Joy |
| 19 | Terese Juliano |
| | Jason Karman |
| 20 | Alicia Kelly |
| | Oh-Yoon Kim |
| 21 | Hanna Kim |
| 22 | A King |
| | Shelley Kinser |
| 23 | Suzanne Kley |
| 24 | Mark Knapp |
| | Barry Kohler |
| 25 | Katie Kotiza |
| | Jeff Krans |
| 26 | Leo Kranz |
| 27 | Annie Labruzzo |
| | Vincent Laforet |
| 28 | |

- 2 -
FINAL APPROVAL ORDER

| | |
|---|---|
| 1 | Danielle Lahmani |
|  | Jordon Lakoduk |
| 2 | Dana Lear |
|  | Linda Lee |
| 3 | Michael Lees |
| 4 | Rufino de Leon |
|  | Jesse Lindmar |
| 5 | Diana Little |
|  | Irene Lucado |
| 6 | Maryellen Luizer |
| 7 | May Ly |
|  | James Malmborg |
| 8 | Jerome Massy |
| 9 | Linda Mathews |
|  | Karen O Mccracken |
| 10 | Gregory Meena |
|  | Margaret Messina |
| 11 | Marcy Milks |
| 12 | LuAnn Miller |
|  | Andrea Mitchell |
| 13 | James Monroe |
| 14 | Matt Mower |
|  | Meghan Mulgrew |
| 15 | Alicia Nashel-Watts |
|  | Jeffrey Noel-Nosbaum |
| 16 | Eng Ong |
| 17 | Genji Onishi |
|  | Nicole Osilaja |
| 18 | Derek Owens |
| 19 | Darren Page |
|  | Greg Pansa |
| 20 | Patricia Pedersen |
|  | Matthew Pelz |
| 21 | Andrew Perrong |
| 22 | Susan Pinti |
|  | Joshua Pitkoff |
| 23 | David Rabiger |
| 24 | Eddie Rangel |
|  | Chad Redmond |
| 25 | Ivette Redmond |
|  | Alex Robb |
| 26 | Hilary Robbeloth |
| 27 | Adam Roberts |
|  | Heather Robinson |
| 28 | |

- 3 -
FINAL APPROVAL ORDER

| | |
|---|---|
| 1 | Monica Robinson |
| | Sarah Rodwell |
| 2 | Joshua Rodwell |
| | Susan Rossbach |
| 3 | David Rousseau |
| 4 | Cynthia Roy |
| | Babak Samii |
| 5 | Nathaniel Sandy |
| | Mary Semenza |
| 6 | Li Shao |
| 7 | Daniel Shockley |
| | Barbara Shreve |
| 8 | Chris Silva |
| 9 | Justin Skiff |
| | Debbie Sora |
| 10 | Padelia Spartali |
| | Camille Van Steenwyk |
| 11 | Bartholomew Sullivan |
| 12 | Nicole Svigilsky |
| | Marilyn Sydow |
| 13 | Linda Taing |
| 14 | Nick Tarasen |
| | Mooshe Taylor |
| 15 | Alan Taylor |
| | Lou Ann Thom |
| 16 | Amy Thompson |
| 17 | Lloyd Thompson |
| | Prudence M. Thorner |
| 18 | M Todd |
| 19 | Mary Tremain |
| | Linda Trimbath |
| 20 | Ramina Trust |
| 21 | Rachel E. Vanada |
| | Tereza Vejvodova |
| 22 | Andrew J. Villanueva |
| | Marilyn Volpe |
| 23 | Jeremy Wadsack |
| 24 | Lisa Walter |
| | Matt Warner |
| 25 | Julia Warner |
| 26 | Janis McGee Washington |
| | Cheryl Weller |
| 27 | Danielle Whitehouse |
| 28 | Elizabeth D. Whitman |

- 4 -
FINAL APPROVAL ORDER

Amber Willard
Patrice Winters
Brian Witt
Stephen Wood
Lauren Wool
Linda Wurtz
Robert Yates
Warren Yokom

- 5 -
FINAL APPROVAL ORDER