# EXHIBIT D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT CLEVELAND

**In re:**

**SONIC CORP. CUSTOMER DATA BREACH LITIGATION**

**THIS DOCUMENT RELATES TO ALL CASES**

Case No. 1:17-md-02807-JSG

Judge James S. Gwin

## PRELIMINARY APPROVAL ORDER

The matter before the Court is the motion of Representative Plaintiffs Penny Bolin, Shannon Gannon, Henry Gil, Esmeralda Hernandez, Melvin Hildreth III, Megan MacKay, Dometric Pearson, Paula Sbabo, and Cassandra Sharp ("Representative Plaintiffs"), and Septabeya Bean, Patrick Blanford, Cornelius Bogard, Shadawna Carson, John Dolembo, Carlton Donovan, Vonda Hoover, Barbara Kelley, Mark Korabelnikov, Denise Ramirez, Edward Ramirez, Linda Sipple, and Angela Williams ("Individual Named Plaintiffs") for preliminary approval of a proposed class action settlement with Defendants Sonic Corp., Sonic Industries Services Inc., Sonic Capital LLC, Sonic Franchising LLC, Sonic Industries LLC, and Sonic Restaurants, Inc. (collectively, "Sonic" or the "Sonic Defendants"), on behalf of a Settlement Class. The proposed Settlement would resolve all of the claims asserted by Representative Plaintiffs, Individual Named Plaintiffs, and members of the proposed Settlement Class in this action against Sonic (the "Litigation").

This matter has been resolved by compromise as a result of two full-day mediation sessions on August 3 and 10, 2018 and a telephonic conference on October 2, 2018 with the Honorable Jonathan D. Greenberg (the "Mediation"). Representative Plaintiffs, Individual Named Plaintiffs, and Sonic (collectively, the "Parties"), through their respective counsel, have executed and filed

with this Court a Settlement Agreement that resolves this Litigation and all claims asserted by Representative Plaintiffs, Individual Named Plaintiffs, and members of the proposed Settlement Class relating to or arising from the Data Breach (as defined in Paragraph 1.10 of the Settlement Agreement). The Court, having overseen the Mediation, reviewed the Settlement Agreement, including the exhibits thereto, and considered the briefing submitted in support of the unopposed motion and the arguments of counsel thereon, finds that the terms of the proposed Settlement are fair, reasonable and adequate to Representative Plaintiffs, Individual Named Plaintiffs, and the Settlement Class and that the interests of fairness, consistency, and efficiency are well served by a single class settlement. The Court therefore hereby GRANTS the preliminary approval motion and ORDERS as follows.

1. Except as otherwise stated, this Order incorporates the defined terms set forth in the Settlement Agreement.

2. For purposes of settlement, and conditioned upon the Settlement Agreement receiving final approval following the final approval hearing, the Court conditionally certifies the following Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3): All residents of the United States who made a purchase at one of the Impacted Sonic Drive-Ins and paid using a debit or credit card during the period of time from April 7, 2017 through October 28, 2017. The Settlement Class specifically excludes: (i) Sonic (as defined in Paragraph 1.31 of the Settlement Agreement); (ii) Sonic Franchisees (as defined in Paragraph 1.32 of the Settlement Agreement); (iii) Infor (as defined in Paragraph 1.15 of the Settlement Agreement); (iv) all Settlement Class Members who timely and validly request exclusion from and/or opt-out of the Settlement Class; (v) the Judge or Magistrate Judge to whom the action is assigned and, any member of those Judges' staffs or immediate family members; and (vi) any other person found by a court of competent

jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity or occurrence of the Data Breach (as defined in Paragraph 1.10 of the Settlement Agreement) or who pleads *nolo contendere* to any such charge.

3. With respect to the Settlement Class, the Court preliminarily finds, solely for purposes of effectuating the Settlement and for no other purpose, that (i) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in this action would be impracticable, as the Settlement Class comprises more than 40 members; (ii) there are questions of law and fact common to the Settlement Class that predominate over individual questions, including whether Defendants failed to take adequate security measures to protect consumers' cardholder data, whether Defendants were negligent, whether Defendants breached an implied contract, whether Defendants have been unjustly enriched at the expense of Representative Plaintiffs, Individual Named Plaintiffs, and Settlement Class Members, whether Defendants violated applicable state consumer protection laws, whether Defendants violated applicable state data breach statutes, whether Representative Plaintiffs, Individual Named Plaintiffs, and Settlement Class Members are entitled to injunctive/declaratory relief, and whether Representative Plaintiffs, Individual Named Plaintiffs, and Settlement Class Members are entitled to, and the proper amount of, damages; (iii) the claims of the Representative Plaintiffs are typical of the claims of the Settlement Class, and Representative Plaintiffs do not have any conflicts of interest with the other members of the Settlement Class; (iv) Representative Plaintiffs and Plaintiffs' Counsel can fairly and adequately represent and protect the interests of the Settlement Class Members, as shown by their extensive investigation, vigorous prosecution of this Litigation, and services performed to date; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy as it relates to the proposed Settlement, considering the interests

of the Settlement Class Members in individually controlling the prosecution of separate actions, the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, the desirability or undesirability of continuing the Litigation of these claims in this forum, and the difficulties likely to be encountered in the management of a class action.

4. The Settlement, on the terms and conditions set forth in the Settlement Agreement, is preliminarily approved by this Court as being fair, reasonable, adequate, and within the range of possible final judicial approval. The Court finds that the Settlement resulted from arm's-length negotiations conducted in good faith by the Parties in a mediation before this Court, and reflects a settlement that was reached voluntarily after consultation with experienced legal counsel.

5. The Court provisionally finds that the Representative Plaintiffs are able to fairly and adequately represent the Settlement Class and appoints Representative Plaintiffs as the Class Representatives for the Settlement Class. Representative Plaintiffs have diligently prosecuted this Litigation.

6. The Court appoints the following as "Class Counsel": William B. Federman of Federman & Sherwood ("Interim Lead Counsel"), Marc E. Dann of DannLaw ("Interim Liaison Counsel"), Carin L. Marcussen of Federman & Sherwood, Brian D. Flick of DannLaw, Thomas A. Zimmerman, Jr. of Zimmerman Law Offices, P.C., Melissa R. Emert of Stull, Stull, & Brody, Michael Fuller of Olsen Daines, and Miles N. Clark of Knepper & Clark LLC, finding that these attorneys are able to fairly and adequately represent the Settlement Class, and have competently represented the Representative Plaintiffs and Settlement Class in this matter.

7. The Court preliminarily approves the monetary relief to Settlement Class Members provided in the Settlement Agreement, and recognizes that Sonic has acknowledged that it made

SMRH:228023659.7 -4-

certain governance changes since the filing of this Litigation and has agreed to continue employing certain data security practices set forth in Paragraph 3.4 of the Settlement Agreement for no less than three (3) years, with the Court finding that this relief is within the range of fair, reasonable and adequate.

8. The Court orders the Sonic Defendants to pay within thirty (30) days after entry of this Order four million three hundred twenty five thousand dollars ($4,325,000.00) (the "Settlement Fund") into an escrow account established and administered by the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement. The Settlement Administrator shall take all necessary steps to establish, organize, and operate the escrow account as a Qualified Settlement Fund pursuant to applicable rules and regulations of the Internal Revenue Service and the Treasury Department and the terms of the Settlement Agreement.

9. The Court approves the Notice Program set forth in the Settlement Agreement, as well as the Notices attached as Exhibit C (In-Store Notice), Exhibit D (Internet Banner Notice), Exhibit E (Long Form Notice), Exhibit F (Publication Notice), and Exhibits G-1 and G-2 (Website and Facebook Notice) thereto. The Court finds that the Notices collectively provide a sufficiently clear and concise description of the Litigation, the Settlement terms, and the rights and responsibilities of the Settlement Class Members. The Court further finds that the plan for dissemination of the Notices by the following methods: (i) conspicuously posting the In-Store Notice at the Impacted Sonic Drive-In locations, (ii) posting the Internet Banner Notice geo-tagged to the Facebook pages of Facebook users located with the zip codes of Impacted Sonic Drive-In locations, (iii) publishing the Publication Notice in a manner certified by the Settlement Administrator as being targeted to adults over 18 years of age located within the zip codes of the Impacted Sonic Drive-In locations, (iv) conspicuously posting the Website Notice on the Sonic

website and Facebook page, and (v) posting the Long Form Notice on the Settlement Website as set forth in the Settlement Agreement, is the best means practicable, and is reasonably calculated to apprise the Settlement Class Members of the Litigation and their right to participate in, object to, or exclude themselves from the Settlement. Accordingly, the Parties and their counsel are directed to disseminate the Notices pursuant to the terms of the Settlement Agreement.

10. The Court approves the Claim Forms attached to the Settlement Agreement as Exhibits B-1 and B-2.

11. The Court approves and appoints KCC LLC as the Settlement Administrator, and directs them to perform the duties set forth in the Settlement Agreement. As set forth in the Settlement Agreement, all costs and expenses incurred by the Settlement Administrator in connection with disseminating the notice and administering the Settlement shall be paid from the Settlement Fund.

12. The Court will conduct a final approval hearing, at which time it will consider any objections to the Settlement Agreement and determine whether the Settlement Agreement should be finally approved, on _____ July 25, 2019 commencing at _____ 9:00 a.m. Class Counsel shall file their motion for final approval of the Settlement no later than fourteen (14) days prior to the final approval hearing.

13. Class Counsel shall file their preliminary motions for an award of Attorneys' Fees and Costs, for Service Awards to the Representative Plaintiffs as Class Representatives, and for Individual Payments to Individual Named Plaintiffs no earlier than thirty (30) days from entry of the Preliminary Approval Order by the Court, and no later than fourteen (14) days prior to the deadline for submission of Requests for Exclusion and Objections. These motions may be supplemented prior to the final approval hearing, and the Court will rule upon the motions at the

SMRH:228023659.7 -6-

final approval hearing. As set forth in the Settlement Agreement, all such awards shall be paid only from the Settlement Fund.

14. Any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement, the proposed Attorneys' Fees and Costs, the proposed Service Awards, and/or the Individual Payments must deliver to Kari M. Rollins of Sheppard Mullin Richter & Hampton LLP as counsel for the Sonic Defendants, and to William B. Federman of Federman & Sherwood as Class Counsel, and file with the Court, a written statement of the objections, as well as the specific reasons for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence or other information the Settlement Class Member believes supports the objections. Any Settlement Class Member who objects must also set forth their full name and current address; include a written statement that he/she is a Settlement Class Member, including an attestation that he/she made a purchase using a debit or credit card at one of the 325 Impacted Sonic Drive-Ins during the Settlement Class Period and identifying the address of the location where he/she made his/her purchase; state the identity of all counsel representing the objector, if any; include a statement indicating if he/she intends to appear and/or testify at the final approval hearing and the identity of all counsel representing the objector who will appear at the final approval hearing; include a statement identifying any person who will be called to testify at the final approval hearing in support of the objection; include the objector's signature and the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation); include a list, by case name, court, and docket number, of all other cases in which the objector (directly or through counsel) has filed an objection to any proposed class action settlement within the last three (3) years; and include a list, by case name, court, and docket

number, of all other cases in which the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement within the last three (3) years.

15. All objections must be filed with the Court and delivered to counsel for Defendants and Class Counsel not later than _____ April 19, 2019. Objections must be delivered to the Court, Class Counsel, and the Sonic Defendants' counsel at the addresses listed below:

Court:

Clerk of the Court
U.S. District Court for the Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue
Cleveland, Ohio 44113

Class Counsel:

William B. Federman
Federman & Sherwood
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120

The Sonic Defendants' Counsel:

Kari M. Rollins
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112

No person will be entitled to be heard at the final approval hearing, and no written objections will be received or considered by this Court at the final approval hearing, unless all pertinent terms and conditions set forth above and in the Settlement Class Notice have been fully met. If an objection is overruled, the objecting Settlement Class Member will be bound by the terms of the Settlement and may not exclude him/herself later.

16. Any person who elects to opt out of the Settlement Class shall not be bound by any orders, including, but not limited to, any final order approving the Settlement, entered in this

Litigation, not be entitled to relief under the Settlement Agreement, not gain any rights by virtue of the Settlement Agreement, and not be entitled to object to any aspect of the Settlement Agreement. No person may opt out of the Settlement Class through a so-called "mass" or "class" opt-out.

17. Any Settlement Class Member who wishes to be excluded from the Settlement must fully comply with all pertinent terms and conditions set forth in the Long Form Notice. All Requests for Exclusion must be postmarked no later than <u>April 19</u>, 2019. Settlement Class Members who submit a timely and valid Request for Exclusion will have no rights under the Settlement Agreement, will not share in the distribution of the Net Settlement Fund, and will not be bound by the Settlement Agreement. Any Settlement Class Member who does not submit a timely and valid Request for Exclusion shall be bound by all terms of the Settlement Agreement and any final order approving the Settlement.

18. No later than fourteen (14) days after the deadline for submission of Claim Forms, the Settlement Administrator shall provide a declaration to Class Counsel and the Sonic Defendants' counsel attesting to the measures taken to provide the notice to the Settlement Class Members pursuant to the Notice Program, and the information pertaining to claims and requests for exclusion as set forth in the Settlement Agreement.

19. In the event this Court does not finally approve the Settlement Agreement, any and all rights of the Parties existing prior to the execution of the Settlement Agreement, including but not limited to Representative Plaintiffs' and Individual Named Plaintiffs' right to seek and the Sonic Defendants' right to oppose class certification in the Litigation, shall be preserved, and the Litigation shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered. In such event, none of the terms of the Settlement Agreement shall be admissible

in any trial or otherwise used against any Party, except to enforce the terms thereof that relate to the Parties' obligations in the event of termination. The portion of the Settlement Fund transferred to the Settlement Administrator shall be returned to the Sonic Defendants, less notice and administrative expenses actually incurred by the Settlement Administrator (as to which the Sonic Defendants shall have no right of reimbursement from any person, including the Settlement Administrator, Representative Plaintiffs, Individual Named Plaintiffs, or Plaintiffs' Counsel).

20. For the benefit of the Settlement Class Members and as provided in the Settlement Agreement, this Court retains continuing jurisdiction over the implementation, interpretation, and enforcement of the Settlement Agreement.

21. The Parties are directed to carry out their obligations under the Settlement Agreement.

## Summary of Applicable Dates

| | | |
|---|---|---|
| 1. | Preliminary Approval Order entered | December 20, 2018 |
| 2. | Defendants to pay $4,325,000.00 into an escrow account established by the Settlement Administrator | No later than thirty (30) calendar days after entry of this Order |
| 3. | Commencement of the Notice Program as set forth in Section 7 of the Settlement Agreement | No later than thirty (30) calendar days after entry of this Order |
| 4. | Deadline to Opt Out, or Object | No later than ninety (90) calendar days from the commencement of the Notice Program |
| 5. | Deadline to submit a Claim Form ("Claim Deadline") | No later than ninety (90) calendar days from the commencement of the Notice Program |
| 6. | Deadline for Settlement Administrator to Submit Declaration re: Notice, Opt-Outs, and Claims | No later than fourteen (14) calendar days after Claim Deadline |
| 7. | Motion for Final Approval of Settlement to be | No later than fourteen (14) |

-11-

|   |   |   |
|---|---|---|
|   | filed | calendar days prior to Final Approval Hearing |
| 8. | Final Approval Hearing | At the Court's convenience, no earlier than one hundred twenty (120) days after the commencement of the Notice Program |

**SO ORDERED.**

Dated: December 20, 2018

s/ James S. Gwin
Hon. James S. Gwin
United States District Court Judge

SMRH:228023659.7