IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION  *This document relates to: Consumer Track* | Case No. 19-6019-GEKP  Class Action |

CORRECTED [PROPOSED]
ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
PROVISIONALLY CERTIFYING SETTLEMENT CLASS, AND DIRECTING THE
ISSUANCE OF NOTICE

WHEREAS, Plaintiffs Kenneth Brulinski, Kelly Donnelly Bruno, Amanda Garthwaite, Marisa Graziano, Tracey Lucas, Marcus McDaniel, Joseph Muller, April Pierce, Nicole Portnoy, Nakia Rolling, Eric Russell, Michael Sussman, and Charmissha Tingle (together, "Consumer Track Plaintiffs" or "Plaintiffs") brought claims in this Court on behalf of themselves and all similarly situated persons, and have entered into a Settlement Agreement with Defendant Wawa, Inc. ("Wawa") dated February 9, 2021 (Dkt. 181-1) (the "Settlement Agreement");

WHEREAS, plaintiff Kasan Laster brought a separate action in the Superior Court of New Jersey asserting claims that are substantially similar to those brought by the Consumer Track Plaintiffs, and that action, *Laster v. Wawa, Inc.*, No. BUR-L-000037-20, has been stayed pending the outcome of the settlement between Wawa and the Consumer Track Plaintiffs;

WHEREAS, on February 19, 2021, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Plaintiffs filed the Consumer Plaintiffs' Unopposed Motion for an Order Preliminarily Approving Class Action Settlement, Provisionally Certifying Settlement Class, and

Directing Notice (Dkt. 179) and a memorandum of law in support of same (Dkt. 180) (together, the "Motion"); and

WHEREAS, unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Settlement Agreement;

NOW, IT IS HEREBY ORDERED AS FOLLOWS:

**A.**     **Preliminary Approval of the Settlement**

1.     The Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court "will likely be able to" approve the Settlement under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Fed. R. Civ. P. 23(a) and 23(b)(3), and that therefore notice to Settlement Class Members is warranted.

2.     The Court therefore preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration at the Final Approval Hearing. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

**B.**     **Appointment of the Settlement Administrator**

3.     The Court has considered the background information related to the Settlement Administrator proposed by Plaintiffs, and hereby appoints KCC, LLC to serve in this position. The Settlement Administrator shall conduct the settlement administration procedures set forth in the Settlement Agreement.

4.     Pursuant to the Settlement Agreement, the cost of the Settlement Administrator's services, and all other reasonable costs of settlement administration, shall be paid out of a lump sum fund that Wawa has agreed to pay for all of the following: settlement administration

services, any attorneys' fees and expenses awarded by the Court, and any service awards to Class Representatives that the Court may authorize.

**C.      Approval of the Settlement Notice and Notice Program**

5.      Pursuant to Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Court approves the form, substance, and requirements of the Notice Program as defined and described in the Settlement Agreement, including the Claim Forms attached as Exhibit A to the Settlement Agreement, Long Form Notice attached as Exhibit B to the Settlement Agreement, Store Notice attached as Exhibit C to the Settlement Agreement, Press Release attached as Exhibit D to the Settlement Agreement, and the Settlement Website discussed in the Settlement Agreement.  The Notice Program shall commence within thirty days of the entry of this Order.

6.      The Long Form Notice reasonably explains Settlement Class Members' rights and responsibilities, and adequately details the nature of the action; the Settlement Class definition; how to file a claim; Settlement Class Members' rights to make an appearance with an attorney, request exclusion from the Settlement Class and object to the Settlement; the scope of the release of Wawa; and the binding effect of a Class judgment.  *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

7.      The Long Form Notice also explains that Class Counsel may request up to $3,200,000 in the aggregate for attorneys' fees, reimbursement of expenses, the costs of settlement administration, and service awards of $1,000 for each Class Representative.

8.      The Court finds that the Notice Program approved by this Order meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

**D.**     **Provisional Certification of the Settlement Class**

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court provisionally certifies, for settlement purposes only, the following Settlement Class:

> All residents of the United States who used a credit or debit card at a Wawa location at any time during the Period of the Data Security Incident of March 4, 2019 through December 12, 2019. Excluded from the Settlement Class are Wawa's executive officers and the Judge to whom this case is assigned.

10. The Court finds, for settlement purposes only, that the Settlement Class meets all prerequisites for class certification under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, including: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the representative parties are typical of the claims of the class; (d) Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient resolution of the claims of Settlement Class Members. The Court adopts the reasoning set forth in Plaintiffs' memorandum of law in support of the motion for preliminary approval of the Settlement.

11. For settlement purposes only, the Court appoints Kenneth Brulinski, Kelly Donnelly Bruno, Amanda Garthwaite, Marisa Graziano, Tracey Lucas, Marcus McDaniel, Joseph Muller, April Pierce, Nicole Portnoy, Nakia Rolling, Eric Russell, Michael Sussman, Charmissha Tingle, and Kasan Laster as Settlement Class Representatives.

12. Pursuant to Federal Rule 23(g)(3), the Court appoints Sherrie Savett of Berger Montague PC, Benjamin Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP, Roberta Liebenberg of Fine, Kaplan and Black, R.P.C., and Linda Nussbaum of Nussbaum Law Group,

P.C. as Class Counsel. Class Counsel shall ensure that the Notice Program and Claims Administration services contemplated by the Settlement Agreement are implemented.

13. The Court approves the Opt-Out and Objection procedures detailed in the Settlement Agreement.

14. Any Class Members who wish to exclude themselves from the Settlement Class must follow the Opt-Out procedures described in the Long Form Notice, including filing any Opt-Out Request by the Opt-Out Deadline specified below. Any Class Members who exclude themselves from the Settlement Class are not eligible to object to the Settlement.

15. Any Settlement Class Members who wish to object to the Settlement must follow the objection procedures described in the Long Form Notice, including filing any Objection by the Objection Deadline specified below.

16. At least thirty (30) calendar days prior to the Final Approval Hearing, Wawa shall file with the Court proof of its compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b) as to service of notice of the proposed Settlement upon the appropriate state and federal officials.

17. Pursuant to Federal Rule 23(e)(2), the Court will hold a Final Approval Hearing on the date and time set forth below in Courtroom 10B of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106 for the following purposes:

   a. to determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure;

   b. to determine whether the Settlement Class should be finally certified under Federal Rules of Civil Procedure 23(a) and 23(b)(3);

      c.      to determine whether a Final Judgment should be entered dismissing the claims of the Settlement Class against Defendant with prejudice, as required by the Settlement Agreement;

      d.      to consider the request for service awards to the Class Representatives;

      e.      to consider Class Counsel's motion for an award of attorneys' fees, litigation expenses, and payment of settlement administration expenses;

      f.      to consider any objections submitted by Settlement Class Members; and

      g.      to consider such other matters as the Court may deem appropriate.

**E.**      **Schedule for Motion for Final Approval and Final Approval Hearing**

18.      The Court establishes the following schedule for future settlement approval events:

| Event | Time for Compliance | Date |
|---|---|---|
| Creation of Settlement Website | 30 days after entry of Preliminary Approval Order | _____, 2021 |
| Notice Issuance Date | 30 days after entry of Preliminary Approval Order | _____, 2021 |
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | 90 days after entry of Preliminary Approval Order | _____, 2021 |
| Opt-Out and Objection Deadline | 105 days after entry of Preliminary Approval Order | _____, 2021 |
| Claims Deadline | 120 days after entry of Preliminary Approval Order | _____, 2021 |
| Deadline for Motion in Support of Final Approval of Settlement | 150 days after entry of Preliminary Approval Order | _____, 2021 |
| Final Approval Hearing | No earlier than 180 days after entry of Preliminary Approval Order | _____, 2021 at ____ am/pm |

BY THE COURT:

_____
The Honorable Gene E.K. Pratter
United States District Judge