IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE WAWA, INC.<br>DATA SECURITY LITIGATION | CIVIL ACTION<br><br>This document applies to the<br>Employee Track.<br><br>No. 19-6019<br>and all related cases. |

**MEMORANDUM**

PRATTER, J.                                                                                                                                                                                                                          MAY 24, 2021

      Hackers hijacked Wawa, Inc. customer payment card information beginning in March 2019 and continuing over the next several months. The hackers accessed Wawa's point-of-sale systems and installed malware that targeted in-store payment terminals and gas station fuel dispensers. This ill-gotten information was later made available for purchase on the "dark web." Wawa, which operates a chain of convenience stores and gas stations throughout the eastern United States, disclosed the data breach in December 2019 and litigation followed. This case is proceeding with three distinct tracks for the class action litigation: the Consumer Track, the Employee Track, and the Financial Institution Track. This Memorandum addresses the Employee Track Plaintiffs' motion for conditional class certification.

      Aside from their claims related to allegedly compromised payment card data and confidential employee information, the Employee Plaintiffs, including Shawn McGlade, also bring claims regarding alleged overtime violations. The Court has dismissed those overtime claims as time-barred. *See In re Wawa, Inc. Data Security Litigation*, No. 19-cv-6019, 2021 WL 1910887, at *3 (E.D. Pa. May 12, 2021). Because the Court writes for the benefit of the parties, it assumes

1

a basic familiarity with the Employee Plaintiffs' overtime claims and incorporates by reference its prior discussion of those issues.

Mr. McGlade, identified as one of the class representatives for the Employee Track case,[1] moves for conditional class certification, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), with respect to his claim that Wawa allegedly forced its assistant general managers to work "off the clock," which resulted in them not receiving overtime pay.[2] His collective action concerns all Wawa assistant general managers who were employed in the United States for three years from January 10, 2017 until January 10, 2020.

As the Third Circuit Court of Appeals has explained, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), "an employee may bring an action against his employer individually, on his own behalf, and collectively, on behalf of other 'similarly situated' employees." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242 (3d Cir. 2013) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013)). However, "[i]n order to become parties to a collective

---

[1] Karen McGlade, Mr. McGlade's wife, is the other named plaintiff in the Employee Track.

[2] Mr. McGlade does not make any claims regarding employee misclassification in his motion for conditional class certification. In dismissing his previous allegation that Wawa had misclassified its assistant general managers as exempt from the FLSA's overtime provisions when, based on the duties and tasks they performed, they should have been classified as non-exempt, the Court noted that such a claim was time-barred. *In re Wawa, Inc.*, 2021 WL 1910887, at *3.

In his class certification motion, Mr. McGlade only mentions that he did not opt in to a collective action and earlier settlement that resulted from a District of New Jersey case involving Wawa's alleged misclassification of its assistant general managers as exempt from FLSA overtime requirements. *See Gervasio v. Wawa Inc.*, No. 17-cv-245, 2018 WL 385189, at *1 (D.N.J. Jan. 11, 2018) (conditionally certifying FLSA class of former Wawa assistant general managers that worked at any time from January 10, 2015 through December 28, 2015). That court eventually approved a settlement in July 2019. *See Gervasio*, Doc. No. 112. Thus, the Court treats the motion in this case as one seeking conditional class certification for Mr. McGlade's off-the-clock overtime claim.

action under Section 16(b), employees must affirmatively opt-in by filing written consents with the court."[3] *Id.* at 242-43.

To put forth such a claim, Mr. McGlade must demonstrate and provide evidence that Wawa maintained a common unlawful policy that required its assistant general managers to work off the clock and that there are employees similarly situated to him. As explained below, Mr. McGlade has not done so. And, because the overtime claims in the Employee Plaintiffs' Amended Complaint have been dismissed, Mr. McGlade does not have a claim or personal interest in representing a potential class with respect to his alleged overtime violations, thus mooting his motion for conditional class certification. Therefore, for the reasons that follow, the Court denies the motion for conditional class certification.

## LEGAL STANDARD

"The FLSA authorizes an employee who has been denied overtime compensation to bring a claim on behalf of other 'similarly situated' employees affected by an employer's common policy." *DiFlavis v. Choice Hotels Int'l, Inc.*, No. 18-cv-3914, 2020 WL 610778, at *14 (E.D. Pa. Feb. 6, 2020) (quoting 29 U.S.C. § 216(b)). "District courts in the Third Circuit determine whether a FLSA claim may proceed as a collective action in two steps: a conditional certification and a final certification determination." *Id.* The first step involves a relatively lenient standard whereby the "plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Id.* (quoting *Banks v. Radioshack Corp.*, No. 13-cv-0685, 2014 WL 1724856, at *2 (E.D. Pa. Apr. 25, 2014)).

---

[3] "This feature distinguishes the collective-action mechanism under Section 16(b) from the class-action mechanism under Federal Rule of Civil Procedure 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out." *Camesi*, 729 F.3d at 243.

3

## DISCUSSION

### I. Conditional Class Certification

Mr. McGlade is currently the sole named plaintiff who asserted an "off-the-clock" overtime claim against Wawa. But, for the reasons discussed in the Court's earlier Memorandum, the Court has dismissed Mr. McGlade's overtime claims as time-barred. *See In re Wawa, Inc.*, 2021 WL 1910887, at *3. Without an overtime claim, Mr. McGlade no longer has a personal interest in representing other, theoretically possible, opt-in plaintiffs, and no other appropriate representative plaintiffs (i.e., Wawa assistant general managers) are currently named parties to the Employee Track.

In *Symczyk*, the U.S. Supreme Court stated that a plaintiff's proposed collective action "became moot when her individual claim became moot, because she lacked any personal interest in representing others" in that case and "the mere presence of collective-action allegations in [a] complaint cannot save the suit from mootness once the individual claim is satisfied." 569 U.S. at 73 (noting that "even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness"). Here, Mr. McGlade's own overtime claims were dismissed as untimely. Therefore, the Court cannot grant conditional class certification at this time because he was the only named plaintiff in that action and, given the dismissal of his own claim, his motion is now moot.

Even if the motion as initially framed was not moot, after analyzing the current record,[4] the Court would be compelled to deny Mr. McGlade's motion for conditional class certification

---

[4] Much of the record put forth by the Employee Plaintiffs here comes from *Gervasio*, the District of New Jersey case discussed above. *See* 2018 WL 385189, at *1. In that case, the court conditionally certified an FLSA class of former Wawa assistant general managers who worked at any time from January 10, 2015 through December 28, 2015. *Id.* That court eventually, in July 2019, approved a settlement between the parties. *See Gervasio*, Doc. No. 112.

4

without prejudice because he has failed to make the necessary rudimentary predicate showing that similarly situated plaintiffs exist.

### A. First Step: Modest Factual Showing

The FLSA requires employers to compensate their employees at one and one-half times the employees' hourly wage for hours worked in excess of 40 hours per week. 29 U.S.C. §§ 206-07. It allows an action to be brought "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated" and provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

The Third Circuit Court of Appeals has embraced a two-step process for proceeding with conditional class certification for FLSA claims: (1) the first step, conditional certification, involves determining whether similarly situated plaintiffs exist; (2) the second step, a final certification determination, involves determining whether the plaintiffs who opt in are in fact similarly situated to the named plaintiffs. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 536 n.4 (3d Cir. 2012) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010)).

Regarding the first step, our Court of Appeals has "adopted the 'modest factual showing' standard, under which 'a plaintiff must produce some evidence, "beyond pure speculation," of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees.'" *Id.* (quoting *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66 (2013)). "Applying a 'fairly lenient standard' at the first step, the court makes a preliminary determination as to whether the

---

Mr. McGlade emphasizes that over 700 potential *Gervasio* class members did not opt in to the *Gervasio* class. However, this is not analytically pertinent to Mr. McGlade's off-the-clock overtime allegations, given that the *Gervasio* settlement was based on misclassification.

5

named plaintiffs have made a 'modest factual showing' that the employees identified in their complaint are 'similarly situated.'" *Camesi*, 729 F.3d at 243 (quoting *Zavala*, 691 F.3d at 536 & n.4).

Mr. McGlade's motion implicates only step one. Despite the initial step for FLSA conditional class certification being more lenient than the second step, "it does not compel automatic certification." *Mitchell v. Covance, Inc.*, 438 F. Supp. 3d 341, 346 (E.D. Pa. 2020). This "lenient standard [still] requires some evidence beyond mere speculation that the defendant's policy affected other employees." *Wright v. Lehigh Valley Hosp.*, No. 10-cv-431, 2010 WL 3363992, at *3 (E.D. Pa. Aug. 24, 2010).

To endeavor to make his modest factual showing, Mr. McGlade relies on evidence entirely from the limited *Gervasio* record, from which he attaches over 270 pages to his motion here for conditional class certification. This includes the declaration of the *Gervasio* plaintiffs' attorney, deposition transcripts, a 2014 Wawa assistant general manager job description, a 2014 Wawa employee handbook, and other materials from that case. He argues that this is enough to satisfy the minimum threshold necessary for a class notice to be issued in this case. Mr. McGlade asserts that at the initial stage he has only a light burden as a plaintiff seeking conditional class certification. He further argues that the job description for assistant general managers established in *Gervasio* applies here because the responsibilities of Wawa assistant general managers "were unchanged in 2016 and beyond."

Wawa takes issue with Mr. McGlade's reliance on the *Gervasio* record, arguing that the plaintiffs' allegations in *Gervasio* were that Wawa misclassified assistant general managers as exempt from overtime prior to December 2015, but that no claims were made in that case regarding post-reclassification off-the-clock overtime violations. Wawa contends that its post-

6

reclassification job description requires assistant general managers to work only 35-40 hours per week and that its official policy requires all assistant general managers and other non-exempt employees to properly record all time worked, including overtime. Wawa claims that its current policy defines hours worked as "all time during which an Associate is required or permitted to perform work on behalf of Wawa." The policy purportedly states that employees who do not follow company protocols could face disciplinary action, and the policy prohibits retaliation against any employee who raises time record issues. Wawa argues that Mr. McGlade has failed to demonstrate that Wawa maintains a common unlawful policy requiring off-the-clock work.

Furthermore, Wawa asserts that, at its core, Mr. McGlade's reliance on *Gervasio* fails as support for his current off-the-clock claim because such a claim is based on temporally, factually, and legally distinct circumstances as compared to the *Gervasio* plaintiffs' misclassification claim. Wawa also argues that over the years courts in this Circuit have found that "plaintiffs alleging off-the-clock claims are not similarly situated to proposed collective members" because adjudicating their claims would necessarily involve a fact-intensive and individualized inquiry. *See, e.g., Lawrence v. City of Phila.*, No. 03-cv-4009, 2004 WL 945139, at *2 (E.D. Pa. Apr. 29, 2004) (noting that the circumstances of individual "off-the-clock" claims "potentially vary too widely to conclude that . . . the Plaintiffs are similarly situated"); *Bond v. Nat'l City Bank of Pennsylvania*, No. 05-cv-0681, 2006 WL 1744474, at *4 (W.D. Pa. June 22, 2006) (finding that "the fact-intensive, individualized nature of the allegations renders class certification inappropriate"); *but see, e.g., Titchenell v. Apria Healthcare Inc.*, No. 11-cv-563, 2011 WL 5428559, at *7 (E.D. Pa. Nov. 8, 2011) (finding plaintiff produced evidence demonstrating a policy that required employees to work off the clock); *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60, 66 (E.D. Pa. 2009) (noting

7

argument that claims are too individualized is better suited for a stage two decertification determination).

During oral argument, Wawa's counsel underscored that the evidence the Employee Plaintiffs rely on "is all coming from *Gervasio*." The Court then asked, "And what's the problem with that?" Hearing Tr. 107:1-3. Counsel answered that *Gervasio* "dealt with misclassification claims. It did not deal with off the clock claims." *Id.* at 107:5-6. Additionally, Wawa's counsel stated that although Christopher Carmany—a former Wawa assistant general manager and named plaintiff in the *Gervasio* case—did work during the proposed class period here up until March 2017, Mr. Carmany also testified during his deposition in the *Gervasio* case that he was not permitted to work more than 40 hours a week—not that he was forced to work off the clock. *Id.* at 110:20-25-111:1-19. Specifically, Mr. Carmany testified that he "was getting yelled at for going into overtime" and that he "was told that [he] was going to be written up if [he] continued to accrue overtime." Doc. No. 133-7 at 7-8. Mr. Carmany was the only specified person from the *Gervasio* case to fit within the group of potential plaintiffs here, making his testimony from the earlier case germane in this case.[5] So, this testimony from a *Gervasio* plaintiff undermines the very claims that Mr. McGlade hopes to pursue here in a putative collective action involving Wawa assistant general managers.

---

[5] In his reply brief, Mr. McGlade highlights two *Gervasio* plaintiffs. First, he describes Anthony Gervasio, who allegedly worked at Wawa as an assistant general manager from September 2006 to April 2016. Mr. McGlade argues that Mr. Gervasio worked in excess of 40 hours per week and was not compensated for those hours. However, Mr. Gervasio did not work during the proposed class period here.

Next, Mr. McGlade asserts that Mr. Carmany worked as a Wawa assistant general manager from December 2015 to March 2017, noting that this was "the same month that [Mr.] McGlade ended his work as a Wawa [assistant general manager]." But, as explained above, it does not appear that Mr. Carmany was required to work off the clock pursuant to a Wawa policy. Mr. Carmany testified that, although he was encouraged not to work more than 40 hours a week, he was clocking his hours "but not completely accurately" because he was "trying very hard to not accrue as much overtime as I possibly could . . . [s]o I would still work off the clock." Doc. No. 133-7 at 9.

Although the *Gervasio* material was certainly useful as evidence in that prior case to show how those plaintiffs were misclassified based on their job duties prior to December 2015, they do not similarly help Mr. McGlade's current off-the-clock claim here.[6] *See Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-CV-0840E(SR), 2005 WL 2654270, at *3-4 (W.D.N.Y. Oct. 17, 2005) (denying class certification where plaintiffs were "not similarly situated to one another [because] no factual nexus exists between their situations" involving misclassification and the claim that the company altered timesheets to avoid paying overtime).

*Gervasio* is distinguishable from the present case. *Gervasio* involved misclassification. The *Gervasio* plaintiffs did not allege that they were forced to work off the clock pursuant to a Wawa policy. They alleged that they had been misclassified as exempt because, based on the duties and manual tasks they performed, they should have been classified as non-exempt and been entitled to overtime pay. The record currently before the Court from *Gervasio*, which again dealt with the pre-December 2015 period when Wawa assistant general managers were classified as exempt, then does not lend support to Mr. McGlade's claim that Wawa, from 2017 to 2020, had an unlawful policy that required its assistant general managers to work off the clock. The Court also notes that Mr. McGlade did not attach his own declaration or any other documents that pertain to this situation to his motion.[7]

---

[6] Mr. McGlade argues that he has met his burden at the first step "by pointing this Court to the substantial evidentiary record amassed in *Gervasio*, which was sufficient not only for the initial "first-stage conditional certification and notice, but [also] second stage certification and settlement."

[7] In their post-oral argument brief, the Employee Plaintiffs included (for the first time) Mr. McGlade's own declaration as an exhibit. In it, Mr. McGlade asserts that he was told to come in to work earlier than his official start time and to work off the clock. He also alleges that he observed other assistant general managers working overtime hours without pay. He states that a colleague, assistant general manager Britt Williams, was "allowed" to work off the clock to advance his career within the company. To the Court's knowledge, Mr. Williams has not joined in with Mr. McGlade's overtime claims in this case.

9

Nothing in the record sufficiently demonstrates that Wawa maintained a policy which forced assistant general managers to work off the clock. None of the cited depositions from the *Gervasio* case came from employees who worked during the proposed class period here—aside from Mr. Carmany. Hearing Tr. 107:22-25-108:1-19. Examining the record to date, Mr. McGlade is essentially relying for his conditional class certification on evidence used in a misclassification case that was based on pre-December 2015 conduct as support for his quite different claim that Wawa allegedly maintained a policy that forced assistant general managers to work off the clock without overtime pay from January 2017 until January 2020.

Mr. McGlade urges the Court to rely on his allegations in the Amended Complaint as sufficient factual support for his claim that Wawa had a policy requiring its assistant general managers to work off the clock. However, a modest factual showing "cannot be founded solely on allegations in the complaint; some factual support must be provided, such as in the form of affidavits, declarations, deposition testimony, or other documents." *Wright*, 2010 WL 3363992, at \*3 (quoting *Anyere v. Wells Fargo Co.*, Civ. A. No. 09-2769, 2010 WL 1542180, at \*2 (N.D. Ill. Apr.12, 2010)). Wawa's Wage and Hour Policy, which Wawa attached as Exhibit B to the Declaration of Gina DePaolo, Wawa's Director of Store Operations, states that Wawa's "wage and hour practices are governed by the Fair Labor Standards Act and its amendments (FLSA) as well as its implementing regulations and all applicable state and local statu[t]es, ordinances and regulations." The policy further states that all associates, both non-exempt and exempt, "are responsible for accurately reporting all hours worked," including "all the time during which an Associate is required or permitted to perform work on behalf of Wawa, regardless of the location where the work is performed."

10

Mr. McGlade argues that despite having a written policy that complies with the FLSA, Wawa did not actually follow its own policy.[8] However, by relying entirely on the allegations in his Amended Complaint and various documents from the earlier, but distinguishable, *Gervasio* case, Mr. McGlade has failed to make the modest, but necessary, factual showing to support his motion for conditional class certification. This failure is not cured by Mr. McGlade's own declaration, which was not submitted until after oral argument as an exhibit for his post-oral argument brief.

As this Court noted in *DiFlavis*, courts in this Circuit have rejected "unsupported, generalized attempts at passing the initial conditional certification step." 2020 WL 610778, at *15 (collecting cases). In *DiFlavis*, a hotel housekeeper sought collective action under the FLSA against her employer, naming every housekeeper who worked for her employer as a potential similarly situated employee. *Id.* The Court found that the housekeeper's "attempt at referencing similarly situated individuals" was "speculative, conclusory, and vague." *Id.* It also noted that she failed to "include any pay stubs, time sheets, or any other information concerning other housekeepers that even remotely allows the Court to make any preliminary finding that [her] case can legitimately proceed as a collective action." *Id.* at *16.

Like *DiFlavis*, Mr. McGlade has failed to provide information to show that there are similarly situated employees who were forced to work off the clock and not paid overtime pursuant to a Wawa policy (or abrogation of a policy) during the time frame alleged here. Wawa contends that for the period of January 2017 until March 2017—before he was promoted to general manager—Mr. McGlade actually recorded over 21 hours of overtime and was paid accordingly.

---

[8] Wawa terminated Mr. McGlade's employment in early January 2020 when it was discovered that he had falsified time sheets and reduced the hours recorded by his direct reports, a violation of Wawa's Wage and Hour Policy.

11

In response, aside from his post-oral argument declaration, Mr. McGlade offers no evidence that he or others were forced to work off the clock and instead relies on the limited record from *Gervasio*, a different type of case, covering a different time period, and a different claim. Mr. McGlade argues that the fact that he was paid 21 hours of overtime during those three months is evidence that he "under-reported his overtime hours" as an assistant general manager. This approach, of course, goes against the allegations in the Amended Complaint which state that "Mr. McGlade and other similarly situated [assistant general managers] were never compensated for this time worked off-the-clock." Am. Compl. ¶ 128.

## CONCLUSION

For the foregoing reasons, even if the overtime claims were not time-barred, Mr. McGlade has not made a modest factual showing that Wawa maintained a policy that forced its employees to work off the clock. Thus, for two independent reasons, the Court denies his motion. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE