IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Consumer Track* | Case No. 2:19-cv-06019-GEKP<br><br>The Honorable Gene E.K. Pratter |

**DECLARATION OF GREGORY T. PARKS ON INJUNCTIVE RELIEF
COMPONENT OF CONSUMER CLASS SETTLEMENT**

I, Gregory T. Parks, declare as follows:

1. I am a Partner at the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), and am lead counsel for Defendant Wawa, Inc. ("Wawa" or "Defendant") in the above-captioned litigation related to the data security incident Wawa announced in December of 2019. I have been advising Wawa since it discovered and announced the incident and have also been involved in and aware of Wawa's implementation of improvements in its data security procedures since the incident. I submit this declaration in connection with the Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement. I have personal knowledge of the information contained herein, and if called as a witness could and would testify competently thereto.

2. A significant component of the Consumer Class Settlement is the injunctive relief Wawa has agreed to for a period of two years. This injunctive relief was discussed between the Consumer Plaintiffs and Wawa at the very early stages of the settlement negotiations.

3. As outlined in the Second Amended Settlement Agreement, the injunctive relief consists of certain improvements and measures by Wawa to strengthen its data security systems

to minimize the likelihood of future data security incidents which could affect Wawa customers. Specifically, Wawa has agreed to:

    a. Retain a qualified security assessor on an annual basis to assess compliance with the Payment Card Industry Data Security Standard ("PCI-DSS") rules and issue a Report on Compliance that evidences compliance with all such requirements;

    b. Conduct annual penetration testing and remediate critical vulnerabilities or implement compensating controls where feasible;

    c. Operate a system that is designed to encrypt payment card information and complies with Europay, Mastercard, and Visa ("EMV") security procedures at the point of sale terminals in Wawa stores;

    d. Operate a system that implements EMV security procedures at the point of sale terminals at Wawa fuel pumps; and

    e. Maintain written information security programs, policies, and procedures.

Second Amended Settlement Agreement, ¶ 40 (ECF No. 264-1).

    4. These measures go beyond any statutory or regulatory legal requirements that apply to Wawa. In addition, measures 3(b) through 3(e) go beyond the requirements of the contractually-based PCI-DSS rules imposed on Wawa by the payment card industry and Wawa's contract with its payment processor. These measures will be imposed on Wawa by court order upon approval of the settlement.

    5. The value of these measures is at least $35 million in terms of what they have cost Wawa to implement. Continuing them in force will continue to cost Wawa additional amounts.

    6. Throughout this litigation, it has been Wawa's position that the data security incident did not result in harm to Wawa's customers. The injunctive relief Wawa has agreed to

therefore provides a significant benefit to Wawa's valued customers, including those who were not injured by the data security incident, because improvements to Wawa's data security posture will minimize the likelihood of future data security incidents at Wawa which could affect those customers, many of whom are loyal repeat-customers.

7. If it were not for the Consumer Track Action (including the pre-consolidation complaints), Wawa would not have agreed to having these measures be compelled as injunctive relief for a two year period, which is encompassed within the proposed Final Approval Order being submitted to the Court.

8. As to the Objection of Theodore H. Frank filed on November 10, 2021 (ECF No. 263), based on the information provided by Mr. Frank in his declaration, Mr. Frank should be a Tier 2 class member. Declaration of T. Frank, ¶ 5 (ECF No. 263-1). Counsel for Wawa and the Consumer Plaintiffs have therefore instructed the Settlement Administrator to move Mr. Frank into Tier 2.

9. As to the Wawa Gift Cards to be distributed to Tier One and Tier Two Class Members, the Settlement Agreement states that they "shall not expire in less than one year." Second Amended Settlement Agreement, ¶ 33 (ECF No. 264-1). This language was included to account for some logistical questions at that time regarding Wawa's ability to distribute gift cards that do not expire. It effectively gave Wawa the right to decide whether the gift cards would expire or not. Wawa has since determined that the Wawa Gift Cards issued to Class Members in both Tier One and Tier Two will not expire. The parties had been discussing this concept for months, and this decision was reached prior to receiving Mr. Frank's objection to the settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 21, 2021

_____
Gregory T. Parks