# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC DATA SECURITY LITIGATION | Case No. 19-6019-GEKP |
| | Class Action |
| *This document relates to: Consumer Track* | |

**RESPONSE OF THEODORE H. FRANK TO SETTLEMENT AMENDMENTS**

On November 10, 2021, Theodore H. Frank filed his Objection (Dkt. 263) to the then-pending Amended Settlement Agreement (Dkt. 201-1) and to class counsel's request for attorneys' fees (Dkt. 257). Two days later, the parties filed a stipulation agreeing to a Second Amended Settlement Agreement that would augment class recovery by sending 633,000 Wawa mobile app users $5 Tier 1 settlement gift cards directly without requiring them to file claims. Dkt. 264-1.

By increasing the number of Tier 1 participants from less than 10,000 to more than 600,000, and thereby decreasing the *pro rata* value of the gift cards, the Second Amendment mooted Frank's Rule 23(e)(2)(D) objection to the unfairness of the previous plan of allocation that would have awarded Tier 1 claims more than stronger Tier 2 claims. *See* Obj. 18-19. But the Second Amendment did not fully resolve Frank's objection to the preferential treatment afforded to class counsel. *See* Obj. 4-18; Fed. R. Civ. P. 23(e)(2)(C)(iii). Under the Second Amendment, even if the Wawa gift cards were to be treated as the equivalent to cash, the class's aggregate recovery would still be only roughly equivalent to class counsel's negotiated $3.2 million clear-sailing fee and expense fund. Apportioning a settlement's recovery 50/50 between the class and class counsel does not satisfy Rule 23(e). Obj. 7-8. And, even more importantly, by segregating class counsel's fee fund so that any reduction in excess fees would revert to Wawa rather than augment class relief, the Second Amended Settlement continued to deprive the Court of the ability to rectify the imbalance. Obj. 16-18.

For more than a month following the filing of his Objection, Frank's counsel was in contact with Wawa's counsel in efforts to resolve his objection to the approval of the settlement (while still retaining his objection to class counsel's excessive fee request). That discussion culminated in the Third Amended Settlement Agreement between the parties, and the Stipulation between Frank and Wawa. Dkts. 269, 269-1. These filings resolve Frank's objection to settlement approval by (1) eliminating the fee reversion—the "artificially separate fee and settlement

arrangements"[1]—instead prescribing that if class counsel's fee request is reduced by this Court, the overage will enhance the value of gift cards received by Tier 1 and Tier 2 claimants; and (2) confirming that the Wawa gift cards will not expire. This Amendment disposes of class counsel's fiction that the segregation of fees "greatly reduce[s]" "the "Court's fiduciary role in overseeing the [fee] award." Dkt. 258 at 13. Now, simply by discharging its indisputable duty to supervise common fund attorneys' fees, the Court can bring the settlement into compliance with Rule 23(e)'s fairness requirement and then approve it.

Frank's objections to class counsel's fee request remain. *See* Obj. 19-25. The concrete settlement value of the current settlement is now about $6.4 million—$3.2 million from the attorneys' fees and expenses fund and $3.2 million from Tier 1, Tier 2 and Tier 3 class member recovery.[2] As explained in Frank's objection, the Court should limit class counsel's recovery to 25% of this common fund, or about $1.6 million. *See* Obj. 22-23, Obj. 7 n.2 (citing cases). If the Court does so here, it will now reciprocally increase class member recovery by $1.6 million (in non-expiring gift cards).[3] That would effectively increase the value of each Tier 1 claimant's gift card by 50%, from $5 to $7.50.

---

[1] *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 821 (3d Cir. 1995) (Becker, J.).

[2] The vast majority of the class's recovery is attributable to the $5 gift cards automatically sent out to 633,000 mobile app users under the Second Amendment. Frank presumes that the settling parties will submit specific claims data onto the record when they file their final approval papers next week. If not, the Court should "affirmatively seek out such information." *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 174 (3d Cir. 2013) (internal quotations omitted).

[3] If the Court elects to award 25% in fees, and then expenses on top of that, it would increase class recovery by approximately $1.4 million.

In conjunction with Frank's efforts, class counsel and Wawa have now reached an approvable proposal on the fourth try. But a fair approval requires the Court's "sharp pencil"[4] because the parties have still not gotten the allocation right. By no means is it reasonable to award class counsel 50% of the gross recovery, especially when it has taken four tries and the involvement of Frank to resolve unmistakable issues. Both the skill *and* efficiency of class counsel are relevant considerations in setting counsel's fee award. *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000) (listing *inter alia* "skill and efficiency of the attorneys involved"); *Prandini v. National Tea Co.*, 557 F.2d 1015, 1019-20 (3d Cir. 1977) ("Quality . . . includes efficiency."). Moreover, when determining class counsel's fees, it is "essential to separate out the benefits attributable to class counsel" and not to credit class counsel for the work of other actors. *In re Prudential Ins. Co of Am. Sales Practice Litig.*, 148 F.3d 283, 338 (3d Cir. 1998); *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 741 (3d Cir. 2001) "[B]ecause counsel fulfilled their responsibility to obtain this direct benefit on the [fourth] try," this Court should "decrease the fee award to recognize the efforts of Objector." *See McDonough v. Toys "R" Us, Inc.*, 80 F. Supp. 3d 626, 651 (E.D. Pa. 2015) (internal quotations omitted).[5]

With the $3.2 million fee fund no longer segregated, there is a "simple and obvious way" to satisfy Rule 23: award less in fees than class counsel seeks and thereby increase the class's recovery with the excess. *Pearson v. NBTY, Inc.*, 772 F.3d 778, 786 (7th Cir. 2014); *see also* Obj. 18 (citing a case from this District and one from a sister district where misallocation was remedied this way). Frank urges the Court, as a fiduciary for the class, to do so.

---

[4] *United States ex rel. Palmer v. C&D Techs., Inc.*, 2017 WL 1477123, 2017 U.S. Dist. LEXIS 62932, at *10 (E.D. Pa. Apr. 25, 2017) (Pratter, J.), *rev'd in small part on other grounds* 897 F.3d 128 (3d Cir. 2018).

[5] To be clear, though Frank has precipitated the Third Amendment that eliminates the fee reversion, he will not seek an objectors' fee award unless the Court also reduces class counsel's fee from the amount requested, thereby unlocking the tangible benefit for the class. Stipulation ¶ 3.

Dated: December 22, 2021 Respectfully submitted,

*/s/ Adam E. Schulman*
Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
CENTER FOR CLASS ACTION FAIRNESS
1629 K Street, NW, Suite 300
Washington, DC 20006
adam.schulman@hlli.org
(610) 457-0856

*Attorney for Objector Theodore H. Frank*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this day I filed the foregoing with the Clerk of the Court via ECF thus effectuating service on all counsel who are registered as electronic filers in this case.

DATED: December 22, 2021

<i><u>/s/ Adam Schulman</u></i><br>
Adam Schulman