UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE :WAWA, INC. DATA SECURITY LITIGATION | Lead Case No. 2:19-cv-06019-GEKP<br>CLASS ACTION<br><br>This filing relates to:<br>Employee and Consumer Tracks |

**MEMORANDUM OF LAW OF EMPLOYEE TRACK PLAINTIFFS
IN OPPOSITION TO CONSUMER PLAINTIFFS'
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLMENT**

Donald E. Haviland, Jr., Esquire
William H. Platt II, Esquire
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiffs, Shawn and Karen McGlade,
and Interim Class Counsel for the Class of Employee Track Plaintiffs*

1

The Employee Plaintiffs, by and through their undersigned counsel, hereby respond to the Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement "Motion for Final Approval"), and Memorandum of Law in Support thereof, filed on December 27, 2021. Dkt. Nos. 271, 272. The instant Response reiterates the prior objections timely interposed by the Employee Plaintiffs, to the extent they have not been corrected and resolved by the settling parties' subsequent changes to the Court-approved notice and settlement terms set forth in the initial "Unopposed" Motion for an Order Preliminarily Approving Class Action Settlement, Provisionally Certifying Settlement Class, and Directing Notice ("Motion for Preliminary Approval"). Dkt. Nos. 179, 180.[1]

**ARGUMENT**

In this Court's Opinion dated July 30, 2021, the Court observed as follows:

The Employee Plaintiffs will be able to voice their objections prior to, and during, the final approval hearing. The Court will not now entertain the prospect of forcing the parties back to the bargaining table. Wawa currently has approximately 34,000 employees—and it is estimated that there were over 50,000 current and former employees during the class period. The proposed class is estimated to be over 22 million customers. If, after preliminary approval, the Employee Plaintiffs are dissatisfied with the terms of the Settlement Agreement, they will be able to object or opt out of the settlement entirely. This is an entirely plausible scenario, especially given the fact that the Court previously denied Wawa's motion to dismiss the Employee Plaintiffs' payment card data claims, which will allow the Employee Plaintiffs to litigate these issues on their own— should they choose to do so.

*See In re Wawa, Inc. Data Sec. Litig.*, No. 19-cv-6019, 2021 U.S. Dist. LEXIS 90486, 2021 WL 1910887, at *7 (E.D. Pa. May 12, 2021).

---

[1] In their Memorandum of Law in Support, Consumer Plaintiffs claim, "[n]otably, the Employee Track Plaintiffs have not filed any objections to final approval of the Settlement. Dkt. No. 272 at 5, 17 ("it is noteworthy that the Employee Track Plaintiffs have not objected"). This is not true. As discussed briefly below, there was no obligation under the Court's Order for the Employee Plaintiffs to *renew* their objections to the consumer settlement until the Consumer Plaintiffs filed their Motion for Final Approval on December 27, 2021. As Employee Plaintiffs noted in the January 3, 2022 joint status report submitted by all parties, "Employee Plaintiffs intend to file a response to the Motion for Final Approval of Class Action Settlement (ECF Nos. 271-274) on or before January 10, 2022." Jan. 3, 2022 Joint Status Letter to Court at 4.

2

After reviewing the Consumer Plaintiffs' Motion for Final Approval filed December 27, 2021, and supporting papers, Employee Plaintiffs renew certain objections to the proposed consumer settlement in order to preserve and protect the rights of Wawa employees to recover pursuant to their distinct, meritorious claims for Wawa's breach of its duties to the over 50,000 current and former Wawa employees included in the putative class of employees affected by the Wawa data breach. Specifically, Employee Plaintiffs renew their objections to the Consumer Plaintiffs' proposed class settlement with Wawa to the extent they seek to compromise the rights of the putative class of Wawa employees in this case separately represented by the undersigned counsel. *See generally*, Mem. of Law of Employee Track Plaintiffs in Opposition to Consumer Plaintiffs' 'Unopposed' Motion for an Order Preliminarily Approving Class Action Settlement at Dkt. No. 188; (Corrected) Sur-Reply in Support of the Memorandum of Law of Employee Track Plaintiffs in Opposition to Consumer Plaintiffs' 'Unopposed' Motion for an Order Preliminarily Approving Class Action Settlement, Dkt. No. 196 (collectively, "**Employee Plaintiffs' Objections**").

Importantly, Employee Plaintiffs' prior objections to the following aspects of the class notice program and settlement terms were addressed, and resolved in large part, by the settling parties' *subsequent* decision to do the following things in response to such objections:

1. Send "an email to approximately 575,162 customers who signed up for the Wawa mobile App before December 12, 2019". Dkt. 272 at 1.
2. Allow mobile App customers to "*automatically*" be "provide[d with] a $5 gift card *without any documentary proof requirement*." *Id*. (emphasis in original).
3. "[W]aive" Wawa audit rights and "pay the full amount claimed by each Tier Three claim approved by KCC to date." *Id*.
4. "[F]orgo the one-year expiration date on all of the Tier One and Tier Two gift cards." *Id*.
5. "[S]upplement the notice plan" in multiple respects. *Id*. at 2.

3

Employee Plaintiffs do not here repeat their prior objections which raised these issues. The ample record in this case – both in the pleadings and the hearings – support the fact that it was only after Employee Plaintiffs' argued against preliminary approval due to the infirmities now cured, and others not yet cured, that the settling parties acted to correct and amend the proposed settlement.

For example, in their opening brief in opposition to preliminary approval, Employee Plaintiffs argued that "Wawa already knows which of its employees in 2019 qualify to be paid a share of the settlement proceeds. But, Wawa refuses to simply pay its 34,000 current employees the minimal settlement proceeds to which they are entitled, because doing so would commit the company to actually paying $170,000 (34,000 x $5)." Dkt. 188 at 15. In their Sur-Reply, Employee Plaintiffs addressed head-on the matter of the Wawa App and its availability and utility for use in not only providing email notice to class members, but also in providing direct settlement payments. *See generally*, Dkt. No. 196 at Exhibit "A" thereto.

While these issues were previously fully briefed in the Employee Plaintiffs' Objections,[2] and will not be repeated here in the interest of judicial economy and efficiency, one additional issue has arisen that warrants limited discussion -- the late involvement of a "serial objector Theodore Frank through his organization, the Hamilton Lincoln Law Institute", Dkt. 272 at 2, and his spurious claim that the above-described enhancements were "[i]n conjunction with Frank's efforts", therefore warranting some future, objector's fee payment.[3] Dkt. No. 270-1 at 3. While Mr. Frank seeks to take credit for the

---

[2] As noted in the Employee Plaintiffs' Objections, "The Settlement Agreement calls for an objector to provide certain information with their objections. Dkt. 181-1 at 19-20. These requirements are obviously not yet binding because the Settlement Agreement has not been approved by the Court. Nevertheless, Employee Track Plaintiffs provide the following information: . . . ." Dkt. No. 188 at 5.

[3] Frank makes an oblique reference to not seeking an "objectors' fee award unless the Court also reduces class counsel's fee from the amount requested, thereby unlocking the tangible benefit for the class." Dkt. No. 278 at 3, n. 5. However, since Frank only interjected himself into this case at the eleventh hour, to take credit for changes already in the works due to the prior efforts of the Court-approved Employee Track Plaintiffs' counsel, if any "objectors' fee" is to be awarded, it should go to undersigned

4

changes to the notice program and settlement terms first announced in early 2021, as counsel for the Consumer Plaintiffs note, "[e]ach of these enhancements was already implemented or was in an advanced stage of negotiation by the Parties before the objector filed his objection to the settlement on November 10, 2021." *Id*. at 2. Indeed, it strains credulity for Frank to suggest that Wawa and Consumer Plaintiffs changed their view with respect to compensating "633,000 Wawa mobile app users $5 Tier 1 settlement gift cards directly without requiring them to file claims" *just two days after* he filed his November 10 objection, in response to such objection. Instead, as this Court well knows, it was the Employee Plaintiffs who first brought to this Court's attention the facility of the Wawa mobile App, and the ability of the settling parties to utilize this readily-available feature of the Wawa consumer experience, both for notice and settlement payment purposes. *See generally,* Dkt. No. 196 and Exhibit "A" thereto. Frank simply parroted the Employee Plaintiffs' objections in this regard in his pleading filed more than eight (8) months later, and now seeks to claim credit for changes wisely made in the interim by the settling parties in response to the Employee Plaintiffs' suggestions, not his.

Employee Plaintiffs, separately represented by Court-approved counsel in this litigation, continue to object to the proposed compromise of their rights by Consumer Plaintiffs' counsel who had conflicting and divided loyalties in seeking to represent both Wawa consumers and Wawa employees.[4] The conflict of interest lies in the fact that Wawa employees have stronger rights against Wawa in

---

counsel, not counsel for Frank. This Court anticipated such situation a full year before Frank showed up in this case. See Nov. 10, 2020 Hrg. Tr. at 84:22-24 (THE COURT: So what will you say down the line when there are objections, I mean, this is almost a rhetorical question, of course, when [the Employee Plaintiffs] show up to be objectors?"); 94:5-8 (MR. HAVILAND: "[W]hether we're relegated to objectors or not, that remains to be seen. … THE COURT: Well, some think that objectors have an exalted status, not relegated.")

[4] As the Court well knows, Employee Plaintiffs have argued the importance of *Amchem* and its progeny in this case. *See Amchem Prods. V. Windsor*, 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed. 2d 689 (1997). Indeed, in their opening brief, Employee Plaintiffs noted the direct adversity Consumer Plaintiffs' counsel held against the Wawa employees they were purporting to represent in settlement negotiations. *See, e.g.*, Employee Plaintiffs Objections, Dkt. No. 188 at 14-18.

Pennsylvania – rights which this Court has recognized in denying Wawa's Motion to Dismiss the Employee Plaintiffs' Complaint. Consumer Plaintiffs' counsel represent no current or former Wawa employee. Therefore, they represent no representative plaintiff of the class of current and former Wawa employees. Without a client there can be no representation. Adequacy is not an issue because such counsel are, by definition, inadequate to represent the interests of Wawa employees.

However, the proposed Consumer Plaintiffs' settlement has been improved since it was first proposed. The above-described changes have made it easier for employees included within the Consumer Settlement Class definition to (1) learn about, and (2) participate in the settlement benefits, albeit undifferentiated as between consumers and employees. As a result, the consumer settlement should constitute a floor for the Employee Plaintiffs' recovery against Wawa, not a ceiling.

For these reasons, Employee Plaintiffs' incorporate by reference thereto their prior objections to the Consumer Plaintiffs' proposed settlement, including and especially the inclusion in the settlement class definition Wawa current and former employees who rights to recover are far stronger than those of the average Wawa consumer. They object to the release of their pending claims against Wawa by their inclusion in the Consumer Settlement Class definition. Because employees have stronger rights than consumers in Pennsylvania to sue for the affects of a data breach, and because the Consumer Plaintiffs' counsel do not represent employees, this Court should not order the release of any pending Wawa employee class claims in this lawsuit simply because some, but not likely all, Wawa employees availed themselves of the consumer class settlement benefits. If employee claims are not so released, Employee Plaintiffs would withdraw their remaining objections to the consumer settlement to allow its benefits to be received by the consumer class, without the delay of a likely protracted appeal.

**CONCLUSION**

For the foregoing reasons, the Employee Plaintiffs' respectfully request that this Honorable Court reject the proposed release included in the Consumer Plaintiffs' proposed class action settlement

as it pertains to the pending claims of Employee Plaintiffs in this case. Alternatively, if the proposal to limit the scope of the release is rejected, Employee Plaintiffs renewed their procedural and substantive objections to the proposed settlement and the certification of the proposed settlement class, for the reasons previously submitted.

Undersigned counsel for the Employee Plaintiffs will be prepared to address these issues at the final approval hearing, and would be glad to answer any questions this Court may have.

Respectfully submitted,

*/s/Donald E. Haviland, Jr.*
Donald E. Haviland, Jr., Esq. (PA 66610)
William H Platt, II, Esq. (PA 83585)
**Haviland Hughes**
201 South Maple Avenue, Suite 110
Ambler, PA 19002
*Interim Class Counsel for*
*Employee Track Plaintiffs*