**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Relates to: Consumer Track* | No. 2:19-cv-06019-GEKP<br><br>Class Action |

**CONSUMER TRACK PLAINTIFFS' REPLY TO EMPLOYEE PLAINTIFFS'
OPPOSITION TO CONSUMER PLAINTIFFS' MOTION FOR
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

Sherrie R. Savett (PA Bar No. 17646)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
ssavett@bm.net

Linda P. Nussbaum (*admitted pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
(917) 438-9102
lnussbaum@nussbaumpc.com

Roberta D. Liebenberg (PA Bar No. 31738)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad Street, 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com

Benjamin F. Johns (PA Bar No. 201373)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
bfj@chimicles.com

*Interim Co-Lead Counsel for Consumer Track Plaintiffs*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ..........................................................................................................1

II. ARGUMENT..................................................................................................................2

    A. Employee Track Plaintiffs' Objection Is Untimely ................................................2

    B. Enhancements to the Settlement Were Not Made as a Result of the Employee Track Plaintiffs' Preliminary Approval Arguments ..............................4

    C. Employee Track Plaintiffs' Arguments Relating to the Release of Employees' Consumer Claims Have Already Been Rejected by the Court ...........5

III. CONCLUSION...............................................................................................................8

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Am. Int'l Group, Inc. v. Ace Ina Holdings, Inc.*,
  No. 07-cv-2898, 2012 WL 651727 (N.D. Ill. Feb. 28, 2012) ...................................................... 6

*Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*,
  211 F.R.D. 457 (S.D. Fla. 2002) ................................................................................................ 2

*Chavez v. PVH Corp.*,
  No. 13-cv-01797-LHK, 2015 WL 9258144 (N.D. Cal. Dec. 18, 2015) ..................................... 2

*In re Initial Pub. Offering Sec. Litig.*,
  671 F. Supp. 2d 467 (S.D.N.Y. 2009) ........................................................................................ 2

*In re NASDAQ Market-Makers Antitrust Litig.*,
  187 F.R.D. 465 (S.D.N.Y. 1998) ............................................................................................... 3

*In re UnitedHealth Group S'holder Derivative Litig.*,
  631 F. Supp. 2d 1151 (D. Minn. 2009) ...................................................................................... 2

*In re Wawa, Inc. Data Sec. Litig.*,
  No. 19-6019-GEKP, 2021 WL 3276148 (E.D. Pa. July 30, 2021) .................................... 2, 3, 6

*Zamora v. Lyft, Inc.*,
  No. 16-cv-02558-VC, 2018 WL 5819511 (N.D. Cal. Nov. 6, 2018) ......................................... 2

**Other Authorities**

4 Newberg on Class Actions § 13:29 (5th ed. Dec. 2021) ............................................................... 3

Fed. R. Civ. P. 23 ............................................................................................................................ 2

Fed. R. Civ. P. 23(e)(1), Advisory Committee Note (2018 Amendments) .................................... 2

I. **INTRODUCTION**

The "Employee Plaintiffs' Response in Opposition to Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement" (Dkt. 279) ("Final Approval Opp.") filed by Shawn and Karen McGlade is unfounded and should be rejected for at least three reasons. *First*, their January 10, 2022 objection to the settlement is untimely. Pursuant to the Court's Order granting preliminary approval (Dkt. 234), objections to the settlement were due two months ago, on November 12, 2021. *Second*, although Employee Track Plaintiffs are correct that enhancements to the notice and claims process were not made as a result of the objection filed in this case by Mr. Frank, they are wrong in contending that those changes were made as a result of the Employee Track Plaintiffs' opposition to preliminary approval of the settlement. Instead, the enhancements were made as part of the ongoing dialogue between Consumer Track Plaintiffs and Wawa throughout the course of the settlement notice and claims administration process in an effort to maximize the number of class members who received payments from the settlement. *Third*, Employee Track Plaintiffs' objection to the settlement release was already resolved by the Court at preliminary approval. The Release expressly carves out any claims for theft of data beyond credit and debit card information. Simply put, any claims that the employees have arising from the theft of social security numbers, bank account information, or any other personal information beyond payment card information are not part of the Release. The employees are free to pursue compensation for theft of employee data in the Employee Track. Their participation in the settlement is limited to their status as consumers. And like all other members of the consumer class, if employees did not want to release their consumer claims, they were required to opt out by the Court-imposed deadline of November 12, 2021. Thus, as described in

more detail below, the untimely arguments raised by Employee Track Plaintiffs do not provide a basis for rejecting final approval of the settlement.

## II. ARGUMENT

### A. Employee Track Plaintiffs' Objection Is Untimely

On July 30, 2021, after extensive briefing and oral argument, this Court issued an Order (Dkt. 234) and Opinion (Dkt. 233) granting preliminary approval, *In re Wawa, Inc. Data Sec. Litig.,* No. 19-6019-GEKP, 2021 WL 3276148 (E.D. Pa. July 30, 2021). In the Order, the Court stated that it had "assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court likely will be able to approve the Settlement under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that therefore notice to Settlement Class Members is warranted."[1] Dkt. 234 at 2. The Order set a schedule, including an Opt-Out and Objection deadline of November 12, 2021. *Id.* at 6.

Employee Track Plaintiffs did not file an objection by the November 12, 2021 deadline. Courts have summarily rejected untimely objections. *See, e.g., Zamora v. Lyft, Inc.*, No. 16-cv-02558-VC, 2018 WL 5819511, at *1 (N.D. Cal. Nov. 6, 2018) (rejecting objection as untimely); *Chavez v. PVH Corp.*, No. 13-cv-01797-LHK, 2015 WL 9258144, at *3 (N.D. Cal. Dec. 18, 2015) (same); *In re UnitedHealth Group S'holder Derivative Litig.*, 631 F. Supp. 2d 1151, 1158 n.6 (D. Minn. 2009) (same); *In re Initial Pub. Offering Sec. Litig.*, 671 F. Supp. 2d 467, 491, n.179 (S.D.N.Y. 2009) (same); *Ass'n for Disabled Ams., Inc. v. Amoco Oil Co.*, 211 F.R.D. 457,

---

[1] *Accord* Fed. R. Civ. P. 23(e)(1), Advisory Committee Note (2018 Amendments) ("The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object.").

.                                               2

475 (S.D. Fla. 2002) ("Objectors also are barred from being heard due to their violation of the Court's objection filing deadline."); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 481 (S.D.N.Y. 1998) ("The few remaining objections are untimely or otherwise deficient."). Although the Court certainly has discretion to consider untimely objections, such untimely objections are often received from unrepresented parties or others who do not learn of the deadline in time. 4 Newberg on Class Actions § 13:29 (5th ed. Dec. 2021). That is not the case here.

There is simply no good reason for the Employee Track Plaintiffs' failure to file a timely objection, nor have they attempted to justify their two-month late filing. Their untimeliness is particularly unjustified inasmuch as their counsel had participated in the preliminary approval process and was well aware of the deadlines set by this Court.

The Preliminary Approval Order and Opinion do not provide that the November 12, 2021 objection deadline was inapplicable to the Employee Track Plaintiffs. To the contrary, the Court's statements cited by Employee Track Plaintiffs only confirm that, like any other class members, Shawn and Karen McGlade were required to file an objection before November 12, 2021. *See* Employee Track Plaintiffs' Opposition to Final Approval (Dkt. 279-1) at 5, n.3 (quoting Hearing Transcript: "So what will you say down the line when there are objections . . . when [the Employee Plaintiffs] show up to be objectors?"). *See also In re Wawa,* 2021 WL 3276148, at *10 ("If, after preliminary approval, the Employee Plaintiffs are dissatisfied with the terms of the Settlement Agreement, they will be able to object or opt out of the settlement entirely."). Moreover, the fact that the Employee Track Plaintiffs made reference to the filing of their opposition brief in the January 3, 2022 joint status report to the Court – also well past the November 12 deadline – does not salvage their argument. *See* Final Approval Opp. at 2, n.1.

.                                       3

In short, the Employee Plaintiffs have no excuse for not meeting the objection deadline; their objection is untimely, and the Court should reject it on that basis alone.

**B.       Enhancements to the Settlement Were Not Made as a Result of the Employee Track Plaintiffs' Preliminary Approval Arguments**

The Employee Plaintiffs have no basis to claim credit for enhancements to the notice and claims process. Final Approval Opp. at 3-4. Employee Track Plaintiffs' opposition to preliminary approval was not directed at improving settlement participation, as they now maintain. In fact, if adopted, Employee Track Plaintiffs' position would have led to preliminary approval being denied and no class members receiving any relief from the settlement. Specifically, they argued that "[t]he parties should be ordered back to the bargaining table to craft a narrower settlement that pertains only to the Consumer Class members the settling Plaintiffs were charged by this Court to represent" and asked the Court to deny preliminary approval altogether. Dkt. 188 at 5, 33.

In their nearly 50 pages of briefing in opposition to preliminary approval, Employee Track Plaintiffs did not say anything at all about most of the enhancements that they list in their opposition to Final Approval as "resolv[ing] in large part" their "objections." Final Approval Opp. at 3-4. They did not suggest that Wawa waive audit rights in the claims process. They did not suggest that Wawa forego the one-year expiration date on gift cards. Nor did they suggest the creative enhancements to the notice program such as (a) leaving in-store signs in place longer; (b) issuing a reminder press release; (c) utilizing a video message about the settlement at fuel pumps or (d) a prominent link to the settlement website on Wawa's homepage.

Their preliminary approval opposition did mention the Wawa mobile App as a possible means of notice and suggested providing credits to customers directly through the mobile App. However, Wawa and Consumer Track Plaintiffs were well aware of the Wawa mobile App and

.                                                                4

had discussed its possible utility here long before preliminary approval, dating all the way back to the mediation process. Wawa and Consumer Track Plaintiffs decided to use email addresses of Wawa mobile App customers to automatically qualify such customers for Tier 1 Gift Cards in November 2021 not as a result of Employee Track Plaintiffs mentioning the Wawa mobile App in a brief seven months earlier, but instead as a result of the parties' experience with the claims process in the Fall of 2021. Specifically, as outlined in the Stipulated Order Relating to Claims Process in Consumer Track Settlement, "the Parties to the consumer track settlement have continued to discuss ways to streamline the claims process, and in connection with those discussions and after additional effort, Wawa has been able to determine from its internal records the email addresses of approximately 633,000 people who signed up for the Wawa mobile app before December 12, 2019 (the day the Data Security Incident was contained)." Dkt. 266.[2]

In short, and as described in detail in the Final Approval Brief, as a result of ongoing cooperative efforts between Consumer Track Plaintiffs and Wawa, enhancements were made that will result in more class members obtaining direct payments from the Settlement. Final Approval Brief (Dkt. 272 at 1-2). These enhancements were not made as a result of Employee Track Plaintiffs' Opposition to Preliminary Approval nor as a result of Mr. Frank's objection, as both now erroneously claim.

      **C.**    **Employee Plaintiffs' Arguments Relating to the Release of Employees' Consumer Claims Have Already Been Rejected by the Court**

As was the case in their preliminary approval opposition, Employee Track Plaintiffs' opposition is once again centered on their argument that *no* claims of any former or current Wawa employees should be released. *See* Final Approval Opp. at 3 ("Employee Plaintiffs renew

---

[2] A subsequent review performed by the Settlement Administrator determined that approximately 575,162 of the email addresses were valid.

.                                                       5

their objections to the Consumer Plaintiffs' proposed class settlement with Wawa to the extent they seek to compromise the rights of the putative class of Wawa employees in this case separately represented by the undersigned counsel.").

Employee Track Plaintiffs offer no new facts or arguments that should cause the Court to revisit its opinion that employees' consumer claims are part of the consumer settlement here and thus will be released unless the employee opted out. *See Am. Int'l Group, Inc. v. Ace Ina Holdings, Inc.*, No. 07-cv-2898, 2012 WL 651727, at *12 (N.D. Ill. Feb. 28, 2012) (granting final approval and stating that the court "was certainly willing to entertain the objections again, particularly to the extent that the Objectors offered new facts or law," but since the objectors "merely renewed the arguments addressed at . . . preliminary approval" the court concluded it "need not give further consideration to these claims, which it has already found to be baseless.").

In its Preliminary Approval Opinion, the Court thoroughly addressed arguments related to the scope of the consumer class and whether employees would be part of it. *See In re Wawa*, 2021 WL 3276148, at *6-7. As explained in Consumer Plaintiffs' Notice of Amended Settlement Agreement that was submitted prior to the Preliminary Approval hearing, "Consumer Plaintiffs and Wawa always intended that claims for the compromise of personal information that Wawa employees or dependents submitted to Wawa in that capacity are not released by the Settlement Agreement. The Settlement Agreement only releases claims for the theft of payment card data from customers (including employees) who used payment cards at Wawa stores and fuel pumps during the period of the data security incident. The Parties believe that the Amendment makes the scope of the release clearer." (Dkt. 201 at 1.) The Release states:

> This Release does not bar claims by any Wawa employee, former Wawa employee or dependent thereof for compromise of: (i) a social security number; (ii) a bank account used for payroll direct deposit; or (iii) any personal information other than payment card information submitted to Wawa by an

> employee or dependent in a capacity as an employee or dependent rather than as a customer making a purchase.

Amended Settlement Agreement ¶ 96 (Dkt. 201-1).  In short, the Release carves out employee claims for theft of employee information beyond payment card information. The employees are free to pursue compensation for those claims in the Employee Track. The Employee Track Plaintiffs fail to mention this Release anywhere in their brief.

Although the Release clearly only releases *consumer* claims, Employee Track Plaintiffs continue to maintain that their "rights to recover are far stronger than those of the average Wawa consumer."  Final Approval Opp. at 6.  As explained in Consumer Track Plaintiffs' Reply in Support of their Motion for Preliminary Approval of Class Action Settlement (Dkt. 193 at 5-6), this is contrary to well-settled law.  In accepting payment cards without adequate data security measures, Wawa created a duty to *all consumers*, whether those consumers happened to be Wawa employees or not.  Since Wawa owed the same duty to all of its consumers, the three Tiers in the settlement are designed to account for differences in the alleged harm experienced by class members: those who did not experience fraud, those who did experience fraud, and those who incurred out-of-pocket expenses due to fraud.  Class members are compensated based on the nature of their damages.  Employees do not have superior legal rights relative to consumers for the theft of payment card information.  Even if they did, their damages are no different than consumers.  Thus, it is reasonable that their settlement compensation is the same as consumers.

Based on the fulsome briefing and argument relating to these issues, the Court rejected the Employee Track Plaintiffs' arguments concerning the Release and granted preliminary approval.  If Employee Track Plaintiffs did not want to release their consumer claims, they could have opted out of the settlement by the November 12, 2021 Opt-Out Deadline.  They declined to

do so. Employee Track Plaintiffs' renewed objection to the release of their consumer claims should once again be rejected.

## III. CONCLUSION

The settlement is an excellent result for the class. If approved, it will provide gift cards and cash to hundreds of thousands of Wawa consumers who made a credit or debit card purchase during the nine-month period of the security incident and cash payments to claimants with out-of-pocket expenses due to fraud. It will also provide important injunctive relief designed to reduce the possibility of a similar data breach occurring again, which is of great benefit to Wawa customers. The Employee Track Plaintiffs' untimely and unfounded objections provide no basis for denying final approval. Consumer Track Plaintiffs respectfully request that the Court grant final approval for the reasons set forth herein and in their Memorandum of Law in Support of their Motion for Final Approval of Class Action Settlement (Dkt. 272).

Dated: January 18, 2022

Respectfully submitted,

*/s/ Benjamin F. Johns*
Benjamin F. Johns (PA Bar No. 201373)
Samantha E. Holbrook (PA Bar No. 311829)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Email: bfj@chimicles.com

*/s/ Sherrie R. Savett*
Sherrie R. Savett (PA Bar No. 17646)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg (PA Bar No. 31738)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Email: rliebenberg@finekaplan.com


*/s/ Linda P. Nussbaum*
Linda P. Nussbaum (admitted pro hac vice)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036-8718
Tel: (917) 438-9102
Email: lnussbaum@nussbaumpc.com

*Co-Lead Class Counsel for Consumer Track Plaintiffs*

.                                9

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 18, 2022, a true and correct copy of Consumer Track Plaintiffs' Reply to Employee Plaintiffs' Opposition to Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement was filed via the Court's CM/ECF system for electronic service on all counsel of record and is available for viewing and downloading from the ECF system.

                                                                                                     /s/ Roberta D. Liebenberg
                                                                                                    Roberta D. Liebenberg