## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Consumer Track* | Case No. 2:19-cv-06019-GEKP<br><br>The Honorable Gene E.K. Pratter |

### DEFENDANT WAWA, INC.'S REPLY IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CONSUMER TRACK SETTLEMENT AND IN RESPONSE TO OPPOSITION OF EMPLOYEE TRACK PLAINTIFFS

## TABLE OF CONTENTS

**Page(s)**

I.   The Settlement Excludes Non-Duplicative Employee Track Claims. ............................... 2

II.  Not a Single Member of the Employee Track Class Opted Out of the Settlement. .......... 3

III. The Notice Program More Than Satisfied the Requirements of Rule 23. ......................... 4

Defendant Wawa, Inc. ("Wawa") submits this reply brief in support of the motion for final approval of the Consumer Track Settlement (Dkt. 271, "Final Approval Motion") and in response to Employee Track Plaintiffs' Response in Opposition thereto (Dkt. 279, "Opposition"). The Opposition lacks merit for at least three reasons, and the Court should grant final approval.

First, Employee Track Plaintiffs repeat the baseless objection to the release of employees' consumer claims that they raised in opposition to preliminary approval of the Consumer Track Settlement (the "Settlement"), despite the release's explicit exclusion of employee claims alleging compromise of information other than payment card information. To the extent Wawa employees allege that they suffered unique injuries attributable to their status as employees rather than as customers, such claims are preserved for litigation in the Employee Track, and the Court should again reject Employee Track Plaintiffs' arguments to the contrary. Second, to the extent any employees or former employees of Wawa were unsatisfied with the aforementioned release, they could have requested to be excluded from the Settlement. Not a single employee did so, even though Wawa employees were among the most informed about the Settlement. Finally, although Employee Track Plaintiffs appear to have largely withdrawn their objections to the Notice Program, any lingering objections to the Notice Program are without merit in light of the extensive notice provided to Class Members following the announcement of the Settlement.

**I.   The Settlement Excludes Non-Duplicative Employee Track Claims.**

Employee Track Plaintiffs' Opposition appears to rest largely on the false premise that the Settlement proposes a global release of all Employee Track data security claims against Wawa. *See* Opposition at 6 (stating that Employee Track Plaintiffs "object to the release of their pending claims against Wawa by their inclusion in the Consumer Settlement Class definition").

As the language of the Settlement Agreement makes clear, the Settlement does not release all claims of Employee Track Plaintiffs. The Settlement expressly excludes claims based on

2

allegations that non-consumer information that employees gave to Wawa in connection with their employment was compromised. Amended Settlement Agreement ¶ 96 (Dkt. 201-1). As provided in the Settlement Agreement:

> This Release **does not bar** claims by any **Wawa employee, former Wawa employee** or dependent thereof for compromise of: (i) a social security number; (ii) a bank account used for payroll direct deposit; or (iii) **any personal information other than payment card information** submitted to Wawa by an employee or dependent **in a capacity as an employee** or dependent rather than as a customer making a purchase.

*Id.* (emphasis added). The relief Employee Track Plaintiffs and other Wawa employees are entitled to receive under the Settlement—including pecuniary relief and injunctive relief strengthening Wawa's information security systems—redresses any harm they allegedly suffered as consumers, not any alleged injuries suffered as employees. To the extent Employee Track Plaintiffs seek to recover injuries purely related to employment information, nothing in the proposed Settlement prevents them from doing so.

At preliminary approval, the Court rejected these same arguments regarding the scope of the Settlement release and declined to "order the parties 'back to the bargaining table.'" Dkt. 233 at 12, 20. The Court should again reject Employee Track Plaintiffs' baseless objection to the release of injuries purportedly suffered while "walking and talking like a consumer." *See* Nov. 10, 2020 Oral Arg. Tr. (Dkt. 162), 67:14-15.

II.   **Not a Single Member of the Employee Track Class Opted Out of the Settlement.**

In granting preliminary approval of the Settlement notwithstanding Employee Track Plaintiffs' objections regarding the scope of the Settlement release, the Court invited the Employee Track Plaintiffs to opt out of the settlement altogether if they remained dissatisfied. Dkt. 233 at 20 ("If, after preliminary approval, the Employee Plaintiffs are dissatisfied with the terms of the Settlement Agreement, they will be able to object or opt out of the settlement entirely."). Pursuant to the Court's July 30, 2021 Order preliminarily approving the Settlement, class members were

3

free to exclude themselves from the Settlement by November 12, 2021.  Dkt. 234 ¶ 18.  Not a single Employee Track Plaintiff opted out.

The lack of any opt-outs among Wawa employees is significant given that they have been among the most informed of the Settlement.  Current Wawa employees saw the signs about the settlement every day they came to work between August 30, 2021 and October 18, 2021.  Some of those individuals may now be former employees.  Yet none of them elected to opt out of the settlement.

**III.    The Notice Program More Than Satisfied the Requirements of Rule 23.**

Employee Track Plaintiffs note that their initial objection to the Notice Program has been "resolved in large part" by, among other things, enhancements to the Notice Program agreed to by Wawa and the Consumer Plaintiffs subsequent to preliminary approval of the Settlement.  Opposition at 3.  Insofar as Employee Track Plaintiffs continue to object to any part of the Notice Program, their objection lacks merit.  As the Court noted in preliminarily approving the Settlement, the Notice Program as set forth in the Settlement Agreement was "suitable and practicable notice under the circumstances."  Dkt. 233 at 25.  However, by leaving in-store signs in place longer, displaying a video message about the Settlement at fuel pumps, issuing a second press release to remind Class Members about the Settlement, and including a prominent link to the settlement website on Wawa's website, Wawa went above and beyond the Notice Plan that was preliminarily approved by the Court.

The Notice Program has reached even more Class Members than the settling parties initially anticipated.  As part of the Notice Program set forth in the Settlement Agreement, employees at Wawa stores were instructed to post signs regarding the Settlement at all Wawa in-store payment terminals and fuel pumps for four weeks, between August 30, 2021 and September 27, 2021.  January 20, 2022 Decl. of T. O'Brien, attached hereto as Exhibit A, ¶ 2.  Although not

4

required by the Settlement Agreement, Wawa instructed employees to keep the signs posted at in-store payment terminals and fuel pumps for an additional three weeks, until October 18, 2021. *Id.* ¶ 3.

Wawa tracks the number of customer transactions that occur at its stores each week. According to Wawa's records, during the seven weeks that signs regarding the Settlement were posted at Wawa stores, there were 93,409,302 customer transactions inside Wawa stores. During that same period, there were an additional 36,903,337 customer transactions at Wawa fuel pumps. In total, there were **130,312,639** total individual transactions at Wawa stores during the period when signs regarding the Settlement were displayed. *Id.* ¶ 6. Wawa customers therefore had the opportunity to see the signs announcing the Settlement at Wawa stores and fuel pumps at least **130,312,639** times between August 30, 2021 and October 18, 2021. *Id.* ¶ 8. Notably, this number is ***more than double*** the number of customer transactions that Wawa predicted would occur at the time of preliminary approval of the Settlement. *See* February 16, 2021 Decl. of T. O'Brien (Dkt. 180-5) ¶¶ 2-5 (stating that, based on current statistics, if signs regarding the Settlement were posted during a four-week period in March or April 2021, more than 64 million people were likely to see them). It is also more than five times the 22 million estimated class members.

Class members also learned of the Settlement through extensive media coverage. *See* January 13, 2022 Decl. of L. Bruce, attached hereto as Exhibit B. On August 30, 2021, Wawa issued a nationwide press release about the Settlement. *Id.* ¶ 3. In the days following publication of the press release, regional media sources in Pennsylvania, New Jersey, Virginia, and North Carolina published articles announcing the Settlement. *Id.* ¶ 4. According to media impressions—a measurement of the number of times a news article or video is viewed online—online news reports regarding the potential settlement published during the week following the issuance of the

press release were viewed *over 136 million times*. Id. ¶¶ 2, 5. When combined with the media impressions during the week following the public filing of the Settlement Agreement, news reports regarding the Settlement have been viewed *over 235 million times*. See March 17, 2021 Decl. of L. Bruce (Dkt. 194-1) ¶¶ 2, 4 (stating that between February 19, 2021 and March 4, 2021, news reports regarding the Settlement resulted in over 99 million media impressions).

The reach of news reports regarding the Settlement is almost certainly even broader, given that the over 235 million media impressions do **not** include individuals who read news reports in physical newspapers or watched news reports on television. In sum, with over 235 million media impressions and over 130 million visits to Wawa stores, information about the settlement was directly communicated over *365 million* times. That is more than sixteen times the estimated class size of 22 million. Given the expansive reach of this Notice Program, there is no doubt that Class Members properly received notice of the Settlement.

In sum, the Court should reject the arguments set forth in Employee Track Plaintiffs' Opposition and grant the relief requested in the Final Approval Motion.

Dated: January 20, 2022                         Respectfully submitted,

                                                                MORGAN, LEWIS & BOCKIUS LLP

                                                                */s/ Gregory T. Parks*
                                                                   Gregory T. Parks (Pa. I.D. # 80620)
                                                                   Ezra D. Church (Pa. I.D. # 206072)
                                                                   Kristin M. Hadgis (Pa. I.D. # 209125)
                                                                   Terese M. Schireson (Pa. I.D. # 320999)
                                                                   1701 Market Street
                                                                   Philadelphia, PA 19103
                                                                   Tel: (215) 963-5000
                                                                   Fax: (215) 963-5001
                                                                   gregory.parks@morganlewis.com
                                                                   ezra.church@morganlewis.com
                                                                   kristin.hadgis@morganlewis.com
                                                                   terese.schireson@morganlewis.com

                                                               *Attorneys for Defendant Wawa, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was served on January 20, 2022 via the Court's ECF system upon all counsel of record.

*/s/ Gregory T. Parks*
Gregory T. Parks
