**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION | Case No. 19-6019-GEKP <br><br> Class Action |
| *This Document Relates To: Consumer Track* | |

**CONSUMER PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**THEIR MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Sherrie R. Savett (PA Bar No. 17646)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 875-3000
ssavett@bm.net

Linda P. Nussbaum (admitted *pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036-8718
(917) 438-9102
lnussbaum@nussbaumpc.com

Roberta D. Liebenberg (PA Bar No. 31738)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
(215) 567-6565
rliebenberg@finekaplan.com

Benjamin F. Johns (PA Bar No. 201373)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
(610) 642-8500
bfj@chimicles.com

*Co-Lead Counsel for Consumer Track Plaintiffs*

In accordance with the Court's invitation at the January 26, 2022 Final Approval Hearing to submit supplemental briefs of up to five pages per party, Consumer Track Plaintiffs ("Plaintiffs") submit this memorandum in further support of their Motion for Final Approval of the Settlement.

**Tier One Claims.** The Settlement Administrator, KCC, has confirmed that it formatted the list of 633,919 names and email addresses of Wawa App users it received from Wawa prior to sending that mass email. KCC cleansed the email list by identifying email addresses that were either duplicates of other email addresses on the list or duplicates of full names and email addresses on claims submissions received to date, or were invalid, deactivated, or appeared to be fraud threats. A total of 58,757 email addresses met those criteria. In sum, of the 633,919 email addresses for Wawa App holders, a total of 575,162 were used in the email distribution that KCC sent to consumers on December 3, 2021 (the "Email Notice"). Of those 575,162 sent emails, 556,390 were successfully delivered, 18,674 were returned as undeliverable, and 98 were not delivered for various other technical reasons.

As of the date of this brief, of the 556,390 recipients of the E-Mail Notice that were successfully delivered, 556,271 are eligible to receive a Tier One Gift Card. This figure is due to the fact that: (i) 68 individuals who received the E-Mail Notice subsequently filed Tier Two claims because they satisfied the eligibility requirements for a Tier Two award; (ii) 50 individuals who received the E-Mail Notice subsequently filed Tier Three claims; and (iii) one individual who received the E-Mail Notice filed a request to be excluded from the Class, which was included on the Exclusion List submitted to the Court (Dkt. 273, at Ex. B). The parties have conferred and have agreed to accept these Tier Two and Tier Three claims submissions from recipients of the E-Mail Notice. Accordingly, the total number of Class Members who will receive a Tier One $5 Gift Card

1

as a result of the mass E-Mail Notice is 556,271. The total number of Tier One claimants who affirmatively filed Claim Forms is 6,744. Thus, the total number of Class Members receiving Tier One $5 Gift Cards is 563,015.

**Tier Two Claims.** After adding the 68 individuals who received the E-Mail Notice who subsequently filed Tier Two claims, the total number of Class Members who will receive a Tier Two $15 Gift Card is 686.

**Tier Three Claims.** Plaintiffs have conferred with counsel for Wawa and have finalized the procedure for resolution of the Tier Three claims. The parties agree that the 185 Tier Three claims that KCC has approved thus far shall be approved for payment in the full amount requested in the claim. The total estimated value of those claims is $58,164.29. KCC has begun the process of preparing to send out email notices of deficient claims submissions to 741 Tier Three claimants to provide those claimants an opportunity to cure the deficiency by providing the requisite supporting documentation within forty-five (45) days of receipt of the deficiency email. KCC anticipates those notices will be sent out within the next several days. If the Tier Three claimants can cure the deficiencies to support a payment up to the $500 cap, those claimants will be paid the amount requested in their claim.

In sum, the following chart illustrates the amounts that will be distributed in each Tier based on the most recent data available:

| **Tier** | **Number of Consumers** | **Total Value to be Distributed** |
|---|---|---|
| Tier One ($5 Wawa Gift Card) | 563,015 | $2,815,075 |
| Tier Two ($15 Wawa Gift Card) | 686 | $10,290 |
| Tier Three (Reimbursement of Out-of-Pocket Costs Up to $500) | TBD | At least $58,164.29 |

**Professional Services.** At the hearing, the Court asked for details about the "Professional Services" expense line item totaling $9,257 set forth in the Joint Declaration of Co-Lead Counsel (Dkt. 259 at ¶ 104). That total consists of $6,575 in private investigator fees, $1,106 in expert witness fees, and $1,576 in other miscellaneous expenses (*e.g.*, payments to a vendor to host electronically produced documents, and social media case-specific marketing expenses).

**Berger Montague Declaration**. The Court asked at the hearing whether Berger Montague ("BM") filed a separate stand-alone declaration in support of the motion for attorneys' fees. BM's declaration was part of the Joint Declaration of Co-Lead Counsel filed in support of the motion for attorneys' fees (Dkt. 259). The Joint Declaration contained declaratory statements from all four Co-Lead Counsel jointly. The paragraphs specific to BM are at ¶¶ 5-12, 90-92, and 104. BM did not file a separate stand-alone declaration.

**Notice.** Contrary to the Employee Track Plaintiffs' assertions at the Final Approval Hearing, the Wawa in-store Notice signage broadly stated that the settlement was open to any consumers (regardless of whether they also happened to be a Wawa employee) who used a payment card at an affected Wawa store during the period of the data breach. The signs stated: "If you used a credit or debit card at a Wawa store or fuel pump between March 4, 2019 and December 12, 2019, you may be able to participate in a recent class action settlement …." *See* Dkt. 181-1, at Ex. C. Nothing in this signage—or any of the other forms of Notice—would indicate that *employees* who used a credit or debit card at Wawa during the data breach period were somehow *precluded* from participating in the Settlement. Any inference by Employee Track Counsel that the Notice stated or implied that Wawa employees could not participate in the Consumer Track Settlement is incorrect. Employee Track Counsel's representation at the Final Approval Hearing that Wawa told its employees that employment data was not affected by the data breach has no

bearing on whether employees could participate in the Consumer Track Settlement. If employees (or any other potential class members) had any doubt about their eligibility to participate in the Settlement, the Notices provided various points of contact where class members could obtain more information and/or seek clarification about the class composition. Those sources included the settlement website, a toll-free phone number (which redirected to Class Counsel), and an email address (which was also redirected to Class Counsel). Indeed, the undersigned firms collectively fielded calls from hundreds of class members who had questions about the settlement.

**Opt-Outs.** Plaintiffs have analyzed the six requests for exclusion from the Settlement. Three class members requested an exclusion without explanation, and three class members requested exclusion in order to retain the right to sue Wawa for any potential future damages they may incur related to the data breach. None of the requests for exclusion raised objections to the settlement or the amount of attorneys' fees requested. The names of all six opt-outs received by Plaintiffs are included on the list attached at Exhibit B to the Declaration of Bernella Osterlund Re: Notice Procedures and Claims Filing, Dkt. 273.

**Third Amended Settlement Agreement.** As requested by the Court at the hearing, the parties are in the process of executing the operative Third Amended Settlement Agreement reflecting all revisions and stipulated amendments to the Settlement Agreement in a single document, which they anticipate filing within the coming days.

Also, with the Third Amended Settlement Agreement, Plaintiffs will contemporaneously file a revised [Proposed] Final Order and Judgment to reflect a ministerial change in the first footnote to account for the filing of the Third Amended Settlement Agreement.

Dated: February 2, 2022					Respectfully submitted,

                                        */s/ Benjamin F. Johns*
Benjamin F. Johns (PA Bar No. 201373)
Samantha E. Holbrook (PA Bar No. 311829)
CHIMICLES SCHWARTZ KRINER
 & DONALDSON-SMITH LLP
361 W. Lancaster Avenue
Haverford, PA 19041
Tel: (610) 642-8500
Email: bfj@chimicles.com

*/s/ Sherrie R. Savett*
Sherrie R. Savett (PA Bar No. 17646)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
Email: ssavett@bm.net

*/s/ Roberta D. Liebenberg*
Roberta D. Liebenberg (PA Bar No. 31738)
FINE, KAPLAN AND BLACK, R.P.C.
One South Broad St., 23rd Floor
Philadelphia, PA 19107
Tel: (215) 567-6565
Email: rliebenberg@finekaplan.com

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum (admitted *pro hac vice*)
NUSSBAUM LAW GROUP, P.C.
1211 Avenue of the Americas, 40th Fl.
New York, NY 10036-8718
Tel: (917) 438-9102
Email: lnussbaum@nussbaumpc.com

*Co-Lead Class Counsel for Consumer Track Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2022, a true and correct copy of Consumer Plaintiffs' Supplemental Memorandum In Support Of Their Motion For Final Approval Of Class Action Settlement was filed via the Court's CM/ECF system for electronic service on all counsel of record and is available for viewing and downloading from the ECF system.

/s/ Benjamin F. Johns
Benjamin F. Johns