UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE :WAWA, INC. DATA SECURITY LITIGATION | Lead Case No. 2:19-cv-06019-GEKP<br>CLASS ACTION<br><br>This filing relates to:<br>Employee and Consumer Tracks |

**SUPPLEMENTAL MEMORANDUM OF LAW OF EMPLOYEE TRACK PLAINTIFFS
IN OPPOSITION TO CONSUMER PLAINTIFFS' 
MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLMENT AND
CERTIFICATION OF NATIONWIDE SETTLEMENT CLASS INCLUDING EMPLOYEES**

Donald E. Haviland, Jr., Esquire
William H. Platt II, Esquire
**Haviland Hughes**
201 South Maple Way, Suite 110
Ambler, PA 19002
(215) 609-4661 Telephone
(215) 392-4400 Facsimile

*Counsel for Plaintiffs, Shawn and Karen McGlade,
and Interim Class Counsel for the Class of Employee Plaintiffs*

## I.     INTRODUCTION

At the conclusion of the January 26, 2022 final fairness hearing on the Consumer Plaintiffs' Motion Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. Nos. 271, 272)(the "Hearing"), this Court invited the parties to submit supplemental briefing, if necessary, to address any outstanding unaddressed items.  The Employee Track Plaintiffs avail themselves of this opportunity to address two open items, one ministerial and one substantive.

The <u>ministerial item</u> is to include in the record the demonstrative exhibit undersigned counsel presented to the Court and the parties to assist in their oral argument.  Given the limited available time at the Hearing, the Employee Plaintiffs seek to ensure that the record is complete as to their arguments in opposition of the proposed settlement and settlement class certification to the extent they seek to extinguish the rights of Wawa employees to pursue their claims in this litigation.  For this reason, the PowerPoint presentation presented to the Court is attached hereto as **Exhibit "A"**.  As addressed at the Hearing, Employee Plaintiffs incorporate their arguments and support therefor contained in the presentation materials, and respectfully refer the Court to the unaddressed portions thereof to consider as part of its decision whether to approve the proposed consumer settlement (and the attendant, proposed release of Employee Plaintiff's claims for the compromise of credit and debit card information), and whether to certify the proposed settlement class (which seeks to include both present and former Wawa employees in the broad definition of the Settlement Class).  *See* Dkt. No. 271-1 at ¶ 12.

The <u>substantive item</u> concerns the factual record as to the sufficiency of the notice to Wawa employees and the employee claims rate. As the Court will recall,[1] at the end of the Hearing, counsel for the Consumer Plaintiffs stated that Mrs. McGlade was sent an email solicitation offering the $5 Tier 1 settlement consideration as part of the parties' revised settlement plan to pay all subscribers to the Wawa

---

[1] The official transcript of the hearing is not yet available for direct citation.

1

App as of March 2019. In fact, Mrs. McGlade has never had an email address using the name "McGlade." See Certification of Karen McGlade in Support of Supplemental Memorandum of Law of Employee Track Plaintiffs in Opposition to Consumer Plaintiffs' Motion for Final Approval of Class Action Settlement and Certification of Nationwide Settlement Class Including Employees ("McGlade Cert.") ¶ 2 (at **Exhibit "B"** hereto). This late, gratuitous statement by Consumer Counsel is not evidence, is not supported by evidence, and is directly controverted by evidence. As a result, it cannot undermine Employee Track Plaintiffs' arguments (and unrebutted evidentiary support therefor) that Wawa employees did not receive adequate notice of the settlement, and such lack of notice directly correlates to a presumptively low employee claims rates in the settlement. *See generally*, Exhibit "A" at Slides 21-22, 25-26.

After the Hearing, undersigned counsel conferred with Mrs. McGlade about Consumer Counsel's claim. Mrs. McGlade checked her email and found she had no email from Wawa, class counsel or KCC concerning this case or the proposed class settlement, including the $5 settlement offer. McGlade Cert. ¶ 5. Mrs. McGlade also advised that she never had the Wawa App, meaning Class Counsel could not have sent her an email about the settlement using email supplied by Wawa from Wawa App registrations. McGlade Cert. ¶ 7. Undersigned counsel for the McGlades can further attest, as officers of this Court, that they never supplied any email address for the McGlades, nor did they authorize anyone to send the McGlade's a direct email solicitation. Accordingly, there is no evidentiary basis for Consumer Counsel's claim.[2]

Consumer Counsel's unsupported claim only underscores the importance of this Court requiring actual evidence, as opposed to lawyer argument, in making findings in support of its ruling on the Consumer Motion. Employee Plaintiffs have argued that, since the Hearing is an evidentiary hearing,

---

[2] The Court inquired of undersigned counsel whether he was aware of Consumer Counsel's claim, to which he responded, "not before hearing it just now."

Case 2:19-cv-06019-KBH   Document 300   Filed 02/02/22   Page 4 of 6

and Consumer Plaintiffs bear the burden of proof as to the fairness, reasonableness and adequacy of the settlement, as well as proof of all the class action prerequisites,[3] their failure of proof should be deemed fatal to any finding in their favor as to the Employee Plaintiffs' objections. During the Hearing, the Court inquired of undersigned counsel about the reference in Slide 22 (as part of Objection No. 2 to the lack of adequate notice to employees) that "Shawn McGlade has attested in his Complaint that Wawa employees were told by Wawa they were not affected by the data breach, and therefore they had not reason to believe they would be included in any *consumer* class settlement." (emphasis added). The evidentiary support for such statement may be found in the McGlade's Amended Complaint as follows:

> 57. At no time has Wawa advised Mr. or Mrs. McGlade that their PII has been compromised due to the breach of data security at Wawa, which started sometime in March 2019. To the contrary, Mr. McGlade was deceived by Wawa senior management about what was happening to his and other employee PII for months.
>
> 58. Specifically, Mr. McGlade was ordered to go to his store on his day off, December 19, 2019 – the same day as self-described "Lead Goose" Chris Gheysens was announcing to the world the Data Breach of Wawa's computer systems – only to sit idly by for hours waiting for further direction from the Wawa, which direction never came.
>
> 59. On December 19, 2019, neither Mr. McGlade nor any of the other Wawa GMs were advised that *their* employee PII had been compromised, and that the Wawa computer systems were invaded by cybercriminals who had access to *their* employee PII. Instead, Wawa willfully misrepresented the nature and scope of the Data Breach as being limited only to customer credit card information due to malware, and willfully deceived Wawa employees that they had nothing to worry about as it concerned their employee PII in the care of Wawa.
>
> 60. That deception allowed the loss of Wawa employee PII to continue unabated, and caused continuing harm to the McGlades and other employees.
>
> 61. Indeed, Wawa had the ability to send a direct notice to each of its employees, explaining how their PII had been compromised. It chose not to do so.

Dkt. 131, Am. Cmplt. at ¶¶ 57-61.

---

[3] See Exhibit "A" slides 13, 17-18, 22-25, 30.

Significantly, Wawa has admitted in its Answer that "Wawa has not advised Mr. or Mrs. McGlade that any information other than payment card information has been compromised…", and while Wawa "otherwise denied" the remaining averments, it did not specifically deny the factual averments of Paragraph 59 that "neither Mr. McGlade nor any of the other Wawa GMs were advised that *their* employee PII had been compromised," as required. Dkt. No. 215 at ¶¶ 57, 59.  Critically for purposes of the Employee Plaintiffs' due process objections to the lack of notice of the settlement or settlement class certification to employees, Wawa admitted the averment of Paragraph 61 that "Wawa has names and addresses of its employees." *Id*. at ¶ 61.  Wawa seeks to avoid its obligations to provide direct mail notice to employees by arguing that "Wawa does not know which [employees] used payment cards at Wawa during the relevant time period and there was therefore no notice to provide." *Id*. But, that argument fails under *Mullane*[4], which requires the use of first class mail notice to all known members of a putative class, especially when the Class consists of a narrow subset of the employees numbering around 50,000.  As this Court recognized at the preliminary approval hearing, the employee class is an "identifiable number, [and] it's not a monumental number".  Exhibit "A", Slide 8 (quoting May 5, 2021 Hrg. Tr. at 40).  Nevertheless, the settling parties refused to contact current and former Wawa employees directly even while over-noticing the members of the putative settlement class by contacting hundreds of thousands of Wawa App users whose credit and debit card data were never compromised by the 2019 data breach.  *See* Exhibit "A" at Slide 26 ("The credit card information included in the Wawa App was not subjected to the 2019 data breach.")[5].

On this record, the Employee Track Plaintiffs should not be included in the Wawa Consumer Settlement.  Alternatively, their claims in this case should be carved out of the proposed release

---

[4] *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, B 318, 70 S. Ct. 652, 659, 94.L. Ed. 865, 875 (1950).

[5] As the Court will recall, Wawa's counsel conceded this fact at the January 26, 2022 hearing.

completely, allowing employees to pursue all appropriate relief for their well-pleaded claims that were not well represented by Consumer Counsel at the settlement table.  *Compare* Exhibit "A" at Slide 7 (reporting on the Court's denial of Wawa's Motion to Dismiss), with Slides 8-11, 16-18 (reporting on Consumer Counsels' adversity to the interests of Wawa employees).

## IV.   CONCLUSION

For the foregoing reasons, the Employee Track Plaintiffs respectfully request that this Honorable Court grant the Employee Plaintiffs' objections to the Consumer Plaintiffs' Motion for a Final Approval of Class Action Settlement and Certification of Nationwide Settlement Class.

       Respectfully submitted,
*/s/Donald E. Haviland, Jr.*
Donald E. Haviland, Jr., Esq. (PA 66610)
William H Platt, II, Esq. (PA 83585)
**Haviland Hughes**
201 South Maple Avenue, Suite 110
Ambler, PA 19002
*Interim Class Counsel for
Employee Track Plaintiffs*