# EXHIBIT A

# January 26, 2022

## Final Approval Hearing
## Consumer Class Action Settlement

## Presentation of Employee Track Plaintiffs

**Haviland Hughes**
**Donald E. Haviland, Jr., Esq.**
**William H. Platt II, Esq.**
**201 S. Maple Ave., Suite 110**
**Ambler, PA 19002**
**215-609-4661 telephone**

# Presentation Overview

I. Background

II. Litigation

III. Proposed Consumer Settlement and Class Certification

IV. Employees' Unresolved Objections

V. Proposed Ruling

# I. Relevant Background

- " In December 2019, Wawa revealed for the first time publicly that it failed to take reasonable and adequate action measures to protect its employees, and the larger consuming public, from hackers who infiltrated Wawa's corporate computers and payment systems, including its point-of-sale ("POS") payment terminals in its stores and at its fuel pumps, installing malicious software ("malware") in early March 2019."

> – Employee Am. Cmplt. ¶ 2 (Dkt. No 131)

3

# Background (cont'd )

- Employee Plaintiffs – unlike the other plaintiffs – have alleged that the Wawa data breach involved the compromise of Wawa's internal "corporate computers" systems in late 2018.

- During the hearing on the motions to dismiss, Employee Class Counsel noted, "This is not a POS issue necessarily, Judge.  It's the internal computer systems, … and there are two breaches that took place, Judge…"  Nov. 10, 2020 Hrg. Tr. at 64:23-25.

- At that point, Wawa's counsel intervened and objected, "I hate to get into this, but this is a confidential piece of information."  *Id*. at 65:4-5.

4

# II. Wawa Litigation

- 3 distinct groups of plaintiffs sued Wawa for distinct harms caused by the Wawa data breach:

    - Consumers

    - Financial Institutions

    - Employees

- This Court appointed "Interim Class Counsel" for each of these groups. CMO3, Section II (Dkt. No 120)

- "Donald E. Haviland, Jr. of Haviland Hughes is appointed Interim Class Counsel for the proposed class of Employee Plaintiffs." *Id*. at p. 2

5

# Litigation (cont'd)

- Consumers proceeded right to mediation and settlement, while Employees and F.I. Plaintiffs litigated the merits of Wawa's Motions to Dismiss.

- Both sets of Plaintiffs prevailed.

- Consumer Plaintiffs obtained no such ruling as to whether any of their claims were adequately pled.

- This is an issue Consumer Plaintiffs must address in seeking certification of a nationwide class involving varying state laws.

- Instead, Consumer Class Counsel joined with Wawa in seeking dismissal of the Employee Class claims, with prejudice. *See* Dkt. No. 148.

# Litigation (cont'd)

■ This Court denied Wawa's Motion as to the Employee Plaintiffs' first five counts, alleging violations of the Pa UTPCPL, negligence, negligence per se, negligent misrepresentation and unjust enrichment. (Mem. Order, Dkt. No 207)

■ "As to the first five counts, the Court finds that the Employee Plaintiffs have sufficiently pled their allegations related to the data breach, including payment card information and confidential employee information, such as social security numbers.  Thus, at this stage, these claims will be allowed to proceed."

(Mem. Order at 6, Dkt. No 207)

7

# Litigation (cont'd)

■ Remarkably, Consumer Class Counsel joined with Wawa in seeking dismissal of the Employees' claims, *with prejudice*, on grounds that "the Employee Track class is subsumed by the Consumer Track class."  Dkt. 148 at 2.

■ Even this Court questioned, "Why do you care? Why are you standing up and commenting on the Employee Plaintiffs' rights [under] *Dittman*. May 5, 2021 Tr. at 40.

■ The Court further queried, "Has there been a discussion about – given the fact it's an identifiable number, it's not a monumental number, has there been any discussions, serious discussions about carving out the employees and letting the employees go on their merry way in their own track?" *Id*. at 45.

8

# Litigation (cont'd)

Consumer Class Counsel responded:

- "Counsel for the Consumer Track Plaintiffs proceeded on the assumption that their interests were not 'similarly aligned' with those of the Employee Track Plaintiffs, and conferred strictly among themselves accordingly." Dkt. 148 at 2.

- "Once the settlement is executed, … there is no reason for the Employee Class to further prosecute data breach claims." *Id*.

# Litigation (cont'd)

■ Under *Amchem*, Wawa employees had the right to be separately represented by unconflicted counsel.

■ They were not so represented in the consumer settlement negotiations with Mediator Welsh.

■ Due to their direct adversity to the independent, legal rights of the Employee Class members in this case, Consumer Class Counsel cannot be deemed "adequate" representatives of current and former Wawa employees, for purposes of class certification or settlement.

10

# Litigation (cont'd)

■ "The Court cannot conclude at this point that the Employee Plaintiffs' claims related to stolen payment card information are legally duplicative of those claims in the Consumer Track.  The instant case involves separate lawsuits filed by different plaintiffs against the same defendant.  …Here, the Court has separated the litigation into tracks based upon three separate groups of plaintiffs who filed lawsuits pertaining to the Wawa data breach. Because the Court does not find the Employee Plaintiffs' claims related to payment card information to be legally duplicative of those in the Consumer Track at this time, it declines to dismiss or otherwise stay these claims."

– (Mem. Order at 6, Dkt. No 207)

11

# III. Consumer Settlement and Settlement Class Certification

- Consumer Track Plaintiffs mediated a settlement for $9 million, with $3.2 million in attorneys' fees and costs.

- They seek certification of a sweeping nationwide class of "all residents .. who used a credit or debit card at a Wawa location [between] March 4, 2019 through December 12, 2019."  Final Order, par. 12, Dkt 271-1.

- They claim "the Settlement treats Class Members equitably relative to each other."  *Id*. at 10e.

12

# III. Standards for Settlement Approval and Settlement Class Certification

- ■ The Third Circuit has held:

- ■ "As we have consistently observed, 'Rule 23 is designed to assure that courts will identify the common interests of class members and evaluate the named plaintiffs' and counsel's ability to fairly and adequately protect class interests.' In turn, before approving a class settlement agreement, 'a district court first must determine that the requirements for class certification under Rule 23(a) and (b) are met.'"

  - ♦ *Sullivan v. DB Invs., Inc*., 667 F.3d 273, 296 (3d Cir. 2011) ("*Sullivan II*") (citations omitted)

13

# IV. Employees' 5 Unresolved Objections to the Settlement and Class Certification

1. Lack of Adequate Representation of Employees under Rule 23(a)(4)

2. Lack of Adequate Notice to Employees under Rules 23(b)(2)(B) and 23(e)

3. Lack of Differentiation in Settlement Consideration for Employees' Stronger Claims

4. Insufficient Employee Claims Responses

5. Overbroad Releases of Employees' Rights Going Forward

14

# Standing to Raise Objections

■ Because the McGlades did not opt out of the Consumer Settlement Class, they have standing to maintain their objections to the proposed consumer settlement and settlement class certification that seek to include them and compromise their rights, and the rights of similarly-situated current and former Wawa employees.

# Objection No.1:
# Lack of Adequate Representation

- Adequacy: Rule 23(a)(4) requires that "[t]he representative parties will fairly and adequately protect the interests of the class."

- Shawn and Karen McGlade are the only employee representative plaintiffs in this case.

- Haviland Hughes is the only Court-appointed Interim Class Counsel for the Employee Class.

- The Consumer Class has had no adequate representation of the employees' distinct interests.

16

# Objection No.1:Lack of Adequacy

- "[T]here is no 'harmless error' doctrine that applies to cure a class representative's inadequacy in light of what may appear to be a 'fair' settlement." *Drennan v. PNC Bank, NA*, 622 F.3d 274, 311 (3d Cir. 2010).

- A settlement that "appears to lack 'structural assurance of fair and adequate representation for the diverse groups and individuals affected,'" cannot be approved. *Id*. (citing *Amchem*)

17

# Objection No.1:Lack of Adequacy

- The Supreme Court has stated:

"Where differences among members of a class are such that subclasses must be established, we know of no authority that permits a court to approve a settlement without creating subclasses on the basis of consents by members of a unitary class, some of whom happen to be members of the distinct subgroups. The class representatives may well have thought that the Settlement serves the aggregate interests of the entire class.  But the adversity among subgroups cannot be bound to a settlement except by consents given by those who understand that their role is to represent solely the members of their respective subgroups."

*Amchem Prods*., 521 U.S. 591, 627 (1997).

# Objection No. 2:
# Lack of Adequate Notice to Employees

- Employees objected initially that the proposed notice to settlement class members was procedurally and substantively deficient as to employees.  Dkt. 188 at 22-32.

- At the preliminary approval hearing, Employees argued, "[t]here is no mail, there is no publication, they are simply relying on the press."  May 5, 2021 Tr. at 49.

- "Under *Mullane*, …you've got to do something to notify people when you know the names and addresses."  *Id*.

- Wawa plainly knows the names and addresses of all of its employees, but chose not to notify them directly.

- The settlement class notice was procedurally deficient as to employees.

19

# Objection No. 2 (cont'd)

- Substantively, the notice sent to class members failed to properly notify employees of their unique rights, and that such rights were being settled as part of the "consumer" class settlement.

- Nowhere does the notice mention Wawa "employees".

- Instead, the notice repeatedly speaks to Wawa's "customers". *See* July 30, 2021 Order, Ex A, Dkt. 234-1.

- Employees are not "customers", and therefore had no reason to know their rights were being compromised.

- The class notice experts at KCC disavow any knowledge of the impact of the class notice on Wawa employees. Dkt. Nos. 181-4 (Peak), 273 and 295 (Osterlund).

# Objection No. 2 (cont'd)

- Employees alone objected that Wawa should use direct communications, such as through the Wawa App, to try to reach employees. May 5, 2021 Tr. at 48; *see also*, Dkt. No. 196 (Emp'ee April 5, 2021 Sur-Reply).

- After resisting such modality – in the face of a woefully deficient claims response rate – Wawa finally agreed to use the Wawa App for both notice and claims payments.

- However, there is no **<u>evidence</u>** that any Wawa employees use the Wawa App, especially since they are given employee discounts at the stores where they work.

- KCC admits "[t]he information provided to KCC by Wawa identifying Wawa mobile app users did not identify which of them were Wawa employees. KCC is unaware of whether any of those app users are current or former Wawa employees." Dkt. 295 at ¶5.

21

# Objection No. 2 (cont'd)

■ In this record, there is no **evidence** Wawa employees were properly notified of their inclusion in the consumer settlement class, or their rights to participate or opt out.

■ Consumer Class Counsel only conjecture, "it would be hard to imagine that there is any Wawa employee who is unaware of [the Settlement] or will not learn of it when in-store settlement notices are posted."

■ Shawn McGlade has attested in his Complaint that Wawa employees were told by Wawa they were not affected by the data breach, and therefore they had no reason to believe they would be included in any consumer class settlement.

# Objections No 3: Failure to Identify Unique Employee Class Claims

- The proposed Final Order fails to identify class claims, as required.

- "Rule 23(c) provides that a certification order 'must include (1) a readily discernible, clear, and precise statement of the parameters defining the class or classes to be certified, and (2) a readily discernible, clear and complete list of the claims, issues or defenses to be treated on a class basis." *Sullivan II,* 667 F.3d at 315 (citing *Hydrogen Peroxide*).

23

# Objection No 3: Inequitable Treatment of Employee Claims

- "The Settlement treats Class Members equitably relative to each other."

    Final Order ¶ 10e (Dkt 271-1)

- Not so.  All class members are treated alike in the 3 Tiers, regardless of the relative strengths and weakness of their legal claims against Wawa.

24

# Objection No. 4:
# Insufficient Claims Response

- The claims response rate demonstrates the inadequacy of the proposed consumer class settlement as it relates to employees.

- Only 8,348 total claims were filed by the deadline. Osterlund Decl. ¶ 7 (Dkt. No 273)

- Consumer Class Counsel cannot tell this Court how many employees (if any) are included among the 8k claims.

- "KCC does not know which individuals who filed claims are Wawa employees." Osterlund Supp'l Decl. ¶ 4 (Dkt. No. 295)

- "KCC therefore cannot provide any information relating to the participation in the settlement by claimants who might be current or former Wawa employees." *Id*.

25

# Objection No. 4 (cont'd)

■ To artificially raise the consumer claims rate, the settling parties decided to push out $2.9m to Wawa App users.

■ The credit card information included in the Wawa App was not subjected to the 2019 data breach.

■ Therefore, the recipients of the $2.9 million are not members of the putative class of consumers whose credit care information was compromised by the Wawa data breach.

■ In contrast, Wawa employees are all known, and are known to use their credit and debit cards while working in the store, as part of the Wawa employee discount program.

■ Yet, Wawa has not paid any employee the minimum $5, either through a weekly paycheck, direct distribution or otherwise.

# Objection No. 5: Overbroad Release of Employee Claims and Rights

- The settling parties acknowledged their initial settlement overreached in seeking to release ***all*** employee claims against Wawa for the data breach.

- Subsequent amendments have narrowed the scope of the release, but only to what Wawa seeks to allow.

- However, because (1) employees have not been adequately represented by the Consumer Class Counsel, (2) no notice was directed to employees, and (3) the 8k claims rate is far below the 50k known employees, employee rights should not be released for their payment card claims.

- The McGlades object to any such release, on their own behalf, and on behalf of the class they seek to represent.

27

# Consumer Responses to the McGlades' Objections

- Consumer Plaintiffs raise 2 reasons why the Employee objections should not be heard by this Court at final approval:
  - "Untimely" under the Court's deadlines
  - "Overruled" by this Court at the preliminary approval stage
- Both reasons are meritless.

28

# Timeliness of Employee Objections

■ Employees timely raised their objections to the proposed consumer settlement and settlement class certification at the preliminary approval stage.

■ This Court held in its July 30, 2021 Opinion, "[t]he Employee Plaintiffs will be able to voice their objections prior to, and during, the final approval hearing. …If, after preliminary approval, the Employee Plaintiffs are dissatisfied with the terms of the Settlement Agreement, they will be able to object or opt out of the settlement entirely.  This is an entirely plausible scenario, especially given the fact the Court previously denied Wawa's motion to dismiss the Employee Plaintiff's payment card claims, which will allow the Employee Plaintiffs to litigate thses issues on their own – should they choose to do so." Dkt 279-1 at 2.

29

# There Was No Final Ruling on the Merits of Employees' Objections

- As stated, this Court ruled that the Employees' objections may be raised at the final approval stage.

- Consumer Plaintiffs argue, without citation to the record, that this Court "rejected" Employee Plaintiffs' objections. *See* Dkt. 282 at 5-6 ("Employee Track Plaintiffs offer no new facts or arguments that should cause the Court to revisit its opinion")

- Consumer Plaintiffs improperly seek to shift the burden of proving all the class prerequisites of Rule 23(a) and (b)(3) are satisfied as to employees, and that the settlement is "fair, reasonable and adequate" as to employees, through admissible **<u>evidence</u>** at the final fairness hearing.

# IV. Proposed Ruling

■ Employee Track Plaintiffs ask this Court to:

◆ "carv[e] out the employees and let[] the employees go on their merry way in their own track" May 5, 2021 Tr. at 45.

◆ remove from the release "Employee Plaintiffs' claims related to payment card information" because they are not "legally duplicative of those in the Consumer Track".

– Mem. Order at 6, Dkt. No 207

31

# Questions?