# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE WAWA, INC. DATA SECURITY LITIGATION** | **Case No. 19-6019-GEKP** |
| | **Class Action** |
| *This document relates to: Consumer Track* | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

**AND NOW**, this _____ day of _____, 2022, upon consideration of the Consumer Track Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. No. 271), the Consumer Track Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Service Awards (Dkt. No. 257), the Objection of Theodore H. Frank (Dkt. No. 263), and the objection of the Employee Track Plaintiffs (Dkt. No. 279), and following a Final Approval Hearing held on January 26, 2022, in accordance with Federal Rule of Civil Procedure 23, it is **ORDERED** that both motions referenced above are **GRANTED** and the Objections of Theodore H. Frank and the Employee Track Plaintiffs are **DENIED** as outlined in this Order.

Based on the Court's review of the proposed Settlement Agreement[1] between the Consumer Track Plaintiffs and Defendant Wawa, Inc. ("Wawa"), the objections thereto, the entire

---

[1] The Parties filed the original Settlement Agreement on February 9, 2021 (Dkt. No. 181-1). The Parties filed an Amended Settlement Agreement on April 29, 2021, which clarified the terms of the Release (Dkt. No. 201-1). The Parties filed a Second Amended Settlement Agreement on November 12, 2021, which addressed sending email notice and Wawa gift cards to consumers who signed up for the Wawa mobile App (Dkt. No. 264-1). The Parties filed a Third Amendment to Settlement Agreement on December 21, 2021, which addressed the re-allocation of attorneys' fees should the Court deny any portion of Class Counsel's fee request (Dkt. No. 269-1). The Third Amendment to the Settlement Agreement was an abbreviated document as opposed to a full

record of this case, and the evidence presented at the Final Approval Hearing on this matter, the Court makes the following findings:

1. The Court has jurisdiction over the subject matter of this action.

2. Unless otherwise defined in this Order, all capitalized terms have the same meanings as set forth in the Settlement Agreement.

3. On December 19, 2019, Wawa disclosed a data security incident that allowed malware to access payment card information, including credit and debit card numbers, card expiration dates, and cardholder names, from debit and credit cards used at Wawa stores and fuel dispensers from March 4, 2019 until December 12, 2019 (the "Data Security Incident"). Several proposed class actions that Wawa customers filed against Wawa as a result of the Data Security Incident were consolidated in the "Consumer Track" in this Court.

4. Wawa and the Consumer Track Plaintiffs later reached a settlement at a mediation presided over by the Honorable Diane M. Welsh (Ret.) of JAMS. The settlement resolves the claims asserted in the Consumer Plaintiffs' Consolidated Class Action Complaint (Dkt. 132) (hereinafter "Complaint"), including claims that the members of the proposed Settlement Class were harmed because Wawa failed to implement data security measures to adequately protect the sensitive, non-public payment card information entrusted to it by its customers.

5. On July 30, 2021, the Court entered an Order (Dkt. No. 234) ("Preliminary Approval Order") and Memorandum Opinion (Dkt. No. 233) that, among other things: (a) preliminarily approved the Settlement pursuant to Rule 23(e) of the Federal Rules of Civil

---

version of the Settlement Agreement. At the Final Approval Hearing, the Court requested that the parties execute and submit a Third Amended Settlement Agreement so that all revisions to the Settlement Agreement would be reflected in a single document. The Third Amended Settlement Agreement was filed on February 4, 2022. References herein to the Settlement Agreement refer to the Third Amended Settlement Agreement.

2

Procedure; (b) provisionally certified a Settlement Class; (c) provisionally appointed Plaintiffs as Settlement Class Representatives; (d) provisionally appointed Class Counsel; (e) approved the form and manner of notice to the Settlement Class and directed that the Notice Program set forth in the Settlement Agreement be implemented; (f) set deadlines for filing settlement claims, objecting to the Settlement, and submitting requests for exclusion from the Settlement Class; (g) approved and appointed the Settlement Administrator; and (h) set the date for the Final Approval Hearing.

6. The Court has considered all documents filed in support of the Settlement, the objection to the Settlement, all exhibits and declarations filed in this matter, all other papers and documents comprising the record herein, and all oral arguments presented to the Court at the Final Approval Hearing, and has fully considered all matters raised by the Parties.

7. Notice required by Fed. R. Civ. P. 23(c)(2)(B) and 23(e) has been provided in accordance with the Court's Preliminary Approval Order and as supplemented by the Parties. Such notice constituted, under the circumstances, the best practicable notice of the Settlement, and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice.

8. Wawa has filed papers with the Court indicating that it provided notification of the Settlement to the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (Dkt. No. 185).

9. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in that Agreement, for:

    a. a process for Settlement Class Members to submit claims for direct settlement benefits in the form of Wawa Gift Cards or reimbursement of certain out-of-pocket monetary expenses reasonably attributable to the Data Security Incident;

3

      b.      injunctive relief regarding Wawa's data security policies and practices; and

      c.      upon Court approval, payment of $3.2 million by Wawa for:

            i.      the costs of settlement administration;

            ii.      service awards of up to $1,000 to each of the Settlement Class Representatives, and

            iii.      such attorneys' fees and reimbursement of expenses as may be awarded by the Court.

10.      The Court, having reviewed the terms of the Settlement Agreement and considered the requirements of Federal Rule of Civil Procedure 23(e)(2), finds that:

      a.      the Settlement is fair, reasonable and adequate;

      b.      the Class Representatives and Class Counsel have adequately represented the interests of the Class;

      c.      the Settlement was negotiated at arm's length by experienced counsel;

      d.      the relief provided for the Class is adequate, taking into account:

            i.      the costs, risks, and delay of trial and appeal;

            ii.      the effectiveness of the proposed method of distributing relief to the Class, including the method of processing class member claims;

            iii.      the terms of the requested award of attorneys' fees, including timing of payment; and

            iv.      the lack of any separate agreement to be identified under Rule 23(e)(3); and

      e.      the Settlement treats Class Members equitably relative to each other.

11. The Court grants final approval of the Settlement Agreement, including the plan of allocation, pursuant to Fed. R. Civ. P. 23(e) as fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23, and directs the Parties to consummate the Settlement Agreement in accordance with its terms.

12. The Court certifies the following Settlement Class: "All residents of the United States who used a credit or debit card at a Wawa location at any time during the Period of the Data Security Incident of March 4, 2019 through December 12, 2019. Excluded from the Settlement Class are Wawa's executive officers and the Judge to whom this case is assigned."

13. The Court confirms the appointment of Kenneth Brulinski, Kelly Donnelly Bruno, Amanda Garthwaite, Marisa Graziano, Tracey Lucas, Marcus McDaniel, Joseph Muller, April Pierce, Nicole Portnoy, Nakia Rolling, Eric Russell, Michael Sussman, Charmissha Tingle, and Kasan Laster as the Settlement Class Representatives.

14. Pursuant to Federal Rule 23(g)(3), the Court confirms the appointment of Sherrie Savett of Berger Montague PC, Benjamin Johns of Chimicles Schwartz Kriner & Donaldson-Smith LLP, Roberta Liebenberg of Fine, Kaplan and Black, R.P.C., and Linda Nussbaum of Nussbaum Law Group, P.C. as Class Counsel for the Settlement Class.

15. The persons identified on Exhibit A to this Order submitted timely and valid requests to exclude themselves from the Settlement Class and therefore are excluded from the Settlement, shall receive no compensation under the Settlement, shall gain no rights from the Settlement, and shall not be bound by the Settlement or the Release.

16. As of the Effective Date as defined in the Settlement Agreement, Plaintiffs and the Settlement Class Members shall release Wawa and all Released Parties, as defined in the Settlement Agreement, from all claims, demands, judgments, actions, suits and/or causes of action,

whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances of the theft of payment card data from Wawa alleged in the Consolidated Class Action Complaint or arising from or related in any way to the theft of payment card data from Wawa in the Data Security Incident, up to the Effective Date of the Settlement Agreement (the "Release" or "Released Claims"). All Releasors are enjoined from pursuing any Released Claims against any Released Parties in any litigation or other forum. This Release does not bar claims by any Wawa employee, former Wawa employee or dependent thereof for theft or compromise of: (i) a Social Security number; (ii) a bank account number used for payroll direct deposit; or (iii) any personal information (other than payment card information) submitted to Wawa by an employee or dependent in a capacity as an employee or dependent, rather than as a customer making a purchase. The Release shall not release any claims, whether pending or not, whether known or unknown, for product liability, personal injury, breach of warranty, violation of the Uniform Commercial Code, civil rights, or any other claims whatsoever that were not or could not have been alleged in the Consumer Track Action that are not related to the Data Security Incident or subject matter of the Consumer Track Action.

17. Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement contained in the Settlement Agreement.

18. The Consumer Track Action is hereby dismissed with prejudice and, except as explicitly provided for in the Settlement Agreement, without costs to any party.

19. Plaintiffs filed a Memorandum of Law in Support of Consumer Track Plaintiffs' Motion for Award of Attorneys' Fees, Expenses, and Service Awards (Dkt. No. 258) requesting

that this Court award the full $3.2 million contemplated in the Settlement Agreement for the costs of settlement administration, service awards to the Settlement Class Representatives, and an award of attorneys' fees and reimbursement of expenses. The Court finds Plaintiffs' requests reasonable, grants the motion, and approves the payment by Wawa of a $3.2 million lump to be used by Class Counsel for:

    a.    Service Awards of $1,000 to each of the 14 Settlement Class Representatives;

    b.    Payment of the costs of settlement administration;

    c.    Payment of attorneys' fees to Class Counsel; and

    d.    Reimbursement of Class Counsel's reasonable litigation expenses.

20. Co-Lead Counsel shall have the discretion to allocate the attorneys' fees and expenses among themselves and other plaintiffs' counsel that performed common benefit work in the Consumer Track action, as set forth in the Settlement Agreement at ¶ 80.

21. In accordance with Fed. R. Civ. P. 23, this Final Approval Order and Judgment is a final order.

22. Under Fed. R. Civ. P. 54(b), the Court finds there is no just reason to delay the entry of final judgment in this matter and directs the Clerk to enter this order as the final judgment in this matter.

23. Without affecting the finality of this Final Approval Order and Judgment in any way, the United States District Court for the Eastern District of Pennsylvania shall retain jurisdiction over the Settlement, the Settlement Agreement, enforcement of Court orders relating to the Settlement and the Settlement Agreement, and the administration and consummation of the Settlement. The Court shall have exclusive jurisdiction over any suit, action, motion proceeding,

or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement that cannot be resolved by negotiation and agreement by the Parties.

BY THE COURT:

_____
The Honorable Gene E.K. Pratter
United States District Judge

8

# EXHIBIT A

**Settlement Class Members Who Excluded Themselves from the Class:**

1. Aletha R. DeBiase
2. Brian J. DeBiase
3. Eric Frankhouser
4. John Quinn
5. Nisa Mutlu
6. Theophilus A. Barham