# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| IN RE WAWA, INC.<br>DATA SECURITY LITIGATION | CIVIL ACTION<br><br>This document applies to the<br>Consumer Track.<br><br>No. 19-6019<br>and all related cases. |

## ORDER

**AND NOW**, this 20th day of April, 2022, upon consideration of Consumer Track Plaintiffs' Motion for Final Approval of the Class Action Settlement (Doc. No. 271) and any responses thereto, Consumer Track Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Doc. No. 257) and any responses thereto, the Third Amended Settlement Agreement dated February 4, 2022 (Doc. No. 301-1) ("the Settlement Agreement"), and this Court's July 30, 2021 Memorandum and Order granting settlement class certification and preliminary approval of the class settlement (Doc. Nos. 233 & 234), as well as the January 26, 2022 fairness hearing and supplemental status reports from the Consumer Track Plaintiffs (Doc. Nos. 307 & 313), for the reasons set forth in the accompanying Memorandum, it is hereby **ORDERED** as follows:

**Final Settlement Approval**

1. Consumer Track Plaintiffs' Motion for Final Approval of the Class Action Settlement (Doc. No. 271) is **GRANTED**;

2. This Final Order incorporates the Settlement Agreement and the Preliminary Approval Order. The terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order;

1

3. Solely for the purposes of the Settlement, the Court finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been met as to the Consumer Track Settlement Class;

4. Notice required by Fed. R. Civ. P. 23(c)(2)(B) and 23(e) has been provided in accordance with the Court's Preliminary Approval Order and as supplemented by the Parties. Such notice constituted, under the circumstances, the best practicable notice of the Settlement, and constituted due and sufficient notice for all other purposes to all persons entitled to receive notice;

5. The Court held a Fairness Hearing on January 26, 2022, and received two objections to the settlement;

6. Due and adequate notice of the Fairness Hearing having been given to the Settlement Class and a full opportunity having been offered to Consumer Track Settlement Class Members to participate in the Fairness Hearing, it is hereby determined that all Consumer Track Settlement Class Members are bound by this Final Order and the Final Judgment;

7. The Court finds that the Settlement resulted from extensive arms-length, good faith negotiations between Consumer Track Plaintiffs and Defendant, through experienced counsel;

8. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement is reasonable and adequate, and in the best interest of the Consumer Track Settlement Class;

9. The Court finds that the Settlement is fair, reasonable, and adequate in light of the factors set forth in *Girsh v. Jepson*, 521 F.2d 153 (3d Cir. 1975), for the reasons described in the accompanying Memorandum;

10. Each and every objection to the Settlement is overruled with prejudice;

11. The Court approves the Parties' plan to distribute the Class Settlement Fund as set forth in the Settlement Agreement;

12. As provided for in Paragraph 96 of the Settlement Agreement, as of the Effective Date, each Releasor shall release, discharge, and covenant not to sue Wawa, its past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, and any of their legal representatives (and the predecessors, heirs, executors, administrators, successors, and purchasers of each of the foregoing) ("Released Parties") from all claims, demands, judgments, actions, suits and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances of the theft of payment card data from Wawa alleged in the Consolidated Class Action Complaint or arising from or related in any way to the theft of payment card data from Wawa in the Data Security Incident, up to the Effective Date of the Settlement Agreement (the "Release" or "Released Claims"). This Release does not bar claims by any Wawa employee, former Wawa employee or dependent thereof for theft or compromise of: (i) a Social Security number; (ii) a bank account number used for payroll direct deposit; or (iii) any personal information (other than payment card information) submitted to Wawa by an employee or dependent in a capacity as an employee or dependent, rather than as a customer making a purchase;

13. The Release approved herein as provided by the Settlement Agreement shall not release any claims, whether pending or not, whether known or unknown, for product liability, personal injury, breach of warranty, violation of the Uniform Commercial Code, civil rights, or any other claims whatsoever that were not or could not have been alleged in the

Consumer Track Action that are not related to the subject matter of the Consumer Track Action. Nor shall the Release constitute a release of claims arising out of any breach of the terms of this Settlement Agreement by Wawa;

14. Wawa shall release Plaintiffs, Settlement Class Members, and their counsel from any claims relating to the institution, prosecution, or settlement of the Consumer Track Action, except for claims arising out of breach or enforcement of this Agreement;

15. The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains jurisdiction over the Parties and each Settlement Class Member (including objectors) regarding the implementation, enforcement, and performance of the Settlement Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to the Settlement Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Settlement Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator;

16. The Parties are hereby directed to implement and consummate the Settlement, as set forth in the terms and provisions of the Settlement Agreement;

17. Within three (3) calendar days following the issuance of all settlement payments to Class Members, the Settlement Administrator shall prepare and provide to Class Counsel and Defense Counsel a list of each person who was issued a settlement payment and the amount of such payment;

18. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class Members under the Settlement Agreement;

19. Within the timeframe contemplated by the Settlement Agreement, Wawa shall make a deposit into the Qualified Settlement Fund as provided for in Paragraph 5.5 of the Settlement Agreement;

20. Upon entry of this Order, all Class Members shall be bound by the Settlement Agreement (including any amendments) and by this Final Order; and

21. The Consumer Track Action is hereby **DISMISSED** with prejudice without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

**Attorneys' Fees, Litigation Expenses, and Class Representative Awards**

22. Consumer Track Plaintiffs' Motion for Attorneys' Fees, Expenses, and Service Awards (Doc. No. 257) is **GRANTED**;

23. Berger Montague PC, Chimicles Schwartz Kriner & Donaldson-Smith LLP, Fine, Kaplan & Black RPC, and Nussbaum Law Group, P.C., as Consumer Track Plaintiffs' Class Counsel, and pursuant to the Settlement Agreement, are hereby awarded a lump sum of $3.2 million for attorneys' fees, expenses, costs of settlement administration, and class representative awards to be paid by Wawa in accordance with the Settlement Agreement;

24. Class Counsel shall have the discretion to allocate the attorneys' fees and expenses among themselves and other plaintiffs' counsel that performed common benefit work in the Consumer Track action, as set forth in paragraph 80 of the Settlement Agreement;

25. The Court confirms the appointment of Kenneth Brulinski, Kelly Donnelly Bruno, Amanda Garthwaite, Marisa Graziano, Tracey Lucas, Marcus McDaniel, Joseph Muller, April Pierce, Nicole Portnoy, Nakia Rolling, Eric Russell, Michael Sussman, Charmissha Tingle, and Kasan Laster as the Settlement Class Representatives; and

26. The Settlement Class Representatives are each hereby awarded a service award in the amount of $1,000.00, to be paid by Wawa of the $3.2 million lump sum in accordance with the Settlement Agreement.

**BY THE COURT:**

*[signature]*

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE