Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement") is made as of March 3, 2023, by and between, as hereinafter defined, (a) Financial Institution Plaintiffs, both individually and on behalf of the Settlement Class (both as defined herein), and (b) Wawa, Inc. (collectively, "Wawa" or "Defendant"). By this Agreement, Wawa and the Financial Institution Plaintiffs seek to and do hereby resolve all claims of the Financial Institution Plaintiffs and the Settlement Class (as defined in this Agreement) that could have been or were asserted in the Litigation as defined herein.

## RECITALS

1.1.   WHEREAS, Financial Institution Plaintiffs filed the putative class action, *In re Wawa, Inc. Data Security Litigation (Financial Institution Track)*, Case No. 2:19-CV-06019 ("Action"), currently pending and consolidated in the U.S. District Court for the Eastern District of Pennsylvania, and including all actions consolidated individually and on behalf of the Settlement Class against Wawa.

1.2.   WHEREAS, Financial Institution Plaintiffs alleged that Wawa breached its duty of care to the Settlement Class in connection with the Data Security Incident involving Wawa's payment systems at its store locations, resulting in the compromise of payment card information for more than 30 million payment cards,[1] and are seeking declaratory and injunctive relief.

1.3.   WHEREAS, Wawa denies any wrongdoing whatsoever in connection with the claims that have been or could have been alleged against it in the Action and has asserted a number of defenses to Financial Institution Plaintiffs' claims.

1.4.   WHEREAS, nevertheless, given the risks, uncertainties, burden, and expense of continued litigation, the parties agree to settle the Litigation on the terms as set forth in this Settlement, subject to Court approval.

1.5.   WHEREAS, this Settlement resulted from good faith, arm's-length settlement negotiations, including multiple settlement conferences among counsel for the Parties and several rounds of mediation with The Honorable Diane M. Welsh, U.S.M.J. (Ret.).

1.6.   WHEREAS, the Parties now agree to settle the Litigation in its entirety, without any admission of liability, with respect to all Released Claims (as defined below) of the Settlement Class. The Parties intend this Settlement Agreement to bind Financial Institution Plaintiffs, Wawa, and all Settlement Class Members that do not timely and validly exclude themselves from the Settlement.

---

[1] "Payment Card(s)" means any debit, credit, charge, prepaid, ATM, or POS ("point of sale") card.

1.7.    WHEREAS, the Parties agree that this Settlement Agreement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Wawa with respect to any claim of fault or liability or wrongdoing or damages whatsoever, any infirmity in the defenses that Wawa asserted or would assert, or to Financial Institution Plaintiffs' ability to satisfy the requirements of the Federal Rule of Civil Procedure Rule 23.

NOW, THEREFORE, in light of the foregoing, for good and valuable consideration, the receipt of which is hereby mutually acknowledged, it is hereby stipulated and agreed by the Parties that the Litigation be settled, compromised, and dismissed on the merits and with prejudice, subject to preliminary and final Court approval, as required by Rule 23, on the following terms and conditions:

## DEFINITIONS

2.1.    "Alerted On Payment Card" means any payment card (including debit or credit cards) that was identified as having been compromised by the Data Security Incident: (i) in an alert in the MasterCard series ADC-008258-19; (ii) in an alert in the Visa series US-2019-0520a-PA, US-2019-0520b-PA, US-2019-0520c-PA, US-2019-0520d-PA, US-2019-0520e-PA, or US-2019-0520f-PA; and (iii) any payment card issued by a financial institution identified by Discover in the Litigation.

2.2.    "Approved Claim" means a claim for Settlement benefits made using a Claim Form by a Settlement Class Member found to be timely, valid, and in an amount approved by the Settlement Administrator.

2.3.    "Claims Administration" means the validation and processing of Claim Forms received from Settlement Class Members and processing of payment of Approved Claims by the Settlement Administrator, as well as any other duties and obligations of the Settlement Administrator, as set forth in the Settlement.

2.4.    "Claim Filing Deadline" means the deadline by which Settlement Class Members must submit a claim for benefits under this Settlement. The Claim Filing Deadline shall be set by the Court in the Preliminary Approval Order. The Parties propose a Claims Filing Deadline that is no later than 150 days after entry of the Preliminary Approval Order .

2.5.    "Claim Form" shall mean the form (including an electronic version thereof) attached as **Exhibit 3**, or one that is substantially similar to **Exhibit 3**, that a Settlement Class Member must complete and submit in order to be eligible for benefits under the Settlement. A Settlement Class Member that timely submits a Claim Form shall be deemed to have filed a "Claim" for payment from the Settlement Fund.

2.6.    "Class Counsel" means the Court-appointed Co-Lead Counsel and Liaison Counsel in the

Litigation:

Gary F. Lynch
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
*Co-Lead Counsel*

Christian Levis
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
*Co-Lead Counsel*

Jeannine M. Kenney
**HAUSFELD LLP**
325 Chestnut Street #900
Philadelphia, PA 19106
*Co-Lead Counsel*

Mindee J. Reuben
**LITE DEPALMA GREENBERG & AFANADOR, LLP**
1835 Market Street, Suite 2626
Philadelphia, PA 19103
*Liaison Counsel*

2.7.   "Complaint" means the operative Consolidated Amended Class Action Complaint (ECF No. 128), filed in the Litigation on July 13, 2020.

2.8.   "Costs of Settlement Administration" means all reasonable actual costs and expenses of the Settlement Administrator associated with or arising from the Claims Administration and the Notice Program.

2.9.   "Court" means the United States District Court for the Eastern District of Pennsylvania.

2.10.   "Data Security Incident" mean the data security incident involving Payment Card Data reported by Wawa, Inc. on December 19, 2019.

2.11.   "Defendants' Released Persons" means: (a) Wawa; (b) its current and former parents, subsidiaries, related or affiliated companies, and divisions, whether indirect or direct; and (c) the respective predecessors, successors, directors, officers, employees, principals, agents, attorneys, insurers, reinsurers, subrogees, shareholders, members, advisors, consultants, representatives, partners, joint venturers, and assigns of each of the entities and persons listed in sections (a) and (b) of this Paragraph.

2.12. "Effective Date" means the first business day after which all of the following events have occurred: (a) Class Counsel and Wawa's counsel have executed this Settlement; (b) the Court has entered the Final Approval Order and Final Judgment and (c)(i) the time for seeking rehearing, appellate, or other review of the Final Approval Order and Judgment has expired with no appeal, motion for rehearing, or motion for further review being filed, or (ii) the Final Approval Order and Judgment is affirmed on appeal or review, no other appeal or petition for rehearing or review is pending, and the time period during which further petition for hearing, review, appeal, or certiorari could be taken has finally expired.

2.13. "Escrow Accounts" means interest-bearing accounts to be established by the Parties to hold the Settlement Fund and the Fees & Costs Fund and held by the Escrow Agent consistent with the terms and conditions described in the Settlement.

2.14. "Escrow Agent" means the bank into which the Settlement Fund and the Fees & Costs Fund shall be deposited and maintained as set forth in Paragraph 12.2 of this Agreement.

2.15. "Exclusion Deadline" means the deadline set by the Court for Settlement Class Members to file requests to be excluded from the Settlement.

2.16. "Fees & Costs Fund" means a sum of up to $9,000,000 (Nine Million Dollars) to be placed in a Fees & Costs Fund Escrow Account using funds provided by Wawa to make all necessary payments or reimbursements towards Costs of Settlement Administration and to make payment of any Court-approved attorneys' fees, litigation expense reimbursements, or Service Awards, as further indicated in this Agreement.

2.17. "Final Approval" means the date that the Court enters an order granting final approval of the Settlement and enters a Final Judgment that is in a form substantially similar to **Exhibit 5**.

2.18. "Final Resolution Date" means the first business day after the time has expired for seeking rehearing, appellate, or other review of a final order (or aspect of an order) concerning an award of either 1) Attorneys' Fees, 2) Expenses of Litigation (including costs of Claims Administration and Notice), or 3) Service Awards, with no appeal, motion for rehearing, or motion for further review being filed (or when no further such actions are available). This term is only pertinent to the timing of certain payments by Wawa into the Fees & Costs Fund, and it has no other functional meaning in this Agreement.

2.19. "Financial Institution Plaintiffs" means the following financial institutions: Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union.

2.20. "Impacted Cards" means payment cards other than those issued by American Express or its subsidiaries and affiliates, that were either (a) Alerted On Payment Cards as defined

4

herein; or (b) used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

2.21.   "Litigation" means the Financial Institution Track of the consolidated action styled *In re: Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019-GEKP (E.D. Pa.) in the United States District Court for the Eastern District of Pennsylvania.

2.22.   "Notice" means the forms of notices of the Settlement Agreement, which shall include the Long Notice and Summary Notice, in a form substantially similar to the forms attached as **Exhibits 1** and **2**, respectively, that will be provided to the Settlement Class and for which Financial Institution Plaintiffs seek the Court's approval.

2.23.   "Parties" means Wawa and the Financial Institution Plaintiffs, individually and on behalf of the Settlement Class.

2.24.   "Payment Instructions" means the payment instructions set forth in the Custodian/Escrow Agreement for Settlement Fund and Custodian/Escrow Agreement for Fees & Costs Fund agreed to by Class Counsel, Wawa, and the Escrow Agent.  The terms and conditions of the executed Custodian/Escrow Agreement for Settlement Fund and Custodian/Escrow Agreement for Fees & Costs Fund are incorporated by reference into this Settlement Agreement.

2.25.   "Plaintiffs' Released Persons" means the Settlement Class, their current and former parents, subsidiaries, affiliated companies, predecessors, successors, officers, directors, agents, predecessors, assigns, assignees, partnerships, partners, insurers, reinsurers and divisions and the Settlement Class Representative's counsel of record in the Litigation.

2.26.   "Preliminary Approval Order" means the Court's order preliminarily approving the Settlement in a form substantially similar to the form set forth in **Exhibit 4**.

2.27.   "Releasing Parties" means the Financial Institution Plaintiffs and all Settlement Class Members who do not timely and validly exclude themselves from the Settlement, and each of these entities' current and former parents, subsidiaries, affiliated companies, predecessors and divisions, as well as their respective heirs, assigns, beneficiaries, predecessors, officers, directors, agents, partnerships, partners, insurers, reinsurers and successors.

2.28.   "Service Award" means a payment to one or more Financial Institution Plaintiffs awarded by the Court and payable out of the Fees & Costs Fund.

2.29.   "Settlement Agreement," "Settlement" or "Agreement" means this settlement agreement and release.

2.30.   "Settlement Administrator" means Analytics Consulting LLC, a company experienced in administering class action settlements generally and processing claims like those contemplated in this Agreement, as agreed by the Parties and to be approved by the Court, to effectuate the Notice Program and Claims Administration per the terms of this Settlement. The Settlement Administrator may be removed and replaced upon agreement of the Parties or as directed by the Court.

2.31.   "Settlement Class Members" or "Settlement Class" means all persons and entities that fall within the settlement class definition set forth in this Settlement that do not timely and validly exclude themselves from the Settlement.

2.32.   "Settlement Class Representatives" means Financial Institution Plaintiffs.

2.33.   "Settlement Fund" means the amount placed in the Settlement Fund Escrow Account using funds provided by Wawa to pay the total amount of all Approved Claims under the terms of Paragraph 4.4 of this Agreement.

2.34.   "Settlement Website" means the website that the Settlement Administrator will establish in conjunction with Settlement Administration and publication of Notice.

2.35.   "Wawa" means Wawa, Inc.

2.36.   "Wawa's counsel" means Morgan, Lewis & Bockius LLP.

## SETTLEMENT CLASS

3.1.   Wawa hereby agrees not to object to or oppose any motion by Plaintiffs consistent with this Settlement Agreement to certify, for purposes of settlement only, that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are satisfied, and, subject to court approval the following Settlement Class shall be certified for settlement purposes only (with the understanding that, by agreeing not to object to or oppose any such motion, Wawa does not agree that Rule 23 requirements are met for purposes of a litigation class, and reserves all rights to oppose the certification of any class in the event this Settlement is not finally approved):

> **All financial institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (other than American Express) that either: (a) were Alerted On Payment Cards; or (b) were used at Wawa during the period of the incident March 4, 2019–December 12, 2019.**

Excluded from the class are the judge of this Court presiding over this Litigation and its staff and the judges of any other court that preside, or have jurisdiction, over this Litigation

or Settlement and their staff; directors, officers, and employees of Wawa; parents and subsidiaries of Wawa, and any entity in which Wawa has a controlling interest; and financial institutions that fall within the Settlement class definition that timely and validly request exclusion from the Settlement Class.

3.2.   For settlement purposes only, Class Counsel shall seek, and Wawa shall not oppose, preliminary and final approval of the Settlement, the appointment of Class Counsel as settlement class counsel, the appointment Financial Institution Plaintiffs as Settlement Class Representatives, and certification of the Settlement Class for settlement purposes only.

3.3.   As soon as practicable after receipt of discovery from the Payment Card brands regarding Alerted On Payment Cards and the identity of potential Settlement Class Members, Class Counsel shall provide, or cause to be provided, to the Settlement Administrator and Wawa a class list reflecting the available contact information (i.e., name and mailing address) of each issuer of Alerted On Payment Cards falling under the class definition (the "Class List").

## <u>SETTLEMENT CONSIDERATION</u>

4.1.   In exchange for the mutual promises and covenants in this Agreement, including, without limitation, the Releases set forth below and Final Judgment as to Wawa upon the Effective Date, Wawa agrees to pay and provide the settlement consideration described in Paragraphs 4.6 and 4.7 herein (the "Settlement Consideration").

4.2.   In no event shall Wawa be required to pay or provide more than the Settlement Consideration in connection with this Settlement.

4.3.   Wawa shall make an initial payment of $250,000 into the Escrow Account for the Settlement Fund within ten (10) days of the later of (i) the Court's entry of the Preliminary Approval Order or (ii) Wawa's receipt of the Payment Instructions.  This initial payment shall be applied only toward payment of the Approved Claims.

In the event that this Settlement is terminated for any reason as set forth herein, Wawa's initial payment of $250,000 into the Escrow Account for the Settlement Fund shall be returned to Wawa or its authorized designee within ten (10) days.

4.4.   After the Effective Date, and within twenty (20) days after the later of (i) the date the Settlement Administrator completes its final valuation of Approved Claims, or (ii) Wawa's receipt of the Payment Instructions, Wawa shall cause to be paid into the Settlement Fund Escrow Account funds sufficient to satisfy the payment of all Approved Claims as determined by the Settlement Administrator in accordance with the provisions in Paragraph 4.6.

4.5.    The value of a Claim will be determined by the Settlement Administrator in accordance with the options chosen by the claiming Settlement Class Members and formulas described in Paragraph 4.6.

4.6.    <u>Settlement Consideration.</u>  Wawa agrees to provide the following Settlement Consideration:

     a.  <u>Class Relief / Claim Tier Payments.</u>

        i.  *Tier 1 Payments (Cancellation & Replacement).*  Wawa shall pay a total amount of up to $18,500,000 (Eighteen Million Five Hundred Thousand Dollars) and no less than $3,000,000 (Three Million Dollars), to satisfy Approved Claims made under this tier. To make a valid claim under this tier, a Settlement Class Member must attest, under penalty of perjury, to having cancelled and replaced Impacted Cards and the number of Impacted Cards replaced in response to the Data Security Incident. Only Impacted Cards replaced by the Settlement Class Member between December 12, 2019 and May 1, 2020 are eligible for inclusion in an Approved Claim under this tier. The Settlement Administrator will value all Approved Claims under this tier at $5.00 per validly identified Impacted Card, provided, however, that the Settlement Administrator shall make a *pro rata* adjustment upward or downward to the per Impacted Card value as necessary to meet the $3,000,000 floor or $18,500,000 cap, respectively (or as close thereto as mathematically possible).

        ii.  *Tier 2 Payments (Fraud).*  Wawa shall pay a total amount of up to $8,000,000 to satisfy Approved Claims made under this tier. To make a valid claim under this tier, a Settlement Class Member must provide reasonable supporting documentation to the Settlement Administrator and a statement made under penalty of perjury indicating:

            1) that the Settlement Class Member suffered financial loss in the form of unreimbursed out of pocket absorption or reimbursement to a card holder attributable to fraudulent charges on Impacted Cards;

            2) that the fraudulent charges on the Impacted Cards resulted from a transaction that was either:

               (a) card not present non-CVV[2]; or

---

[2] A "card not present non-CVV" transaction means an online transaction where CVV code information was not requested or required to process the transaction.

(b) non-EMV processed [3];

and

3) that occurred between December 12, 2019 and May 1, 2020.

The Settlement Administrator will value Approved Claims under this tier at the amount of fraud loss validly identified by the Settlement Class Member, up to a maximum of $4,000 per Settlement Class Member. In the event that the total fraud losses validly claimed in all Approved Claims under this tier exceeds $8,000,000, the Settlement Administrator will reduce the value of all Approved Claims under this tier on a *pro rata* basis until the value of all Approved Claims under this tier reaches exactly $8,000,000.

iii. *Tier 3 Payments (Other Costs).* Wawa shall pay a total amount of up to $2,000,000 to satisfy Approved Claims under this tier. Settlement Class Members may make a claim under this tier as an alternative to making a claim under Tiers 1 and 2. The value of a claim made under this tier will be a fixed amount calculated by dividing $2,000,000 by the estimated number of Class Members ultimately confirmed in discovery (the "Tier 3 amount"). To illustrate: if there are 5,000 class members, the value of a claim under this tier will be $400 per claimant. Settlement Class Members may make a claim under this tier by submitting a validly completed claim form that indicates selection of this tier and attesting that the Settlement Class Member incurred costs as a result of the Data Security Incident. No supporting documentation will be required.

b. Settlement Class Members may make claims under (i) either or both Tier 1 and Tier 2, or (ii) Tier 3. In other words, a Settlement Class Member may submit a claim in only these forms:

   i. Tier 1 alone;
   ii. Tier 2 alone;
   iii. Both Tier 1 and Tier 2; or
   iv. Tier 3 alone.

c. In the event that a Settlement Class Member submits an Approved Claim under Tier 1, Tier 2, or both, but the combined value of such claim is less than the fixed value of a Tier 3 claim, the Settlement Administrator will increase the value of that

---

[3] A "non-EMV processed" means a transaction made where the card was present at the time of the transaction but required use of only a card's magnetic stripe to process the transaction, as contrasted with a transaction that requires an EMV chip to process the transaction.

Settlement Class Member's claim to match the Tier 3 amount and convert the Settlement Class Member's claim into a Tier 3 claim.  Any claims converted to Tier 3 claims will not be included in calculation of any *pro rata* adjustment made to Tier 1 and Tier 2 claims under Paragraphs 4.6(a)(i) and (ii).

d. <u>For Illustration Purposes Only</u>: Class Member X submits a valid Tier 1 claim identifying 35 reissued Impacted Cards. The Settlement Administrator determines that there are 500,000 reissued Impacted Cards identified in all Approved Claims under Tier 1, and adjusts the per-card value of Tier 1 claims upward to $6.00 to meet the $3,000,000 minimum total payout for Tier 1 claims. Class Member X's Tier 1 claim would be worth $210 (35 cards multiplied by $6). If the fixed value of a Tier 3 claim is $400, then Class Member X's claim value will be increased to $400, and Class Member X will receive $400 instead of $210. The Settlement Administrator will similarly increase the value of any Settlement Class Member's claims under Tier 1 and/or Tier 2 if such claims (combined) are valued at less than $400.  The conversion of any claim to a Tier 3 claim shall not increase the Tier 3 payment above $2,000,000.

4.7. <u>Payment of Notice and Administration Costs, Service Awards, Attorneys' Fees, and Expenses of Litigation</u>.  Wawa agrees to pay the Attorneys' Fees and Expenses, Financial Institution Plaintiffs' Service Awards, and Notice and Administration Costs of the Settlement, as may be approved by the Court, in an amount not to exceed $9,000,000. These costs will be paid by Wawa into the Fees & Costs Fund as follows:

a. *Notice and Administration Costs*. Wawa shall make an initial payment of $250,000 into the Escrow Account for the Fees & Costs Fund within ten (10) days of the later of (i) the Court's entry of the Preliminary Approval Order or (ii) Wawa's receipt of the Payment Instructions. Until the Effective Date, such funds may be used by Class Counsel only to reimburse the Settlement Administrator for the fees and costs in connection with carrying out the Notice Program and other Settlement administration obligations, including payment of any taxes. After the Effective Date, if reasonable Costs of Settlement Administration exceed $250,000 or are reasonably anticipated to do so, Wawa will pay additional money into the Escrow Account for the Fees & Costs Fund to cover such costs within thirty (30) days of receipt of a request by Class Counsel that includes documentation of the need for such additional payments. Once Wawa's cumulative payments into the Fees & Costs Fund reach $9,000,000, Wawa shall have no further obligations to make payments.

In the event that the Effective Date does not occur, Wawa will not be entitled to a return of any of the monies paid to the Settlement Administrator incurred up to that

point but will be entitled to a return of any monies remaining in the Fees & Costs Fund Escrow Account. Class Counsel and the Settlement Administrator will take reasonable steps to ensure that no further Costs of Settlement Administration are incurred thereafter without Wawa's express written approval.

b. *Attorneys' Fees and Expenses of Litigation, and Service Awards*. Wawa agrees to pay up to $9,000,000 for Court-approved Attorneys' Fees, Expenses of Litigation, and Service Awards less payments made for Notice and Costs of Settlement Administration into the Fees & Costs Fund Escrow Account. Wawa will make payments into the Fees & Costs Fund Escrow Account equal to the Court-approved amounts of these three items within twenty (20) days of the later of (i) the Effective Date, (ii) the Final Resolution Date pertinent to the particular item in question, or (iii) Wawa's receipt of the Payment Instructions. If the Settlement Agreement is not approved by the Court or is terminated in accordance with its terms, Wawa will not be entitled to a return of any of the monies it has paid to the Settlement Administrator for the Costs of Settlement Administration incurred up to that point, but will be entitled to a return of any remaining monies it has paid into the Fees & Costs Fund Escrow Account after accounting for the Costs of Settlement Administration.

4.8.   The Parties and their Counsel shall treat and shall cause the Escrow Agent and Settlement Administrator to treat the Settlement Fund and Fees & Costs Fund as "qualified settlement funds" within the meaning of United States Treasury Reg. §1.468B-l, at all times, from the creation of the Escrow Accounts. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B 1. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account or otherwise, including any taxes or tax detriments that may be imposed upon Wawa, Plaintiff, and/or Class Counsel with respect to income earned by the Escrow Account, for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively, "Taxes"), shall be paid out of the Fees and Costs Fund Escrow Account.

4.9.   <u>Taxes</u>. Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund or Fees & Costs Fund. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to make any tax payments, including interest and penalties due, on income earned by the Settlement Fund or Fees & Costs Fund ("Tax Expenses") from the Escrow Accounts. Class Counsel shall be entitled to direct the Escrow Agent in writing to pay customary and reasonable Tax Expenses, including reasonable professional fees and expenses incurred in connection with

carrying out their responsibilities as set forth in this Paragraph, from the applicable Settlement Fund by notifying the Escrow Agent in writing. Wawa shall have no responsibility to make any tax filings or tax payments relating to this Agreement or the Settlement Fund.

4.10.   The Parties and their respective counsel have made no representation or warranty with respect to the tax treatment by any Financial Institution Plaintiff or any Settlement Class Member of any payment or transfer made pursuant to this Agreement. Each Settlement Class Representative and Settlement Class Member shall be solely responsible for the federal, state, and local tax consequences to it of the receipt of any funds pursuant to this Agreement.

4.11.   Wawa shall make all payments called for by this Settlement Agreement in accordance with the Payment Instructions and shall have no liability for or obligation to further make payment on any payment that is made in accordance with the Payment Instructions.

## PRELIMINARY APPROVAL AND DEVELOPMENT OF THE NOTICE PROGRAM

5.1.   Upon execution of this Settlement, Class Counsel shall promptly move the Court for an order granting Preliminary Approval of the Settlement Agreement. The Motion for Preliminary Approval shall request that the Court: (a) preliminarily approve the terms of the Settlement as within the range of fair, adequate, and reasonable; (b) certify the Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) for settlement purposes only; (c) stay all proceedings in the Litigation unrelated to the Settlement, including all the Litigation deadlines, pending Final Approval of the Settlement; (d) stay and/or enjoin, pending Final Approval of the Settlement, any actions brought by Settlement Class Members concerning any Released Claims; and (e) appoint Class Counsel and Settlement Class Representatives. A proposed Preliminary Approval Order shall be submitted with the Motion for Preliminary Approval and shall be substantially in the form set forth in **Exhibit 4**.

5.2.   Contemporaneously with the filing of the Motion for Preliminary Approval and no later than thirty (30) days of filing the Motion for Preliminary Approval, Class Counsel shall move the Court to: (a) appoint the Settlement Administrator; (b) approve a Notice Program and Form of Notice for notification of the Settlement Agreement to the Settlement Class, and a Claim Form; (c) approve the procedures and deadlines for Settlement Class Members to exclude themselves from the Settlement Class, object to the Settlement, and submit claims for payment from the Settlement Fund; (d) set the deadline for Settlement Class Representative's motion for final approval of the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and Service Awards, (e) set the deadlines for the filing of objections to and requests for exclusions from the Settlement and the filing of Claim Forms, and (f) set the schedule for the Final Approval hearing, at which time the Court will conduct an inquiry into the fairness of the Settlement, determine

whether it was made in good faith and should be finally approved (the "Final Approval Hearing").

5.3.   Counsel shall take all necessary and appropriate steps to ensure that Notice of this Settlement Agreement and the date of the hearing scheduled by the Court to consider the fairness, adequacy, and reasonableness of this Agreement are provided in accordance with the Federal Rules of Civil Procedure and any Court orders.

5.4.   The Notice Program shall include, at a minimum, (1) Direct U.S. First-Class Mail Long-Form Notice to potential Settlement Class Members identified in discovery pursuant to Paragraph 3.3 herein, (2) reminder U.S. Mail Post Card Notice mailed no later than thirty (30) days prior to the Claims Filing Deadline, (3) Summary Notice published in online or print publications targeted to banking or other publications as determined by the Settlement Administrator to be reasonably calculated to reach Settlement Class Members, and (4) published Notice on the dedicated Settlement Website.

5.5.   Class Counsel shall, together with the proposed Settlement Administrator, design the Notice Program and the forms of Notice, in a form substantially similar to the ones attached hereto as **Exhibits 1** and **2**, to provide the best Notice practicable under the circumstances and that meets the requirements of Rule 23(c)(2)(B), as well as the Claim Form. The Notice Program, form of Notice, and Claim Form shall be subject to Wawa's review and consent, which consent shall not be unreasonably withheld, and subject to approval by the Court pursuant to the requirements Rule 23(c)(2)(B). If the Court rejects or requires modification of the Notice Program, form of Notice, or Claim Form, the Parties agree that any changes to the foregoing required by the Court shall not be grounds for recission of this Agreement.

5.6.   Within ten (10) days of the filing of the Motion for Preliminary Approval and the Settlement Agreement, Wawa shall serve, or cause to be served, a notice of the proposed Settlement on appropriate state officials in accordance 28 U.S.C. § 1715.

## SETTLEMENT ADMINISTRATION

6.1.   Class Counsel shall select the Settlement Administrator, subject to Wawa's approval, which approval shall not be unreasonably withheld, and move the Court for appointment of a Settlement Administrator to administer various aspects of the Settlement as approved by the Court.  The Settlement Administrator may be removed and replaced upon agreement of the Parties or as directed by the Court.

6.2.   Following Preliminary Approval of the Settlement Agreement and a Court Order approving a Notice Program and Form of Notice, and after receipt of discovery from the Payment Card brands regarding Alerted On Payment Cards and the identity of potential Settlement Class Members, at the direction of Class Counsel, the Settlement Administrator will

commence the Court-approved Notice Program, using the forms of Notice and Claim Form approved by the Court.

## FINAL APPROVAL ORDER AND JUDGMENT

7.1.   Settlement Class Representatives' motion for approval of the Notice Program and Form of Notice shall include a request to the Court for a scheduled date on which the Final Approval Hearing will occur, which date shall occur after the Claim Filing Deadline and sufficiently far in advance to accommodate deadlines for dissemination of Notice, requests for exclusions, objections to the Settlement Agreement, and submission of Claims Forms.  In no event shall Settlement Class Representatives propose a date for the Final Approval Hearing to occur earlier than ninety (90) days after the CAFA notices are mailed to ensure compliance with 28 U.S.C. § 1715.

7.2.   At or following the Final Approval Hearing, the Court will determine whether to enter the Final Approval Order and Judgment granting Final Approval of the Settlement, and whether to approve Class Counsel's Application for Attorney's Fees, costs, expenses, and Service Awards.

7.3.   Settlement Class Representatives shall seek entry of an Order, substantially in the form attached hereto as **Exhibit 5**, granting final approval and entering Final Judgment which shall:

a.   approve finally this Settlement Agreement and its terms as is fair, adequate, and reasonable within the meaning of Federal Rule of Civil Procedure 23 and directing its consummation according to its terms;

b.   finally certify the Settlement Class for settlement purposes only;

c.   determine that the Settlement Class Notice Program and Form of Notice satisfied Rule 23 and due process requirements;

d.   dismiss all claims in the Complaint and Litigation with prejudice;

e.   bar and enjoin the Releasing Parties from asserting any of the Released Claims, including during the pendency of any appeal from the Final Approval Order and Judgment;

f.   release and forever discharge Wawa and Defendants' Released Persons from the Released Claims and release Plaintiffs' Released Persons, as provided in this Settlement Agreement;

g.     determine under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay, and direct that the Final Judgment shall be entered; and

h.     reserve the Court's continuing and exclusive jurisdiction over Wawa and all Settlement Class Members (including all objectors) to administer, supervise, construe, and enforce this Settlement in accordance with its terms.

## **RELEASES**

8.1.   As of the Effective Date, the Releasing Parties, each on behalf of itself and any predecessors, successors, or assigns, and any other entity purporting to claim through or on behalf of them directly or indirectly, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaint, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) Wawa's information security policies and practices; (b) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (c) Wawa's response to and notices about the Data Security Incident; (d) the fraudulent use of any Alerted On Payment Cards (e) the cancellation and reissuance of any Alerted On Payment Cards; and (f) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted On Payment Cards or the Data Security Incident (the "Released Claims").

8.2.    For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation:  any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under

the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

8.3.   As of the Effective Date, Defendants' Released Persons will be deemed to have completely released and forever discharged the Releasing Parties and Plaintiffs' Released Persons from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or Unknown Claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits. For the avoidance of doubt, Defendants' Released Persons release, as set forth in this Paragraph, does not include entities that do not meet the definition of either Releasing Parties or Plaintiffs Released Persons.

8.4.   "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representatives, does not know or suspect to exist in its favor at the time of the release of Defendants' Released Persons that, if known by it, might have affected its settlement with, and release of, the Defendants' Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that upon the Effective Date, the Settlement Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code § 1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR

HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Settlement Class Members, including the Settlement Class Representatives, and any of them, may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Settlement Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims.  The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

8.5.    The Parties understand that if the facts upon which this Agreement is based are found hereafter to be different from the facts now believed to be true, each Party expressly assumes the risk of such possible difference in facts, and agrees that this Agreement, including the releases contained herein, shall remain effective notwithstanding such difference in facts. The Parties agree that in entering this Agreement, it is understood and agreed that each Party relies wholly upon its own judgment, belief, and knowledge and that each Party does not rely on inducements, promises, or representations made by anyone other than those embodied herein.

8.6.    For purposes of clarity, the releases described herein are not intended to, and shall not apply, to claims relating to the enforcement of this agreement.

8.7.    As of the Effective Date, Settlement Class Members shall be enjoined from prosecuting or otherwise pursuing whether directly or in any other capacity any claim they have released in this Settlement against any of Defendants' Released Persons or based on any actions taken by any of Defendants' Released Persons that are authorized or required by this Settlement or by the Final Approval Order and Judgment. It is further agreed that the Settlement may be pleaded as a complete defense to any proceeding or action asserting claims released by this Settlement

## ATTORNEYS' FEES, COSTS, EXPENSES AND SERVICE AWARD

9.1.    <u>Attorneys' Fees, Expenses of Litigation, and Service Awards</u>. Class Counsel will move for an award for attorneys' fees and reimbursement of litigation expenses, and service awards in amounts not to exceed $9,000,000, less payments made for Notice and Costs of Settlement Administration. Wawa agrees not to oppose the motion provided it is consistent with the provisions of this Agreement. Wawa will thereafter cause a sufficient sum to be deposited into the Fees & Costs Fund as provided in Paragraph 4.7.

9.2.    Notwithstanding anything herein, no decision by the Court or modification or reversal or appeal of any decision by the Court that fails to approve, in whole or in part, the amounts of requested Service Awards and/or attorneys' fees, costs, and expenses where the Court has otherwise entered a Final Approval Order and Final Judgment shall alter the Effective Date nor will it be grounds for termination of this Settlement Agreement.  Further, the Effective Date shall not be altered, precluded, or delayed in the event that an appeal is filed, with the sole issues on appeal being the award of attorneys' fees, costs, and/or expenses to Class Counsel and/or Service Award.

If the Court declines to approve, in whole or in part, the requested Service Award and/or attorneys' fees, costs, and expenses in the amount set forth above, or at all, the remaining provisions of this Settlement Agreement will remain in full force and effect. The finality or effectiveness of the Settlement will not be dependent on the Court awarding Class Counsel any particular amount of attorneys' fees or costs or Service Awards.

9.3.    Class Counsel, in their sole discretion, shall allocate and distribute the amount of attorneys' fees, costs, and expenses awarded by the Court among Financial Institution Plaintiffs' counsel of record.

## **TERMINATION**

10.1.    This Settlement is void if it does not receive preliminary and/or final approval from the Court.

10.2.    If Class Counsel notify Wawa that the percentage of Class Members timely and validly excluding themselves from the Settlement Class equals or exceeds a threshold percentage of Settlement Class Members or the Class Members excluding themselves from the Settlement Class issued a number of Impacted Cards that equals or exceeds a threshold of Impacted Cards (the "Exclusion Thresholds"), where such Exclusion Thresholds are set forth in a supplemental agreement signed by the Parties and incorporated into this Agreement ("Supplemental Agreement"), Wawa may terminate this Agreement within fifteen (15) days after receipt of such notice. Wawa shall give written notice to Class Counsel to invoke rights under this Paragraph to terminate the Agreement.

The Parties intend that the Supplemental Agreement shall be specifically disclosed to the Court and offered for *in camera* inspection by the Court at or prior to entry of the Preliminary Approval Order, but, subject to the Court's approval, it shall not be filed with the Court before the expiration of the Exclusion Deadline unless ordered otherwise by the Court. The Parties shall keep the Exclusion Thresholds confidential before the Exclusion Deadline. In the event that the Court directs that the Supplemental Agreement be filed prior to the Exclusion Deadline, no Party shall have any right to any relief by reason of such disclosure.

10.3.   If void, the provisions of this Settlement Agreement will be deemed to have no effect, and the Parties shall be deemed to be in the same litigation position they were in before agreeing to mediation.

10.4.   Defendant shall not solicit, suggest, or encourage Settlement Class Members, either directly or indirectly, to exclude themselves from the Settlement Class.

10.5.   Financial Institution Plaintiffs may terminate this Agreement if the Parties discover that there are more than 35 million Impacted Cards issued by the Settlement Class or that there are more than 7,000 Settlement Class Members. Within fifteen (15) days of confirmation of the number of Class Members, Financial Institution Plaintiffs shall provide written notice to Wawa of their election to terminate this Agreement.

10.6.   If the requirements to terminate the Settlement Agreement set forth in Paragraph 10.2 are met and Wawa provides Class Counsel with notice of its intent to terminate the Settlement Agreement, Class Counsel will have sixty (60) days from the date of such notice for the purposes of communicating with any potential Settlement Class Member that so excluded themselves to attempt to have such Settlement Class Members withdraw their notice of exclusion and remain in the Settlement Class. Such withdrawals shall be effective even if the exclusion is withdrawn after the deadline for exclusion.

10.7.   This Settlement Agreement may be terminated by either Class Counsel or Wawa by serving on counsel for the opposing Party and filing with the Court a written notice of termination within forty-five (45) days (or such longer time as may be agreed between Class Counsel and Wawa) after any of the following occurrences:

   a.   Class Counsel and Wawa mutually agree to termination before the Effective Date;

   b.   the Court rejects or declines to preliminarily or finally approve the Settlement;

   c.   an appellate court affirms the Court's decision not to approve the Settlement;

   d.   an appellate court reverses the Final Approval Order and Judgment, and the Settlement is not reinstated and finally approved without material change by the Court on remand; or

   e.   the Court, or any reviewing appellate court, incorporates material terms or provisions into, deletes or strikes material terms or provisions from, the Settlement Agreement;

10.8   In the event of a termination, as provided for in the Settlement, the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement shall cease to be of any force and effect; and any Court orders approving certification of the Settlement

Class and any other orders entered pursuant to this Agreement shall be deemed null and void and vacated and shall not be used in or cited by any person or entity in support of claims or defenses or in support or in opposition to a class certification motion; the Parties shall return to the *status quo ante* in the Litigation, as if the Parties had not entered into this Settlement. In such an event, the fact of this Settlement, its terms, and that Defendants did not oppose certification of any class under the Settlement, shall not be used or cited by any person or entity, including in any contested proceeding relating to certification of any proposed class.  In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, including all defenses to class certification.  Further, if Wawa elects to terminate the Settlement pursuant to Paragraph 10.2 or if Financial Institution Plaintiffs elect to terminate the Settlement pursuant to Paragraph 10.5, the Parties agree to conduct good faith settlement discussions during a thirty (30) day period following such notice of termination, including renewed mediation if feasible.

## <u>NO ADMISSION OF LIABILITY</u>

11.1.   This Agreement, whether or not consummated, any communications and negotiations relating to this Agreement or the Settlement, and any proceedings taken pursuant to this Agreement:

   a.   Shall not be offered or received against Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Defendant with respect to the truth of any fact alleged by any Plaintiff or the validity of any claim that has been or could have been asserted in the Litigation or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, or of any liability, negligence, fault, breach of duty, or wrongdoing of Defendant;

   b.   Shall not be offered or received against Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by Defendant;

   c.   Shall not be offered or received against Defendant as evidence of a presumption, concession or admission with respect to any liability, negligence, fault, breach of duty, or wrongdoing, or in any way referred to for any other reason as against Defendant, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Agreement; provided, however, that if this Agreement is approved by the Court, the Parties may refer to it to effectuate the liability protection granted them hereunder;

d.   Shall not be construed against Defendant as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

e.   Shall not be construed as or received in evidence as an admission, concession or presumption against Financial Institution Plaintiffs or any member of the putative litigation class, including with respect to the merits of their claims, whether the class may be certified, the merits of any defenses asserted by Wawa, or damages, including the amount of damages recoverable under the Litigation.

11.2.   The Parties understand and acknowledge that this Settlement constitutes a compromise and settlement of disputed claims.   No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with this Settlement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever.

## MISCELLANEOUS

12.1.   <u>Confidentiality.</u> Prior to the filing of the Motion for Preliminary Approval, the Parties agree to keep the Settlement's terms and existence strictly confidential unless otherwise required by law or as reasonably determined by Defendant as necessary or appropriate in order to comply with financial reporting and disclosure obligations. The Limitations in this Section 13.1 shall not apply to: (1) communications between Class Counsel and their clients (including Settlement Class Members); (2) any SEC or other contractual or legal disclosure obligations that Wawa may have; (3) Wawa's communications with its employees; (4) the ability of the Parties to communicate with the payment card brands about the Settlement, in order to facilitate notice to the Settlement Class, as provided in the Settlement Agreement; (5) the ability of Wawa to notify its insurers about the Settlement; (6) the ability of the Parties to communicate with necessary third Parties for the purpose of facilitating the administration of the Settlement.   The Parties may also disclose the Settlement's terms and existence to its insurers or auditors provided that they agree to maintain such information as confidential. Neither party shall make any oral or written statement about the other party that is intended or reasonably likely to disparage the other party, or otherwise degrade the other party's reputation.

12.2.   <u>Escrow Account Bank.</u> Class Counsel shall select the Escrow Agent which shall hold the Settlement Fund and Fees & Costs Fund exclusively in an interest-bearing account or accounts where the principal will not decrease, including certificates of deposit, a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC") or (b) secured by instruments backed by the full faith and

credit of the United States Government. Wawa shall not bear any responsibility for or liability related to the investment of the Escrow Account by the Escrow Account Bank.

12.3.   <u>Singular and Plurals.</u> As used in this Settlement, all references to the plural shall also mean the singular and all references to the singular shall also mean the plural whenever the context so indicates.

12.4.   <u>Binding Effect.</u> This Settlement shall be binding upon, and inure to the benefit of, the Successors and assigns of the Releasing Parties and Defendants' Released Persons.

12.5.   <u>Settlement Class Member Communications.</u>   Wawa shall not communicate with any Settlement Class Member about the Settlement during the pendency of the Settlement approval process, including with respect to exclusion from the Settlement Class or the relief being awarded in the Settlement. For purposes of clarity, this provision restricts only communications regarding the Settlement; it does not purport to limit any other communications.

12.6.   <u>Cooperation of Parties.</u> The Parties to this Settlement agree to cooperate in good faith to prepare and execute all documents, seek Court approval, defend Court approval, and do all things reasonably necessary to complete and effectuate the Settlement, as described herein. Nothing in this provision is intended to limit any Party's right to terminate the Settlement in accordance with its terms.

12.7.   <u>Obligation to Meet and Confer.</u> Before filing any motion in the Court raising a dispute arising out of, or related to, this Settlement, the Parties shall consult with each other and certify to the Court that they have consulted in good faith.

12.8.   <u>Entire Agreement.</u> This Settlement (along with any exhibits attached hereto) constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter hereof. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

12.9.   <u>Drafting</u>. The Parties agree that no single Party shall be deemed to have drafted this Agreement, or any portion thereof, for purpose of the invocation of the doctrine of *contra proferentem*. This Agreement is a collaborative effort of the Parties and their attorneys.

12.10.   <u>Modification or Amendment</u>. This Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties who executed this Agreement or their Successors.

12.11.   <u>Waiver</u>. The failure of a Party hereto to insist upon strict performance of any provision of this Agreement shall not be deemed a waiver of such Party's rights or remedies or a waiver by such Party of any default by another Party in the performance or compliance of any of

the terms of this Agreement. In addition, the waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

12.12. <u>Successors</u>. This Agreement shall be binding upon and inure to the benefit of the Successors and assigns of the Parties thereto.

12.13. <u>Survival</u>. The Parties agree that the terms set forth in this Agreement shall survive the signing of this Agreement.

12.14. <u>No Conflict Intended.</u> Any inconsistency between the headings used in this Settlement and the text of the paragraphs of this Settlement shall be resolved in favor of the text.

12.15. <u>Governing Law.</u> The Settlement shall be construed in accordance with, and be governed by, the laws of the state of Pennsylvania, without regard to the principles thereof regarding choice of law.

12.16. <u>Counterparts.</u> This Settlement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument, even though all signatories do not sign the same counterparts. Original signatures are not required.  Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

12.17. <u>Jurisdiction.</u> The Court shall retain jurisdiction over the implementation, enforcement, and performance of this Settlement and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of, or relating to, this Settlement that cannot be resolved by negotiation and agreement by counsel for the Parties.  The Court shall retain jurisdiction with respect to the administration, consummation, and enforcement of the Settlement and shall retain jurisdiction for the purpose of enforcing all terms of the Settlement.  The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and Settlement Administration.  As part of its agreement to render services in connection with this Settlement Agreement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

12.18. <u>Notices.</u> All notices to Class Counsel provided for herein, shall be sent by overnight mail and email to:

Gary F. Lynch
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 253-6307

gary@lcllp.com

Christian Levis
Anthony M. Christina
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601Tel: (215) 399-4770
clevis@lowey.com

Jeannine M. Kenney
**HAUSFELD LLP**
325 Chestnut Street, Suite 900
Philadelphia, PA 19106
Tel: (215) 958-3270
jkenney@hausfeld.com

Mindee J. Reuben
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1835 Market Street, Suite 2626
Philadelphia, PA 19103
mreuben@litedepalma.com

All notices to Wawa provided for herein, shall be sent by overnight mail and email to:

Gregory T. Parks
Kristin M. Hadgis
**MORGAN LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA 19103
gparks@morganlewis.com
kristin.hadgis@morganlewis.com

Michael Eckhardt
Senior Vice President & General Counsel
Wawa, Inc.
260 W. Baltimore Pike
Wawa, PA 19063
Michael.Eckhardt@wawa.com

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other

DocuSign Envelope ID: 83D1A654-278F-48BC-AB6A-08BD836DA465

with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

12.19.   <u>Authority.</u> Any person executing this Settlement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement to all of the terms and provisions of this Settlement.

DATED: March 3 2023

**ACCEPTED AND AGREED**:

---

Gary F. Lynch
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
gary@lcllp.com
jamisen@lcllp.com

Mindee J. Reuben
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1835 Market Street
Suite 2700
Philadelphia, PA 19103
Tel: (267) 314-7980
Fax: (973) 623-0858
mreuben@litedepalma.com

*Liaison Counsel for Financial Institution Plaintiffs*

---

Christian Levis
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Fax: (914) 997-0035
clevis@lowey.com
achristina@lowey.com

---

Jeannine M. Kenney
**HAUSFELD LLP**
325 Chestnut Street #900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-7201
jkenney@hausfeld.com

*Co-Lead Class Counsel for Financial Institution Plaintiffs*

**COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS**

with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

12.19.   <u>Authority.</u> Any person executing this Settlement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Settlement to all of the terms and provisions of this Settlement.

DATED: March 3 2023

## ACCEPTED AND AGREED:

Gary F. Lynch
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
gary@lcllp.com
jamisen@lcllp.com

Christian Levis
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
Fax: (914) 997-0035
clevis@lowey.com
achristina@lowey.com

Jeannine M. Kenney
**HAUSFELD LLP**
325 Chestnut Street #900
Philadelphia, PA 19106
Tel: (215) 985-3270
Fax: (215) 985-7201
jkenney@hausfeld.com

*Co-Lead Class Counsel for Financial Institution Plaintiffs*

Mindee J. Reuben
**LITE DEPALMA GREENBERG & AFANADOR, LLC**
1835 Market Street
Suite 2700
Philadelphia, PA 19103
Tel: (267) 314-7980
Fax: (973) 623-0858
mreuben@litedepalma.com

*Liaison Counsel for Financial Institution Plaintiffs*

## COUNSEL FOR PLAINTIFFS AND THE SETTLEMENT CLASS

Inspire Federal Credit Union, by:

[Name]   James M. Merrill
[Title]   President / CEO

Insight Credit Union, by:

_____
[Name]
[Title]

Greater Cincinnati Credit Union, by:

_____
[Name]
[Title]

**PLAINTIFFS**

27

Inspire Federal Credit Union, by:

_____
[Name]
[Title]

Insight Credit Union, by:

_Jesse E Dean_____
[Name]  Jesse Dean
[Title]  Chief Risk Officer

Greater Cincinnati Credit Union, by:

_____
[Name]
[Title]

**PLAINTIFFS**

Inspire Federal Credit Union, by:

_____

Insight Credit Union, by:

_____

Greater Cincinnati Credit Union, by:

_Kathy Johnson, Controller_

Kathy Johnson, Controller

**PLAINTIFFS**

Wawa, Inc., by:

DocuSigned by:

*Eckhardt, Michael*

529D145A1328472

Michael J. Eckhardt
Senior Vice President

**DEFENDANT**

DocuSigned by:

*Gregory T. Parks*

3B3216E417BA4D6

Gregory T. Parks
**MORGAN LEWIS & BOCKIUS LLP**
1701 Market Street
Philadelphia, PA 19103
gparks@morganlewis.com

**COUNSEL FOR DEFENDANT WAWA, INC.**

Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**If your financial institution issued one or more payment cards identified as having been at risk as a result of the Data Security Incident that Wawa, Inc. announced on December 19, 2019, your financial institution could get a payment from a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

***Your financial institution's legal rights are affected whether you act or do not act.  Read this Notice carefully.***

- A settlement has been reached to resolve class action lawsuits against Wawa, Inc. ("Wawa") brought by financial institutions as a result of a data security incident Wawa announced on December 19, 2019, which affected approximately 30 million payment cards (the "Data Security Incident").

- In the lawsuits collectively referred to as the "Financial Institution Track" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.), certain financial institutions (the "Financial Institution Plaintiffs") asserted claims on behalf of a class of financial institutions related to the Data Security Incident.  These claims included alleged negligence, negligence *per se*, and injunctive and declaratory relief.  Wawa denies these allegations, any wrongdoing, and any liability to the class of financial institutions.

- Under the Settlement, Wawa will make available, on a claims-made basis, up to $28.5 million to Settlement Class Members who timely submit valid claims. Three types of claims may be made: Cancellation and Replacement Claims ("Tier 1"); Fraud Related Claims ("Tier 2"), and Other Costs – Alternative Claims ("Tier 3"). A Settlement Class Member may make claims under (i) either or both Tier 1 and Tier 2, or (ii) Tier 3. The different types of claims are explained later in this Notice.

- In addition, Wawa has agreed to pay separately up to $9 million (the "Fees & Costs Fund") to cover the costs of Notice, settlement administration, and the Court-approved amounts of attorneys' fees and expense reimbursements. From the same amount, and if approved by the Court, Wawa will pay Service Awards of up to $10,000 to each Settlement Class Representative.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | If eligible, your financial institution will receive a cash payment.  This is the only way to get compensation from the Settlement. |
| **EXCLUDE YOUR FINANCIAL INSTITUTION** | If you ask to be excluded, you will not receive a cash payment, but you may be able to file your own lawsuit against Wawa for the same claims.  This is the only option that leaves your financial institution the right to file its own lawsuit against Wawa and/or Defendants' Released Persons (defined in the Settlement Agreement) for the claims that are being resolved by the Settlement. |
| **OBJECT** | Your financial institution can remain in the Settlement Class and file an objection telling the Court why you do not like the Settlement.  If your objections are overruled, your financial institution will be bound by the Settlement and unable to file its own lawsuit. |
| **DO NOTHING** | If you do nothing, you will not receive any cash payment.  If you do nothing, you will also forfeit your right to sue or bring any claim against Wawa and/or Defendants' Released Persons related to the Data Security Incident. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

**Basic Information**......................................................................................................... **Page 3**

    1. Why did my financial institution get this Notice package?
    2. What is this lawsuit about?
    3. Why is this a class action?
    4. Why is there a settlement?

**Who is Part of the Settlement** .............................................................................**Pages 3–4**

    5. How does a financial institution know if it is part of the settlement?
    6. Are there exceptions to being included?
    7. I am still not sure if my financial institution is included.

**The Settlement Benefits** ......................................................................................**Pages 4–5**

    8. What does the settlement provide?
    9. How much will my financial institution's payment be?

**How To Get a Payment – Submitting a Claim Form** ....................................... **Page 6**

    10. How can my financial institution get a payment?
    11. When would my financial institution get its payment?
    12. What is my financial institution giving up to receive a payment or remain in the Settlement Class?

**Excluding Your Financial Institution from the Settlement** .....................................**Pages 6–7**

    13. How can my financial institution opt out of the settlement?
    14. If my financial institution doesn't opt out, can it sue Wawa for the same thing later?
    15. If my financial institution excludes itself, can it get money from this settlement?

**The Lawyers and Financial Institutions Representing You** .....................................**Pages 7–8**

    16. Does my financial institution have a lawyer in the case?
    17. How will the lawyers and financial institutions representing the Settlement Class be paid?

**Objecting to the Settlement** ..................................................................................**Pages 8–9**

    18. How does a financial institution tell the Court that it does not like the settlement?
    19. What is the difference between objecting and excluding/opting out?

**The Court's Final Approval Hearing**....................................................................**Pages 9–10**

    20. When and where will the Court decide whether to approve the settlement?
    21. Does my financial institution have to attend the hearing?

**If You Do Nothing**...............................................................................................**Page 10**

    22. What happens if my financial institution does nothing at all?

**Getting More Information** ....................................................................................**Page 10**

    23. How do I get more information?

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

# BASIC INFORMATION

**1.   Why did my financial institution get this Notice package?**

Your financial institution may have issued payment cards identified in one of the alerts (or a similar document) sent out by Visa, MasterCard, or Discover related to the Data Security Incident.

The Court in charge of the case is the U.S. District Court for the Eastern District of Pennsylvania, and the lawsuits are known as the "Financial Institution Track" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.). The financial institutions who sued are called the "Financial Institution Plaintiffs," and the company they sued, Wawa, Inc. ("Wawa"), is the "Defendant."

The Court authorized this Notice because you have a right to know about your financial institution's rights under a proposed class action settlement with Wawa before the Court decides whether to approve the Settlement.  If the Court approves the Settlement, and after objections and appeals are resolved, a Settlement Administrator appointed by the Court will make the cash payments that the Settlement allows.

This Notice package explains the lawsuits, the Settlement, your financial institution's rights, what benefits are available, who is eligible for them, and how to get them.

**2.   What is this lawsuit about?**

The class action lawsuits, collectively referred to as the "Financial Institution Track" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.), are related to the Data Security Incident and assert claims against Wawa for alleged negligence and negligence *per se*, and injunctive and declaratory relief.  The Financial Institution Plaintiffs (on behalf of themselves and the class) seek to recover damages in the lawsuits for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs allegedly incurred as a result of the Data Security Incident.  Wawa denies the allegations, any wrongdoing, and **any liability to the Financial Institution Plaintiffs**. The Court has not decided whether Wawa has any legal liability.

**3.   Why is this a class action?**

In a class action, one or more entities called "class representatives" sue on behalf of themselves and other entities with similar claims.  All of these entities together are the "class" or "class members."  One court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

**4.   Why is there a settlement?**

The Court has not decided in favor of Financial Institution Plaintiffs or Wawa. Instead, both sides agreed to the Settlement.  The Settlement is not an admission that Wawa did something wrong, but rather a compromise to end the lawsuits.  By agreeing to settle, both sides avoid the costs, risks, and uncertainties of a trial and related appeals, while providing benefits to members of the Settlement Class.  The Settlement Class Representatives and the attorneys for the Settlement Class think the Settlement is best for all class members.

# WHO IS PART OF THE SETTLEMENT

**5.   How does a financial institution know if it is part of the settlement?**

Your financial institution is a member of the Settlement Class and affected by the Settlement if:

- It is a financial institution in the United States (including its Territories and the District of Columbia); AND

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

o It issued one or more "Alerted On Payment Card," which includes any payment card other than American Express (including debit and credit cards) that was identified as having been compromised by the Data Security Incident: (i) in an alert in the MasterCard series ADC-008258-19; (ii) in an alert in the Visa series US-2019-0520a-PA, US-2019-0520b-PA, US-2019-0520c-PA, US-2019-0520d-PA, US-2019-0520e-PA, or US-2019-0520f-PA; and (iii) any payment card issued by a financial institution identified by Discover in the Litigation; OR

o It issued any payment card, other than American Express, used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

Specifically *excluded* from the Settlement Class are the judge of this Court presiding over this Litigation and its staff and the judges of any other court that preside, or have jurisdiction, over this Litigation or Settlement and their staff; directors, officers, and employees of Wawa; parents and subsidiaries of Wawa, and any entity in which Wawa has a controlling interest; and financial institutions that fall within the Settlement Class definition that timely and validly request exclusion from the Settlement Class.

| 6. | Are there exceptions to being included? |
|----|---|

If your financial institution excludes itself from the Settlement, it is no longer part of the Settlement Class and will no longer be eligible to receive any of the Settlement benefits. This process of excluding your financial institution is also referred to as "opting out" of the Settlement. *See* Question 13 below.

| 7. | I am still not sure if my financial institution is included. |
|----|---|

If you are still not sure whether your financial institution is included, you can ask for free help. You can call 1-855-391-9265 or visit www.WawaFinancialInstitutionSettlement.com for more information. Or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

# THE SETTLEMENT BENEFITS

| 8. | What does the settlement provide? |
|----|---|

Under the Settlement, Wawa will fund, on a claims-made basis, a settlement of up to $28.5 million for Settlement Class Members who timely submit valid claims. Three types of claims may be made: Cancellation and Replacement Claims ("Tier 1"); Fraud Related Claims ("Tier 2"), and Other Costs – Alternative Claims ("Tier 3"). A Settlement Class Member may make claims under (i) either or both Tier 1 and Tier 2, or (ii) Tier 3. The three types of Claims are further explained in the next question.

In addition, Wawa has agreed to pay separately up to $9 million into a "Fees & Costs Fund" to cover the costs of Notice, settlement administration, and the Court-approved amounts of attorneys' fees and expense reimbursements. From the same amount, and if approved by the Court, Wawa will pay Service Awards of up to $10,000 to each Settlement Class Representative.

| 9. | How much will my financial institution's payment be? |
|----|---|

If your financial institution issued an Alerted On Payment Card, or a card used at Wawa during the period of the incident March 4, 2019–December 12, 2019, and does not "opt out" of the Settlement, it may be eligible for a payment under the Settlement. If your financial institution files a timely and valid Claim, the amount your financial institution receives will depend on the type of Claim(s) filed and other variables. The three types of Claims are described below:

- **Cancellation & Replacement Claims (Tier 1)**: Wawa will pay a minimum of $3 million and a maximum of $18.5 million towards approved claims made under this Tier. All Settlement Class Members who submit a valid Claim are eligible to receive a cash payment of $5.00 for each Impacted Card cancelled and replaced between December 12, 2019 and May 1, 2020, in response to the Data Security Incident. On the Claim Form, Class Members making these claims must identify and attest under penalty of perjury as to the total number

**Questions? Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

of cancelled and replaced Impacted Cards on their Claim Form, but Class Members are not required to provide any other documentation. The Settlement Administrator will adjust the per-card payment above $5.00 if the aggregate valid claims for this Tier are below $3 million, but will adjust the per-card payment below $5.00 if the aggregate valid claims for this Tier exceed $18.5 million.

- **Fraud Related Claims (Tier 2)**: Wawa will pay a total amount of up to $8 million towards approved Claims made under this Tier. To make a valid claim under this tier, a Settlement Class Member must provide reasonable supporting documentation to the Settlement Administrator and a statement made under penalty of perjury indicating:

    1) that the Settlement Class Member suffered financial loss in the form of unreimbursed out of pocket absorption or reimbursement to a card holder attributable to fraudulent charges on Impacted Cards;

    2) that the fraudulent charges on the Impacted Cards resulted from a transaction that was either:
        (a) card not present non-CVV; or
        (b) non-EMV processed; and

    3) that occurred between December 12, 2019 and May 1, 2020.

    A "card not present non-CVV" transaction means an online transaction where CVV code information was not requested or required to process the transaction.

    A "non-EMV processed" transaction means a transaction made where the card was present at the time of the transaction but required use of only a card's magnetic stripe to process the transaction, as contrasted with a transaction that requires an EMV chip to process the transaction.

    The Settlement Administrator will value Approved Claims under this tier at the amount of fraud loss validly identified by the Settlement Class Member, up to a maximum of $4,000 per Settlement Class Member. In the event that the total fraud losses validly claimed in all Approved Claims under this tier exceeds $8 million, the Settlement Administrator will reduce the value of all Approved Claims under this tier on a *pro rata* basis until the value of all Approved Claims under this tier reaches exactly $8 million.

- **Other Costs – Alternative Claims (Tier 3):** As an alternative to claims under Tier 1 or Tier 2, a Settlement Class Member may instead file a claim under Tier 3. Wawa shall pay a total amount of up to $2 million to satisfy Approved Claims under this tier. The value of a claim made under this tier will be a fixed amount calculated by dividing $2 million by the estimated number of Settlement Class Members ultimately confirmed in discovery (the "Tier 3 amount"). To illustrate: if there are 5,000 Class Members, the value of a claim under this tier will be $400 per claimant. Settlement Class Members may make a claim under this tier by submitting a validly completed claim form that indicates selection of this tier and attesting that the Settlement Class Member incurred costs as a result of the Data Security Incident. No supporting documentation will be required for this tier.

Settlement Class Members may make claims under (i) either or both Tier 1 and Tier 2, or (ii) Tier 3, but not all three tiers. In other words, a Settlement Class Member may submit a claim in only these forms:

- Tier 1 alone;
- Tier 2 alone;
- Both Tier 1 and Tier 2; or
- Tier 3 alone.

The Tier 3 amount will also serve as a minimum claim value for all Settlement Class Members who submit valid claims. In the event that a Settlement Class Member submits an Approved Claim under Tier 1, Tier 2, or both, but the combined value of such claim is less than the fixed value of a Tier 3 claim, the Settlement Administrator will increase the value of that Settlement Class Member's claim to match the Tier 3 amount and convert the Settlement Class Member's claim into a Tier 3 claim. Any claims converted to Tier 3 claims will not be included in calculation of any *pro rata* adjustment made to Tier 1 and Tier 2 claims under Section 4.6 (a)(i)-(ii) of the Settlement Agreement.

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

## HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM

| **10.  How can my financial institution get payment?** |
| --- |

To qualify for a payment, you must complete and submit a valid Claim Form, which is included with this Notice.  You may also get this Claim Form on the internet at [www.WawaFinancialInstitutionSettlement.com].  All Settlement Class Members that wish to receive compensation must complete and submit a Claim Form and follow its instructions, including submitting supporting documentation as needed.

To properly complete and timely submit a Claim Form, you should read the instructions carefully, include all information required by the Claim Form, sign it, and either submit the signed Claim Form electronically through [www.WawaFinancialInstitutionSettlement.com] by _____, 2023 or mail it to the Settlement Administrator postmarked no later than _____, 2023 at the following address:

Wawa Financial Institution Data Security Settlement
c/o Analytics Consulting LLC, Settlement Administrator
P.O. Box 2009
Chanhassen, MN 55317-2009

The Settlement Administrator will review your claim to determine its validity and the amount of your financial institution's payment.

| **11.  When would my financial institution get its payment?** |
| --- |

The Court will hold a hearing on _____ at _____ a.m./p.m., at the U.S. District Court of the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, Pennsylvania 19106, to decide whether to approve the Settlement (the "Final Approval Hearing").  If the Court approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved and resolving them takes time.  Payments to Settlement Class Members will be made after the Settlement is finally approved and any appeals or other required proceedings have been completed as set forth in the Settlement Agreement.  You may visit [www.WawaFinancialInstitutionSettlement.com] for updates on the progress of the Settlement.  Please be patient.

| **12.  What is my financial institution giving up to receive a payment or remain in the Settlement Class?** |
| --- |

Unless you exclude your financial institution from the Settlement, your financial institution cannot sue or be part of any other lawsuit against Wawa or Defendants' Released Persons (as defined in the Settlement) relating to the Data Security Incident.  The specific claims your financial institution is giving up against Wawa and Defendants' Released Persons are described in the Settlement Agreement.  The terms of the release are described in Section 8 of the Settlement Agreement.  Read it carefully.  The Settlement Agreement is available at [www.WawaFinancialInstitutionSettlement.com].

If you have any questions, you can talk to the law firms listed in Question 16 for free, or you can, of course, talk to your own lawyer if you have questions about what this means.

If your financial institution wants to keep its rights to sue or continue to sue Wawa based on claims this Settlement resolves, your financial institution must take steps to exclude itself from the Settlement Class (*see* Questions 13-15).

## EXCLUDING YOUR FINANCIAL INSTITUTION FROM THE SETTLEMENT

| **13.  How can my financial institution opt out of the settlement?** |
| --- |

To exclude your financial institution from the Settlement, or "opt out," you must send a letter by first-class postage prepaid U.S. mail that includes the information in the bullet points below.  If you fail to include this information, the notice of exclusion will be ineffective and the Settlement Class Member will be bound by the Settlement, including all releases.

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

- The name of this Litigation (the "**Financial Institution Track**" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.).

- Your financial institution's full name, address, and phone number;

- The words "Request for Exclusion" at the top of the document or a statement in the body of the document requesting exclusion from the Settlement;

- The name, address, email address, telephone number, position, and signature of the individual who is acting on behalf of the Settlement Class Member; and

- The total number of Alerted On Payment Cards issued by your financial institution.

You must mail via first-class postage prepaid U.S. mail the completed above-described letter, postmarked no later than _____, 2023, to each of the following addresses:

| Settlement Administrator | Class Counsel | Wawa's counsel |
|---|---|---|
| | Mindee J. Reuben | Gregory T. Parks |
| Wawa Financial Institution Data Security Settlement c/o Analytics Consulting LLC P.O. Box 2009 Chanhassen, MN 55317-2009 | **LITE DEPALMA GREENBERG & AFANADOR, LLC** 1835 Market Street, Suite 2626 Philadelphia, PA 19103 | Kristin M. Hadgis **MORGAN LEWIS & BOCKIUS, LLP** 1701 Market Street Philadelphia, PA 19103 |

If you ask to be excluded, your financial institution will not get any payment as part of this Settlement, and you cannot object to this Settlement. Your financial institution will not be legally bound by anything that happens in the Settlement and related proceedings. Your financial institution may be able to sue (or continue to sue) Wawa in the future. If you object to the Settlement and seek to exclude your financial institution, you will be deemed to have excluded your financial institution.

| **14. If my financial institution doesn't opt out, can it sue Wawa for the same thing later?** |
|---|

No. Unless you exclude your financial institution from the Settlement, your financial institution gives up any right to sue Wawa and Defendants' Released Persons (as defined in the Settlement Agreement) for the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. Your financial institution must exclude itself from this Settlement to continue its own lawsuit. Remember, the exclusion deadline is _____, 2023.

| **15. If my financial institution excludes itself, can it get money from this settlement?** |
|---|

No. If you exclude your financial institution, do not send in a Claim Form asking for a payment.

## THE LAWYERS AND FINANCIAL INSTITUTIONS REPRESENTING YOU

| **16. Does my financial institution have a lawyer in the case?** |
|---|

Yes. The Court appointed to represent your financial institution and other members of the Settlement Class the following law firms: Lynch Carpenter, LLP, in Pittsburgh, Pennsylvania; Lowey Dannenberg, P.C., in White Plains, New York; Hausfeld, LLP in Philadelphia, Pennsylvania: and Lite DePalma Greenberg & Afanador, LLC, in Philadelphia, Pennsylvania (collectively, "Class Counsel."). You will not be charged directly for these lawyers; instead, they will receive compensation from the proceeds of the settlement (subject to Court approval), as described below. If you want to be represented by your own lawyer, you may hire one at your own expense.

**Questions? Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

**17.  How will the lawyers and financial institutions representing the Settlement Class be paid?**

Class Counsel joined with other law firms around the country to initiate the class action lawsuits, consolidate them into a single action, and prosecute the Financial Institutions Track on behalf of the Financial Institution Plaintiffs and Settlement Class Members. Class Counsel worked on a contingent basis, which means that they receive a fee only if the lawsuits are successful. None of the lawyers has yet received any payment for their time or expenses.  The lawyers intend to ask the Court to approve an award of no more than $9 million, to be paid separately by Wawa, as attorneys' fees to compensate them for their time, the financial risk that they undertook, and reimbursement of all litigation expenses incurred.

The Settlement Class is represented by three (3) named financial institutions, Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union (the "Settlement Class Representatives").  In addition to the benefits that the Settlement Class Representatives will receive as members of the Settlement Class—and subject to the approval of the Court—Class Counsel will request that the Settlement Class Representatives each receive Service Awards of no more than $10,000 for the efforts that they have expended on behalf of the Settlement Class. The amount of the Service Awards approved by the Court will be paid separately by Wawa from the $9 million Fees & Costs Fund.

The Court will determine whether to approve the amount of fees and costs and expenses requested by Class Counsel and the proposed Service Awards to the Settlement Class Representatives at the Final Approval Hearing scheduled for _____, 2023.  Class Counsel will file an application for fees, expenses, and Service Awards no later than [14 days before the Opt-out and Objection Deadline].  The application will be available on the Settlement Website (www.WawaFinancialInstitutionSettlement.com) or you can request a copy by contacting the Settlement Administrator (*see* Question 23).

## OBJECTING TO THE SETTLEMENT

**18.  How does a financial institution tell the Court that it does not like the settlement?**

If your financial institution is a Settlement Class Member, you can object to the Settlement if you do not think it is fair, reasonable, or adequate.  You can give reasons why you think the Court should not approve it.  The Court will consider your views.  If you both object to the Settlement and seek to exclude your financial institution, your financial institution will be deemed to have excluded itself (*i.e.*, opted out) and your objection will be deemed null and void.

Your objection must be in writing, and must include:

- The name of this Litigation: the "Financial Institution Track" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.).

- Your financial institution's full name, and the full name, address, email address, and telephone number of the person acting on its behalf;

- An explanation of the basis for why your financial institution is a Settlement Class Member;

- Whether the objection applies only to your financial institution, to a specific subset of the Settlement Class, or to the entire Settlement Class;

- All grounds for the objection stated with specificity, accompanied by any legal support for the objection;

- The identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement Agreement, Class Counsel's request for attorney's fees, costs, and expenses, or the application for Service Awards;

- The identity of all representatives (including counsel representing the objector) who will appear at the Final Approval Hearing;

- A description of all evidence to be presented at the Final Approval Hearing in support of the objection,

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

including a list of any witnesses, a summary of the expected testimony from each witness, and a copy of any documents or other non-oral material to be presented; and

- Your signature on the written objection.

Any objection must be either filed electronically with the Court or mailed to the Clerk of the Court, Class Counsel, *and* Wawa's counsel at the addresses set forth below.  The objection must be electronically filed, or if mailed postmarked, no later than _____, 2023.

| Court | Class Counsel | Wawa's counsel |
|---|---|---|
| Clerk of the Court | Mindee J. Reuben | Gregory T. Parks |
| U.S. District Court | **LITE DEPALMA GREENBERG** | Kristin M. Hadgis |
| Eastern District of Pennsylvania | **& AFANADOR, LLC** | **MORGAN, LEWIS &** |
| James A. Byrne U.S. Courthouse | 1835 Market Street, Suite 2626 | **BOCKIUS, LLP** |
| 601 Market Street | Philadelphia, PA 19103 | 1701 Market Street |
| Philadelphia, PA 19106 | | Philadelphia, PA 19103 |

In addition, any Settlement Class Member that objects to the proposed Settlement Agreement may be required to appear for deposition regarding the grounds for its objection and must provide along with its objection the dates when the objector will be available to be deposed during the period from when the objection is filed through the date five (5) days before the Final Approval Hearing.

### 19.  What is the difference between objecting and excluding/opting out?

Objecting is simply telling the Court that you don't like something about the Settlement.  You can object to the benefits provided by the Settlement or other terms of the Settlement only if your financial institution stays in the Settlement Class.  Excluding your financial institution or "opting out" is telling the Court that you don't want to be included in the Settlement Class.  If your financial institution excludes itself, you have no basis to object to the Settlement and related releases because the Settlement no longer affects you.

## THE COURT'S FINAL APPROVAL HEARING

### 20.  When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at _____ 2023, in Courtroom 10-B before U.S. District Judge Gene E.K. Pratter of the U.S. District Court for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, or at such other time, location, and venue as the Court may Order. This hearing date and time may be moved.  Please refer to the Settlement Website (www.WawaFinancialInstitutionSettlement.com) for notice of any changes.

By no later than [14 days prior to Opt-out and Objection Deadline], Class Counsel shall file a motion for final approval of the Settlement and a motion for attorneys' fees, costs, and expenses and for Service Awards.  By no later than 10 days after the Opt-out and Objection Deadline, responses shall be filed, if any, to any filings by objectors, and any replies in support of final approval of the Settlement and/or Class Counsel's application for attorneys' fees, costs, and expenses and for Service Awards shall be filed.

At the Final Approval Hearing, the Court will consider, among other things, whether the Settlement is fair, reasonable, and adequate; how much Class Counsel will receive as attorneys' fees and costs and expenses; and whether to approve Service Awards to the Settlement Class Representatives.  If there are objections, the Court will consider them.  The Court will listen to people at the hearing who file in advance a timely notice of their intention to appear (*see* Question 18).  At or after the Final Approval Hearing, the Court will decide whether to approve the Settlement.  There is no deadline by which the Court must make its decision.

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

**21.  Does my financial institution have to attend the hearing?**

No.  Class Counsel will answer questions the Court may have.  You are welcome, however, to come at your own expense.  If you submit an objection, you do not have to come to the Court to talk about it.  As long as you submitted your objection timely and in accordance with the requirements for objecting set out of the Settlement (*see* Question 18), the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

## IF YOU DO NOTHING

**22.  What happens if my financial institution does nothing at all?**

If your financial institution is a Settlement Class Member and does nothing, it will remain a part of the Settlement Class but will not get any payments from the Settlement.  And, unless your financial institution excludes itself, it will not be able to sue Wawa about the claims being resolved through this Settlement ever again.  *See* the Settlement Agreement for more details about the releases.

## GETTING MORE INFORMATION

**23.  How do I get more information?**

This Notice summarizes the Settlement.  More details are in the Settlement Agreement itself.  You can get a copy of the Settlement Agreement at ([www.WawaFinancialInstitutionSettlement.com]) or from the Settlement Administrator by calling toll-free 1-855-391-9265.

***Please do not contact the Court or Wawa with questions about the Settlement.***

**Questions?  Call 1-855-391-9265 toll free, or visit www.WawaFinancialInstitutionSettlement.com**

Exhibit 2

## LEGAL NOTICE

**If your financial institution issued one or more payment cards identified as having been at risk as a result of the Data Security Incident that Wawa, Inc. announced on December 19, 2019, your financial institution could get a payment from a class action settlement.**

*A federal court authorized this Notice.  This is not a solicitation from a lawyer.*

***Your financial institution's legal rights are affected whether you act or do not act.  Read this Notice carefully.***

A settlement has been reached to resolve class action lawsuits against Wawa, Inc. ("Wawa") brought by financial institutions as a result of a data security incident Wawa announced on December 19, 2019, which affected approximately 30 million payment cards (the "Data Security Incident"). If your financial institution ("you") qualifies, you may submit a claim form to receive benefits, or you can exclude yourself from the Settlement, or object to it. The U.S. District Court for the Eastern District of Pennsylvania authorized this Notice. Before any money is paid, the Court will have a hearing to decide whether to approve the Settlement.

### Who Is Included?

You are a member of the Settlement Class if:
(1)  You are a financial institution in the United States (including its Territories and the District of Columbia); **and**
(2)  You issued one or more payment cards (including debit and credit cards) identified as having been compromised by the Data Security Incident in an alert or similar document by Visa, MasterCard, or Discover ("Alerted On Payment Card"), or any payment card other than American Express, that was used at a Wawa location between March 4, 2019 and December 12, 2019. (*See* www.WawaFinancialInstituionSettlement.com for more details as to the payment cards that are included.)

### What Is This Case About?

In the class action lawsuits collectively referred to as the "Financial Institution Track" of *In re Wawa, Inc. Data Security Litigation*, Case No. 2:19-cv-06019 (E.D. Pa.), certain financial institutions (the "Financial Institution Plaintiffs") asserted claims against Wawa for alleged negligence and negligence *per se*, and injunctive and declaratory relief related to the Data Security Incident.  The Financial Institution Plaintiffs (on behalf of the Settlement Class) sought to recover damages in the lawsuits for the expense of payment card reissuance, amounts paid to cover fraudulent payment card charges, and other costs allegedly incurred as a result of the Data Security Incident. Wawa denies the allegations, any wrongdoing, and any liability to the Financial Institution Plaintiffs and the Settlement Class. The Court has not decided whether Wawa has any legal liability.

### What Does the Settlement Provide?

Under the Settlement, Wawa will fund a settlement of up to $28.5 million for claims-made payments to Settlement Class Members who timely submit valid claims. Three types of claims may be made: For Cancellation and Replacement Claims (Tier 1), eligible Settlement Class Members who submit a valid claim will receive $5.00 per Alerted On Payment Card that was cancelled and replaced between December 12, 2019 and May 1, 2020, as a result of the Data Security Incident. The per-card payment may be below $5.00 if the aggregate valid claims for this Tier exceed $18.5 million. For Fraud Related Claims (Tier 2), Settlement Class Members may receive up to $4,000 if they file a valid claim for reimbursement of certain documented fraud losses

incurred from transactions that occurred between December 12, 2019 and May 1, 2020, as a direct result of the Data Security Incident. Wawa's maximum obligation for Tier 2 claims is $8 million. More information about the types of claims and the information required to file them is available at the Settlement Website. As an alternative to claims under Tier 1 or Tier 2, a Settlement Class Member may instead file a claim under Tier 3. The value of a claim made under Tier 3 will be a fixed amount calculated by dividing $2 million by the estimated number of Class Members ultimately confirmed in discovery (the "Tier 3 amount"). To illustrate: if there are 5,000 class members, the value of a claim under this tier will be $400 per claimant. The Tier 3 amount will also serve as a minimum claim value for all Class Members who submit valid claims. In addition, if approved by the Court, Wawa will pay up to $9 million in attorneys' fees, expenses, Service Awards for the three Settlement Class Representatives of up to $10,000, and administration costs.

### How Do You Ask for a Payment?

A detailed Notice and Claim Form package contains everything you need.  Just call the number or visit the Settlement Website below to get a Claim Form.  To qualify for a payment, you must send in a complete and valid Claim Form, which can be submitted electronically or by mail.  Claim Forms must be submitted electronically, and if mailed postmarked by, **[Month 00, 2023]**.

### What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must exclude yourself by **[Month 00, 2023],** or you will not be able to sue, or continue to sue, Wawa or any other Defendants' Released Persons (as defined in the Settlement Agreement) for any of the claims resolved by the Settlement.  To exclude yourself, you must provide all required information.  If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement Class but wish to object, you must do so by **[Month 00, 2023]**.  Details for excluding yourself or objecting to the Settlement can be found in the Settlement Agreement available on the Settlement Website.

The Court will hold a hearing in this case at **[TIME]** on **[Month 00, 2023]**, to consider whether to approve the Settlement.  At the hearing, the Court will also consider a request by the lawyers representing all Settlement Class Members for attorneys' fees, costs, and expenses for investigating the facts, litigating the case, and negotiating the Settlement, as well as for Service Awards to the Settlement Class Representatives for their time participating in the case.  You may ask to appear at the hearing, but you do not have to.

For more information, call toll free at 1-855-391-9265 or visit www.WawaFinancialInstitutionSettlement.com.

<u>Exhibit 3</u>

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
*In re Wawa, Inc. Data Security Litigation*,
Case No. 2:19-cv-06019

**PROOF OF CLAIM AND RELEASE**

**If your financial institution issued one or more payment cards identified as having been impacted as a result of the Data Security Incident that Wawa, Inc. ("Wawa") announced in December 2019, you may be eligible to receive a payment from this class action settlement if you submit this Proof of Claim and Release (the "Claim Form") online at www.WawaFinancialInstitutionSettlement.com by 11:59 p.m. Eastern Time on [DATE] or by mail, postmarked no later than [DATE].**

Each Class Member may be entitled to receive a payment from one or more of the following categories of claims: Cancellation and Replacement Claims ("Tier 1"); Fraud Related Claims ("Tier 2"); Other Costs Claims ("Tier 3"). A Class Member may make claims under (i) either or both Tier 1 and Tier 2, or (ii) Tier 3, but **not** under all three Tiers:

- **Cancellation and Replacement Claims (Tier 1)**—A cash payment for each Impacted Card cancelled and replaced between December 12, 2019 and May 1, 2020 in response to the Data Security Incident. No supporting documentation is required.

- **Fraud Related Claims (Tier 2)**—A cash payment up to a maximum of $4,000 per Class Member for unreimbursed out of pocket absorption or reimbursement to a card holder attributable to fraudulent charges on Impacted Cards, that occurred between December 12, 2019 and May 1, 2020 in response to the Data Security Incident. Certain supporting documentation is required.

- **Other Costs Claims (Tier 3)**—As an alternative to Tiers 1 and 2, a cash payment per Class Member if you incurred any costs as a result of the Data Security Incident. No supporting documentation is required.

For Claim Forms to be valid, Claimants must provide all information requested under the "Class Member Information" page and must check and select their respective Tiers of claims. Claimants must also sign the (i) Claim Form attestation that appears at the end of each respective Tier selected, (ii) as well as the Claim Form Verification at the very end of the Claim Form.

Unless otherwise defined, all capitalized terms contained in this Claim Form have the same meaning as in the **Notice of Proposed Class Action Settlement,** (the "Notice") and the Settlement Agreement, which are both available at **www.WawaFinancialInstitutionSettlement.com** (the "Settlement Website"). It is important that you read the Notice. By signing and submitting this Claim Form, you will be certifying that you have read the Notice, including the terms of the Releases described in the Notice under the heading "*What is my financial institution giving up to get a payment or remain in the Settlement Class?*" and provided for in Section 8 of the Settlement Agreement.

## <u>CLASS MEMBER INFORMATION (REQUIRED)</u>

Name of Financial Institution/Class Member: _____

Name of Authorized Representative of Financial Institution/Class Member: _____

Your Title: _____

Mailing Address: _____

City: _____ State: _____ ZIP: _____

**(Note: this will be the mailing address the Settlement Administrator will send your check to)**

Phone: _____

Email Address: _____

Notice ID (from Notice): _____ Confirmation Code (from Notice): _____

❑ **CANCELLATION & REPLACEMENT CLAIMS (TIER 1)**

**Materials to Review Before Submitting this Claim:** Please review your records to determine if your financial institution issued: (1) one or more "Alerted On Payment Cards," which includes any payment card other than American Express (including debit and credit cards) that was identified as having been at risk as a result of the Data Security Incident: (i) in an alert in the MasterCard series ADC-008258-19, (ii) in an alert in the Visa series US-2019-0520a-PA, US-2019-0520b-PA, US-2019-0520c-PA, US-2019-0520d-PA, US-2019-0520e-PA, or US-2019-0520f-PA, and (iii) any payment card issued by a financial institution identified by Discover in the Litigation; *or* (2) issued any payment card, other than American Express, used at Wawa during the period of the incident March 4, 2019–December 12, 2019 (collectively the "**Impacted Cards**").

**Description of Payment:** Wawa has agreed to pay a minimum of $3,000,000 and a maximum of $18,500,000 towards Approved Claims made under this Tier. All Class Members who submit a valid Claim under this Tier are eligible to receive a cash payment of $5.00 for each Impacted Card cancelled and replaced between December 12, 2019 and May 1, 2020 in response to the Data Security Incident. The Settlement Administrator will adjust the per-card payment above $5.00 if the aggregate valid claims for this Tier are below $3,000,000, and will adjust the per-card payment below $5.00 if the aggregate valid claims for this Tier exceed $18,500,000.

**How to Claim Your Payment:** To claim under this Tier, you must identify and attest under penalty of perjury the total number of Impacted Cards you cancelled and replaced between December 12, 2019 and May 1, 2020 in response to the Data Security Incident. You are not required to provide any documentation.

**CLAIM YOUR PAYMENT:** If you wish to claim and receive your payment for Tier 1, please fill in the information below, check the attestation box, and sign the attestation:

1. This financial institution cancelled and replaced _____ Impacted Cards between December 12, 2019 and May 1, 2020 in response to the Data Security Incident.

❑ I attest that this financial institution cancelled and replaced the above number of Impacted Cards between December 12, 2019 and May 1, 2020 in response to the Data Security Incident.
.

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied above is true and correct to the best of my knowledge.

Print Name: _____

On behalf of (Financial Institution/Class Member): _____

Signature: _____

Location: _____

Date: _____

## ❏ **FRAUD RELATED CLAIMS (TIER 2)**

**Materials to Review Before Submitting this Claim:** Please review your records to <u>determine</u> if your financial institution issued: (1) one or more "Alerted On Payment Cards," which includes any payment card other than American Express (including debit and credit cards) that was identified as having been at risk as a result of the Data Security Incident: (i) in an alert in the MasterCard series ADC-008258-19, (ii) in an alert in the Visa series US-2019-0520a-PA, US-2019-0520b-PA, US-2019-0520c-PA, US-2019-0520d-PA, US-2019-0520e-PA, or US-2019-0520f-PA, and (iii) any payment card issued by a financial institution identified by Discover in the Litigation; *or* (2) issued any payment card, other than American Express, used at Wawa during the period of the incident March 4, 2019–December 12, 2019 (collectively the "**Impacted Cards**").

**Description of Payment:** Wawa has agreed to pay a total amount of up to $8,000,000 towards Approved Claims made under this Tier. The Settlement Administrator will value Approved Claims under this Tier at the amount of fraud loss validly identified by the Class Member, up to a maximum of $4,000 per Class Member. In the event that the total fraud losses validly claimed in all Approved Claims under this Tier exceeds $8,000,000, the Settlement Administrator will reduce the value of all Approved Claims under this Tier on a *pro rata* basis until the value of all Approved Claims under this Tier reaches exactly $8,000,000.

**How to Claim Your Payment:** To make a valid claim under this Tier, a Class Member must provide your requested reimbursement amount, submit reasonable supporting documentation to the Settlement Administrator, and a statement made under penalty of perjury indicating:

1. That your financial institution suffered financial loss in the form of unreimbursed out of pocket absorption or reimbursement to a card holder attributable to fraudulent charges on Impacted Cards;

2. That the fraudulent charges on the Impacted Cards resulted from a transaction that was either:
    a. card not present non-CVV;[1] or
    b. non-EMV processed;[2] and

3. That it occurred between December 12, 2019 and May 1, 2020.

**CLAIM YOUR PAYMENT:** If you wish to claim and receive your payment for Tier 2, please fill in the information below, submit and upload the required documentation, check the attestation box, and sign the attestation:

CLICK HERE TO UPLOAD DOCUMENTATION
(If submitting the Claim Form by mail please attach your required documentation)

---

[1] A "card not present non-CVV" transaction means an online transaction where CVV code information was not requested or required to process the transaction.
[2] A "non-EMV processed" transaction means a transaction made where the card was present at the time of the transaction but required use of only a card's magnetic stripe to process the transaction, as contrasted with a transaction that requires an EMV chip to process the transaction.

**Total amount requested for reimbursement**: $_____

❏ I attest that this financial institution (1) suffered financial losses in the form of unreimbursed out of pocket absorption or reimbursement to a card holder attributable to fraudulent charges on Impacted Cards in the above stated amount; (2) that the fraudulent charges on the Impacted Cards resulted from a transaction that was either: (a) card not present non-CVV, or (b) non-EMV processed; and (3) that it occurred between December 12, 2019 and May 1, 2020.

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied above is true and correct to the best of my knowledge.

Print Name: _____

On behalf of (Financial Institution/Class Member): _____

Signature: _____

Location: _____

Date: _____

## ❑ <u>OTHER COSTS – ALTERNATIVE CLAIM (TIER 3):</u>

(If you submit a claim under either or both Tier 1 and Tier 2 above, you are <u>ineligible</u> for Tier 3)

**Description of Payment:** As an alternative to claims under Tier 1 or Tier 2, a Class Member may instead file a claim under Tier 3 for incurred costs as a result of the Data Security Incident. Wawa shall pay a total amount of up to $2,000,000 to satisfy Approved Claims under this Tier. The value of a claim made under this Tier will be a fixed amount calculated by dividing $2,000,000 by the estimated number of Class Members.

**How to Claim Your Payment:** To claim under this Tier, you must attest under penalty of perjury that your financial institution incurred costs as a result of the Data Security Incident. You are not required to provide any documentation.

The Tier 3 amount serves as a *minimum* claim value for all Class Members who submit valid claims. In the event that a Class Member submits an Approved Claim under Tier 1, Tier 2, or both, but the combined value of such claim is less than the fixed value of a Tier 3 claim, the Settlement Administrator will increase the value of that Class Member's claim to match the Tier 3 amount and convert the Class Member's claim into a Tier 3 claim. Any claims converted to Tier 3 claims will not be included in calculation of any *pro rata* adjustment made to Tier 1 and Tier 2 claims.

**CLAIM YOUR PAYMENT:** If you wish to claim and receive your payment for Tier 3, please check the attestation box and sign the attestation below:

❑ I attest that this financial institution incurred costs as a result of the Data Security Incident.
.

I declare under penalty of perjury under the laws of the United States and the state where this Claim Form is signed that the information supplied above is true and correct to the best of my knowledge.

Print Name: _____

On behalf of (Financial Institution/Class Member): _____

Signature: _____

Location: _____

Date: _____

## **CLAIM FORM VERIFICATION (REQUIRED FOR ALL TIERS)**

The Authorized Representative of the Class Member hereby certifies on behalf of the Class Member that:

1.      The financial institution has read the Notice and Claim Form, including the descriptions of the Releases provided for in the Settlement Agreement.

2.      The financial institution is Class Member and is not excluded from the Settlement Class.

3.      The financial institution has not submitted a Request for Exclusion.

4.      The financial institution has not submitted any other claim in this Action and knows of no other person having done so on our behalf.

5.      The financial institution submits to the jurisdiction of the Court with respect to our claim and for purposes of enforcing the releases set forth in any Final Judgment that may be entered in the Action.

6.      The financial institution acknowledges that, as of the Effective Date of the Settlement, pursuant to the terms set forth in the Settlement Agreement, and by operation of law and the Final Judgment, the financial institution shall be deemed to release and forever discharge and shall be forever enjoined from prosecuting any claims relating to the Data Security Incident and the Released Claims against Wawa, Inc. and the Released Parties (as more fully defined in the Settlement Agreement and/or Final Judgment).

7.      I certify that I have legal rights and authorization from the entity to file this Claim Form on the financial institution's behalf.

**By submitting this Claim Form, the Authorized Representative of the Class Member, in addition to the above certifications and acknowledgements, hereby declares under penalty of perjury under the laws of the United States of America and the state where this Claim Form is signed that it is eligible to make a claim in this Settlement and that all statements in this Claim Form, including any attachments, spreadsheets, or written explanations accompanying this Claim Form, which are incorporated by reference herein, are true and correct. The above-named Class Member understands that the claim made in this Claim Form may be subject to audit, verification, and Court review.**

Financial Institution/Class Member: _____

Signature of Authorized Representative of Class Member: _____

Location: _____

Date: _____

**THIS CLAIM FORM MUST BE SUBMITTED ON THE SETTLEMENT WEBSITE NO LATER THAN 11:59 P.M. EASTERN TIME ON [DATE], OR MAILED TO THE SETTLEMENT ADMINISTRATOR BY PREPAID, FIRST-CLASS MAIL POSTMARKED NO LATER THAN [DATE] TO:**

Wawa Financial Institution Data Security Settlement
c/o Analytics Consulting LLC, Settlement Administrator
P.O. Box 2009
Chanhassen, MN 55317-2009

**PLEASE KEEP A COPY OF THIS CLAIM FORM AND ATTACHMENTS IF SUBMITTING BY MAIL.**

Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE WAWA, INC. DATA SECURITY LITIGATION** | **Case No. 2:19-cv-06019** |
| | **The Honorable Gene E.K. Pratter** |
| *This Document Applies to the Financial Institutions Track* | |

**[PROPOSED] ORDER**
**PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT,**
**SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING**
**THE PROPOSED FORM AND PLAN OF CLASS NOTICE**

This matter is before the Court on Financial Institution Plaintiffs' Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union ("Financial Institution Plaintiffs") Unopposed Motion for Preliminary Approval of the Settlement (the "Motion"), for themselves and on behalf of the Settlement Class, and the Defendant Wawa, Inc. ("Wawa" or "Defendant") for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.

Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is likely to be certified for settlement purposes, and the proposed notice plan is approved.[1]

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

Accordingly, good cause appearing in the record, Financial Institution Plaintiffs' Motion

is **GRANTED**, and **IT IS HEREBY ORDERED THAT**:

### **Provisional Certification of the Settlement Class**

(1)     The Court finds that it is likely to certify the following Settlement Class:

> All financial institutions in the United States (including its Territories
> and the District of Columbia) that issued payment cards (other than
> American Express) that either: (a) were Alerted On Payment Cards; or
> (b) were used at Wawa during the period of the incident March 4,
> 2019–December 12, 2019.

This above Settlement Class is preliminarily certified for purposes of settlement only.

(2)      The Court determines that for settlement purposes the proposed Settlement Class

likely meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that

the Settlement Class is so numerous that joinder of all members is impractical; that there are

common issues of law and fact; that the claims of the Settlement Class Representatives are

typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly

and adequately protect the interests of the Settlement Class as they have no interests antagonistic

to or in conflict with the Settlement Class and have retained experienced and competent counsel

to prosecute this matter; that common issues predominate over any individual issues; and that a

class action is the superior means of adjudicating the controversy.

(3)     Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union,

and Greater Cincinnati Credit Union are preliminarily designated and appointed as the

Settlement Class Representatives.

(4)     The following lawyers are preliminarily designated as Class Counsel pursuant to

Fed. R. Civ. P. 23(g): Gary F. Lynch of Lynch Carpenter LLP; Christian Levis of Lowey

Dannenberg, P.C.; Jeannine M. Kenney of Hausfeld LLP; and Mindee J. Reuben of Lite

DePalma Greenberg & Afanador, LLP. The Court finds that Mr. Lynch, Mr. Levis, Ms. Kenney, and Ms. Reuben are experienced and will adequately protect the interests of the Settlement Class.

## Preliminary Approval of the Proposed Settlement

(5)     Upon preliminary review as required under Rule 23(e)(2), the Court finds it will likely be able to preliminarily approve the proposed Settlement, that the Settlement appears to be fair, reasonable, and adequate, and that it warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

## Final Approval Hearing

(6)     A Final Approval Hearing shall take place before the Court on _____, 2023, at _____ a.m./p.m. in Courtroom 10-B before U.S. District Judge Gene E.K. Pratter for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Financial Institution Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") (ECF No. 128) and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, expenses, and notice and administration costs should be approved; (f) the application for Service Awards to the Settlement Class Representatives should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the Final Approval Hearing.

(7)     Any Settlement Class Member that has not timely and properly excluded itself

from the Settlement Class in the manner described below, may appear at the Final Approval

Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the

proposed Settlement; provided, however, that no Settlement Class Member that has elected to

exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and,

further provided, that no Settlement Class Member shall be heard in opposition to the Settlement

unless the Settlement Class Member complies with the requirements of this Order pertaining to

objections, which are described below.

## Administration

(8)     Analytics Consulting LLC is preliminarily appointed as the Settlement

Administrator, with responsibility for claims administration, the notice program, and all other

obligations of the Settlement Administrator as set forth in the Settlement Agreement.

(9)     Pursuant to Paragraph 4.7 of the Settlement Agreement ("Settlement Agreement"

or "SA") (ECF No. ___), separate and apart from the compensation to Settlement Class

Members, Wawa has agreed to pay a lump sum of $9,000,000 to cover payment of attorneys'

fees and expenses, Service Awards, and the costs of settlement administration.

(10)     The Court preliminarily approves the establishment of the Escrow Accounts

defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of

the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated

thereunder.

## Notice to the Class

(11)    The Notice Program set forth in SA § 5, including the forms of Notice and Claim

Form attached as exhibits to the Settlement, satisfies the requirements of Federal Rule of Civil

Procedure 23 and due process and thus are preliminarily approved. Non-material modifications

to the exhibits may be made without further order of the Court.

(12)    The Settlement Administrator is directed to carry out the Notice Program in

conformance with the Settlement Agreement and to perform all other tasks that the Settlement

Agreement requires.

(13)    The Court finds that the form, content, and method of giving notice to the

Settlement Class, as described in SA § 5 and Exhibits 1–3 (ECF Nos. _____) therefore: (a)

constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under

the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms

of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable

and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and

(d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement

of due process, and any other legal requirements. The Court further finds that the notice is

written in plain language, uses simple terminology, and is designed to be readily understandable

by Settlement Class Members.

## Exclusions from the Settlement Class

(14)    The proposed procedures for Settlement Class Members to request to be excluded

(i.e., "opt-out") from the Settlement Class and explanations of those procedures set forth in

Exhibits 1 and 2 to the Settlement Agreement are hereby preliminarily approved.

(15)    If a Settlement Class Member fails to provide all of the required information on or

before the deadlines specified in the Settlement Agreement, then its attempt to opt-out shall be

invalid and have no legal effect, and the Settlement Class Member shall be bound by the

Settlement, including the releases, if finally approved.

5

(16)     All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement Agreement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(17)     The Settlement Administrator shall provide the Parties with copies of all opt-out notifications promptly upon receipt and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement Agreement.

### Objections to the Settlement

(18)     The proposed procedures for Settlement Class Members to request to object to the Settlement, the Service Awards Request, and/or the Fee Request (an "Objection") and the explanations of those procedures set forth in Exhibits 1 and 2 to the Settlement Agreement are hereby preliminarily approved.

(19)     A Settlement Class Member that complies with the requirements of this Order and the Settlement Agreement may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(20)     For the avoidance of any doubt, no objection of any Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member in support of an objection shall be considered by the Court unless an objecting

Settlement Class Member complies with the requirements stated in the Long Form Notice, Exhibit 1 to the Settlement Agreement. Any Settlement Class Member that fails to comply with the provisions of the Notice shall waive and forfeit any and all rights it may have to make an objection, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved.

(21)    Any Settlement Class Member who both objects to the Settlement and opts-out will be deemed to have opted-out and the objection shall be deemed null and void.

(22)    If the Final Judgment is entered, any Settlement Class Member that fails to make an Objection in the manner prescribed herein shall be deemed to have waived its Objections and shall be forever barred from making any such Objections related to the Complaint or in any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof, including any approval in the Final Judgment of the Settlement Agreement, the Service Awards Request, and/or the Fee Request.

### Claims Process

(23)    The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(24)    Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and

procedures specified in the Notice and Claim Form shall be forever barred from receiving any

such benefit but will in all other respects be subject to and bound by the provisions of the

Settlement, including the releases included in the Settlement Agreement, and the Final Approval

Order and Judgment.

## Termination of the Settlement and Use of this Order

(25)    This Order shall become null and void and shall be without prejudice to the rights

of the Parties, all of which shall be restored to their respective positions existing immediately

before this Court entered this Order, if the Settlement is not finally approved by the Court or is

terminated in accordance with the terms of the Settlement Agreement. In such event, the

Settlement shall become null and void and be of no further force and effect, and neither the

Settlement (including any Settlement-related filings) nor the Court's orders, including this Order,

relating to the Settlement shall be used or referred to for any purpose whatsoever.

(26)    If the Settlement is not finally approved or there is no Effective Date under the

terms of the Settlement Agreement, then this Order shall be of no force or effect; shall not be

construed or used as an admission, concession, or declaration by or against Wawa of any fault,

wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or

declaration by or against any Settlement Class Representative or any other Settlement Class

Member that its claims lack merit or that the relief requested is inappropriate, improper,

unavailable; and shall not constitute a waiver by any party of any defense (including without

limitation any defense to class certification) or claims it may have in this Litigation or in any

other lawsuit.

**Stay of Proceedings**

(27)    Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(28)    The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Summary of Deadlines**

(29)    Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

(30)    The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

| Event | Date Calculation | Date |
|---|---|---|
| Class Notice Conclusion Deadline<br><br>Last Day for Settlement Administrator to Effectuate Initial Mail and Publication Notice<br><br>Last Day for Establishment of Settlement Website | No Later Than Thirty (30) Days After Entry of this Preliminary Approval Order (the "Notice Date") | _____, 20___ |
| Deadline to File Settlement Administrator's Declaration | No Later Than Ninety (90) Days After Entry of | _____, 20 |

| | | |
|---|---|---|
| Regarding Implementation of Notice Plan | the Preliminary Approval Order | |
| Deadline for Postmark/Email Deadline for Requests for Exclusion (i.e., Opt-Outs) (the "Exclusion Bar Date")<br><br>Deadline for Filing and Service Deadline for Objections (the "Objection Deadline") | No Later Than One Hundred (100) Days After Entry of the Preliminary Approval Order | _____, 20___ |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No Later Than Ten (10) Days After Exclusion Bar Date | _____, 20___ |
| Deadline to File Oppositions to Objections | No Later Than Ten (10) Days After the Objection Deadline | _____, 20___ |
| Deadline For Settlement Administrator to Send Reminder U.S. Mail Post Card Notice to Settlement Class Members | No Later Than Thirty (30) Days Prior to the Claim Filing Deadline | _____, 20___ |
| Claim Filing Deadline | No Later Than One Hundred Fifty (150) Days After Entry of the Preliminary Approval Order | _____, 20___ |
| Deadline to File Motion for Final Approval of the Settlement | No Later Than Fourteen (14) Days Prior to the Objection Deadline | _____, 20___ |
| Deadline to File Motion for Attorneys' Fees Reimbursement of Costs and Expenses, and Service Awards | No Later Than Fourteen (14) Days Prior to the Objection Deadline | _____, 20___ |
| Final Approval Hearing | No Earlier Than One Hundred and Twenty (120) Days After Entry of the Preliminary Approval Order | _____, 20___ |

**IT IS SO ORDERED,** this ____ day of _____, 2023.

_____
HON. GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

Exhibit 5

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION | **Case No. 2:19-cv-06019** |
| | **The Honorable Gene E.K. Pratter** |
| *This Document Applies to the Financial Institutions Track* | |

**[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT**

On _____, 2023, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. ___) of the Settlement between the Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union ("Financial Institution Plaintiffs"), on their own behalf and on behalf of the Settlement Class, and the Defendant Wawa, Inc. ("Wawa" or "Defendant"), as memorialized in Settlement Agreement, Exhibit A (ECF No. ___) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On _____, 2023, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised with notice of the nature and pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing;

On _____, 2023, Plaintiffs filed their Motion for Final Approval of the Class Action Settlement ("Final Approval Motion") and accompanying Memorandum of Law

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement (ECF No. ___) except as may otherwise be indicated.

and supporting exhibits, and Class Counsel filed their Application for Attorneys' Fees, Expenses, Notice and Administration Costs, and Service Awards and accompanying Memorandum of Law and supporting exhibits ("Fee Application");

On _____, 2023, the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing all claims in the Financial Institution Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") (ECF No. 128) *with prejudice*. Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator (ECF No. ___) confirming that the Notice Program was completed in accordance with the Parties' instructions and the Preliminary Approval Order;

Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement, the award of attorneys' fees, expenses, notice and administration costs, and the payment of Service Awards;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Wawa, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, and having reviewed the materials in support thereof, and good cause appearing in the record and Plaintiffs' Final Approval Motion is **GRANTED**:

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

2.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

3.      The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

4.      This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5.      The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6.      The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7.      ___ (___) objections were filed by Settlement Class Members. The Court has considered any objections and finds the objections do not counsel against Settlement approval, and any objections are hereby overruled in all respects.

8.      All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9.      ___ (___) putative Settlement Class Members have timely and validly elected to opt-out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members").

## CLASS CERTIFICATION

10.     For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All financial institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (other than American Express) that either: (a) were Alerted On Payment Cards; or (b) were used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

11.     The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a), and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to

prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12.     The Court grants final approval to the appointment of the Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13.     The Court grants final approval to the appointment, pursuant to Rule 23(g), of Gary F. Lynch of Lynch Carpenter LLP; Christian Levis of Lowey Dannenberg, P.C.; Jeannine M. Kenney of Hausfeld LLP; and Mindee J. Reuben of Lite DePalma Greenberg & Afanador, LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

14.     The Court grants final approval to the appointment of Analytics Consulting, LLC as the Settlement Administrator.

### NOTICE TO THE SETTLEMENT CLASS

15.     The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

16.     The Court finds that Wawa has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

### OTHER PROVISIONS

17.     The Parties to the Settlement shall carry out their respective obligations thereunder.

18.     Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

19.     As of the Effective Date, the Settlement Class Representatives and all other Settlement Class Members, each on behalf of itself and any predecessors, successors, or assigns, and any other entity purporting to claim through or on behalf of them directly or indirectly, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaint, including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) Wawa's information security policies and practices; (b) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (c) Wawa's response to and notices about the Data Security Incident; (d) the fraudulent use of any Alerted On Payment Cards

(e) the cancellation and reissuance of any Alerted On Payment Cards; and (f) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted On Payment Cards or the Data Security Incident (the "Released Claims").

20.     For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation: any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

21.     As of the Effective Date, Wawa shall be deemed to have completely released and forever discharged the Releasing Parties from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs,

attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

22.     "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representatives, does not know or suspect to exist in its favor at the time of the release of Defendants' Released Persons that, if known by it, might have affected its settlement with, and release of, the Defendants' Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement.

23.     With respect to any and all Released Claims, upon the Effective Date, the Settlement Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, Wawa and each of the Releasing Parties shall be deemed to have acknowledged that such party is aware that such party may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Settlement Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

24.     Wawa is hereby enjoined from prosecuting in any proceeding against any Releasing Parties, any Released Claim, or any other claim based on any actions taken by any of the Releasing Parties that are authorized or required by the Settlement Agreement or by this Final Judgment. Each Releasing Party is hereby enjoined from prosecuting in any proceeding against any Defendants' Released Persons, any Released Claim, or any other claim based on any actions taken by any of Defendants' Released Persons that are authorized or required by the Settlement Agreement or by this Final Judgment. The Settlement Agreement and/or this Final Judgment may be pleaded as and shall operate as a complete defense to any such proceeding.

25.     This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Wawa of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability

of any kind on the part of Wawa or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

26.     This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

27.     The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

28.     The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and *with prejudice*, without fees or costs to any Party except as provided in this Final Approval Order and Judgment and any Fee and Expense Order the Court may enter.

29.     Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect

whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

30.     Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

31.     Class Counsel's request for attorneys' fees and expenses and Settlement Class Members' application for a Service Award shall be the subject of a separate order by the Court.

32.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

33.     This Final Judgment shall constitute a **JUDGMENT** for purposes of Rule 58 of the Federal Rules of Civil Procedure.

34.     Pursuant to Fed. R. Civ. Pro. 54(b), the Court determines that there is no just reason for delay and expressly **DIRECTS** that this Final Judgment be, and hereby is, entered as a final and appealable order.

35.     The Clerk of Court shall **TERMINATE** all open matters and **CLOSE** the case.


**IT IS SO ORDERED,** this _____ day of _____, 2023.

_____
HON. GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE