UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION  *This Document Applies to the Financial Institutions Track* | Case No. 2:19-cv-06019  The Honorable Gene E.K. Pratter |

**[PROPOSED] ORDER
PRELIMINARILY APPROVING THE PROPOSED CLASS ACTION SETTLEMENT,
SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING
THE PROPOSED FORM AND PLAN OF CLASS NOTICE**

This matter is before the Court on Financial Institution Plaintiffs' Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union ("Financial Institution Plaintiffs") Unopposed Motion for Preliminary Approval of the Settlement (the "Motion"), for themselves and on behalf of the Settlement Class, and the Defendant Wawa, Inc. ("Wawa" or "Defendant") for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved.

Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class is likely to be certified for settlement purposes, and the proposed notice plan is approved.[1]

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

1

Accordingly, good cause appearing in the record, Financial Institution Plaintiffs' Motion is **GRANTED**, and **IT IS HEREBY ORDERED THAT**:

**Provisional Certification of the Settlement Class**

(1) The Court finds that it is likely to certify the following Settlement Class:

> All financial institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (other than American Express) that either: (a) were Alerted On Payment Cards; or (b) were used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

This above Settlement Class is preliminarily certified for purposes of settlement only.

(2) The Court determines that for settlement purposes the proposed Settlement Class likely meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the Settlement Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

(3) Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union are preliminarily designated and appointed as the Settlement Class Representatives.

(4) The following lawyers are preliminarily designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g): Gary F. Lynch of Lynch Carpenter LLP; Christian Levis of Lowey Dannenberg, P.C.; Jeannine M. Kenney of Hausfeld LLP; and Mindee J. Reuben of Lite

DePalma Greenberg & Afanador, LLP. The Court finds that Mr. Lynch, Mr. Levis, Ms. Kenney, and Ms. Reuben are experienced and will adequately protect the interests of the Settlement Class.

**Preliminary Approval of the Proposed Settlement**

(5)     Upon preliminary review as required under Rule 23(e)(2), the Court finds it will likely be able to preliminarily approve the proposed Settlement, that the Settlement appears to be fair, reasonable, and adequate, and that it warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

(6)     A Final Approval Hearing shall take place before the Court on _____, 2023, at _____ a.m./p.m. in Courtroom 10-B before U.S. District Judge Gene E.K. Pratter for the Eastern District of Pennsylvania, James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Financial Institution Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") (ECF No. 128) and Litigation should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorneys' fees, expenses, and notice and administration costs should be approved; (f) the application for Service Awards to the Settlement Class Representatives should be approved. Any other matters the Court deems necessary and appropriate will also be addressed at the Final Approval Hearing.

(7) Any Settlement Class Member that has not timely and properly excluded itself from the Settlement Class in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude itself from the Settlement Class shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

## Administration

(8) Analytics Consulting LLC is preliminarily appointed as the Settlement Administrator, with responsibility for claims administration, the notice program, and all other obligations of the Settlement Administrator as set forth in the Settlement Agreement.

(9) Pursuant to Paragraph 4.7 of the Settlement Agreement ("Settlement Agreement" or "SA") (ECF No. ___), separate and apart from the compensation to Settlement Class Members, Wawa has agreed to pay a lump sum of $9,000,000 to cover payment of attorneys' fees and expenses, Service Awards, and the costs of settlement administration.

(10) The Court preliminarily approves the establishment of the Escrow Accounts defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.

## Notice to the Class

(11) The Notice Program set forth in SA § 5, including the forms of Notice and Claim Form attached as exhibits to the Settlement, satisfies the requirements of Federal Rule of Civil

4

Procedure 23 and due process and thus are preliminarily approved. Non-material modifications to the exhibits may be made without further order of the Court.

(12)     The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement and to perform all other tasks that the Settlement Agreement requires.

(13)     The Court finds that the form, content, and method of giving notice to the Settlement Class, as described in SA § 5 and Exhibits 1–3 (ECF Nos. \_\_\_\_\_) therefore: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

## Exclusions from the Settlement Class

(14)     The proposed procedures for Settlement Class Members to request to be excluded (i.e., "opt-out") from the Settlement Class and explanations of those procedures set forth in Exhibits 1 and 2 to the Settlement Agreement are hereby preliminarily approved.

(15)     If a Settlement Class Member fails to provide all of the required information on or before the deadlines specified in the Settlement Agreement, then its attempt to opt-out shall be invalid and have no legal effect, and the Settlement Class Member shall be bound by the Settlement, including the releases, if finally approved.

(16) All Settlement Class Members who submit valid and timely notices of their intent to be excluded from the Settlement shall not receive any benefits of or be bound by the terms of the Settlement. Any Settlement Class Member that does not timely and validly exclude itself from the Settlement shall be bound by the terms of the Settlement. If Final Judgment is entered, any Settlement Class Member that has not submitted a timely, valid written notice of exclusion from the Settlement (in accordance with the requirements of the Settlement Agreement) shall be bound by all subsequent proceedings, orders and judgments in this matter, the Settlement, including but not limited to the releases set forth in the Settlement, and the Final Approval Order and Judgment.

(17) The Settlement Administrator shall provide the Parties with copies of all opt-out notifications promptly upon receipt and a final list of all that have timely and validly excluded themselves from the Settlement Class in accordance with the terms of the Settlement Agreement.

## Objections to the Settlement

(18) The proposed procedures for Settlement Class Members to request to object to the Settlement, the Service Awards Request, and/or the Fee Request (an "Objection") and the explanations of those procedures set forth in Exhibits 1 and 2 to the Settlement Agreement are hereby preliminarily approved.

(19) A Settlement Class Member that complies with the requirements of this Order and the Settlement Agreement may object to the Settlement, the request of Class Counsel for an award of attorneys' fees, costs, and expenses, and/or the request for Service Awards.

(20) For the avoidance of any doubt, no objection of any Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member in support of an objection shall be considered by the Court unless an objecting

Settlement Class Member complies with the requirements stated in the Long Form Notice, Exhibit 1 to the Settlement Agreement. Any Settlement Class Member that fails to comply with the provisions of the Notice shall waive and forfeit any and all rights it may have to make an objection, and shall be bound by all the terms of the Settlement, this Order, and by all proceedings, orders, and judgments, including, but not limited to, the releases in the Settlement, if finally approved.

(21)   Any Settlement Class Member who both objects to the Settlement and opts-out will be deemed to have opted-out and the objection shall be deemed null and void.

(22)   If the Final Judgment is entered, any Settlement Class Member that fails to make an Objection in the manner prescribed herein shall be deemed to have waived its Objections and shall be forever barred from making any such Objections related to the Complaint or in any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof, including any approval in the Final Judgment of the Settlement Agreement, the Service Awards Request, and/or the Fee Request.

## Claims Process

(23)   The Settlement Agreement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

(24)   Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice and the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and

procedures specified in the Notice and Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement Agreement, and the Final Approval Order and Judgment.

### Termination of the Settlement and Use of this Order

(25)     This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement Agreement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

(26)     If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement Agreement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Wawa of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that its claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims it may have in this Litigation or in any other lawsuit.

**Stay of Proceedings**

(27)     Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

**Continuance of Final Approval Hearing**

(28)     The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**Summary of Deadlines**

(29)     Unless otherwise specified, the word "days," as used herein, means calendar days. In the event that any date or deadline set forth herein falls on a weekend or federal or state legal holiday, such date or deadline shall be deemed moved to the first business day thereafter.

(30)     The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

| Event | Date Calculation | Date |
|---|---|---|
| Class Notice Conclusion Deadline<br><br>Last Day for Settlement Administrator to Effectuate Initial Mail and Publication Notice<br><br>Last Day for Establishment of Settlement Website | No Later Than Thirty (30) Days After Entry of this Preliminary Approval Order (the "Notice Date") | _____, 20___ |
| Deadline to File Settlement Administrator's Declaration | No Later Than Ninety (90) Days After Entry of | _____, 20 |

| | | |
|---|---|---|
| Regarding Implementation of Notice Plan | the Preliminary Approval Order | |
| Deadline for Postmark/Email Deadline for Requests for Exclusion (i.e., Opt-Outs) (the "Exclusion Bar Date") <br><br> Deadline for Filing and Service Deadline for Objections (the "Objection Deadline") | No Later Than One Hundred (100) Days After Entry of the Preliminary Approval Order | _____, 20___ |
| Deadline to File Opt-Out List and Settlement Administrator Declaration | No Later Than Ten (10) Days After Exclusion Bar Date | _____, 20___ |
| Deadline to File Oppositions to Objections | No Later Than Ten (10) Days After the Objection Deadline | _____, 20___ |
| Deadline For Settlement Administrator to Send Reminder U.S. Mail Post Card Notice to Settlement Class Members | No Later Than Thirty (30) Days Prior to the Claim Filing Deadline | _____, 20___ |
| Claim Filing Deadline | No Later Than One Hundred Fifty (150) Days After Entry of the Preliminary Approval Order | _____, 20___ |
| Deadline to File Motion for Final Approval of the Settlement | No Later Than Fourteen (14) Days Prior to the Objection Deadline | _____, 20___ |
| Deadline to File Motion for Attorneys' Fees Reimbursement of Costs and Expenses, and Service Awards | No Later Than Fourteen (14) Days Prior to the Objection Deadline | _____, 20___ |
| Final Approval Hearing | No Earlier Than One Hundred and Twenty (120) Days After Entry of the Preliminary Approval Order | _____, 20___ |

**IT IS SO ORDERED,** this _____ day of _____, 2023.

                                                                _____
                                                                HON. GENE E.K. PRATTER
                                                                UNITED STATES DISTRICT JUDGE