IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE WAWA, INC.<br>DATA SECURITY LITIGATION | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION |
| This document applies to the Financial<br>Institutions Track. | : <br> : | No. 19-6019<br>and all related cases |

## ORDER

**AND NOW**, this 12th day of October, 2023:

WHEREAS Plaintiffs Inspire Federal Credit Union, Greater Cincinnati Credit Union, and Insight Credit Union (together, "Financial Institutions" or "Plaintiffs") brought claims on behalf of themselves and all others similarly situated, and have entered into a Settlement Agreement with Defendant Wawa, Inc. ("Wawa") dated March 3, 2023 (Doc. No. 360-4) (the "Settlement Agreement");

And upon consideration of the Financial Institutions' Unopposed Motion for an Order Authorizing Notice of Proposed Class Action Settlement ("Motion") and the various documents contained in the Motion (Doc. No. 360), and the preliminary approval hearing held on September 28, 2023, having reviewed the Settlement Agreement and its accompanying and supporting papers,[1] and for the reasons set forth in the accompanying Memorandum, it is **ORDERED** as follows:

---

[1] For the purposes of this Order, if not defined in the Order itself, capitalized terms have the definitions set forth in the Settlement Agreement (Doc. No. 360-4), which is incorporated by reference.

### A. Preliminary Approval of the Settlement

1. The Court has assessed the fairness, reasonableness, and adequacy of the Settlement and finds that, at the final approval stage, the Court likely will be able to approve the Settlement under the criteria set forth in Federal Rule of Civil Procedure 23(e)(2) and certify the Settlement Class under the criteria set forth in Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and that, therefore, notice to Settlement Class Members is warranted.

2. The Court preliminarily approves the Settlement on the terms set forth in the Settlement Agreement, subject to further consideration of any and all matters then extant at the Final Approval Hearing. *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

### B. Appointment of the Settlement Administrator

3. The Court has considered the background information concerning the Settlement Administrator proposed by Plaintiffs, and appoints Analytics Consulting, LLC to serve in this position. The Settlement Administrator is authorized to conduct the settlement administration procedures as set forth in the Settlement Agreement.

4. Pursuant to the Settlement Agreement, the cost of the Settlement Administrator's services, and all other reasonable costs of settlement administration, shall be paid out of a lump sum fund that Wawa has agreed to pay for all of the following activities and expenses: notice and administration costs, any attorneys' fees and expenses awarded by the Court, and any service awards to Class Representatives that the Court may authorize.

5. The Court preliminarily approves the establishment of the Escrow Accounts defined in the Settlement Agreement as a qualified settlement fund pursuant to Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated in connection with that provision.

## C. Approval of the Settlement Notice and Notice Program

6. Pursuant to Rules 23(c)(2)(B) and 23(e)(1) of the Federal Rules of Civil Procedure, the Court approves the form, substance, and requirements of the Notice Program, as defined and described in the Settlement Agreement, including the forms of Notice and Claim Form attached as exhibits to the Settlement (Doc. No. 360-4). Non-material modifications to the exhibits may be made without further order of the Court to correct for any typographical, grammatic, or similar errors. The Notice Program shall commence within thirty (30) days of the entry of this Order.

7. The Long Form Notice reasonably explains Settlement Class Members' rights and responsibilities, and adequately details the nature of the action; the Settlement Class definition; how to file a claim; Settlement Class Members' rights to make an appearance with an attorney; request exclusion from the Settlement Class and object to the Settlement; the scope of the release of Wawa; and the binding effect of a Class judgment. *See* Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

8. The Long Form Notice also explains that Class Counsel may request up to $9,000,000 in the aggregate for attorneys' fees, reimbursement of expenses, the costs of settlement administration, and service awards of $10,000 for each named Class Representative.

9. The Court finds that the Notice Program approved by this Order meets the requirements of Federal Rule of Civil Procedure 23 and due process, is reasonable, and constitutes the best notice practicable under the circumstances.

## D. Provisional Certification of the Settlement Class

10. Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies, for settlement purposes only, the following Settlement Class:

> All financial institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (other than American Express) that either: (a) were Alerted On Payment Cards; or (b) were used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

11. The Court finds, for settlement purposes only, that the Settlement Class meets all prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, including: (a) that the Settlement Class is so numerous that joinder of all members is impracticable; (b) that there are questions of law and fact common to the Settlement Class; (c) that the claims of the representative parties are typical of the claims of the class; (d) that Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the Settlement Class; (e) that common questions of law and fact predominate over questions affecting only individual Settlement Class Members; and (f) that certification of the Settlement Class is superior to all other available methods for the fair and efficient resolution of the claims of Settlement Class Members as articulated in this case.

12. For settlement purposes only, the Court appoints Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union as Settlement Class Representatives.

13. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court appoints Gary F. Lynch of Lynch Carpenter LLP; Christian Levis of Lowey Dannenberg, P.C.; Jeannine M. Kenney of Hausfeld LLP; and Mindee J. Reuben of Lite DePalma Greenberg & Afanador, LLP as Class Counsel. Class Counsel shall ensure that the Notice Program and Claims Administration services contemplated by the Settlement Agreement are timely and properly implemented.

14. The Court approves the Opt-Out and Objection procedures detailed in the Settlement Agreement.

15. Any Class members who wish to exclude themselves from the Settlement Class must follow the Opt-Out procedures described in the Long Form Notice, including filing any Opt-Out Request by the Opt-Out Deadline specified below. Any Class Members who exclude themselves from the Settlement Class are not eligible to object to the Settlement thereafter.

16. Any Settlement Class Members who wish to object to the Settlement must follow the objection procedures described in the Long Form Notice, including filing any Objection by the Objection Deadline specified below.

17. At least thirty (30) calendar days prior to the Final Approval Hearing, Wawa shall file with the Court proof of its compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b) as to service of notice of the proposed Settlement upon the appropriate state and federal officials.

18. Pursuant to Federal Rule 23(e)(2), the Court will hold a Final Approval Hearing at a to-be-determined time, no earlier than 180 days after entry of this Order, in Courtroom 10B of the United States Courthouse, 601 Market Street, Philadelphia, PA 19106 for the following purposes:

    a. to determine whether the proposed Settlement is fair, reasonable, and adequate and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

    b. to determine whether the Settlement Class should receive final certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3);

    c. to determine whether a Final Judgment should be entered dismissing the claims of the Settlement Class against Wawa with prejudice, as required by the Settlement Agreement;

    d. to consider the request for service awards to the Class Representatives;

    e. to consider Class Counsel's motion for an award of attorneys' fees, litigation expenses, and payment of settlement administration expenses;

    f. to consider any objections submitted by Settlement Class Members; and

      g. to consider such other matters as the Court may deem appropriate.

E. **Schedule for Motion for Final Approval and Final Approval Hearing**

19. The Court establishes the following sequential schedule for future settlement approval events.[2]

| Event | Time for Compliance | Date |
|---|---|---|
| Creation of Settlement Website | 30 days after entry of Preliminary Approval Order | November 13, 2023 |
| Notice Issuance Date | 30 days after entry of Preliminary Approval Order | November 13, 2023 |
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | 90 days after entry of Preliminary Approval Order | January 10, 2024 |
| Opt-Out and Objection Deadline | 105 days after entry of Preliminary Approval Order | January 25, 2024 |
| Claims Deadline | 120 days after entry of Preliminary Approval Order | February 9, 2024 |
| Deadline for Motion in Support of Final Approval of Settlement | 150 days after entry of Preliminary Approval Order | March 11, 2024 |
| Final Approval Hearing | No earlier than 180 days after entry of Preliminary Approval Order | To be determined |

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[2] Some dates vary slightly to account for dates that would otherwise have fallen on a weekend or holiday.