UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION *This Document Applies to the Financial Institutions Track* | Case No. 2:19-cv-06019<br><br>The Honorable Michael M. Baylson |

FINANCIAL INSTITUTION PLAINTIFFS' MOTION TO EXTEND
AUGUST 12, 2024 SETTLEMENT CLAIMS DEADLINE AND AMEND SCHEDULE

Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union ("FI Plaintiffs") respectfully move the Court for an Order extending the claims and other deadlines (except for final approval) relating to their settlement with defendant Wawa, Inc. ("Wawa").[1]

**Background Regarding the Settlement, Claim Types, and Notice Process**

1.      FI Plaintiffs initiated the financial institution track action against Wawa beginning in January 2020, shortly after the company announced a data beach had compromised its payment card environment (the "Data Security Incident"), exposing more than 30 million payment cards.

2.      The FI Plaintiffs and the proposed class they represent are financial institutions (banks, credit unions, etc.) that issued one or more of the payment cards identified as having

---

[1] FI Plaintiffs provided Wawa (through counsel) with a copy of their draft motion on Thursday, July 18, 2024. Counsel met and conferred on Tuesday, July 23, 2024; Wawa's counsel advised that they would respond later this week. FI Plaintiffs provided a slightly revised motion to Wawa's counsel on Thursday, July 25, 2024, and advised Wawa that they intended to file their motion this morning, on Friday, July 26, 2024, given the upcoming claims deadline. As of this filing, Wawa has not conveyed its position to FI Plaintiffs.

1001552.1

been potentially exposed in the Data Security Incident. Consolidated Amended Class Action Complaint ("CACAC"), ECF No. 128, ¶¶ 7–9, 61.

3.  As a result of the Data Security Incident, FI Plaintiffs alleged they incurred damages including, *inter alia*, the costs of cancelling and reissuing payment cards, costs to refund fraudulent charges which occur on the compromised payment cards prior to their cancellation and reissuance, costs to investigate such fraudulent charges, costs to monitor the compromised card accounts, and loss of revenue (*e.g.*, interest and transaction fees) resulting from decreased card usage. CACAC ¶ 6.

4.  After extensive negotiations beginning in December 2021 and concluding in March 2023, the Parties reached a proposed class action settlement agreement, which, if ultimately given final approval by the Court, will resolve all pending claims. The Parties moved for preliminary approval of the proposed agreement and authorization of their plan for notifying class members on March 10, 2023. ECF No. 360.  The motion was granted on October 12, 2023. ECF Nos. 411-412.

5.  The Settlement relief includes: (i) up to $18.5 million in payments to financial institutions to cover card cancellation and replacement costs at base rate of $5.00 per replaced card; (ii) up to $8 million in compensation for fraudulent charges incurred on compromised cards, with each financial institution eligible to receive up to $4,000; and (iii) an alternative option for Settlement Class Members to elect a fixed payment expected to be about $407 (based on a pro rata division of $2 million by the number of Settlement Class Members), if the financial institution attests that it incurred some cost in dealing with the Data Security Incident. *See* Settlement Agreement, ECF No. 360-4, §§ 8.1–8.7.

1001552.1

6.     The first two categories of relief require information from Settlement Class Members' internal records (that is not otherwise available) in order to distribute the Settlement funds. Specifically, this information includes: 1) the number of impacted payment cards the Settlement Class Member cancelled and replaced, and 2) the amount and documentation of fraudulent charges incurred by the Settlement Class Member on impacted cards. These two forms of financial loss are believed by FI Plaintiffs' Counsel to represent the primary forms of damages Settlement Class Members suffered as a result of the Data Security Incident.

### Procedural Status

7.     On October 12, 2023, the Honorable Gene E.K. Pratter entered an Order granting preliminary approval to the settlement between FI Plaintiffs and Wawa, appointing a settlement administrator, approving a plan for and the timing of notice, and appointing settlement class counsel.  ECF No. 412 ("Original Order").  Per the Original Order (which did not include a final approval hearing date), notice was to issue within thirty (30) days of entry of the Order. *Id.* The Original Order provided for a 4-month claims period that would have begun in November 2023. All deadlines were keyed to the grant of preliminary approval.

8.     Shortly before the commencement of the FI Plaintiffs' notice program, the Third Circuit issued an Opinion in the Consumer Track of this litigation, *In re Wawa, Inc. Data Security Litig.*, 85 F.4th 712 (3d Cir. 2023).  Although the Opinion does not relate to this Financial Institution Track, the Parties determined that it would be prudent to evaluate the Opinion in the context of the Financial Track Settlement, and moved for and obtained a brief stay of the claims administration deadlines. ECF Nos. 416, 417.

9.     FI Plaintiffs then moved to amend the schedule set forth in the Original Order, again keying deadlines to date of entry of the Court's order, using the same time intervals after

3

entry as under the Original Order. ECF No. 434, 434-2 at 2. On March 14, 2024, the Court entered an order setting specific amended deadlines as well as providing a date for the final approval hearing.  ECF Nos. 434, 436 ("Amended Order").[2]  The Amended Order provides the following deadlines which presently govern this litigation:

| Event | Deadline |
|---|---|
| Creation of Settlement Website | April 12, 2024 (completed) |
| Notice Issuance Date | April 12, 2024 (completed) |
| Deadline to Opt-Out and Object to Settlement | June 26, 2024 (completed – only one opt-out and no objections) |
| Claims Deadline | August 12, 2024 |
| Deadline for Motion in Support of Final Approval of Settlement | October 9, 2024 |
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | October 9, 2024 |
| Deadline to Object to Attorneys' Fees, Expenses, and Service Awards | October 29, 2024 |
| Deadline to Respond to Objections to Settlement Agreement and Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards | November 18, 2024 |
| Final Approval Hearing | Wednesday, December 18, 2024 at 10:00 a.m. |

**Status of Notice**

10.     To date, and consistent with the foregoing schedule as well as the approved plan of notice, FI Plaintiffs have issued direct notice, summary notice via publication in the ABA Banking Journal Digital Edition, email notice, and a postcard reminder notice.

11.     No objections have been filed, and only two requests to opt-out of the settlement have been submitted.

---

[2] The Court originally granted the motion to amend on March 13, 224 (ECF No. 435), but inadvertently re-entered the dates from the original order into the amended order.  The dates were corrected the next day, March 14, 2024, in ECF No. 436.

1001552.1

12. In addition to the original notice plan, FI Plaintiffs have engaged in additional efforts to notify potential Settlement Class Members of the ability to file a claim. These additional efforts—which are ongoing—include:

a. Successfully encouraging the Independent Community Bankers of America ("ICBA") to include information about the settlement—including the claim deadline and a link to the settlement website—in its newsletter. The newsletter is sent to the entire membership of the ICBA, which represents community banks with approximately 50,000 locations nationally. The ICBA has agreed to provide additional reminders to its membership regarding the settlement as we approach the claims deadline.

b. The Credit Union ("CU") Times was engaged to send a co-branded email in June, July, and August to its readership regarding the settlement, as well as to post an article about the settlement for an unlimited duration of time (up to 50,000 views). The CU Times serves credit union professionals and has a membership of approximately 16,000 members who have received and will continue to receive the co-branded emails and have access to the article.

c. Successfully encouraging the CrossState Credit Union Association to include a summary of the settlement in their *Daily Newsletter* with a link to a set of FAQs about the settlement that Class Counsel created. CrossState also plans to repost information about the settlement in its weekly *Compliance Connection Weekly* communication. CrossState serves more than 500 credit unions across PA and NJ and is one of the largest regional credit union associations in the nation with 5 million members.

d. Outreach to individual and multi-state credit union associations with high percentages of Settlement Class Members to encourage them to publicize information about the settlement and the claims process (and the claims deadline), and obtaining additional contact information for further outreach to additional credit union associations,

**Relief Requested: Extension of the Claims Period**

13. Although the claims period has several weeks remaining, FI Plaintiffs' Counsel believe that, given the recent and upcoming newsletters, notices, and information being provided to Settlement Class Members through their associations described above, Settlement Class Members would benefit from additional time to file their claims.

14. Unlike other settlements in payment card data breach class actions brought on behalf of financial institutions that compensated Settlement Class Members for each card "alerted on" (*i.e.*, identified by Visa, Mastercard or Discover as potentially compromised) this Settlement requires Settlement Class Members to compile internal records—*e.g.*, reflecting the number of cards they reissued or the fraud losses incurred—before they can file a claim. This settlement structure allows for a more precise allocation of settlement funds towards the Settlement Class Members that sustained higher actual out-of-pocket losses. While that will result in a greater amount of per-card compensation to financial institutions that participate (compared to prior settlements of similar cases),[3] the compilation of internal records necessary to

---

[3] *E.g.*, *In re Target Customer Data Sec. Breach Litig.*, No. 0:14-md-02522, ECF No. 653-2 at 3, ¶ 2.1 (D. Minn.) (providing option to claim $1.50 per alerted-on card); *In re Home Depot Customer Data Sec. Breach Litig.*, No. 1:14-md-02583, ECF No. 327-3 at 29, ¶ 2.1 (N.D. Ga.) (providing option to claim $2.00 per alerted-on card); *In re Arby's Rest. Grp., Inc. Data Sec. Litig.*, No. 1:17-cv-0514, ECF No. 307-2 at 25 ¶ 2 (N.D. Ga.) (less than $2.00 per card); *First Choice Fed. Credit Union v. Wendy's Co.*, No. 2:16-cv-00506, ECF No. 185-1 at 31 ¶ 2.1 (W.D. Pa.) (providing option to claim equal pro rata payment per alerted-on card); *Veridian Credit*

6

file a claim requires additional work, and that supports allowing Settlement Class Members additional time to complete the process. This is especially true given that the bulk of the claims period falls during the summer months, when Settlement Class Members, especially smaller FI's, are likely short staffed due to travel or other engagements.

15.     In order to ensure that Settlement Class Members are not being deterred from filing claims either due to the issues mentioned above, or because they are unaware of the settlement, FI Plaintiffs request the Court extend the claim deadline. This will provide additional time for the relevant associations to disseminate information, including helpful FAQs to their members that may assist them in filing a claim.

16.     Extending the deadline will also allow FI Plaintiffs' Counsel to engage in additional outreach to Settlement Class Members who have not yet filed claims and answer questions or provide assistance if necessary. Because the claims rate is lower than expected based on Settlement Class Counsel's experience, Settlement Class Counsel believe that an extension to the claims period is appropriate to help ensure that more Class Members are able to recover damages from this settlement.

17.     FI Plaintiffs thus request a brief extension of the remainder of the deadlines in the Amended Order (with the exception of the final approval hearing date) as follows:

| Event | Current Date | Proposed Revised Date |
| --- | --- | --- |
| Claims Deadline | August 12, 2024 | September 30, 2024 |
| Deadline for Motion in Support of Final Approval of Settlement | October 9, 2024 | October 30, 2024 |

---

*Union v. Eddie Bauer LLC*, 2:17-cv-00356, ECF No. 164-1 at 6 ¶ 33(a) (W.D. Wash.) (providing option to claim $2.00 per alerted-on card, subject to pro rata adjustment); *Arkansas Federal Credit Union v. Hudson's Bay Co.*, No. 19-cv-4492, ECF No. 86-1 at 10 ¶ 4.4(a)(ii)(1) (S.D.N.Y.) (providing option to claim $1.85 per alerted-on card); *Greater Chautauqua Federal Credit Union v. Kmart Corp.*, No 1:15-cv-02228, ECF No. 100-1 at 38 (N.D. Ill.) (providing between $1 to $2.38 per alerted-on card).

| | | |
|---|---|---|
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | October 9, 2024 | October 30, 2024 |
| Deadline to Object to Attorneys' Fees, Expenses, and Service Awards | October 29, 2024 | November 15, 2024 |
| Deadline to Respond to Objections to Settlement Agreement and Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards | November 18, 2024 | November 27, 2024 |
| Final Approval Hearing | December 18, 2024 at 10:00 a.m. (Eastern time) | December 18, 2024 at 10:00 a.m. (Eastern time) |

     18.    For the foregoing reasons, FI Plaintiffs respectfully request entry of the attached proposed order.

Dated: July 26, 2024          Respectfully submitted,

/s/ Mindee J. Reuben
Mindee J. Reuben (PA ID 75308)
**LITE DEPALMA GREENBERG**
  **& AFANADOR, LLC**
1515 Market Street
Suite 1200
Philadelphia, PA 19102
Telephone: (215) 854-4060
Email: mreuben@litedepalma.com

*Liaison Counsel for Financial Institution Plaintiffs*

Gary F. Lynch (PA ID 56887)
Jamisen A. Etzel (PA ID 311554)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Email: gary@lcllp.com
Email: jamisen@lcllp.com

8

1001552.1

Christian Levis (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Email: clevis@lowey.com

Anthony M. Christina (PA ID 322528)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Email: achristina@lowey.com

Jeannine M. Kenney (PA ID 307635)
**HAUSFELD LLP**
325 Chestnut St #900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Email: jkenney@hausfeld.com

*Co-Lead Class Counsel for Financial Institution Plaintiffs*

1001552.1