IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION  *This Document Applies to the Financial Institution Track* | Case No. 2:19-cv-06019-MMB  The Honorable Michael M. Baylson |

**DEFENDANT WAWA, INC.'S OPPOSITION TO FINANCIAL INSTITUTION TRACK PLAINTIFFS' MOTION TO EXTEND AUGUST 12, 2024 SETTLEMENT CLAIMS DEADLINE AND AMEND SCHEDULE**

Gregory T. Parks
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

*Attorneys for Defendant Wawa, Inc.*

Defendant Wawa, Inc. ("Wawa") respectfully submits this Opposition to the Motion to Extend the August 12, 2024 Settlement Claims Deadline and Amend Schedule (ECF No. 447) filed by the Financial Institution Track Plaintiffs ("Plaintiffs"). As part of the Settlement Agreement between Wawa and Plaintiffs, the parties agreed to a four-month claims period for class members to submit claims that Wawa would pay. Plaintiffs knew when they submitted the Motion for Preliminary Approval on March 10, 2023 that the four-month claims period would be keyed to the date on which Judge Pratter granted preliminary approval. *See* ECF No. 360. Likewise, Plaintiffs knew when they moved to amend the notice schedule on March 8, 2024 that the four-month claims period would be keyed to the date on which Judge Pratter entered the amended schedule. *See* ECF Nos 416, 434, 435. Judge Pratter entered the schedule agreed-upon by the parties and in the parties' submission to her six days later, on March 14, 2024, making the end of the claims period August 12, 2024. *See* ECF No. 436. Plaintiffs fail to cite any justification for enlargement of the claims period beyond that agreed upon by the parties.

As Plaintiffs acknowledge, the Settlement Agreement was the result of "extensive negotiations beginning in December 2021 and concluding in March 2023." Mot. ¶ 4. Those negotiations yielded a four-month claims period, one of many factors that had to be balanced and compromised to reach a settlement. That deal between the parties should be binding. It is well-established that the court's role in administering a class action settlement is not to rewrite the settlement or alter its terms. *See Becker v. Bank of New York Mellon Tr. Co.*, N.A., No. CV 11-6460, 2018 WL 6727820, at *9 (E.D. Pa. Dec. 21, 2018) (holding that Rule 23 "does not authorize the court to require the parties to accept a settlement to which they have not agreed"). Indeed, the Court "ha[s] no power to modify any terms and force acceptance on the parties to the agreement." *Id.* (quoting *In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*,

553 F. Supp. 2d 442, 490 (E.D. Pa. 2008)); *see also Ehrheart v.Verizon Wireless*, 609 F.3d 590, 593 (3d Cir. 2010) ("A district court is not a party to the settlement, nor may it modify the terms of a voluntary settlement agreement between parties.").

Because the claims period and deadline is one the parties agreed to and inserted in the Settlement Agreement, this situation stands in stark contrast to *In re Cendant Corp. PRIDES Litigation*, 233 F.3d 188 (3d Cir. 2000). There, the parties submitted a blank form to the District Court and invited the District Court to select and write in a claims deadline. *Id.* at 190. The Third Circuit held that because the District Court set the claims deadline, the District Court could exercise its discretion to allow late-filed claims. *Id.* at 193. The fact that the District Court, and not the parties, selected the claims period and deadline was crucial to the holding. *Id.* at 193-94 ("the deadline had been left blank and was set by the court"); *see also Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F. Supp. 2d 440, 446 (S.D.N.Y. 2004) (distinguishing *Cendant*'s holding as involving deadlines that "were established in the first instance by the court and were not subject to negotiation between the parties").

By contrast, the claim filing deadline here was part of the heavily negotiated Settlement Agreement negotiated by the Parties. ECF No. 360-4, attached hereto as Exhibit A ("Settlement Agreement"), ¶ 2.4. The Parties agreed as part of the Settlement Agreement that the claims period would begin 30 days following the Court's preliminary approval of the Settlement, and that the claims filing deadline would be "no later than 150 days after entry of the Preliminary Approval Order." *Id.*; *see also* Ex. 4, ¶ 30 (in proposed order preliminarily approving settlement, stating that the "Settlement, as preliminary approved in this Order, shall be administered according to its terms pending the Final Approval Hearing," including a claims period to begin "no later than thirty (30)

2

days after entry of this preliminary approval order" and a claims filing deadline "no later than one hundred fifty (150) days after entry of the preliminary approval order").

In granting preliminary approval of the settlement, Judge Pratter set the claims deadline as agreed upon by the Parties in the Settlement Agreement. ECF No. 412 ¶ A.1 (preliminarily approving the Class Settlement "on the terms set forth in the Settlement Agreement, subject to further consideration of any and all matters then extant at the Final Approval Hearing," and setting the claims deadline "120 days after entry of Preliminary Approval Order," consistent with the Parties' Settlement Agreement). Judge Pratter then delayed the start of the claims period, at the Parties' request, while she considered potential impact of the Third Circuit's ruling in *In re Wawa, Inc. Data Security Litig.*, 85 F.4th 712 (3d Cir. 2023). That does not change the fact that the parties, and not Judge Pratter, decided the length of the claims period. *See* ECF No. 436. Enlargement of the claims period absent agreement of the Parties would be an improper rewriting of a material term of the Parties' Settlement Agreement.

Even if adjustment of the claims deadline were permissible under the circumstances, there has been no change in circumstances that would justify modification of the agreed-upon claims period, and the reasons set forth in Plaintiffs' Motion are not compelling. Plaintiffs claim that an extension is necessary "given the recent and upcoming newsletters, notices, and information being provided to Settlement Class Members." Mot. ¶¶ 12-13. Plaintiffs' efforts to provide notice go beyond what was contemplated by the Settlement Agreement and was previously approved by the Court as meeting the requirements of Rule 23. The Notice Program approved by the Court included "(1) Direct U.S. First-Class Mail Long Form Notice to potential Settlement Class Members identified in discovery . . . , (2) reminder U.S. Mail Post Card Notice mailed no later than thirty (30) days prior to the Claims Filing Deadline, (3) Summary Notice published in online

3

or print publications targeted to banking or other publications as determined by the Settlement Administrator to be reasonably calculated to reach Settlement Class Members, and (4) published Notice on the dedicated Settlement Website." Settlement Agreement ¶ 5.4. To the extent Plaintiffs are concerned that Class Members may not yet be aware of the Settlement despite notice already provided pursuant to the Notice Program, Plaintiffs fail to explain why they could not have undertaken additional outreach efforts during the weeks and months preceding the filing of their Motion.

In a further effort to justify extension of the agreed-upon claims deadline, Plaintiffs claim that compiling records to support a claim "requires additional work." Mot. ¶ 14.  One hundred twenty days is more than sufficient time for financial institutions to perform the "additional work" required to gather simple records regarding replaced cards and fraudulent charges and submit a claim.

Finally, it bears noting that Plaintiffs' Motion is not based on any request for an extension from Class Members themselves.  Nor is it based on situations presented by Class Members who contend that "excusable neglect" or extenuating circumstances prevented the Class Members from meeting the deadline.  Instead, Plaintiffs speculate that Class Members "are likely short staffed due to travel or other engagements."[1]  *Id.*   Ultimately, Plaintiffs' request appears rooted in their concern that "the claims rate is lower than expected." *Id.* ¶ 16.  Plaintiffs' disappointment that fewer Class Members than they expected have submitted claims, despite ample notice of the Settlement, hardly justifies rewriting the parties' Settlement Agreement.

---

[1] Plaintiffs also claim that "the bulk of the claims period falls during the summer months." *Id.* In actuality, the bulk of the claims period fell in the spring (April 12 until June 19).  Moreover, Plaintiffs knew in March when submitting the proposed order with the August 12 deadline that the deadline would fall in August and felt no compunction to request a change at that time.

4

For these reasons, Wawa respectfully requests that the Court deny Plaintiffs' Motion to Extend the August 12, 2024 Settlement Claims Deadline and Amend Schedule (ECF No. 447).

Dated:  August 9, 2024

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

<u>*/s/ Gregory T. Parks*</u>
Gregory T. Parks
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
gregory.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com
terese.schireson@morganlewis.com

*Attorneys for Defendant Wawa, Inc.*

5

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2024, the foregoing was served via the Court's ECF system upon all counsel of record.

/s/ *Gregory T. Parks*
Gregory T. Parks

Case 2:19-cv-06019-KBH   Document 448   Filed 08/09/24   Page 7 of 7