UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION | Case No. 2:19-cv-06019 <br><br> The Honorable Kelley Brisbon Hodge |
| *This Document Applies to the Financial Institutions Track* | |

**FINANCIAL INSTITUTION PLAINTIFFS' REPLY
IN FURTHER SUPPORT OF MOTION TO EXTEND
AUGUST 12, 2024 SETTLEMENT CLAIMS DEADLINE
AND AMEND SCHEDULE (ECF NO. 447)**

The primary issue confronting the Court is whether the schedule in the *proposed* order submitted to the Court with the preliminary approval papers may be modified by the Court. The answer to that question is a definitive "yes", because the deadlines had always been left to the Court's discretion, and it is well-settled that the Court has the authority to modify its own orders and deadlines with good cause.

Here, there is good cause to permit the proposed—and very modest—six-week extension of the claims deadline. As discussed in more detail below, additional outreach to Class Members in response to a lower-than-expected claims rate appears to have paid off: in just the past three weeks, following the supplemental notice described below, the claims rate jumped from 4.4% to 11.6%. Extending the deadline will not affect Wawa's bargained-for cap on exposure, and it will not affect the Court's schedule because the proposed changes will not modify the date for final approval. Extending the deadline will fairly and reasonably ensure that those Class Members who wish to file claims can take advantage of the relief Wawa already agreed to make available.

1003869.1

**The Court Always Had the Discretion
to Set, Modify, or Adjourn Deadlines in the Settlement Agreement**

Federal Rule of Civil Procedure 6(b)(1)(A) permits a court, for "good cause," to extend a deadline to act if a request is made (as it was here) before the deadline expires. Courts also have a "general equitable power to define the scope of class action judgments and settlements." *In re Cendant Corp.*, 189 F.R.D. 321, 323 (D.N.J. 1999), *aff'd*, 233 F.3d 188 (3d Cir. 2000). Both the express terms of the proposed preliminary approval order incorporated into the Settlement Agreement and Rule 6 permit the Court to extend the claims filing deadline here where the request is made before the deadline expired and there is good cause to do so.

The Settlement Agreement required Financial Institution ("FI") Plaintiffs to submit a *proposed* order in substantially the form that was attached to the agreement (which they did). Settlement Agreement at ¶ 5.1 (ECF No. 360-4) ("A proposed Preliminary Approval Order shall be submitted with the Motion for Preliminary Approval and shall be substantially in the form set forth in Exhibit 4."). The proposed order, a copy of which is attached hereto as Exhibit 4 (corresponding to its reference in the Settlement Agreement), contains a *proposed*. But it was the Court that had (and has) the ultimate discretion to accept, reject, or modify the dates and deadlines leading up to final approval. This is consistent with both the purpose of Rule 23(e) and the Court's role under Rule 23(e) in serving as "fiduciary" and "guardian" to protect the claims and rights of unnamed class members. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) (citations omitted).

The parties' settlement expressly contemplated that the Court would have discretion to modify the settlement schedule, including the deadline to file claims. Paragraph 28 of the proposed preliminary approval order incorporated into the Settlement Agreement as Exhibit 4 and submitted with the motion for preliminary approval provided:

> **The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines** without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

Exhibit 4, Proposed Order at Par. 28 (Doc. 360-4) (emphasis added). Having bargained for the Court's discretion to adjourn or continue all related deadlines, Wawa cannot now claim that it would somehow rewrite the Settlement Agreement were the Court to make a reasonable adjustment to the schedule based on good cause. Moreover, the actual dates in the proposed order were left blank, just as they were in *In re Cendant Corp. PRIDES Litig.*, 233 F.3d 188 (3d Cir. 2000), the case relied upon by Wawa. In short, it was the transmission of the agreed-upon proposed order with the proposed schedule in it that was material and essential to the Settlement Agreement, and not the Court-selected dates.

### Good Cause Exists for an Extension of the Claims Deadline

Good cause exists for the six-week extension of claims deadlines sought by FI Plaintiffs. After implementing the Court-approved notice plan, Class Counsel and the claims administrator observed a surprisingly lower-than-expected response rate given their prior experience with the same group of financial institutions in other cases. *See* Motion to Extend August 12, 2024 Settlement Class Claims Deadline and Amend Schedule (ECF No. 447) at n.3 (comparing prior settlements). Following feedback from several Class Members, and in consultation with the claims administrator, Class Counsel implemented several additional notice efforts to help reach Class Members.

By way of example, beginning in May 2024, Class Counsel reached out to members of the Independent Community Bankers of America via its newsletter, and reached an agreement with the Credit Union Times for co-branded email blasts to its membership in June, July, and August as well as a resident article (up to 50,000 views, unlimited duration of time). Class Counsel's

efforts continued throughout the summer and included, *inter alia*, outreach to the Credit Union National Association, CrossState Credit Union, American Association of Credit Union Leagues, and Americas Credit Unions. Most recently, Class Counsel served an additional round of direct mail notice on Settlement Class Members that had not filed claims and Class Counsel reached out personally to hundreds of Settlement Class Members through a variety of means, including direct emails to leadership of Settlement Class Members, personalized letters to leadership and general counsel (as available) of Settlement Class Members, and LinkedIn and Facebook messaging.[1] *See* Declaration of Mindee J. Reuben at Par. 6, submitted herewith.

In just the past three weeks, the claims rate has increased from 4.4% (July 22) to 7.2% (August 6) to 11.6% (as of the morning of Monday, August 12).[2] Reuben Decl. at Par. 7-9. The significant increase in the claims rate in response to the enhanced efforts to reach Class Members provides good cause to extend the claims deadline, to ensure that Class Members are provided relief that Wawa has already agreed to pay. Class Counsel and the claims administrator acted quickly to respond to the low claims rate and to identify appropriate enhancements to the notice program to deploy more targeted notice to Class Members. The increase in response shows that these changes were warranted, and that good cause exists for the Court to extend the deadline using its own equitable powers to allow Class Members who recently received notice to file claims.

Moreover, the requested extension—a mere six weeks with no modification to the final approval hearing—will neither prejudice Wawa nor hamper the Court's proceedings. There is no prejudice to Wawa on modifying the claims deadline because any relief awarded to Class Members

---

[1] Wawa's criticism of the timeliness of these additional efforts is unfounded. Wawa's Opp. (ECF No. 448) at 3-4.
[2] The claims administrator advises that many more claims were in progress at the time this Reply was filed.

1003869.1

who file claims during this extended period is still well within the range of what it agreed to provide in accordance with the settlement and is "no prejudice at all". *Cendant*, 233 F.3d at 184; *see also id.* at 196 (permitting late-filed claims and cures in a claims-made settlement because Cendant will not have to pay more than its bargained-for maximum exposure).  The settlement is structured with a series of caps such that Wawa's maximum liability is fixed regardless of how many Class Members file claims.  *See* Settlement Agreement at Par. 4.6 (ECF No. 360-4).

Finally, the dates between the proposed extended claims deadline and final approval hearing only affect the FI Plaintiffs, condensing the amount of time Class Counsel have to submit final approval and other papers to the Court.

## Conclusion

FI Plaintiffs' Motion presents a question of scheduling, not substance, that falls squarely within the scope of this Court's discretion.  For the foregoing reasons and for those set forth in their opening motion, FI Plaintiffs respectfully request that the Court extend the claims deadline by six weeks to permit additional outreach to the Settlement Class and to amend the related deadlines as proposed.

Respectfully submitted,

**LITE DEPALMA GREENBERG & AFANADOR, LLC**

Date:  August 12, 2024

 */s/ Mindee J. Reuben*
Mindee J. Reuben (PA ID 75308)
1835 Market Street
Suite 2700
Philadelphia, PA 19103
Telephone: (267) 314-7980
Email: mreuben@litedepalma.com

*Liaison Counsel for Financial Institution Plaintiffs*

5

1003869.1

Gary F. Lynch (PA ID 56887)
Jamisen A. Etzel (PA ID 311554)
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Email: gary@lcllp.com
Email: jamisen@lcllp.com

Christian Levis (*pro hac vice*)
Amanda G. Fiorilla (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
Email: clevis@lowey.com
Email: afiorilla@lowey.com

Anthony M. Christina (PA ID 322528)
**LOWEY DANNENBERG, P.C.**
One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Telephone: (215) 399-4770
Email: achristina@lowey.com

Jeannine M. Kenney (PA ID 307635)
**HAUSFELD LLP**
325 Chestnut St #900
Philadelphia, PA 19106
Telephone: (215) 985-3270
Email: jkenney@hausfeld.com

*Co-Lead Class Counsel for Financial Institution Plaintiffs*