IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION | CIVIL ACTION |
| This document applies to the Financial Institutions Track. | NO. 19-6019 and all related cases |

**O R D E R**

**AND NOW**, this 11th day of September, 2024, upon consideration of Financial Institution Plaintiffs' Motion to Extend August 12, 2024 Settlement Claims Deadline and Amend Schedule (ECF No. 447) and the responses and replies thereto (ECF Nos. 448, 450) said Motion is **GRANTED**[1] as to the request to extend the August 12, 2024 settlement claims deadline and amend the schedule and **DENIED** as to the specific amendments requested. It is further **ORDERED** that the remaining deadlines applicable to the Financial Institution Plaintiffs' settlement with Wawa, Inc. in ECF No. 436 are amended as follows:

| Event | Date |
|---|---|
| Claims Deadline | September 12, 2024 |
| Deadline for Motion in Support of Final Approval of Settlement | October 9, 2024 |
| Deadline for Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards for Settlement Class Representatives | October 9, 2024 |
| Deadline to Object to Attorneys' Fees, Expenses, and Service Awards | October 29, 2024 |
| Deadline to Respond to Objections to Settlement Agreement and Class Counsel's Application for Attorneys' Fees, Expenses, and Service Awards | November 18, 2024 |
| Final Approval Hearing | December 18, 2024 at 10:00 a.m. |

BY THE COURT:

<u>/s/ Hon. Kelley B. Hodge</u>
**HODGE, KELLEY B., J.**

---

[1] The Court's ability to extend the settlement claims deadline and amend the schedule stems from multiple sources. *First*, Federal Rule of Civil Procedure 6(b)(1)(A) permits the Court, for good cause, to extend a deadline if a request is made before the original time or its extension expires. In this instance, Financial Institution Plaintiffs filed their Motion to Extend the August 12, 2024 Settlement Claims Deadline and Amend Schedule on July 26, 2024 – well in advance of the August 12, 2024 settlement claims deadline. (ECF No. 447.) Moreover, Financial Institution Plaintiffs demonstrated that good cause exists to extend the settlement claims deadline based upon the lower-than-expected response rate from Class Members. (ECF No. 450 at 3.) *Second*, Courts have a "general equitable power to define the scope of class action judgments and settlements." *In re Cendant Corp*, 189 F.R.D. 321, 323 (D.N.J. 1999), *aff'd* 233 F.3d 188 (3d Cir. 2000). *Finally*, the parties' settlement expressly contemplated that the Court would have discretion to modify the settlement schedule. Paragraph 28 of the proposed preliminary approval order incorporated into the Settlement Agreement as Exhibit 4 provided that "[t]he Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines." (ECF No. 360-4.)