IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Financial Institution Track* | Case No. 2:19-cv-06019<br><br>The Honorable Kelley B. Hodge |

**DECLARATION OF GREGORY T. PARKS IN SUPPORT OF MOTION WAWA, INC.'S OPPOSITION TO THE AMENDED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AMENDED MOTION FOR ATTORNEY FEES, EXPENSES, SERVICE AWARDS & COSTS OF SETTLEMENT ADMINISTRATION**

I, Gregory T. Parks, an attorney duly admitted to practice before this Court, hereby declares under penalty of perjury:

1. I am a partner with the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), counsel for Defendant Wawa, Inc. ("Wawa"). I base this declaration upon my own personal knowledge, my experience, the files maintained by my firm in this action, and all other prior proceedings and papers in this action. I submit this declaration in support of Wawa's Motion to Require Plaintiffs and the Settlement Administrator to Disclose Settlement Claims.

2. For over twenty years, my practice has focused on cyber incident response and related litigation. I have handled more than 2,000 data security incident response matters, represented defendants in more than 100 class actions arising from data security incidents like the one at Wawa, and have represented defendants in more than 50 settlements of such class actions that involve a claims-made component, including several with financial institutions like those in the Financial Institution Track of the above-captioned case. I have likewise followed the

results in other settlements between financial institutions and retailers in data security incident litigation.

3. On March 10, 2023, Wawa and Financial Institution Track Plaintiffs ("Plaintiffs") entered into a class settlement agreement (the "Settlement Agreement").

4. The Settlement Agreement provided that Analytics Consulting, LLC ("Analytics") would serve as Settlement Administrator responsible for overseeing the Court-approved class notice program.

5. Class notice by mail began on April 12, 2024, with a deadline of August 12, 2024.

6. As of July 24, 2024, Analytics reported to Morgan Lewis that 220 claims had been filed, making the claims rate about 4.5 percent, a number that was expected and consistent with prior experience in similar litigation. A true and correct copy of the July 24, 2024 report is attached hereto as **Exhibit 1**.

7. Upon receipt of Analytics' July 24, 2024 report, Plaintiffs' counsel moved to extend the claims deadline from August 12, 2024 to September 30, 2024.

8. The Court ultimately granted an extension to September 12, 2024, but while their motion was pending, Plaintiffs' counsel mailed a letter to Settlement Class Members on August 1, 2024 urging them to file a claim and emphasizing that "not further documentation is required." A true and correct copy of that letter is attached hereto as **Exhibit 2**. Plaintiffs' counsel did not share their August 1 letter with Wawa before sending it and did not seek approval from the Court or Wawa for the communication. Wawa only learned about the letter when Plaintiffs filed it with their initial approval motion on October 10, 2024, which was the first time it was presented to the Court as well. *See* ECF 457-2, at 32.

9. Immediately after Plaintiffs' counsel sent this letter, the claims rate began to spike. In Analytics' August 6, 2024 report, the claims filed jumped to 338 or about 6.9 percent. In Analytics' August 26, 2024 report, the claims jumped to 67 or 13.7 percent. In Analytics' October 3, 2024 report, the claims jumped to 747 or 15.2 percent. These claims rates were far in excess of what would be reasonable and expected in a case like this, which would be around 2 percent to 5 percent. A true and correct copy of Analytics August 6 report is attached hereto at **Exhibit 1.** A true and correct copy of Analytics' August 26 and October 3 reports are attached hereto as **Exhibit 3**.

10. After receiving the August 26, 2024 report with a claims rate that was surprisingly high, Wawa's counsel asked Analytics for copies of the claim forms. Wawa wanted to verify the claims against it, investigate the surprisingly high claims rate, and to be able to report to its internal and external auditors that the claims were valid and needed to be paid. True and correct copies of emails from Morgan Lewis to Analytics asking for copies of the claims dated August 28, September 4, September 12, and September 23 2024 at attached hereto at **Exhibit 3**.

11. Analytics did not respond to Morgan Lewis's repeated requests to review the claims until September 23, 2024. In that response, Analytics refused to produce copies of the claims forms to Morgan Lewis, citing their "understanding that the Settlement Agreement does not authorize or require Analytics to provide copies of the claim forms to Wawa" and directing Morgan Lewis to Plaintiffs' counsel for any further inquiries. A true and correct copy of Analytics' September 23, 2024 response to Morgan Lewis is attached at **Exhibit 3**.

12. Morgan Lewis subsequently asked Plaintiffs' counsel for copies of the claim forms, which led to a meet and confer on October 2, 2024. During the meet and confer,

Plaintiffs' counsel confirmed they had instructed Analytics to take the position that the parties' Settlement Agreement did not authorize release of the claims to Wawa.

13. Morgan Lewis informed Plaintiffs' counsel of its position that Wawa was entitled to review the claim forms under the clear terms of the Settlement Agreement.

14. After weeks of meeting and conferring through phone calls and at least eight follow-up emails, Plaintiffs' counsel continued to refuse to produce the claim forms and, instead, provided a chart summarizing the Tier 1 claims on October 29, 2024.

15. On October 30, 2024, Morgan Lewis informed Plaintiffs' counsel by email that the summary chart was not sufficient in that it gave Wawa no basis on which to evaluate the claims and determine their validity. Morgan Lewis told Plaintiffs' counsel that it would seek discovery from Analytics and intervention from the Court if Plaintiffs continued to refuse to provide the claims.

16. To that end, on October 31, 2024, Morgan Lewis served a subpoena on Analytics seeking copies of the claim forms. That same day, after receiving notice of the subpoena, Plaintiffs' counsel agreed to produce the claim forms with redactions applied to protect the identity of the Settlement Class Member, and Morgan Lewis agreed to withdraw the subpoena on Analytics upon receipt of the claims.

17. Attached hereto as **Exhibit 4** is a true and correct copy of email correspondence between Plaintiffs' counsel and Morgan Lewis dated October 29 and 30, 2024, including Plaintiffs' counsel's summary chart attached to their email dated October 29, 2024.

18. Plaintiffs' counsel produced heavily redacted claim forms on the evening of November 10, 2024, less than two weeks before Wawa's revised opposition deadline.

19. Receiving the claim forms from Plaintiffs' Counsel was also surprising to me. Plaintiffs' Counsel had taken the position that the Settlement Agreement did not allow the Settlement Administrator to provide the claim forms to Wawa's Counsel. Although the Settlement Agreement does not afford any greater rights to Plaintiffs' Counsel, they apparently took the position that they were entitled to see the claim forms, instructed the Settlement Administrator accordingly, and the Settlement Administrator complied and provided the claim forms to Plaintiffs' Counsel.

20. Morgan Lewis analyzed the redacted claim forms to the degree possible. I supervised the review process and personally reviewed the claims that Wawa is challenging through this declaration and the related opposition.

21. Our review revealed that several claims were initially filed for the first time after the revised September 12, 2024 claims deadline. Attached as **Exhibit 5** is a true and correct copy of one such late-filed claim. These include:

    Claim 1004576 (submitted on 9/13/24) - $7,135.00

    Claim 1001235 (submitted on 9/16/24) - $1,195.00

    Claim 1000874 (submitted on 9/25/24) - $1,095.00

    Claim 1000913 (submitted on 9/18/24) - $765.00

22. The claims submitted after the revised September 12, 2024 deadline also included two claims that were originally submitted on August 12, 2024 and subsequently amended on November 4, 2024. True and correct copies of the original and amended claims forms, as well as the claimant's redacted request to amend the claims, are attached hereto as **Exhibit 6**. These include Claim 1005075 and 1000181.

23. In addition to late-filed and late-amended claims, the Settlement Administrator has allowed five claims to be included in the Settlement calculation that were originally

deficient, but "cured" after the September 12, 2024 deadline. Attached hereto as **Exhibit 7** is a true and correct copy of one such example of a late filed cured deficient claim. These include:

    Claim 1003100 (purportedly cured 10/21/24) - $3,955.00

    Claim 1004263 (purportedly cured 10/21/24) - $8,660.00

    Claim 1000975 (purportedly cured 10/22/24) - $455.00

    Claim 1005248 (purportedly cured 10/22/24) - $500.00

    Claim 1005504 (purportedly cured 10/23/24) - $21,400.00

24. Claim 1002860 is attached hereto as **Exhibit 8**. It shows 300 impacted cards. But the Proposed Calculation reports it as 4,284 impacted cards. When Wawa raised this issue with Plaintiffs' counsel, they responded that they had other information, other than on the Claim Form showing that 4,284 is the correct number.

25. In addition to late-filed claims, our review revealed several claims purporting to replace cards well in excess of the number of impacted cards printed on the claim forms.

26. The following claims purport to have replaced more than 100% more cards than the number of alerted on cards for that financial institution:

    Claim 1003542 (106.1%) - $18,025.00

    Claim 1004071 (140.3%) - $8.855.00

    Claim 1005490 (186.6%) - $2,250.00

    Claim 1002181 (195%) - $7,095.00

    Claim 1003281 (275.8%) - $620.00

    Claim 1002836 (319.7%) - $1,595.00

    Claim 1001993 (325.8%) - $4,535.00

    Claim 1004320 (343.5%) - $510

    Claim 1000941 (477.4%) - $73,215.00

      Claim 1003279 (1139.1%) - $1,425.00

      Claim 1003156 (1443.4%) - $4,090.00

      Claim 1002959 (1637.5%) - $695.00

      Claim 1005027 (1900%) - $1,500.00

      Claim 1005248 (3233.3%) - $500.00 (also included in the cured deficient category)

      Claim 1004408 (3414.3%) - $11,070.00

      Claim 1003552 (3752.6%) - $18,685.00

      Claim 1000949 (15634.1%) - $34,615.00

27. The following claims are from financial institutions had no alerted on cards and claim to have replaced more than 300 cards:

      Claim 1005502 (474 Tier 1 claimed) - $2,370.00

      Claim 1005503 (344 Tier 1 claimed) - $1,720.00

      Claim 1005504 (4,280 Tier 1 claimed) - $21,400.00 (also included in the cured deficient category)

      Claim 1005506 (2,169 Tier 1 claimed) - $10,845.00

      Claim 1005507 (1,441 Tier 1 claimed) - $7,205.00

      Claim 1005512 (4,094 Tier 1 claimed) - $20,470.00

28. Finally, our review showed that a majority of Tier 1 claim forms were submitted after Plaintiffs' counsel's involvement in the notice program beginning with their August 1, 2024 letter to Settlement Class Members. Sixty-four percent of Tier 1 claims were submitted after August 1, and seventeen percent of claim forms were submitted on August 12, 2024.

29. On November 18, 2024, Morgan Lewis raised the issues it identified during its review to Plaintiffs' counsel and asked Plaintiffs' counsel to remove specific claims from the settlement calculation. Morgan Lewis also asked Plaintiffs' counsel to produce communications between Plaintiffs' counsel and the Settlement Administrator on which Wawa was not copied and between Plaintiffs' Counsel and any Settlement Class Member claimant regarding claims made after the August 1 letter. Plaintiffs' counsel responded in an email on November 19, 2024 refusing to exclude any of the claims Morgan Lewis had identified and outlining their position that all of the claims were valid and should be allowed. This email also made clear that Plaintiffs' counsel and the Settlement Administrator had numerous communications about late, amended, and deficient claims in which counsel for Wawa was not involved, but Plaintiffs' counsel refused to provide any of the requested communications.

30. In light of the issues and Plaintiff's response, Morgan Lewis withdrew the original subpoena on Analytics seeking copies of the claim forms and, on November 19, 2024, issued a new subpoena on Analytics seeking communications between Analytics, Plaintiffs' counsel, and settlement class members on which Wawa was not copied.

Pursuant to 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on November 22, 2024

MORGAN, LEWIS & BOCKIUS LLP

/s/ Gregory T. Parks
Gregory T. Parks

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was served on November 22, 2024 via the Court's ECF system upon all counsel of record.

                                        */s/ Gregory T. Parks*
                                        Gregory T. Parks