**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Financial Institution Track* | Case No. 2:19-cv-06019<br><br>The Honorable Kelley B. Hodge |

**WAWA, INC.'S MEMORANDUM IN SUPPORT OF OPPOSITION TO FINANCIAL INSTITUTION PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL PRODUCTION OF CLAIMS COMMUNICATIONS PURSUANT TO THE SUBPOENA SERVED ON THE SETTLEMENT ADMINISTRATOR**

There is no basis on which to grant Financial Institution Plaintiffs' ("Plaintiffs'") Motion for Protective Order, and this Court should compel production of the claims communications at issue here by granting Wawa, Inc.'s ("Wawa's") Motion to Compel and enforcing the subpoena served on the Settlement Administrator. Tellingly, the Settlement Administrator is ready and willing to produce the documents Wawa seeks. This production would impose no burden on Plaintiffs. But nonetheless, Plaintiffs are again seeking to prevent Wawa from receiving information about a claims process that should have been transparent and shared with Wawa in the first instance.

This Court is now familiar with the facts underlying the dispute between Wawa and Plaintiffs regarding the production of claims communications under the parties' Settlement Agreement. To briefly summarize, for three and a half months of the original four-month claims period under the Settlement Agreement, the claims rate was a steady and expected four and a half percent. Declaration of Gregory T. Parks ("Parks Decl.") ¶¶ 4-5, Ex. 1 at 3-4. But then, given the

Third Circuit's opinion in the appeal of the Wawa consumer settlement, drawing into question the reasonableness of an attorneys' fee award that exceeds or is out of proportion with the value of the relief provided to the class, Plaintiffs' counsel, presumably nervous about the claims rate in this settlement and, unbeknownst to Wawa and the Court, mailed their own letters, not shared with Wawa nor filed with the Court, to Settlement Class Members who had not yet filed a claim on August 1, 2024.  *Id.* ¶ 7, Ex. 2.  The Settlement Administrator mailed these letters for Plaintiffs' counsel without any notice to Wawa. Moreover, these letters provided the specific number of cards the Settlement Class Member issued that may have been impacted by the data security incident, which was information taken from a confidential third-party document production in the litigation. *Id*.  After August 1, the claims rate spiked to over fifteen percent, with an overwhelming majority of new claims being filed between August 1 and August 12, the original claims deadline. *Id.* ¶¶ 3, 16, Ex. 1 at 1-2, Ex. 3 at 1, 6.

In light of the August 1 letter and corresponding spike in the claims rate, Wawa requested to review the claim forms to determine their validity, as was its right and obligation under the Settlement Agreement.  *Id.* ¶ 9, Ex. 3.  After several weeks with no substantive response, the Settlement Administrator provided a response that evidenced the involvement of Plaintiffs' counsel.  The email copied Plaintiffs' counsel and said that "it is my understanding that the Settlement Agreement does not authorize or require [the Settlement Administrator] to provide copies of the claim forms to Wawa.  Please direct further inquiries to Class Counsel." *Id.* ¶ 10, Ex. 3 at 2.  This led to several weeks of meet and confers between Wawa and Plaintiffs' counsel before Plaintiffs' counsel finally agreed to provide redacted claim forms for Wawa's review.  The claim forms were provided on November 10, 2024, and Wawa's review quickly identified numerous issues with claims included in the proposed final calculation, including claims that were filed,

2

amended, or cured after the revised Claims Deadline. *Id.* ¶¶ 13-14.  Wawa raised these issues with Plaintiffs' counsel in an email on November 18, 2024. *Id.* ¶ 17, Ex. 4.  The next day, November 19, 2024, Plaintiffs' counsel responded and refused to exclude any of the claims Wawa identified and refused to provide Wawa with the communications at issue here. *Id.* ¶ 18, Ex. 4.

As detailed in Wawa's Motion to Compel, Plaintiffs' counsel's November 19 email made clear that they and the Settlement Administrator had many communications with Settlement Class Members about the claims process without copying or including Wawa.  ECF No. 468-1 at 7-8. Indeed, between that November 19 email, Plaintiffs' August 1 letter, and the references in some of the claim communications Plaintiffs have produced to "representations" made about the right to amend, there is ample evidence of communications throughout the claims period between Plaintiffs' counsel, the Settlement Administrator, and Settlement Class Members to which Wawa was not privy that may have influenced the claims process and validity of the claims.

The exclusion of Wawa and its counsel from the claims process here is highly unusual. Parks Decl. ¶ 21. Typically, if there is a claim that is submitted after the claims deadline or otherwise has an issue, a settlement administrator surfaces the issue for both parties to consider in an attempt to reach an agreement or present the issue to the Court.  *Id.*; *see also* Claims Administrator or Special Master, Ann. Manual Complex Lit. § 21.661 (4th ed.) (noting that where claims are in need of review for being "late, deficient in documentation, or questionable for other reasons," the settlement administrator's "specific procedure for reviewing claims may be ***limited to the materials submitted*** or may include a hearing at which the claimant ***and other interested parties*** may present information bearing on the claim" that then may be appealed for an ultimate decision by the court) (emphasis added).

Here, any "specific procedure for reviewing claims" occurred solely between the Settlement Administrator and Plaintiffs' counsel, who acted as judge and jury without consulting with Wawa, let alone the Court. Plaintiffs' reply brief (ECF 469) and supplemental declaration (ECF No. 469-1) also detail several communications about claims, including what was allowed and not, none of which Wawa was copied on or notified about. In fact, the exclusion of Wawa from the claims process resulted in a two million dollar error in Plaintiffs' initial motion for final approval because Wawa was not consulted before that motion and related declarations were filed.[1] Parks Decl. ¶ 22. That resulted in Plaintiffs needing to file an Amended series of motions correcting the errors. ECF Nos. 460-470. In their reply, Plaintiffs selectively provide some communications with class members. *See*, *e.g.*, ECF No. 469 at 6-8. It is unfair for Plaintiffs' counsel to cherry pick which communications it will share and use those communications offensively, while at the same time withhold all other communications from Wawa.

Moreover, there is little to no burden imposed on Plaintiffs by allowing these communications to be produced. Plaintiffs have already reviewed these communications in order to prepare their November 19 response to Wawa and their reply brief in support of their motion for final approval. Nor is burden an issue with respect to the subpoena served on the Settlement Administrator. On November 19, 2024, after Plaintiffs refused to produce the requested communications to Wawa, Wawa served the subpoena on the Settlement Administrator. Parks Decl. ¶ 19, Ex. 5. The Settlement Administrator served responses and objections on December 3, 2024, and counsel for the Settlement Administrator and Wawa held a meet and confer to resolve those objections the same day. *Id.* ¶ 20, Ex. 6. Counsel for Wawa sent an email following the

---

[1] After Plaintiffs filed their motion for final approval, counsel for Wawa determined that the Settlement Administrator had mistakenly calculated Tier 3 claims by dividing the total amount allotted to Tier 3 in the Settlement Agreement by the number of Tier 3 claimants, as opposed to determining the fixed amount per Tier 3 claim based on the number of class members. Parks Decl. ¶ 22.

4

meet and confer, confirming the scope of the subpoena requests, and the Settlement Administrator's agreement to produce the communications requested therein. *Id*. The Settlement Administrator was ready to produce documents and burden was not an issue. However, on December 9, 2024, counsel for the Settlement Administrator advised that while the Settlement Administrator is "compiling responsive documents to be prepared for production," given Plaintiffs' Motion for Protective Order, it would "hold the documents until we have an order from the Court." *Id.* Accordingly, contrary to Plaintiffs' assertions, the requested document production is not unduly burdensome. It is Plaintiffs' counsel who are, once again, restricting Wawa's ability to access information.

Ultimately, if there are no communications that threaten to undermine the validity of the claims included in the proposed final calculation, then Plaintiffs should simply allow the production of this relativity limited set of documents. To be clear, Wawa is not seeking any communications related to subjects other than the Settlement Agreement. And there is no privilege as to communications between absent class members and Plaintiffs' counsel. *See*, *e.g.*, *In re Community Bank of N. Va.*, 418 F.3d 277, 313 (3d Cir. 2015) ("[C]ourts have recognized that class counsel do not possess a traditional attorney-client relationship with absent class members."). If Wawa's suspicions are proven wrong, it should be evident from review of the documents.

For these reasons, Wawa respectfully requests that the Court (1) grant Wawa's Motion to Compel Claims Communications from Financial Institution Track Plaintiffs (ECF No. 468), (2) deny Plaintiffs' Motion for Protective Order (ECF No. 470), and (3) enforce the subpoena to the Settlement Administrator, and compel production of the communications requested therein.

Dated: December 11, 2024

Respectfully submitted,

/s/ *Gregory T. Parks*
Gregory T. Parks
Ezra D. Church
Kristin M. Hadgis
Terese M. Schireson
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
Fax: (215) 963-5001
gregory.parks@morganlewis.com
ezra.church@morganlewis.com
kristin.hadgis@morganlewis.com
terese.schireson@morganlewis.com

*Attorneys for Defendant Wawa, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, the foregoing was served via the Court's ECF system upon all counsel of record.

/s/ *Gregory T. Parks*
Gregory T. Parks
