IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Financial Institution Track* | Case No. 2:19-cv-06019<br><br>The Honorable Kelley B. Hodge |

**DECLARATION OF GREGORY T. PARKS IN SUPPORT OF WAWA, INC.'S OPPOSITION TO FINANCIAL INSTITUTION PLAINTIFFS' MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL PRODUCTION OF CLAIMS COMMUNICATIONS PURSUANT TO THE SUBPOENA SERVED ON THE <u>SETTLEMENT ADMINISTRATOR</u>**

I, Gregory T. Parks, an attorney duly admitted to practice before this Court, hereby declare under penalty of perjury:

1. I am a partner with the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"), counsel for Defendant Wawa, Inc. ("Wawa"). I base this declaration upon my own personal knowledge, my experience, the files maintained by my firm in this action, and all other prior proceedings and papers in this action. I submit this declaration in support of Wawa's Opposition to Financial Institution Plaintiffs' Motion for Protective Order and Motion to Compel Production of Claims Communications Pursuant to the Subpoena Served on the Settlement Administrator.

2. For over twenty years, my practice has focused on cyber incident response and related litigation. I have handled more than 2,000 data security incident response matters, and represented defendants in more than 100 class actions arising from data security incidents like the one at Wawa, and have represented defendants in more than 50 settlements of such class

actions that involve a claims-made component, including several with financial institutions like those in the Financial Institution Track of the above-captioned case. I have likewise followed the results in other settlements between financial institutions and retailers in data security incident litigation.

3. On March 10, 2023, Wawa and the Financial Institution Track Plaintiffs ("Plaintiffs") entered into a class action settlement agreement (the "Settlement Agreement").

4. The Settlement Agreement provided that Analytics Consulting, LLC ("Analytics") would serve as Settlement Administrator responsible for overseeing the Court-approved class notice program.

5. Class notice began by mail on April 12, 2024, with a claims deadline of August 12, 2024.

6. As of July 24, 2024, Analytics reported to Morgan Lewis that 220 claims had been filed, making the claims rate about 4.5 percent, a number that was expected and consistent with prior experience in similar litigation. A true and correct copy of the July 24, 2024 report is attached hereto as **Exhibit 1**.

7. On August 1, 2024, the Settlement Administrator mailed a letter to Settlement Class Members from Plaintiffs' counsel, urging them to file a claim. A copy of that letter is attached hereto as **Exhibit 2**. The letter pre-populated the number of cards that were allegedly "impacted by the Wawa data security incident" for the respective financial institution. After August 1, seventy-eight of the claims filed were for that exact number. Plaintiffs' counsel did not share their August 1 letter with Wawa before sending it and did not seek approval from the Court or Wawa for the communication. Wawa only learned about the letter when Plaintiffs filed

it with their initial approval motion on October 10, 2024, which was the first time it was presented to the Court as well. *See* ECF No. 457-2, at 32.

8. Immediately after Plaintiffs' counsel sent this letter, the claims rate began to spike. In Analytics' August 6, 2024 report, the claims filed jumped to 338 or about 6.9 percent. In Analytics' August 26, 2024 report, the claims jumped to 671 or 13.7 percent. In Analytics' October 3, 2024 report, the claims rate jumped to 747 or 15.2 percent. These claims rates were far in excess of what would be reasonable expected in a case like this, which would be around 2 percent to 5 percent. A true and correct copy of Analytics' August 6 report is attached hereto at **Exhibit 1**. A true and correct copy of Analytics' August 26 and October 3 reports is attached hereto as **Exhibit 3**.

9. After receiving the August 26, 2024 report with a claims rate that was surprisingly high, Wawa's counsel asked Analytics for copies of the claim forms. Wawa wanted to verify the claims against it, investigate the surprisingly high claims rate, and to be able to report to its internal and external auditors that the claims were valid and needed to be paid. True and correct copies of emails from Morgan Lewis to Analytics asking for copies of the claims dated August 28, September 4, September 12, and September 23, 2024 are attached hereto at **Exhibit 3**.

10. Analytics did not respond to Morgan Lewis's repeated requests to review the claims until September 23, 2024. In that response, Analytics refused to produce copies of the claim forms to Morgan Lewis, citing their "understanding that the Settlement Agreement does not authorize or require Analytics to provide copies of the claim forms to Wawa" and directing Morgan Lewis to Plaintiffs' counsel for any further inquiries. A true and correct copy of Analytics' September 23, 2024 response to Morgan Lewis is attached at **Exhibit 3**.

11. Morgan Lewis subsequently asked Plaintiffs' counsel for copies of the claims. After weeks of meeting and conferring through phone calls and at least eight follow-up emails, on October 31, 2024, Plaintiffs' counsel finally agreed to produce the claim forms with redactions applied to protect the identity of the Settlement Class Member. Plaintiffs' counsel produced heavily redacted claim forms on November 10, 2024.

12. Morgan Lewis analyzed the claim forms to the degree possible. I supervised the review process and personally reviewed the claims that Wawa is challenging through the Partial Opposition to Plaintiffs' Amended Motion for Approval of Proposed Class Action Settlement (ECF No. 460) and Amended Motion for Attorney Fees, Expenses, Service Awards & Costs of Settlement Administration (ECF No. 461).

13. Our review revealed that several claims were initially filed for the first time after the revised September 12, 2024 claims deadline. This included two claims originally submitted on August 12, 2024 and subsequently amended on November 4, 2024.

14. In addition to the late-filed and late-amended claims, our review also revealed that the Settlement Administrator has allowed five claims to be included in the Settlement calculation that were originally deficient, but "cured" after the September 12, 2024 deadline.

15. Our review also revealed several claims purporting to replace cards well in excess of the number of impacted cards printed on the claim form.

16. Finally, our review showed that a majority of the Tier 1 claim forms were submitted after Plaintiffs' counsel's involvement in the notice program beginning with their August 1 letter to Settlement Class Members. Sixty-four percent of Tier 1 claims were submitted after August 1, and seventeen percent of claim forms were submitted on August 12, 2024.

17. On November 18, 2024, Morgan Lewis raised the issues it identified during its review to Plaintiffs' counsel and asked Plaintiffs' counsel to remove specific claims from the Settlement calculation. Morgan Lewis also asked Plaintiffs' counsel to produce communications between Plaintiffs' counsel and the Settlement Administrator on which Wawa was not copied and between Plaintiffs' Counsel and any Settlement Class Member regarding claims made after the August 1 letter. A true and correct copy of Morgan Lewis's email to Plaintiffs' counsel is attached hereto as **Exhibit 4**.

18. Plaintiffs' counsel responded in an email on November 19, 2024 refusing to exclude any of the claims Morgan Lewis had identified and outlining their position that all of the claims were valid and should be allowed. This email also made clear that Plaintiffs' counsel and the Settlement Administrator had numerous communications about late, amended, and deficient claims in which counsel for Wawa was not involved, but Plaintiffs' counsel refused to provide any of the requested communications. A true and correct copy of Plaintiffs' counsel's November 19, 2024 email is attached hereto at **Exhibit 4**.

19. In light of the issues and Plaintiffs' response, on November 19, 2024, Morgan Lewis served a subpoena on Analytics seeking communications between Analytics, Plaintiffs' counsel, and Settlement Class Members on which Wawa was not copied. A true and correct copy of the subpoena is attached hereto as **Exhibit 5**.

20. On December 3, 2024, counsel for Analytics responded to the Subpoena by serving responses and objections. Morgan Lewis and Analytics' counsel met and conferred regarding the responses and objections the same day. On December 3, following that meet and confer, Morgan Lewis sent Analytics' counsel an email confirming their agreement during the meet and confer that Analytics would produce in response to the subpoena (1) all

communications between Analytics and Plaintiffs' counsel on which Wawa was not copied or included from March 13, 2024 to the present, provided Analytics produce the agreement between Analytics and Plaintiffs, and (2) all communications between Analytics and Settlement Class Members related to any claims. After Plaintiffs filed their Motion for Protective Order (ECF No. 470), however, counsel for Analytics emailed Morgan Lewis to confirm that it was in the process of "conducting searches and compiling responsive documents," and to say that Analytics would hold the documents until receiving an order from the Court. A true and correct copy of this email correspondence is attached hereto at **Exhibit 6**.

21. The exclusion of Wawa and Morgan Lewis from the claims process is highly unusual. Typically, in claims-made settlements like the one here, if there is a claim that comes in after the claims deadline or otherwise has an issue impacting its validity, the settlement administrator presents the issue for both parties to consider in an attempt to reach an agreement or present the issue to the Court.

22. The exclusion of Wawa from the claims process resulted in a two million dollar error in Plaintiffs' initial motion for final approval (*see* ECF No. 462 ¶ 2) because Wawa was not consulted before that motion and related declarations were filed. After Plaintiffs filed their initial motion, Morgan Lewis noticed that the Settlement Administrator had miscalculated the Tier 3 claims under the Settlement Agreement by dividing the total amount allotted to Tier 3 by the number of Tier 3 claimants, as opposed to the number of class members in order to calculate a fixed Tier 3 amount per claimant.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on December 11, 2024

                                              MORGAN, LEWIS & BOCKIUS LLP

                                              */s/ Gregory T. Parks*
                                              Gregory T. Parks