# EXHIBIT 4

**From:** Jeannine M. Kenney <jkenney@hausfeld.com>
**Sent:** Tuesday, November 19, 2024 6:12 PM
**To:** Parks, Gregory T. <gregory.parks@morganlewis.com>
**Cc:** Hadgis, Kristin M. <kristin.hadgis@morganlewis.com>; Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>; Kari Schmidt <kschmidt@analyticsllc.com>; Richard Simmons <rsimmons@analyticsllc.com>; Jamisen Etzel <jamisen@lcllp.com>; Mindee J. Reuben <MReuben@litedepalma.com>; Christian Levis <clevis@lowey.com>; Gary Lynch <Gary@lcllp.com>; Anthony Christina <achristina@lowey.com>
**Subject:** RE: Wawa - FI Settlement - Claim Forms and Tabulations

[EXTERNAL EMAIL]
Greg,

Settlement Class Counsel disagree that any of the claims you identify in your email below should be disallowed and remind Wawa that it has no right under the Settlement to audit class claims. Our responses to each issue you raise follow.

1. **Claims submitted after the 9/12 deadline: (**1004576, 1001235, 1000874, 1000913)

Claimants were permitted to file their claims online or via mail. The four claims identified above were each initiated electronically on the Analytics platform by the claimant using their unique Claim Number and Pin prior to the claims filing deadline (three prior to the August 12 deadline and one prior to September 12 extended deadline) but their data was not captured by the system. Because it could not be ascertained whether the incomplete submissions were the result of a system error or claimant error, the Claims Administrator determined that the claimant should be allowed to correct this deficiency after the September 12, 2024 deadline. Settlement Class Counsel agrees with this decision and these claims are properly allowed.

2. **Amended Claims** (1005075 and 1000181) & 4. **Claim 1002860**

These claims were each filed on or before the original August 12 deadline. With respect to Claims 1005075 and 1000181, after expressing concern that it could not gather all the information by the August 12 deadline, the claimant was advised by the Claims Administrator that it should file its claim prior to the deadline expiration based on the information at hand and that it could later update its claims via email. The claimant submitted supplemental information on the number of Impacted Cards that were cancelled and replaced on August 23, 2024 and requested instruction on how to amend its claims. The Claims Administrator assured the claimant that its email providing the updated card numbers was sufficient to update its claims. As part of the claims deficiency process, it was determined that the claimant should also provide a supplemental attestation, which it did on November 4.

With respect to Claim 1002860, the claimant filed its claim on August 5 and that same day informed the Claims Administrator that it entered the incorrect number of cards and that the correct number of cards was 4,284. As with Claims 1005075 and 1000181, the Claims Administrator informed the claimant that its claim would be updated with the new card number. Analytics is also requesting a supplemental attestation for the claim.

These claims are properly allowed.

3. **Deficient Claims Cured after the 9/12 deadline** (1003100, 1004263, 1000975, 1005248, 1005504)

Deficiency notices were sent to these claimants on October 15, after the amended claims deadline expired. This is a standard practice in claims administration. If all deficiencies had to be resolved prior to the claims deadline, those timely filing claims on or near the day of the deadline would not be permitted

the due process provided to earlier claimants to cure deficiencies. The Claims Administrator properly allowed these claimants to cure the deficiency after the claims deadline consistent with the need for equitable treatment in the claims process. Further, each of the challenged deficiencies was the lack of a second signature on the last attestation page. Each claimant signed the Tier 1 attestation as to the Impacted cards that were cancelled and replaced. The lack of the second signature is technical deficiency that the Claims Administrator properly permitted the claimants to cure. These claims are properly allowed.

5. **Claimed Impacted Cards Compared to "Alerted-On Cards"**

Claims submitted for cancelled and replaced Impacted Cards that were not reported in the card brand data for alerted on cards are valid claims under the Settlement Agreement. Per the settlement terms that Wawa itself proposed (and which are memorialized in the Settlement Agreement), "Impacted Cards" expressly include those that were not "alerted on" but which were used at Wawa during the period of the breach. These claims are properly allowed.

Settlement Class Counsel did not make representations that the validation process would "weed out claims where the claimed replacement was significantly in excess of the 'alerted-on' number" and, in any event, imposing such a criterion would be inconsistent with the class definition and Settlement Agreement .

6. **Purported Discrepancy in Reports**

There is a $20 dollar discrepancy between the Tier 1 claims summary report you received on October 29 and the summary report you received from Analytics last Friday. The October 29 report identified a total of $8,291,995 for "approved Tier 1 claims over $407.08" and four pending Tier 1 claims totaling $1,542,475.00 (in orange; rows 569-572) that were not then included in the total valuation. The sum of those two numbers is **$9,834,470** for the total approved Tier 1 claims.

The approved Tier 1 claims in the summary report you received from Analytics last Friday reflects a corrected total Tier 1 claim value as **$9,834,450**. The $20 dollar discrepancy is attributable to:

- Claimant 1001470's reduction of its claimed Impacted Cards by 5 cards (from 601 in the 10/29/24 report to 596 reflected in the 11/15 summary report), reducing the total valuation for Tier 1 claims by $25 in the 11/15/24 report; and
- The exclusion of 1 impacted card from Claimant 1005075's Tier 1 claim in the pending claims portion in 10/29/24 report (reflecting 294,112 rather than 294,113) and that single card's treatment as a rollover claim at that time. Adding that single card back in increased the total valuation for Tier 1 claims by $5.

The result is a net $20 reduction in the Tier 1 total valuation in the 11/15/2024 summary report as compared to the 10/29/24 report. As an accommodation to Wawa, Plaintiffs have provided yet *another* additional report demanded by Wawa reflecting these minor adjustments in an effort to resolve these issues without burdening the Court—something Wawa appears determined to do nonetheless.

7. **Claims Deadline** -- Wawa is correct that Plaintiffs will oppose any motion for reconsideration of the claims deadline extension as both untimely and without substantial justification.

8. **Communications with Class Members filing after August 1, 2024** -- Plaintiffs do not agree to produce communications between Settlement Class Counsel and Class Members relating to claims occurring after issuance of Class Counsel's August 1, 2024 letter.

Plaintiffs reserve all rights with respect to any motions or oppositions Wawa may file.

Best regards,

Jeannine

2

**JEANNINE M. KENNEY**
Partner
jkenney@hausfeld.com
+1 215-309-7478 direct
*Pronouns: she/her/hers*

# HAUSFELD

325 Chestnut Street
Suite 900
Philadelphia, PA 19106

+1 215 985 3270

**hausfeld.com**

This electronic mail transmission from Hausfeld LLP may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.

**From:** Parks, Gregory T. <gregory.parks@morganlewis.com>
**Sent:** Monday, November 18, 2024 6:52 AM
**To:** Gary Lynch <Gary@lcllp.com>; Mindee J. Reuben <MReuben@litedepalma.com>; Jeannine M. Kenney <jkenney@hausfeld.com>; Christian Levis <clevis@lowey.com>; Jamisen Etzel <jamisen@lcllp.com>; Richard Simmons <rsimmons@analyticsllc.com>; Kari Schmidt <kschmidt@analyticsllc.com>
**Cc:** Hadgis, Kristin M. <kristin.hadgis@morganlewis.com>; Wheeling, Emily Kimmelman <emily.wheeling@morganlewis.com>
**Subject:** RE: Wawa - FI Settlement - Claim Forms and Tabulations

**Resending Because The Original Was Blocked As Too Large.  Will send the attachment by SFTP.**

Dear Plaintiffs' Counsel (Gary, Mindy, Jeanine, Christian, and Jamisen) and Analytics (Richard and Kari):

We have reviewed the redacted claim forms provided to us on Sunday November 10, the rollover spreadsheet provided Monday November 11, and the Tier 1 spreadsheet provided earlier.  Based on our review, there are claims/categories of claims that should be disallowed under the Settlement Agreement.  These are laid out below and the claims forms referenced by number are in the zip file I will send by SFTP.  Given the current scheduling order, we ask that you let us know by Wednesday, 11/20, if you agree to exclude these claims.  If you do not agree, please advise whether you agree that we have met our obligation to meet and confer before raising a dispute with the Court. If we cannot reach agreement on these items by end of day Thursday, we will need to proceed with filing an opposition on Friday to raise these issues, and potentially to seek additional discovery.

3

Please also let us know by Wednesday whether Plaintiffs' Counsel will agree to produce all communications with any Class Members regarding any claims occurring after your August 1, 2024 letter, which was attached to your motion for approval.

Lastly, we request an updated claims-level spreadsheet that ties to the new summary report we received from Kari Schmidt on Friday.

I am available to discuss at your convenience, or we can schedule a call for Thursday after we have received your response.

1. **Claims submitted after the revised 9/12 deadline:**
   - 1004576 (submitted on 9/13/24) - $7,135.00
   - 1001235 (submitted on 9/16/24) - $1,195.00
   - 1000874 (submitted on 9/25/24) - $1,095.00
   - 1000913 (submitted on 9/18/24) - $765.00

2. **Claims purportedly "amended" after the revised 9/12 deadline:**

The Settlement Agreement does not allow for any amendment process. Claims 1000181 and 1005075 were both originally submitted on the original Claims Deadline of August 12 (along with 60 other nearly claims submitted on 8/12 that all have the same type face, e-signature, and typed location font). Then, on November 4, 2024, both claims were "amended" and referenced "relying on a representation that we would be able to amend." It is not clear who made that representation or the basis of it.

   a. Claim 1005075 listed just 1 impacted card when submitted on the August 12. Then on November 4, the unidentified financial institution submitted an "amendment" claiming the replacement of 297,424 cards for an amount of $1,470,560.00. The amendment is plainly invalid and well beyond even the adjusted September 12, 2024 claims deadline.

   b. Claim 1000181 was initially submitted a very round number of 100,000 impacted cards, despite the instructions in the claim form to consult records. Then, also on November 4, the financial institution made a request to increase the number of impacted cards.

Based on all these ambiguities, inaccuracies, and the purported amendment after the Claims Deadline, our position is that both Claims 1000181 and 1005075 should be excluded in their entirety.

3. **Deficient Claims Purportedly Cured after the revised 9/12 deadline:**

The Settlement Agreement does not allow for any deficiency process, and certainly not any process that would allow claims to be "cured" after the Claims Deadline. The following claims were found to be deficient and then purportedly cured only after the Claims Deadline, which should not be allowed:
   - 1003100 (purportedly cured 10/21/24) - $3,955.00
   - 1004263 (purportedly cured 10/21/24) - $8,660.00

4

- 1000975 (purportedly cured 10/22/24) - $455.00
- 1005248 (purportedly cured 10/22/24) - $500.00
- 1005504 (purportedly cured 10/23/24) - $21,400.00

4. **Claim 1002860**

The claim form states 300 impacted cards (which is suspiciously round), but the spreadsheet is showing "4,284" as the claimed number. This discrepancy warrants excluding the 3,984 cards not listed on the claim form.

5. **Claims where the number of replaced cards is way out of proportion to the alerted-on card number:**

We have discussed previously the fact that the definition of the class and impacted cards includes all "alerted-on" cards as well as all cards that were used at Wawa during the relevant time frame. It therefore stands to reason that there may be a few cards beyond the alerted-on numbers that would be claimed. But you represented that Analytics would have some measurement they would use to weed out claims where the claimed replacement was significantly in excess of the "alerted-on" number. It does not appear that happened.

The following claims purport to have replaced more than 100% more cards than the alerted on number for that financial institution:

- 1003542 (106.1%)
- 1004071 (140.3%)
- 1005490 (186.6%)
- 1002181 (195%)
- 1003281 (275.8%)
- 1002836 (319.7%)
- 1001993 (325.8%)
- 1004320 (343.5%)
- 1000941 (477.4%)
- 1003279 (1139.1%)
- 1003156 (1443.4%)
- 1002959 (1637.5%)
- 1005027 (1900%)
- 1005248 (3233.3%) – also included in the cured deficient category
- 1004408 (3414.3%)
- 1003552 (3752.6%)
- 1000949 (15634.1%)

The following financial institutions had no alerted on cards (literally zero) and claim to have replaced more than 300 cards:

- 1005502 (474 Tier 1 claimed)
- 1005503 (344 Tier 1 claimed)

5

- 1005504 (4,280 Tier 1 claimed) – also included in the cured deficient category
- 1005506 (2,169 Tier 1 claimed)
- 1005507 (1,441 Tier 1 claimed)
- 1005512 (4,094 Tier 1 claimed)

We believe all of the claims listed above should be excluded.

6. **Discrepancy in reports:**

The spreadsheet and claims we have received seem to roll up to $8,291,995 in Tier 1 claims. The summary report we received from Kari Schmidt on Friday afternoon shows an amount of $9,834,450.00. This discrepancy is not fully explained by the claims that were purportedly cured or amended. We therefore must reserve all rights as to all Tier 1 claims until we are able to fully analyze this discrepancy. It would be helpful to receive an updated claims-level spreadsheet to see where the disconnects may be.

\* \* \*

In addition, Wawa continues to believe that the August 12, 2024 Claims Deadline should not have been extended. We recognize and respect the Court's ruling on that subject. If we are unable to reach a resolution on the issues raised above, and have to move forward with an opposition, we may ask the Court to revisit that decision and disallow any claims after that date. I assume that you would oppose any such request, but let me know if I am mistaken on that.

Regards,

-Greg…

**Gregory T. Parks**
**Morgan, Lewis & Bockius LLP**
2222 Market Street | Philadelphia, PA 19103-3007
Direct: +1.215.963.5170 | Main: +1.215.963.5000 | Mobile: +1.215.680.6295 | Fax: +1.215.963.5001
Assistant: Sabrina A. Holmes | +1.215.963.5987 | sabrina.holmes@morganlewis.com
gregory.parks@morganlewis.com | www.morganlewis.com