UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION<br><br>*This Document Applies to the Financial Institutions Track* | Case No. 2:19-cv-06019<br><br>The Honorable Kelley Brisbon Hodge |

**FINAL APPROVAL ORDER AND JUDGMENT**

On October 12, 2023, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") (ECF No. 412) of the Settlement between the Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union ("Financial Institution Plaintiffs"), on their own behalf and on behalf of the Settlement Class, and the Defendant Wawa, Inc. ("Wawa" or "Defendant"), as memorialized in Settlement Agreement, Exhibit A (ECF No. 360-4) to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement;[1]

On March 14, 2024, at the request of Financial Institution Plaintiffs and Wawa, the Court entered an order amending the Preliminary Approval Order (the "Amended Preliminary Approval Order") (ECF No. 436);

On April 12, 2024, pursuant to the notice requirements set forth in the Settlement and in the Preliminary Approval Order, the Settlement Class was apprised with notice of the nature and

---

[1] The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement (ECF No. 360-4) except as may otherwise be indicated.

1

pendency of the Litigation, the terms of the Settlement, and their rights to request exclusion, object, and/or appear at the Final Approval Hearing);

On October 21, 2024, Plaintiffs filed their Amended Motion for Final Approval of the Class Action Settlement ("Amended Final Approval Motion") and accompanying Memorandum of Law and supporting exhibits, and Class Counsel filed their Amended Application for Attorneys' Fees, Expenses, Notice and Administration Costs, and Service Awards and accompanying Memorandum of Law and supporting exhibits ("Amended Fee Application");

On December 3, 2025,[2] the Court held a Final Approval Hearing to determine, *inter alia*: (1) whether the Settlement is fair, reasonable, and adequate; and (2) whether judgment should be entered dismissing with prejudice all claims in the Financial Institution Plaintiffs' Consolidated Amended Class Action Complaint (the "Complaint") (ECF No. 128). Prior to the Final Approval Hearing, Class Counsel filed a declaration from the Settlement Administrator (ECF No. 360-2, at ¶ 5) confirming that the Notice Program was completed in accordance with the schedule set forth in the Amended Preliminary Approval Order, as amended by ECF No. 455 (extending certain deadlines). No Settlement Class Member or third party appeared at the Final Approval Hearing to object to the proposed Settlement;

Based on the declaration from the Settlement Administrator, the Court finds that Settlement Class Members were properly notified of their right to appear at the Final Approval Hearing in support of or in opposition to the proposed Settlement; the award of attorneys' fees, expenses, notice and administration costs; and the payment of Service Awards;

---

[2] Pursuant to Court Orders dated December 17, 2025 (ECF No. 474) and October 7, 2025 (ECF No. 482), the Final Approval Hearing was rescheduled for December 3, 2025. The Orders rescheduling the hearing and the details about the time, date and place of the hearing were published on the publicly available Settlement Website and on the Court's publicly available PACER docket.

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order and Amended Preliminary Approval Order; having heard the presentation of Class Counsel and counsel for Wawa; having reviewed all of the submissions presented with respect to the proposed Settlement; having determined that the Settlement is fair, adequate, and reasonable; having reviewed the materials in support thereof; and good cause appearing in the record, Plaintiffs' Final Approval Motion is **GRANTED**:

    **IT IS HEREBY ORDERED THAT:**

    1.    The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class. The Court also has personal jurisdiction over the Parties and the Settlement Class Members.

    2.    The Settlement was entered into in good faith following arm's length negotiations and is non-collusive.

    3.    The Settlement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays and uncertainties, including as to the outcome, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the Settlement.

    4.    This Court grants final approval of the Settlement, including but not limited to the releases in the Settlement and the plans for distribution of the settlement relief. The Court finds that the Settlement is in all respects fair, reasonable, and in the best interest of the Settlement

Class. Therefore, all Settlement Class Members who have not opted out are bound by the Settlement and this Final Approval Order and Judgment.

5. The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force of an Order of this Court.

6. The Parties shall effectuate the Settlement in accordance with its terms.

## OBJECTIONS AND OPT-OUTS

7. No objections were filed or otherwise asserted by Settlement Class Members. The Court has concluded that the lack of any objections supports approval of the Settlement.

8. All persons and entities who have not objected to the Settlement in the manner provided in the Settlement are deemed to have waived any objections to the Settlement, including but not limited to by appeal, collateral attack, or otherwise.

9. Two (2) putative Settlement Class Members have timely and validly elected to opt-out of the Settlement and the Settlement Class in accordance with the requirements in the Settlement (the "Opt-Out Members").

## CLASS CERTIFICATION

10. For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby finally certifies for settlement purposes only the following Settlement Class:

> All financial institutions in the United States (including its Territories and the District of Columbia) that issued payment cards (other than American Express) that either: (a) were Alerted On Payment Cards; or (b) were used at Wawa during the period of the incident March 4, 2019–December 12, 2019.

11. The Court determines that for settlement purposes the Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a), and (b)(3), namely that the Settlement

4

Class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the Settlement Class Representatives are typical of absent Settlement Class Members; that the Settlement Class Representatives have and will fairly and adequately protect the interests of the Settlement Class as they have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

12. The Court grants final approval to the appointment of the Financial Institution Plaintiffs Inspire Federal Credit Union, Insight Credit Union, and Greater Cincinnati Credit Union as the Settlement Class Representatives. The Court concludes that the Settlement Class Representatives have fairly and adequately represented the Settlement Class and will continue to do so.

13. The Court grants final approval to the appointment, pursuant to Rule 23(g), of Gary F. Lynch of Lynch Carpenter LLP; Christian Levis of Lowey Dannenberg, P.C.; Jeannine M. Kenney of Hausfeld LLP; and Mindee J. Reuben of Hausfeld LLP as Class Counsel. The Court concludes that Class Counsel have adequately represented the Settlement Class and will continue to do so.

14. The Court grants final approval to the appointment of Analytics Consulting, LLC as the Settlement Administrator.

## NOTICE TO THE SETTLEMENT CLASS

15. The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, satisfied Rule 23(c)(2), was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide

5

due and sufficient notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the Final Approval Hearing, and satisfied the other requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable laws.

16. The Court finds that Wawa has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 as set forth in the declaration filed with the Court at ECF No. 362.

## OTHER PROVISIONS

17. The Parties to the Settlement shall carry out their respective obligations thereunder.

18. Within the time period set forth in the Settlement, the relief provided for in the Settlement shall be made available to the Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement.

19. As of the Effective Date, the Settlement Class Representatives and all other Settlement Class Members, each on behalf of itself and any predecessors, successors, or assigns, and any other entity purporting to claim through or on behalf of them directly or indirectly, shall automatically be deemed to have fully, completely, finally, irrevocably, and forever released and discharged Defendants' Released Persons of and from any and all liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown (including Unknown Claims), existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, administrative, statutory, or equitable, that are, were or could have been asserted in the Litigation or the Complaint,

including, but not limited to, claims that result from, arise out of, are based upon, or relate to the Data Security Incident, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of: (a) Wawa's information security policies and practices; (b) the allegations, facts, and/or circumstances described in the Litigation and/or Complaint; (c) Wawa's response to and notices about the Data Security Incident; (d) the fraudulent use of any Alerted On Payment Cards (e) the cancellation and reissuance of any Alerted On Payment Cards; and (f) any expenses incurred investigating, responding to, or mitigating potential damage from the theft or illegal use of Alerted On Payment Cards or the Data Security Incident (the "Released Claims").

20. For the avoidance of doubt, the Released Claims include, without limitation, any claims, causes of actions, remedies, or damages that were, or could have been, asserted in the Litigation and also include, without limitation: any claims that a Releasing Party may have under the law of any jurisdiction, including, without limitation, those arising under state or federal law of the United States; causes of action under the common or civil laws of any state in the United States, including, but not limited to, unjust enrichment, negligence, bailment, conversion, negligence per se, breach of contract, breach of implied contract, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, misrepresentation (whether fraudulent, negligent, or innocent), fraudulent concealment or nondisclosure, invasion of privacy, public disclosure of private facts, and misappropriation of likeness and identity; any causes of action based on privacy rights provided for under the constitutions of the United States or of any states in the United States; any statutory claims under state or federal law; and also including, but not limited to, any and all claims in any state or federal court of the United States for damages, injunctive relief, restitution, disgorgement, declaratory relief, equitable relief, attorneys' fees and

7

expenses, pre-judgment interest, credit or financial account monitoring services, identity theft insurance, the creation of a fund for future damages, statutory penalties, restitution, the appointment of a receiver, and any other form of relief.

21. As of the Effective Date, Wawa shall be deemed to have completely released and forever discharged the Releasing Parties from and for any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, costs, attorneys' fees, losses, expenses, obligations, or demands of any kind whatsoever, whether known or unknown, existing or potential, or suspected or unsuspected, whether raised by claim, counterclaim, setoff, or otherwise, including any known or unknown claims, which they have or may claim now or in the future to have, relating to the institution, prosecution, or settlement of the Litigation, except for claims relating to the enforcement of the Settlement or this Agreement, and for the submission of false or fraudulent claims for Settlement benefits.

22. "Unknown Claims" means any of the Released Claims that any Settlement Class Member, including the Settlement Class Representatives, does not know or suspect to exist in its favor at the time of the release of Defendants' Released Persons that, if known by it, might have affected its settlement with, and release of, the Defendants' Released Persons, or might have affected its decision not to object to and/or to participate in this Settlement.

23. With respect to any and all Released Claims, upon the Effective Date, the Settlement Class Representatives expressly shall have, and each of the other Settlement Class Members shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, waived the provisions, rights, and benefits conferred by Cal. Civ. Code §1542 to the extent applicable, and also any and all provisions, rights, and benefits conferred by any law of any state, province, or territory of the United States (including, without limitation, Montana

Code Ann. §28-1-1602; North Dakota Cent. Code §9-13-02; and South Dakota Codified Laws §20-7-11), which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, AND THAT, IF KNOWN BY HIM OR HER WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Effective Date, Wawa and each of the Releasing Parties shall be deemed to have acknowledged that such party is aware that such party may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Released Claims, but Settlement Class Representatives expressly shall have, and each other Settlement Class Member shall be deemed to have, and by operation of the Final Approval Order and Judgment shall have, upon the Effective Date, fully, finally, and forever settled and released any and all Released Claims, including Unknown Claims. The Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Final Approval Order and Judgment to have acknowledged, that the foregoing waiver is a material element of the Settlement Agreement of which this release is a part.

24. Wawa is hereby enjoined from prosecuting in any proceeding against any Releasing Parties, any Released Claim, or any other claim based on any actions taken by any of the Releasing Parties that are authorized or required by the Settlement Agreement or by this Final Judgment. Each Releasing Party is hereby enjoined from prosecuting in any proceeding against any Defendants' Released Persons, any Released Claim, or any other claim based on any actions taken by any of Defendants' Released Persons that are authorized or required by the Settlement Agreement or by this Final Judgment. The Settlement Agreement and/or this Final Judgment may be pleaded as and shall operate as a complete defense to any such proceeding.

25. This Final Approval Order and Judgment and the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Wawa of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Wawa or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Litigation.

26. This Final Approval Order and Judgment, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement shall not be offered, received, or admissible in evidence in any action or proceeding, or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; ***provided, however***, that nothing in the foregoing, the Settlement, or this Final Approval Order and Judgment shall be interpreted to prohibit the use of the Settlement or this Final Approval Order and Judgment in a proceeding to consummate or enforce the Settlement or this Final Approval Order and Judgment (including all releases in the Settlement and Final Approval Order and Judgment), or to defend against the assertion of any Released Claims in any other proceeding, or as otherwise required by law.

27. The Settlement's terms shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order and Judgment) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who is not an Opt-Out Member or any other person subject to the provisions of this Final Approval Order and Judgment.

28. The Court hereby dismisses the Litigation and Complaint and all claims therein on the merits and *with prejudice*, without fees or costs to any Party except as provided in this Final Approval Order and Judgment and any Fee and Expense Order the Court may enter.

29. Consistent with the Settlement, if the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Approval Order and Judgment and the Preliminary Approval Order shall be deemed vacated and shall have no force and effect whatsoever; the Settlement shall be considered null and void; all of the Parties' obligations under the Settlement, the Preliminary Approval Order, and this Final Approval Order and Judgment shall cease to be of any force and effect, and the Parties shall return to the *status quo ante* in the Litigation as if the Parties had not entered into the Settlement. In such an event, the Parties shall be restored to their respective positions in the Litigation as if the Settlement Agreement had never been entered into (and without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue).

30. Pursuant to the All Writs Act, 28 U.S.C. § 1651, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

31. Class Counsel's request for attorneys' fees and expenses and Settlement Class Members' application for a Service Award shall be the subject of a separate order by the Court.

32. Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement for all purposes, including enforcement of its terms at the request of any party and resolution of any disputes that may arise relating in any way to, arising from, the

implementation of the Settlement or the implementation of this Final Approval Order and Judgment.

33. This Final Judgment shall constitute a **JUDGMENT** for purposes of Rule 58 of the Federal Rules of Civil Procedure.

34. Pursuant to Fed. R. Civ. Pro. 54(b), the Court determines that there is no just reason for delay and expressly **DIRECTS** that this Final Judgment be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED,** this 9th day of December, 2025.

/s/ Kelley B. Hodge
_____
HON. KELLEY BRISBON HODGE
UNITED STATES DISTRICT JUDGE