UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE WAWA, INC. DATA SECURITY LITIGATION | Case No. 2:19-cv-06019 |
| | The Honorable Kelley Brisbon Hodge |
| *This Document Applies to the Financial Institutions Track* | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF**
**FI PLAINTIFFS' AMENDED MOTION FOR AWARD OF ATTORNEYS' FEES,**
**EXPENSES, SERVICE AWARDS & COSTS OF SETTLEMENT ADMINISTRATION**

Having lost its challenge to invalidate certain claims in its Partial Opposition (ECF No. 466), Wawa now raises an impermissible, eleventh-hour objection to Plaintiffs' Fee Motion (ECF Nos. 461), demanding a reduction in attorneys' fees to compensate Wawa for its own misguided expectations of a lower claims rate. Wawa always knew its total financial obligation under the Settlement Agreement was a gamble, even if it internally believed that the claims rate would be nominal.[1] Indeed, Wawa bargained for that uncertainty when it insisted on a claims-made settlement. But Wawa's dissatisfaction with the denial of its claims challenges and the amount it must pay the Class is not a basis for reducing Plaintiffs' fee award. Class Counsel negotiated a *cash* payment for Class Members that provides meaningful relief to them, ensured an accessible claims process, undertook extraordinary efforts to make sure Class Members claimed the relief to which they are entitled, achieved a 15% claims rate, and fought Wawa's relentless efforts to limit the Class's recovery. Reducing the fee award because Class Counsel's efforts were *too effective* in ensuring the Class's recovery would turn class action settlement jurisprudence on its head.

**Wawa Does Not Have the Right to Object to the Fee Motion.** Wawa admits that, under section 9.1 of the Settlement Agreement (ECF 360-4) ("SA"), it may object to the Fee Motion *only* if the Fee Motion *itself* is inconsistent with the Agreement. Hrg. Tr. 56:21–22. Wawa cannot meet that standard because the Fee Motion satisfies the only provisions of the Agreement relevant to it, which cap attorneys' fees, costs, service awards, and notice and administration costs at $9 million. SA §§ 4.7(a) & 9.1. Wawa's attempts to recast the Fee Motion as a violation of the Agreement

---

[1] *Compare* Sept. 28, 2023 Prelim. App. Hrg. Tr. 41:6–42:1 (noting that Wawa did not think there were many replaced cards and did not believe claims would be high, but that the "claims-made settlement … forced Wawa to put its money where its mouth is") *with* Dec. 3, 2025 Final App. Hrg. Tr. ("Hrg. Tr.") 61:19–63:15 (complaining about paying more money than anticipated even though the Class payout could have been as high as $27.5 million).

based on *other conduct* it claims is inconsistent with the Agreement (the August 1, 2024 Letter) that was merely mentioned in declarations supporting the Motion (Hrg. Tr. 56:21–57:3) contradicts the plain language of that contract term. *See Dressler Fam., LP v. PennEnergy Res., LLC*, 276 A.3d 729, 736 (2022) (contracts are construed as written and the plain meaning may not be modified under the guise of interpretation). The Fee Motion is precisely what the Parties agreed to. If Wawa wanted the right to oppose the Fee Motion for *any* purported inconsistency with any part of the Agreement, it could have negotiated that term. It did not.

**Wawa Waived Any Objection to the Amount of the Fee Award.** Wawa waived its objection to the amount of, and methodology for determining, attorneys' fees by raising it for the first time at the Final Approval hearing, over a year after filing its Partial Opposition (ECF No. 466), seeking relief never before requested based on grounds never before raised.[2] *See, e.g.*, *Hicks v. City of Phila.*, 783 F. Supp. 3d. 834, 857 n.16 (E.D. Pa. 2025) (arguments raised for the first time at oral argument are waived; *McCowan v. City of Phila.*, No. 19-cv-3326, 2020 WL 6485097 at *3 n.5 (E.D. Pa. Nov. 4, 2020). Wawa's failure to object to the amount of the fee award and the supporting methodology—all detailed in Plaintiffs' Fee Brief—in its Partial Opposition, precludes Wawa from opposing them now. *See, e.g.*, *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) (uncontested issues of fact or law are waived or abandoned).

Wawa's Partial Opposition did not preserve those issues. It was singularly focused on the validity of certain claims, and the relief it sought was likewise singularly focused on claims invalidation. *See generally* ECF No. 466 & at 1–2, 16–17. While ostensibly *styled* as a partial opposition to both Plaintiffs' Fee Motion and Final Approval motion, the *only* mention of fees in

---

[2] Wawa has not offered any excuse (nor could it) for its silence over the intervening year. *United States v. Antoine*, No. 10-cr-229, 2014 WL 1917483, at *2 (W.D. Pa. May 13, 2014) (rejecting untimely arguments where there was no excusable neglect).

Wawa's Partial Opposition was the passing observation that the Court's consideration of the "request for attorneys' fees rests upon the determination of whether the claims submitted are timely and valid." *Id.* at 8. But that does not preserve any objection to the *amount* of fees that Wawa raises now. *See, e.g.*, *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("[A] passing reference to an issue will not suffice to bring that issue before this court."). And the question of claims validity was fully resolved by the Court, mooting the only issue Wawa timely raised. Mem. Op. (ECF No. 480) at 6–8. Further, Wawa's unsuccessful argument in its Partial Opposition that the August 1 Letter was purportedly misleading[3] (and thus invalidated claims) does not preserve *all* objections and arguments based on that Letter that could have been, but were not, raised. As Wawa admits, its prior objections to the Letter *were raised in an entirely different context and sought entirely different relief.*[4]

**The August 1 Letter Was a Permissible Communication with Class Members, Not "Notice" of the Settlement.** Wawa's limited rights to approve the content of the "Notice," as defined in section 2.22 of the Agreement, encompasses only the Long Form and Summary Notices attached to the Agreement. SA §2.22.[5] The August 1 Letter is neither of those things. It is communication between Class Counsel and previously-Noticed Class Members[6] to promote

---

[3] Wawa now agrees the Letter was not misleading. Hrg. Tr. 88:5–8.

[4] Hrg. Tr. 35:3–12 ("Your Honor's August 25th opinion did address . . . the August 1st, 2024 letter, but . . . it was in a different context and with a different question in mind. . . . Wawa was arguing that this letter risked misleading and confusing class members and therefore some claims should be invalidated.").

[5] Under the Agreement, only the forms of Notice itself (Exs. A & B to the Agreement), the basic elements of the Notice Program (identified in section 5.4), and the Claim Form (Ex. C to the Agreement) required approval by Wawa and the Court. SA §§ 2.22, 5.5. And both approved them: the Long Form and Summary Notice, the Claim Form, and the elements of the Notice Program were incorporated into the Agreement (SA §§2.22, 5.4, & Exs. A-C) and approved by the Court (ECF No. 412 ¶ 6 (approving Notice, Notice Program, and Claim Form)).

[6] ECF No. 460-2, Ex. D ("[Y]our financial institution should have received . . . mail notice . . . .").

3

claims filing and notify them of the looming deadline. ECF No. 460-2, Ex. D. It is not transformed into "Notice" under section 2.22 merely because it may have been casually referred to as a "notification" or "notice" using the ordinary meaning of that word. Nor does it become "Notice" simply because it hewed closely to the language of Notice Program materials, a practice that ensured it (and any other communication) was accurate and not misleading, as Class Counsel must.[7] And the "substantially similar" requirement of section 2.22 does not refer to other unidentified similar Notices but instead to non-material corrections to the attached Notices that render them substantially similar to those approved by the Court. *See* Order, ECF No. 412 ¶ 6 (permitting corrections to Notice and Claim Form for typos and similar errors).

Moreover, the Court has at least implicitly addressed Wawa's complaint. In Wawa's opposition to the Plaintiffs' motion to extend the claims deadline, Wawa argued that the direct class outreach Counsel had planned went beyond Notice under the Agreement. ECF Nos. 447 ¶¶ 12, 15–16; 448 at 3–4). But the Court granted Plaintiffs' request notwithstanding Wawa's objection. ECF No. 455. The extension gave Class Counsel time to conduct "outreach to Class Members who have not yet filed claims . . . [to] ensure that more Class Members are able to recover damages from this settlement" as they had asked. ECF No. 447 ¶ 16. And that is what the August 1 letter was. Such communications from Class Counsel are permitted under the Agreement; *only* Wawa is precluded from directly engaging Class Members given its clear conflicts with the class. SA § 12.5. Requiring Wawa's approval for Counsel's Class communications would graft a requirement onto the Agreement that was not bargained for and would not have been agreed to.

**Class Counsel's Fee Request Is Reasonable.** Reasonableness is the touchstone for assessing attorneys' fees in a common fund. *See In re Wawa, Inc. Data Sec. Litig.*, 85 F.4th 712,

---

[7] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 n.12 (1981).

4

720 (3d Cir. 2023) ("*Wawa I*"). As explained in Plaintiffs' Fee Brief, Class Counsel's $8.5 million fee request is reasonable under Rule 23(h) and the *Gunter*, *Prudential*, and *Wawa I* factors. *See* ECF No. 461-1 at 7–20. Wawa does not contest that analysis. Its *only* objection is that fees should be assessed against the amounts claimed by the Class rather than the amount made available, principally because Class Counsel *did too much* to ensure a strong Class recovery. *See, e.g.*, Hrg. Tr. 38:14–18; 61:24–63:15. But that is contrary to law and accepting it would turn the law of this Circuit on its head, penalizing counsel for prioritizing the Class's recovery.

Courts in this Circuit consistently affirm that amounts made available is the appropriate benchmark. *See* ECF No. 461-1 at 5. It is only when "a district court has reason to believe that counsel *has not* adequately prioritized direct benefit to the class that it is appropriate for the court to decrease the fee award" by assessing fees based on less than amounts made available. *In re Baby Prods. Antitrust Litig.*, 708 F.3d 163, 179 (3d Cir. 2013). When claims rates are low, courts assess whether that reflects class counsel's failure to adequately represent the interests of the class. *Id.* The key question is "what class counsel actually did and how it benefitted the class." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 342 (3d Cir. 1998). In assessing how much should be used to calculate reasonable fees, courts place weight on a poor claims rate when, *inter alia*: the defendant keeps unclaimed funds, the class receives gift cards or coupons, or claim filing requirements discourage filing claims.[8] *See Wawa I*, 85 F.4th at 723. These indicia suggest a low claims rate may be due to the quality of representation rather than class members' indifference to claims. *See In re Baby Prods.*, 708 F.3d at 178.

None of those indicia are present here. Class Counsel negotiated a Settlement that provided

---

[8] *See also, e.g., Gascho v. Glob. Fitness Holdings, LLC,* 822 F.3d 269, 286 (6th Cir. 2016) (needlessly onerous claims process might warrant discounted fees).

5

meaningful cash relief (not coupons or gift cards) to the Class, devised a claims process that minimized claims filing burdens,[9] successfully sought—against Wawa's opposition—an extension to the claims deadline to ensure adequate time for Members to file claims, and undertook extensive public relations and outreach efforts to encourage valid claims, including by directly contacting Class Members. *See* ECF No. 460-3 ¶¶ 71–88 (detailing efforts); ECF No. 461-2 ¶ 9 & Exs. F & G (ECF pp. 38–43, 49–51). Class Counsel also vigorously fought Wawa's efforts to invalidate legitimate claims. ECF Nos. 469 & 469-2 ¶¶ 11–24. These efforts resulted in a strong claims rate of 15% with meaningful cash relief.[10] That high claims rate—which is Wawa's chief complaint—alone demonstrates that fees should be assessed against amounts made available.

Wawa's principal arguments[11] for reducing the fee award—the August 1 Letter and the purported lack of transparency in the claims process (Hrg. Tr. at 38:14–18; 63:20–64:7)—are

---

[9] Only Tier 2 claimants were required to document losses; all others needed only to sign an attestation, and in the case of Tier 1 claimants, a review of their records. SA § 4.6; ECF No. 360-4, Ex. 3 (claims form). The strong claims rate of 15% reflects that these minimal claims filing requirements were no barrier to class recovery. Indeed, Wawa faults Class Counsel for alerting Members that the processes for claiming was simple. Hrg. Tr. 33:18–25.

[10] About 11% of the class will receive payments of more than $10,000, none will receive less than $400, and some exceed $1 million. *See* Schmidt Decl. (ECF No. 460-2) ¶¶ 18–20.

[11] Wawa also argued, halfheartedly, that fees should be based on amounts claimed because: (a) this is a claims-made settlement; (b) class members had to do more than raise their hand to file a claim, and (c) the settlement lacks injunctive relief. Hrg. Tr. 38:19-40:12.

First, a claims-made structure is not inherently suspect, particularly where, as here, the value of each class members' claims was unknown. *See Jackson v. Wells Fargo Bank, N.A.*, 136 F. Supp. 3d 687, 708 (W.D. Pa. 2015).

Second, as discussed *supra* n.9, claims filing requirements were minimal and no barrier to recovery. By contrast, the Consumer Settlement (where the claims rate was low and Wawa did not object to the fee request), *all* claimants except for Wawa app users had to provide documentation of a transaction just to receive a gift card of nominal value. *See* ECF Nos. 264-2; 301-1 ¶ 36.

Finally, the lack of injunctive relief is irrelevant. The FI Class suffered primarily *financial* injury and is accordingly provided meaningful monetary relief. Injunctive relief was only "central to [the Consumer] settlement agreement *because* the injuries of consumer plaintiffs were primarily non-monetary." *In re Wawa Data Security Litig*, No. 19-cv-6019, 2024 WL 1557366, at *15 (E.D. Pa. Apr. 9, 2024) (emphasis in original). The presence or lack of injunctive relief is not a *Wawa I* factor; it is the benefit to the class that matters.

meritless and entirely irrelevant to the reasonableness analysis in this Circuit. Tellingly, Wawa's objects not that the August 1 Letter was misleading, but instead that it advocated that Class Members file claims, resulting in a higher payout than Wawa anticipated. Hrg. Tr. 61:11–63:16; 88:5–8. That is, "what class counsel actually did" to benefit the class (*Prudential*, 148 F.3d at 342), resulted in *too high* a claims rate, *too great* a benefit for Class Members, and *too high* a payout by Wawa. But under *Wawa I*, that *favors* awarding fees based on amounts made available, not the converse. Adopting Wawa's reasoning prioritizes a settling defendant's wallet over the benefit to the class. Wawa agreed to pay claims up to $28.5 million and can hardly be shocked by claims below that amount, particularly given Counsel's plans to increase the claims rate were clear long before the claims deadline and the Court's extension of that deadline (ECF Nos. 447 ¶ 16; 455).

Even if a *high* claims rate was, absurdly, a basis to reduce attorneys' fees, Wawa cannot attribute increased claims to the August 1 Letter alone. Class Counsel achieved that strong rate because of myriad outreach efforts *before, on,* and *after* August 1, 2024, including a co-branded email via *Credit Union Times* also sent on August 1, 2024. *See* ECF Nos. 447 ¶ 12; 460-3 ¶¶ 71–88 (detailing efforts); ECF No. 461-2 ¶¶ 8–9 & Ex. F. Wawa does not object to these efforts.

Finally, Wawa explains neither how any lack of transparency in the claims process renders the fee award unreasonable nor how Wawa was harmed by it. Hrg. Tr. 40:14–44:20. Wawa did not negotiate a right in the Settlement to review claims or play a role in determining their validity (nor would Plaintiffs have agreed to allow the fox to guard the henhouse). While Wawa may have felt "distressed" by a purported lack of transparency, its distress is not a *Wawa I* factor or a basis to reduce fees. Regardless, Wawa received the claims information it wanted, just later than it preferred, and timely challenged many of them. ECF Nos. 469-2 ¶¶ 11–24 (summarizing Plaintiffs' claims disclosures to Wawa); 466 (challenging claims). Wawa suffered no prejudice.

Dated: December 22, 2025

          Respectfully submitted,

          */s/ Mindee J. Reuben*
          **HAUSFELD LLP**
          Mindee J. Reuben (PA ID 75308)
          Jeannine M. Kenney (PA ID 307635)
          325 Chestnut St #900
          Philadelphia, PA 19106
          Tel: (215) 309-7493
          mreuben@hausfeld.com
          jkenney@hausfeld.com

          **LYNCH CARPENTER LLP**
          Gary F. Lynch (PA ID 56887)
          1133 Penn Avenue, 5th Floor
          Pittsburgh, PA 15222
          Tel: (412) 322-9243
          gary@lcllp.com

          **LOWEY DANNENBERG, P.C.**
          Christian Levis (admitted *pro hac vice*)
          One Tower Bridge
          100 Front Street, Suite 520
          West Conshohocken, PA 19428
          Tel: (215) 399-4770
          clevis@lowey.com

          *Class Counsel for Financial Institution Plaintiffs*